**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
                                    (State)

Case number (*If known*): _____ Chapter _____

❑ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**
   _____

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names
   _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number (EIN)**
   1 4 – 1 9 2 3 9 4 0

4. **Debtor's address**

   **Principal place of business**

   11149 N. Torrey Pines Road
   Number        Street

   _____

   La Jolla            CA        92037
   City                State     ZIP Code

   San Diego
   County

   **Mailing address, if different from principal place of business**

   _____
   Number        Street

   _____
   P.O. Box

   _____
   City                State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number        Street

   _____

   _____
   City                State     ZIP Code

5. **Debtor's website** (URL)
   _____

Debtor _____     Case number *(if known)*_____
　　　　 Name

**6.  Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   _2_ _2_ _1_ _1_

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply:*

　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☐ Yes.  District _____  When _____  Case number _____
　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　　District _____  When _____  Case number _____
　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

Debtor _____    Case number (if known) _____
                    Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

❑ No

❑ Yes.  Debtor _____    Relationship _____

District _____    When _____
                                                                                MM  /  DD  / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

❑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

❑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

❑ No

❑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

❑ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

❑ It needs to be physically secured or protected from the weather.

❑ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

❑ Other _____

**Where is the property?** _____
                                            Number          Street

_____

_____
City                                                          State ZIP Code

**Is the property insured?**

❑ No

❑ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

❑ Funds will be available for distribution to unsecured creditors.

❑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

❑ 1-49
❑ 50-99
❑ 100-199
❑ 200-999

❑ 1,000-5,000
❑ 5,001-10,000
❑ 10,001-25,000

❑ 25,001-50,000
❑ 50,001-100,000
❑ More than 100,000

| Debtor | _____ | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

| | | | | |
|---|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion | |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion | |

| | | | | |
|---|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion | |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
MM / DD / YYYY

_/s/ Eric Moellering_____
Signature of authorized representative of debtor

Eric Moellering
Printed name

Title _____

**18. Signature of attorney**

/s/ Morgan L. Patterson
Signature of attorney for debtor

Date _____
MM / DD / YYYY

Morgan L. Patterson, Esq.
Printed name

Womble Bond Dickinson (US) LLP
Firm name

1313 N. Market Street, Suite 1200
Number      Street

Wilmington                                          DE          19801
City                                                State      ZIP Code

(302) 252-4320                                      morgan.patterson@wbd-us.com
Contact phone                                       Email address

5388                                                Delaware
Bar number                                          State

## ACTION BY UNANIMOUS WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF
## VIRIDOS, INC.

The undersigned, constituting all of the members of the Board of Directors (the "<u>Board</u>") of Viridos, Inc., a Delaware corporation (the "<u>Company</u>"), pursuant to Section 141(f) of the Delaware General Corporation Law (the "<u>DGCL</u>") and the Bylaws of the Company (the "<u>Bylaws</u>"), hereby adopt the following recitals and resolutions by unanimous written consent without a meeting, effective as of the date the last consent is received, which recitals and resolutions shall have the same force and effect as if unanimously adopted at a duly convened meeting of the Board, and a copy of which shall be filed with the minutes of the Company:

1.    <u>**Chapter 11 Filing**</u>.

**WHEREAS**, the Board, acting pursuant to the laws of the State of Delaware, including but not limited to the DGCL, has considered the financial and operational aspects of the Company's business;

**WHEREAS**, the Board has reviewed the historical performance of the Company, the market for the Company's business, and the current and long-term liabilities of the Company;

**WHEREAS**, the Board has, over the last several weeks, reviewed the materials presented to it by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company;

**WHEREAS**, the Board has analyzed each of the financial and strategic alternatives available to it, including those available on a consensual basis with the principal stakeholders of the Company, and the impact of the foregoing on the Company's business and its stakeholders;

**WHEREAS**, the Board previously established a Special Committee of the Board consisting of independent directors Dr. Reinhard Ambros and Mr. Matthew Kahn (the "<u>Special Committee</u>") to assess each of the foregoing matters and provide recommendations to the Board for approval based on its independent analysis;

**WHEREAS**, the Special Committee has completed its independent analysis and has recommended to the Board that it adopt the resolutions as further set forth herein regarding the subject matter hereto;

**WHEREAS**, based on the foregoing analyses conducted by each of the Board and the Special Committee, as well as the recommendation of the Special

Committee, the Board believes it to be in the best interests of the Company and its stakeholders to file a voluntary petition for relief (the "Chapter 11 Case" under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") (the "Filing"); and

**WHEREAS**, the Board has reviewed the materials presented to it by the management of and the advisors to the Company regarding the proposed *Asset Purchase Agreement by and Between Breakthrough Energy Ventures II, L.P.* ("BEV") a Delaware *limited partnership or its designee and The Company* (the "Stalking Horse APA") pursuant to which BEV (the "Stalking Horse Purchaser") offers to purchase substantially all of the Company's assets (the "Transaction") pursuant to Sections 363 and 365 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, stockholders, and other interested parties that a petition be filed by the Company seeking relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**RESOLVED FURTHER**, that any duly appointed officer of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, are authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officers deem necessary, desirable and proper in connection with the Company's commencement and prosecution of the Chapter 11 Case, with a view to the successful resolution of such case;

**RESOLVED FURTHER**, that the Company be, and it hereby is, authorized and directed to perform its obligations under the Chapter 11 Case and to take all actions in accordance therewith necessary to consummate the Filing;

**RESOLVED FURTHER**, that the Board hereby determines that the Filing and the Chapter 11 Case are advisable and in the best interests of the Company;

**RESOLVED FURTHER**, that the forms, terms and provisions of the Filing and the schedules and exhibits attached thereto are, and each hereby is, approved with such changes and modifications thereto as may be deemed necessary or appropriate by the Authorized Officers, as conclusively evidenced by such officer's execution and delivery thereof; and

**RESOLVED FURTHER**, that the Company be, and it hereby is, authorized, empowered and directed to perform its obligations under the Filing and to take all actions in accordance therewith necessary to consummate the Chapter 11 Case.

2.      **Retention of Professionals.**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Womble Bond Dickinson (US) LLP ("Womble") as bankruptcy counsel to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of Womble;

**RESOLVED FURTHER**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Rock Creek Advisors, LLC ("Rock Creek") as financial consultants and advisors assisting the Company in exercising its responsibilities with respect to the Filing and Chapter 11 of the Bankruptcy Code, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of Rock Creek;

**RESOLVED FURTHER**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Stretto, Inc. ("Stretto"), as the Company's claims, noticing, solicitation agent and administrative advisor, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and

**RESOLVED FURTHER**, that the Authorized Officers of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the Filing and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper.

3.      **Debtor-In-Possession Financing and Adequate Protection.**

**WHEREAS**, in connection with the Filing and the Chapter 11 Case, the Board believes that the Company will obtain benefits from certain debtor-in-possession financing (the "DIP Financing") provided by Breakthrough Energy Ventures II, L.P. (the "DIP Lender");

**WHEREAS**, each of the members of the Board is aware of the material facts related to the DIP Financing and has had an adequate opportunity to ask questions regarding, and to investigate the nature of, the relationships and/or interests described above in connection with the DIP Financing;

**WHEREAS**, the members of the Board has reviewed, evaluated and discussed (i) the material facts, terms and conditions of the DIP Financing, (ii) the rights and obligations of the Company, the Board, the stockholders of the Company, and other parties in connection therewith, (iii) the costs, obligations, requirements (financial or otherwise) and other factors and considerations required to consummate the DIP Financing and (iv) the Company's financing objectives and financial situation, and, on the basis of such reasonable inquiry and investigation, believes that the DIP Financing is appropriate for, in the best interests of, advisable, just and reasonable to the Company and its stakeholders.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board agrees that it is in the best interest of the Company that any Authorized Officer, acting alone or with one or more other Authorized Officers, are authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officers deem necessary, desirable and proper in order to obtain the DIP Financing;

**RESOLVED FURTHER**, that in accordance with Section 361 of the Bankruptcy Code, the Company will provide certain adequate protection to the DIP Lender (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval in the Bankruptcy Court;

**RESOLVED FURTHER**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its respective stakeholders, creditors, and other parties in interest, for the Company to enter into a new debtor-in-possession agreement with the DIP Lender, in substantially the form previously reviewed by the members of the Board (the "DIP Credit Agreement");

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Credit Agreement (including the borrowing of money, granting of liens on substantially all assets of the Company, and the guaranty of obligations reflected therein), and the form, terms, and provisions of such other agreements, certificates, schedules, and instruments contemplated thereby (including the DIP Credit Agreement, collectively, the "DIP Credit Agreement Documents") be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Credit Agreement Documents, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in

the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**RESOLVED FURTHER**, that the form, terms, and provisions of the Interim DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Company be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, objections, replies, or other papers or documents to which the Company is or will be a party, including, but not limited to, any term sheet, credit agreement, security and pledge agreement, or guaranty agreement (collectively with the Interim DIP Order and the DIP Credit Agreement Documents, the "DIP Documents"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**RESOLVED FURTHER**, the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain secured claims pursuant to the DIP Credit Agreement Documents (the "DIP Obligations") and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Credit Agreement Documents (collectively, the "Adequate Protection Transactions");

**RESOLVED FURTHER**, that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Lender; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document;

**RESOLVED FURTHER**, that each of the Authorized Officers of the Company be, and hereby is, authorized, directed, and empowered in the name of,

and on behalf of, the Company to file or to authorize the DIP Lender to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the DIP Lender deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Documents; and

**RESOLVED FURTHER**, that each of the Authorized Officers of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Company's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions.

4. **Approval of Stalking Horse APA**

**NOW, THEREFORE, BE IT RESOLVED**, the Board hereby determines that entry into the Stalking Horse APA and the Transaction are advisable and in the best interests of the Company;

**RESOLVED FURTHER**, that the form, terms and provisions of the Stalking Horse APA (including any and all schedules and exhibits attached thereto), and each hereby is, approved with such changes and modifications thereto as may be deemed necessary or appropriate by the Authorized Officers, as conclusively evidenced by such officer's execution and delivery thereof;

**RESOLVED FURTHER**, the Company is hereby authorized, empowered and directed to perform its obligations under the Stalking Horse APA and to take all actions in accordance therewith necessary to consummate the Transaction in accordance with the Bankruptcy Code and any and all orders of the Bankruptcy Court; and

**RESOLVED FURTHER**, that the Authorized Officers are directed and empowered on behalf of the Company to conduct a marketing process and auction for offers to purchase the Company's assets that are on terms higher and better than

that of the Stalking Horse APA as approved by the Bankruptcy Court pursuant the *Debtor's Motion for Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtor's Assets, (II) Scheduling an Auction and a Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtor to Enter into the Stalking Horse Agreement, (V) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* and to negotiate such agreements, documents, assignments and instruments as may be necessary, appropriate or desirable in connection with the sale to the Stalking Horse or the successful bidder.

5.     **General.**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to the develop, file and prosecute to confirmation of the Plan and related disclosure statement;

**RESOLVED FURTHER**, that all such other acts or things which would cause the transactions contemplated by these resolutions to be consummated and performed be, and hereby are, authorized, approved and adopted;

**RESOLVED FURTHER**, that any actions taken by the Board prior to the date of these resolutions that are within the authority conferred hereby are ratified, confirmed and approved as the act and deed of the Company;

**RESOLVED FURTHER**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to cause the transactions contemplated by these resolutions to be consummated and performed in the manner provided therein and from time to time to do, or cause to be done, all such other acts or things, and to execute and deliver all such agreements, instruments, certificates and other documents, and to affix and attest thereto, or cause to be done affixed and attested thereto, the corporate seal of the Company as any Authorized Officer shall deem in its sole discretion desirable to carry out the purposes and intents of any of the foregoing resolutions; and

**RESOLVED FURTHER**, that the signing by any officer of the Company of any of the documents or instruments referred to in or contemplated by the foregoing resolutions or the taking by it of any actions to carry out the foregoing shall conclusively establish (i) such officer's authority to do so from the Company, (ii) such officer's determination of the propriety and the necessity, appropriateness or advisability of such documents or instruments and the actions contemplated thereby, and (iii) the approval and ratification by the Company of the documents and instruments so signed and the actions referred to therein or contemplated thereby.

*[Remainder of page intentionally left blank]*

**IN WITNESS WHEREOF**, the undersigned have executed this Action by Unanimous Written Consent effective as of the last date set forth below.  This Action by Unanimous Written Consent may be executed in more than one counterpart (or which may be provided by electronic transmission), each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**DIRECTORS:**

Date: April 12, 2025

*Eric Moellering*
_____
Eric Moellering

Date: April 12, 2025

*Dr. Reinhard Ambros*
_____
Reinhard Ambros

Date: April 12, 2025

_____
Matthew Kahn

**ACTION BY UNANIMOUS WRITTEN CONSENT OF**
**THE SPECIAL COMMITTEE OF**
**THE BOARD OF DIRECTORS OF**
**VIRIDOS, INC.**

The undersigned, constituting all of the members of the Special Committee of the Board of Directors (the "Committee") of Viridos, Inc., a Delaware corporation (the "Company"), pursuant to Section 141(f) of the Delaware General Corporation Law (the "DGCL") and the Bylaws of the Company (the "Bylaws"), hereby adopt the following recitals and resolutions by unanimous written consent without a meeting, effective as of the date the last consent is received, which recitals and resolutions shall have the same force and effect as if unanimously adopted at a duly convened meeting of the Committee, and a copy of which shall be filed with the minutes of the Company:

1.     **Chapter 11 Filing; Recommendation to Board of Directors.**

    **WHEREAS**, the Committee, acting pursuant to the laws of the State of Delaware, including but not limited to the DGCL, has considered the financial and operational aspects of the Company's business, including the historical performance of the Company, the market for the Company's business, and the current and long-term liabilities of the Company;

    **WHEREAS**, the Committee has reviewed the materials presented to it by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company;

    **WHEREAS**, the Committee has analyzed each of the financial and strategic alternatives available to it, including those available on a consensual basis with the principal stakeholders of the Company, and the impact of the foregoing on the Company's business and its stakeholders;

    **WHEREAS**, based on the foregoing analyses, the Committee believes it to be in the best interests of the Company and its stakeholders to file a voluntary petition for relief (the "Chapter 11 Case" under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") (the "Filing"); and

    **WHEREAS**, the Committee has reviewed the materials presented to it by the management of and the advisors to the Company regarding the proposed *Asset Purchase Agreement by and Between Breakthrough Energy Ventures II, L.P.* ("BEV") a Delaware *limited partnership or its designee and The Company* (the "Stalking Horse APA") pursuant to which BEV (the "Stalking Horse Purchaser") offers to purchase substantially all of the Company's assets (the "Transaction") pursuant to Sections 363 and 365 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Committee, it is desirable and in the best interests of the Company, its creditors, employees, stockholders, and other interested parties that a petition be filed by the Company seeking relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>");

**RESOLVED FURTHER**, that the Committee has reviewed the proposed resolutions attached hereto as **<u>Exhibit I</u>** relating to the Chapter 11 Case and the Filing (the "<u>Proposed Board Resolutions</u>"); and

**RESOLVED FURTHER**, that the Committee recommends to the full Board of Directors of the Company (the "<u>Board</u>") that the Board adopt the Proposed Board Resolutions in connection with the Chapter 11 Case and the Filing.

2.    <u>General.</u>

**RESOLVED**, that the officers of the Company be, and they hereby are, authorized, directed and empowered to execute any applications, certificates, agreements or any other instruments or documents or amendments or supplements to such documents, or to do or to cause to be done any and all other acts and things as such officers, in their discretion, may deem necessary or advisable and appropriate to carry out the purposes of the foregoing resolutions.

*[Remainder of page intentionally left blank]*

**IN WITNESS WHEREOF**, the undersigned have executed this Action by Unanimous Written Consent effective as of the last date set forth below.  This Action by Unanimous Written Consent may be executed in more than one counterpart (or which may be provided by electronic transmission), each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**COMMITTEE MEMBERS:**

Date: April 12, 2025

_Dr. Reinhard Ambros_
Reinhard Ambros

Date: April 12, 2025

_Matthew Kahn_
Matthew Kahn

## <u>EXHIBIT I</u>

## PROPOSED BOARD RESOLUTIONS

1.    <u>Chapter 11 Filing</u>.

**WHEREAS**, the Board, acting pursuant to the laws of the State of Delaware, including but not limited to the DGCL, has considered the financial and operational aspects of the Company's business;

**WHEREAS**, the Board has reviewed the historical performance of the Company, the market for the Company's business, and the current and long-term liabilities of the Company;

**WHEREAS**, the Board has, over the last several weeks, reviewed the materials presented to it by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company;

**WHEREAS**, the Board has analyzed each of the financial and strategic alternatives available to it, including those available on a consensual basis with the principal stakeholders of the Company, and the impact of the foregoing on the Company's business and its stakeholders;

**WHEREAS**, based on the foregoing analyses, the Board believes it to be in the best interests of the Company and its stakeholders to file a voluntary petition for relief (the "<u>Chapter 11 Case</u>" under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") (the "<u>Filing</u>"); and

**WHEREAS**, the Board has reviewed the materials presented to it by the management of and the advisors to the Company regarding the proposed *Asset Purchase Agreement by and Between Breakthrough Energy Ventures II, L.P.* ("<u>BEV</u>") a Delaware *limited partnership or its designee and The Company* (the "<u>Stalking Horse APA</u>") pursuant to which BEV (the "Stalking Horse Purchaser") offers to purchase substantially all of the Company's assets (the "<u>Transaction</u>") pursuant to Sections 363 and 365 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, stockholders, and other interested parties that a petition be filed by the Company seeking relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>");

**RESOLVED FURTHER**, that any duly appointed officer of the Company (collectively, the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers, are authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officers

deem necessary, desirable and proper in connection with the Company's commencement and prosecution of the Chapter 11 Case, with a view to the successful resolution of such case;

RESOLVED FURTHER, that the Company be, and it hereby is, authorized and directed to perform its obligations under the Chapter 11 Case and to take all actions in accordance therewith necessary to consummate the Filing;

RESOLVED FURTHER, that the Board hereby determines that the Filing and the Chapter 11 Case are advisable and in the best interests of the Company;

RESOLVED FURTHER, that the forms, terms and provisions of the Filing and the schedules and exhibits attached thereto are, and each hereby is, approved with such changes and modifications thereto as may be deemed necessary or appropriate by the Authorized Officers, as conclusively evidenced by such officer's execution and delivery thereof; and

RESOLVED FURTHER, that the Company be, and it hereby is, authorized, empowered and directed to perform its obligations under the Filing and to take all actions in accordance therewith necessary to consummate the Chapter 11 Case.

## 2.    Retention of Professionals.

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Womble Bond Dickinson (US) LLP ("Womble") as bankruptcy counsel to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of Womble;

RESOLVED FURTHER, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Rock Creek Advisors, LLC ("Rock Creek") as financial consultants and advisors assisting the Company in exercising its responsibilities with respect to the Filing and Chapter 11 of the Bankruptcy Code, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of Rock Creek;

RESOLVED FURTHER, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Stretto, Inc. ("Stretto"), as the Company's claims, noticing, solicitation agent and administrative advisor, effective as of the date the petition is filed, and in

connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and

**RESOLVED FURTHER**, that the Authorized Officers of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the Filing and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper.

**3.**     **<u>Debtor-In-Possession Financing and Adequate Protection</u>.**

**WHEREAS**, in connection with the Filing and the Chapter 11 Case, the Board believes that the Company will obtain benefits from certain debtor-in-possession financing (the "<u>DIP Financing</u>") provided by Breakthrough Energy Ventures II, L.P. (the "<u>DIP Lender</u>");

**WHEREAS**, each of the members of the Board is aware of the material facts related to the DIP Financing and has had an adequate opportunity to ask questions regarding, and to investigate the nature of, the relationships and/or interests described above in connection with the DIP Financing;

**WHEREAS**, the members of the Board has reviewed, evaluated and discussed (i) the material facts, terms and conditions of the DIP Financing, (ii) the rights and obligations of the Company, the Board, the stockholders of the Company, and other parties in connection therewith, (iii) the costs, obligations, requirements (financial or otherwise) and other factors and considerations required to consummate the DIP Financing and (iv) the Company's financing objectives and financial situation, and, on the basis of such reasonable inquiry and investigation, believes that the DIP Financing is appropriate for, in the best interests of, advisable, just and reasonable to the Company and its stakeholders.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board agrees that it is in the best interest of the Company that any Authorized Officer, acting alone or with one or more other Authorized Officers, are authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officers deem necessary, desirable and proper in order to obtain the DIP Financing;

**RESOLVED FURTHER**, that in accordance with Section 361 of the Bankruptcy Code, the Company will provide certain adequate protection to the DIP

Lender (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval in the Bankruptcy Court;

**RESOLVED FURTHER**, that in the business judgment of the Board, it is desirable and in the best interests of the Company, its respective stakeholders, creditors, and other parties in interest, for the Company to enter into a new debtor-in-possession agreement with the DIP Lender, in substantially the form previously reviewed by the members of the Board (the "DIP Credit Agreement");

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Credit Agreement (including the borrowing of money, granting of liens on substantially all assets of the Company, and the guaranty of obligations reflected therein), and the form, terms, and provisions of such other agreements, certificates, schedules, and instruments contemplated thereby (including the DIP Credit Agreement, collectively, the "DIP Credit Agreement Documents") be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Credit Agreement Documents, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**RESOLVED FURTHER**, that the form, terms, and provisions of the Interim DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Company be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, objections, replies, or other papers or documents to which the Company is or will be a party, including, but not limited to, any term sheet, credit agreement, security and pledge agreement, or guaranty agreement (collectively with the Interim DIP Order and the DIP Credit Agreement Documents, the "DIP Documents"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**RESOLVED FURTHER**, the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the

Adequate Protection Obligations and certain secured claims pursuant to the DIP Credit Agreement Documents (the "<u>DIP Obligations</u>") and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Credit Agreement Documents (collectively, the "<u>Adequate Protection Transactions</u>");

**RESOLVED FURTHER**, that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "<u>Adequate Protection Documents</u>"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Lender; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document;

**RESOLVED FURTHER**, that each of the Authorized Officers of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Lender to file any Uniform Commercial Code (the "<u>UCC</u>") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the DIP Lender deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Documents; and

**RESOLVED FURTHER**, that each of the Authorized Officers of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Company's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions.

4. **Approval of Stalking Horse APA**

      **NOW, THEREFORE, BE IT RESOLVED**, the Board hereby determines that entry into the Stalking Horse APA and the Transaction are advisable and in the best interests of the Company;

      **RESOLVED FURTHER**, that the form, terms and provisions of the Stalking Horse APA (including any and all schedules and exhibits attached thereto), and each hereby is, approved with such changes and modifications thereto as may be deemed necessary or appropriate by the Authorized Officers, as conclusively evidenced by such officer's execution and delivery thereof;

      **RESOLVED FURTHER**, the Company is hereby authorized, empowered and directed to perform its obligations under the Stalking Horse APA and to take all actions in accordance therewith necessary to consummate the Transaction in accordance with the Bankruptcy Code and any and all orders of the Bankruptcy Court; and

      **RESOLVED FURTHER**, that the Authorized Officers are directed and empowered on behalf of the Company to conduct a marketing process and auction for offers to purchase the Company's assets that are on terms higher and better than that of the Stalking Horse APA as approved by the Bankruptcy Court pursuant the *Debtor's Motion for Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtor's Assets (II) Scheduling an Auction and a Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtor to Enter into the Stalking Horse Agreement, (V) Approving the Procedures for the Assumption and Assignment of Contracts and Lease, and (VI) Granting Related Relief* and to negotiate such agreements, documents, assignments and instruments as may be necessary, appropriate or desirable in connection with the sale to the Stalking Horse or the successful bidder.

5. **General.**

      **NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to the develop, file and prosecute to confirmation of the Plan and related disclosure statement;

      **RESOLVED FURTHER**, that all such other acts or things which would cause the transactions contemplated by these resolutions to be consummated and performed be, and hereby are, authorized, approved and adopted;

      **RESOLVED FURTHER**, that any actions taken by the Board prior to the date of these resolutions that are within the authority conferred hereby are ratified, confirmed and approved as the act and deed of the Company;

      **RESOLVED FURTHER**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of

the Company, to cause the transactions contemplated by these resolutions to be consummated and performed in the manner provided therein and from time to time to do, or cause to be done, all such other acts or things, and to execute and deliver all such agreements, instruments, certificates and other documents, and to affix and attest thereto, or cause to be done affixed and attested thereto, the corporate seal of the Company as any Authorized Officer shall deem in its sole discretion desirable to carry out the purposes and intents of any of the foregoing resolutions; and

**RESOLVED FURTHER**, that the signing by any officer of the Company of any of the documents or instruments referred to in or contemplated by the foregoing resolutions or the taking by it of any actions to carry out the foregoing shall conclusively establish (i) such officer's authority to do so from the Company, (ii) such officer's determination of the propriety and the necessity, appropriateness or advisability of such documents or instruments and the actions contemplated thereby, and (iii) the approval and ratification by the Company of the documents and instruments so signed and the actions referred to therein or contemplated thereby.

*****

**Fill in this information to identify the case:**

Debtor name    Viridos, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                                    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | HCP Life Science REIT, Inc. Bank of America PO Box 51091, Los Angeles, CA 90074 | Brittany Irwin BIrwin@healthpeak.com | Real Property Lease | Disputed | | | $413,058.42 |
| 2 | SomaLogic Operating Co., Inc. 2945 Wilderness Place, Boulder, CO 80301 | Kasey Price 303-625-9000 | Trade debt | | | | $91,254.61 |
| 3 | Fisher Scientific Company, LLC Acct#004893-001, File #50129, Los Angeles, CA 90074-0129 | Porscha Dunn 800-766-7000 ext. 0000 Biocom.CS@thermofisher.com; porscha.dunn2@thermofisher.com | Trade debt | | | | $74,411.96 |
| 4 | Agilent Technologies, Inc. PO Box 742108, Los Angeles, CA 90074-2108 | 800-227-9770 ext. 0000 orders@agilent.com | Trade debt | | | | $55,923.77 |
| 5 | EVOTEK, INC. 462 Stevens Avenue, Suite 308, Solana Beach, CA 92075 | 805-791-5122 sconway@evotek.com | Trade debt | | | | $53,211.38 |
| 6 | Konica Minolta Business Solutions USA Inc. PO Box 100706, Pasadena, CA 91189-0706 | 877-451-1731 ext. 0000 AMO@customerfinancing. com | Trade debt | | | | $35,985.74 |
| 7 | Lockton Insurance Brokers, LLC Dept LA 23878, Pasadena, CA 91185-3878 | 858-587-3100 ext. 0000 jwerner@lockton.com | Trade debt | | | | $32,351.80 |
| 8 | UnitedHealthcare of California (UHIC) PO Box 843118, Los Angeles, CA 90084-3118 | | Trade debt | | | | $31,434.46 |

Debtor    Viridos, Inc.
          Name

Case number (if known)_____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Donnelley Financial, LLC PO Box 830181, Philadelphia, PA 19182-0181 | 858-587-8452 ext. 0000 accounts-receivable@dfinsolutions.com | Trade debt | | | | $28,455.01 |
| 10 | Imperial County Treasurer - Tax Collector 940 W Main St, Suite 106, El Centro, CA 92243-2864 | Karen Vogel | Tax | | | | $22,295.53 |
| 11 | Airgas West USA LLC PO Box 102289, Pasadena, CA 91189-2289 | Fabian Arreola 858-279-8200 ext. 0000 Fabian.arreola@airgas.com | Trade debt | | | | $22,054.42 |
| 12 | Integrated DNA Technologies, Inc. 1710 Commercial Park, Coralville, IA 52241 | 800-328-2661 ext. 0000 keyaccounts@idtdna.com | Trade debt | | | | $20,228.37 |
| 13 | San Diego Gas & Electric PO Box 25111, Santa Ana, CA 92799-5111 | | Trade debt | | | | $19,003.09 |
| 14 | Beckman Coulter, Inc. Dept. CH 10164, Palatine, IL 60055-0164 | 800-742-2345 ext. 0000 lsorders@Beckman.com | Trade debt | | | | $17,836.88 |
| 15 | Azenta US, Inc. 2910 Fortune Circle West, Suite E, Indianapolis, IN 46241-5502 | Debraj Chatterjee 317-390-1866 debraj.chatterjee1@azenta.com | Trade debt | | | | $16,566.89 |
| 16 | ScaleMatrix Hosting, Inc. 5775 Kearny Villa Road, San Diego, CA 92123 | 858-633-4363 ext. 0000 | Trade debt | | | | $16,456.50 |
| 17 | Core Informatics, LLC 36 E Industrial Road, Second Floor, Branford, CT 06405 | Debbie Zimmerman 203-643-8099 ext. 0000 finance@coreinformatics.com | Trade debt | | | | $14,419.84 |
| 18 | SecureDocs, Inc. 1360 Post Oak, Suite 2200, Houston, TX 77056 | 866-700-7975 ext. 0000 securedocs.billing@onit.com | Trade debt | | | | $9,240.00 |
| 19 | Williams Scotsman, Inc. PO Box 91975, Chicago, IL 60693-1975 | 480-719-5639 AccountsReceivable@willscot.com | Trade debt | | | | $9,122.33 |
| 20 | Florida Scientific dba 2mag-USA PO Box 214769, Daytona Beach, FL 32121-4769 | order@2magUSA.com | Trade debt | | | | $8,922.10 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11<br>Subchapter V |
| VIRIDOS, INC.,[1] | Case No. 25-_____(__) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy the following is a list of any corporation, other than a governmental unit that directly or indirectly owns 10% or more of any class of equity interests in the above-captioned debtor.

| EQUITY HOLDER | PERCENTAGE OF TOTAL EQUITY |
|---|---|
| Breakthrough Energy Ventures | 53.33% |
| Chevron USA, Inc. | 20.42% |

---

[1]   The Debtor in this Chapter 11 Case and the last four digits of its U.S. taxpayer identification number is: Viridos, Inc. (3940).  The Debtor's corporate headquarters is located at: 11149 N. Torrey Pines Road, La Jolla, CA 92037.

**Fill in this information to identify the case and this filing:**

Debtor Name    Viridos, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
                                                        (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

■ Other document that requires a declaration    Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    4/14/2025                    ✖ /s/ Eric Moellering
               MM / DD / YYYY               Signature of individual signing on behalf of debtor

                                            Eric Moellering
                                            Printed name

                                            Co-Chief Executive Officer
                                            Position or relationship to debtor

*DRAFT - Preliminary and For Discussion Purposes Only*

## Viridos, Inc.

Projected Cash Flow Budget

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Proj. | Proj. | Proj. | Proj. | Proj. | Proj. | Proj. | Proj. | Proj. | Proj. | Proj. | Proj. | Proj. |
| | W/E | W/E | W/E | W/E | W/E | W/E | W/E | W/E | W/E | W/E | W/E | W/E | W/E |
| | 18-Apr | 25-Apr | 2-May | 9-May | 16-May | 23-May | 30-May | 6-Jun | 13-Jun | 20-Jun | 27-Jun | 4-Jul | 11-Jul |
| ***Beginning Book Balance*** | | | | | | | | | | | | | |
| **Beginning Cash** | 439,817 | 434,817 | 1,407,622 | 1,240,843 | 1,046,861 | 933,989 | 57,507 | 2,192,507 | 1,960,525 | 1,893,025 | 1,878,653 | 1,578,653 | 749,014 |
| ***Receipts*** | | | | | | | | | | | | | |
| Bridge Financing | - | - | - | - | - | - | - | - | - | - | - | - | - |
| DIP Financing | | 1,500,000 | | | | 2,500,000 | | | | | | | |
| Other misc. | | | 35,000 | | | | | | | | | | |
| **TOTAL** | - | 1,500,000 | 35,000 | - | - | 2,500,000 | - | - | - | - | - | - | - |
| ***Recurring Operating Disbursements*** | | | | | | | | | | | | | |
| Payroll | - | 126,482 | 26,157 | 126,482 | 4,372 | 126,482 | - | 126,482 | - | 4,372 | - | 126,482 | - |
| Rent (Greenhouse Location) | | 3,213 | 31,500 | | | | | 31,500 | | | | 31,500 | |
| Employee Insurance | | | 34,000 | | | | | 34,000 | | | | | |
| Other operating expenses | | 37,500 | 45,123 | 67,500 | | | | | 67,500 | | | 67,500 | |
| Other | | | | | | | | | | | | | |
| **TOTAL** | - | 167,195 | 136,779 | 193,982 | 4,372 | 126,482 | - | 191,982 | 67,500 | 4,372 | - | 225,482 | - |
| ***One-Time Disbursements*** | | | | | | | | | | | | | |
| RIF Payroll / PTO payouts | - | - | - | - | - | - | - | - | - | - | - | 359,075 | - |
| Severance | | | | | | | | | | | | 215,082 | |
| Rent (Main Building) | | | | | 46,000 | 660,000 | | | | | | | |
| Other operating expenses | | | | | 62,500 | 80,000 | | | | | | | |
| CalCompetes Wire | | | | | | | | | | | | | |
| **TOTAL** | - | - | - | - | 108,500 | 740,000 | - | - | - | - | - | 574,157 | - |
| ***Restructuring Disbursements*** | | | | | | | | | | | | | |
| DIP Loan (Fees & Interest) | - | - | - | - | - | - | - | - | - | - | - | - | - |
| DIP Lender's Counsel [Greenberg Traurig] | | 100,000 | | | | | 100,000 | | | | 100,000 | | |
| Debtors' Counsel [WBD] | | 150,000 | | | | | 150,000 | | | | 100,000 | | |
| Debtors' Financial Advisor [Rock Creek] | | 100,000 | | | | | 100,000 | | | | 100,000 | | |
| Independent Director | | | 20,000 | | | | | 10,000 | | | | | |
| Claims/Noticing Agent | | | 30,000 | | | | | 30,000 | | | | 30,000 | |
| UST Fees | | | | | | | | | | | | | |
| Committee Professionals / SubV Trustee Fees | | | | | | | | | | | | | |
| D&O Insurance | | | | | | | | | | | | | |
| Critical Vendors | | | | | | | | | | | | | |
| Corporate Counsel [Gunderson] | | 10,000 | | | | 10,000 | | | | 10,000 | | | |
| IP Counsel [DLA Piper] | | | 15,000 | | | | 15,000 | | | | | | |
| Litigation Counsel [Shepherd Mullen] | 5,000 | | | | | | | | | | | | |
| Windown Expenses | | | | | | | | | | | | | |
| **TOTAL** | 5,000 | 360,000 | 65,000 | - | - | 10,000 | 365,000 | 40,000 | - | 10,000 | 300,000 | 30,000 | - |
| ***Ending Book Balance*** | | | | | | | | | | | | | |
| **Ending Cash** | 434,817 | 1,407,622 | 1,240,843 | 1,046,861 | 933,989 | 57,507 | 2,192,507 | 1,960,525 | 1,893,025 | 1,878,653 | 1,578,653 | 749,014 | 749,014 |

**VIRIDOS INC.**
Consolidating Balance Sheet

| | Consolidated | Consolidated | Legal Entities | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Viridos | SGVI | SGI DNA | Green | SG Mexico | Eliminations |
| **Assets** | | | | | | | | |
| **Current Assets** | | | | | | | | |
| Cash and cash equivalents | | $6,799,174.29 | $6,799,174.29 | | | | | |
| Marketable Securities | | 161,988.57 | 161,988.57 | | | | | |
| Other Current Assets | | 949,560.41 | 949,560.42 | (0.01) | | | | |
| Accounts Receivable | | | | | | | | |
| Related Party Receivable | | (0.00) | (0.00) | | | | | |
| Intercompany | | (0.01) | (7,558,757.76) | 7,625,080.79 | 573.75 | (45,591.05) | (5,530.54) | (15,775.20) |
| **Total Current Assets** | | 7,910,723.26 | 351,965.52 | 7,625,080.78 | 573.75 | (45,591.05) | (5,530.54) | (15,775.20) |
| Property and Equipment, net | | 1,534,284.66 | 1,401,541.35 | 132,743.32 | | | | (0.01) |
| Equity method investments | | 1,779,374.88 | 1,779,374.88 | | | | | |
| Lease deposit and other long-term assets | | 949,666.70 | 3,323,177.70 | 35,000.00 | | | | (2,408,511.00) |
| **Total Assets** | | $12,174,049.50 | $6,856,059.45 | $7,792,824.10 | $573.75 | ($45,591.05) | ($5,530.54) | ($2,424,286.21) |
| **Liabilities, Redeemable Convertible Preferred Stock & Stockholders' Deficit** | | | | | | | | |
| **Current Liabilities** | | | | | | | | |
| Accounts payable | | $625,685.30 | $625,685.29 | $0.01 | | | | |
| Accrued Expenses | | 680,071.68 | 680,071.17 | 0.51 | (0.00) | | | |
| Deferred Contract Fundng | | | | | | | | |
| Deferred revenue - short term | | 0.00 | 0.00 | | | | | |
| Capital lease obligation - current | | (0.01) | (0.01) | | | | | |
| Long Term Debt - Current Portion | | 2,244,439.31 | 2,244,439.31 | | | | | |
| SAFE - Long Term - Viridos - Chevron | | 2,250,000.00 | 2,250,000.00 | | | | | |
| Liability to former Convertible Noteholders | | | | | | | | |
| **Total Current Liabilities** | | 5,800,196.28 | 5,800,195.76 | 0.52 | (0.00) | | | |
| Deferred revenue - long term (Cal Competes) | | 5,000,000.00 | 5,000,000.00 | | | | | |
| Note Payable - LT | | | | | | | | |
| Other long-term liabilities | | 2,957,645.06 | 2,957,645.06 | | | | | |
| Warrant Liability | | | | | | | | |
| **Total Liabilities** | | $13,757,841.34 | $13,757,840.82 | $0.52 | ($0.00) | | | |
| **Stockholders' deficit** | | | | | | | | |
| Common Stock | | 256.07 | 256.07 | | | | | |
| Series 1A Preferred shares | | 7,999,999.75 | 7,999,999.75 | | | | | |
| Series A preferred shares | | 4,366.93 | 4,366.93 | | | | | |
| Junior preferred shares | | (3,847.50) | (3,847.50) | | | | | |
| Class A Common Stock | | | | 1,000.00 | | | | (1,000.00) |
| Class C Common Stock | | | | | | | | |
| Treasury Stock | | | | | | | | |
| Additional paid-in capital - common stock | | 367,070,738.19 | 367,070,738.19 | | | | | |
| Additional paid-in capital - Series A preferred shares | | 24,335,863.75 | 24,335,863.75 | | | | | |
| Additional paid-in capital - Junior preferred shares | | 15,260,272.77 | 15,260,272.77 | | | | | |
| Additional paid-In Capital - Preferred | | 931,598.07 | 931,598.07 | | | | | |
| Accumulated deficit | | (417,183,039.87) | (420,604,646.38) | (219,541.13) | (1,968,531.84) | (55,591.05) | (5,789.83) | 5,671,060.36 |
| **Total stockholders' deficit** | | ($1,583,791.84) | ($5,005,398.35) | ($218,541.13) | ($1,968,531.84) | ($55,591.05) | ($5,789.83) | $5,670,060.36 |
| **Total liabilities, redeemable convertible preferred stock & stockholders' deficit** | | $12,174,049.50 | $8,752,442.47 | ($218,540.61) | ($1,968,531.84) | ($55,591.05) | ($5,789.83) | $5,670,060.36 |

# Viridos, Inc.

## Statement of Operations

2/28/2025

(In Thousands)

|  | Viridos |
|---|---|
| Collaboration revenues | $46 |
| **Total revenue** | **46** |
|  |  |
| **Costs and operating expenses** |  |
| Cost of product and service revenues |  |
| Research and development costs | 2,236,158 |
| Selling, general and administrative costs | 355,227 |
| Impairment Loss |  |
| **Total Costs and Operating Expenses** | **2,591,384** |
| **Income (loss) from operations** | **(2,591,338)** |
|  |  |
| **Other income (expense)** |  |
| Interest expense, net | (12,376) |
| Management fee income |  |
| Other (expense) income, net | 13,796 |
| **Total other income (expense)** | **1,420** |
| **Loss before equity method investment** | **(2,589,918)** |
| Equity (loss) income of equity method investment | (21,141) |
|  |  |
| **Net (loss) income before income taxes** | **(2,611,059)** |
|  |  |
| Income tax (benefit) provision |  |
| **Net (loss) income** | **($2,611,059)** |

**TAXPAYER:** VIRIDOS, INC. & SUBSIDIARIES                                                     14-1923940

## INSTRUCTIONS FOR FILING
## U.S. CORPORATION INCOME TAX RETURN

### FOR THE YEAR ENDED
### 12   31   2023

| | | | |
|---|---|---|---|
| **To be signed and dated by** | ( X ) | An officer of the Corporation on page 1 of Form 1120 | |
| | ( ) | An officer of each company on the controlled group consent form | |

**Amount of tax**

| | | |
|---|---|---|
| Total tax | $ | 0 |
| Less: Payments and credits | $< | 0  > |
| Plus: Penalties and Interest | $ | 0 |
| Balance due (overpayment) | $ | 0 |

**Payment/Balance Due Comment**

**Balance due**

Beginning January 01, 2011, corporations must use electronic funds transfers to make all federal tax deposits such as corporate income tax. Forms 8109 and 8109-B, Federal Tax Coupon, cannot be used after December 31, 2010. You have the option to use the Electronic Federal Tax Payment System (EFTPS), the Federal Tax Application (FTA) for the same-day wire payment or to use a third party to make the deposits on your behalf. If the Electronic Federal Tax Payment System (EFTPS) is used, the payment must be initiated by 8 p.m. Eastern time the day before the due date of the balance due. Please check the Federal filing instructions regarding electronic deposit requirement before you make your payment.

**Overpayment, if any**

| | | | |
|---|---|---|---|
| ( ) | $ | 0 | refunded to you |
| ( ) | $ | 0 | credited to estimated tax |

**Mail the original signed tax return to (if paper file):**

E-FILED ON YOUR BEHALF

Note: Remove this instruction sheet from the return before mailing the return to the IRS.

**Return must be mailed on or before**

### OCTOBER 15, 2024

Certified mail recommended, with return receipt. For metered mail, the meter date is not evidence of timely filing.

**Special Instructions**

Form **8453- CORP**

(December 2022)

Department of the Treasury
Internal Revenue Service

# E- file Declaration for Corporations

**File electronically with Form 1120, 1120- F, or 1120- S. Do not file paper copies.**
**Go to www.irs.gov/Form8453CORP for the latest information.**

OMB No 1545-0123

For calendar year 20 23 , or tax year beginning _____ , 20 _____ , ending _____ , 20 _____

| Name of corporation | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

| Part I | Information (Whole dollars only) | | |
|---|---|---|---|
| **1** | Total income (Form 1120, line 11) . . . . . . . . . . . . . . . . . . . . | **1** | 7,356,956 |
| **2** | Total income (Form 1120- F, Section II, line 11) . . . . . . . . . . . . . . | **2** | |
| **3** | Total income (loss) (Form 1120- S, line 6) . . . . . . . . . . . . . . . . . . | **3** | |

| Part II | Declaration of Officer (see instructions) **Be sure to keep a copy of the corporation's tax return.** |
|---|---|

**A** ☐ I consent that the corporation's refund be directly deposited as designated on the **Form 8050,** Direct Deposit of Corporate Tax Refund, or Form 8302, Electronic Deposit of Tax Refund of $1 Million or More, that will be electronically transmitted with the corporation's federal income tax return.

**B** ☒ I do not want direct deposit of the corporation's refund **or** the corporation is not receiving a refund.

**C** ☐ I authorize the U.S. Treasury and its designated Financial Agent to initiate an electronic funds withdrawal (direct debit) entry to the financial institution account indicated in the tax preparation software for payment of the corporation's federal taxes owed·on this return, and the financial institution to debit the entry to this account. To revoke a payment, I must contact the U.S. Treasury Financial Agent at **1- 888- 353- 4537** no later than 2 business days prior to the payment (settlement) date. I also authorize the financial institutions involved in the processing of the electronic payment of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payment.

If the corporation is filing a balance due return, I understand that if the IRS does not receive full and timely payment of its tax liability, the corporation will remain liable for the tax liability and all applicable interest and penalties.

Under penalties of perjury, I declare that I am an officer of the above corporation and that the information I have given my electronic return originator (ERO), transmitter, and/or intermediate service provider (ISP) and the amounts in Part I above agree with the amounts on the corresponding lines of the corporation's federal income tax return To the best of my knowledge and belief, the corporation's return is true, correct, and complete I consent to my ERO, transmitter, and/or ISP sending the corporation's return, this declaration, and accompanying schedules and statements to the IRS. I also consent to the IRS sending my ERO, transmitter, and/or ISP an acknowledgement of receipt of transmission and an indication of whether or not the corporation's return is accepted, and, if rejected, the reason(s) for the rejection If the processing of the corporation's return or refund is delayed, I authorize the IRS to disclose to my ERO, transmitter, and/or ISP the reason(s) for the delay, or when the refund was sent

| Sign Here | Signature of officer DOUG MILLER | 10/8/2024 Date | CFO Title |
|---|---|---|---|

| Part III | Declaration of Electronic Return Originator (ERO) and Paid Preparer (see instructions) |
|---|---|

I declare that I have reviewed the above corporation's return and that the entries on Form 8453-CORP are complete and correct to the best of my knowledge If I am only a collector, I am not responsible for reviewing the return and only declare that this form accurately reflects the data on the return The corporate officer will have signed this form before I submit the return. I will give the officer a copy of all forms and information to be filed with the IRS, and have followed all other requirements in **Pub. 3112,** IRS e-file Application and Participation, and **Pub. 4163,** Modernized e-File (MeF) Information for Authorized IRS e-file Providers for Business Returns If I am also the Paid Preparer, under penalties of perjury, I declare that I have examined the above corporation's return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete This Paid Preparer declaration is based on all information of which I have any knowledge.

| | ERO's signature COREY LITTEKEN | Date 10/04/2024 | Check if also paid preparer ☒ | Check if self- employed ☐ | ERO's SSN or PTIN P00980576 |
|---|---|---|---|---|---|
| **ERO's Use Only** | Firm's name (or yours if self- employed), address, and ZIP code | DELOITTE TAX LLP | | | EIN 86-1065772 |
| | | 12830 EL CAMINO REAL, SUITE 600 | | | Phone no. |
| | | SAN DIEGO     CA  92130 | | | 619-232-6500 |

Under penalties of perjury, I declare that I have examined the above corporation's return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete This declaration is based on all information of which I have any knowledge.

| | Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self- employed | PTIN |
|---|---|---|---|---|---|
| **Paid Preparer Use Only** | Firm's name | | | Firm's EIN | |
| | Firm's address | | | Phone no. | |

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.**

Form **8453- CORP** (12- 2022)

**Form 1120**
Department of the Treasury
Internal Revenue Service

# U.S. Corporation Income Tax Return

For calendar year 2023 or tax year beginning _____, _____, ending _____, 20____
Go to www.irs.gov/Form1120 for instructions and the latest information.

OMB No 1545-0123

**2023**

**A Check if:**
1a Consolidated return (attach Form 851) — [X]
 b Life/nonlife consolidated return
2 Personal holding co (attach Sch PH)
3 Personal service corp (see instructions)
4 Schedule M-3 attached — [X]

TYPE OR PRINT

Name, Number, street, and room or suite no If a P O box, see instructions
City or town, state or province, country, and ZIP or foreign postal code

VIRIDOS, INC. & SUBSIDIARIES
11149 NORTH TORREY PINES ROAD #100

LA JOLLA          CA   92037

**B Employer identification number**
14-1923940

**C Date incorporated**
02 16 2005

**D Total assets (see instructions)**
$          23,513,654

**E Check if** (1) [ ] Initial return (2) [ ] Final return (3) [ ] Name change (4) [ ] Address change

| | | | | |
|---|---|---|---:|---:|
| **Income** | 1a | Gross receipts or sales | 1a | 0 |
| | b | Returns and allowances | 1b | 0 |
| | c | Balance. Subtract line 1b from line 1a | 1c | 0 |
| | 2 | Cost of goods sold (attach Form 1125-A) | 2 | 0 |
| | 3 | Gross profit. Subtract line 2 from line 1c | 3 | 0 |
| | 4 | Dividends and inclusions (Schedule C, line 23) | 4 | 0 |
| | 5 | Interest | 5 | 808,800 |
| | 6 | Gross rents | 6 | 0 |
| | 7 | Gross royalties | 7 | 7,380 |
| | 8 | Capital gain net income (attach Schedule D (Form 1120)) | 8 | 0 |
| | 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | 9 | 671 |
| | 10 | Other income (see instructions-- attach statement)          STATEMENT 1 | 10 | 6,540,105 |
| | 11 | **Total income.** Add lines 3 through 10 | 11 | 7,356,956 |
| **Deductions** (See instructions for limitations on deductions) | 12 | Compensation of officers (see instructions-- attach Form 1125-E) | 12 | 0 |
| | 13 | Salaries and wages (less employment credits) | 13 | 658,864 |
| | 14 | Repairs and maintenance | 14 | 0 |
| | 15 | Bad debts | 15 | 0 |
| | 16 | Rents | 16 | 2,218,939 |
| | 17 | Taxes and licenses          STATEMENT 2 | 17 | 264,841 |
| | 18 | Interest (see instructions) | 18 | 808,800 |
| | 19 | Charitable contributions | 19 | 0 |
| | 20 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | 20 | 444,385 |
| | 21 | Depletion | 21 | 0 |
| | 22 | Advertising | 22 | 0 |
| | 23 | Pension, profit-sharing, etc., plans | 23 | 22,667 |
| | 24 | Employee benefit programs | 24 | 32,984 |
| | 25 | Energy efficient commercial buildings deduction (attach Form 7205) | 25 | |
| | 26 | Other deductions (attach statement)          STATEMENT 3 | 26 | 4,433,329 |
| | 27 | **Total deductions.** Add lines 12 through 26 | 27 | 8,884,809 |
| | 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11. | 28 | -1,527,853 |
| | 29a | Net operating loss deduction (see instructions) — 29a | 0 | |
| | b | Special deductions (Schedule C, line 24) — 29b | 0 | |
| | c | Add lines 29a and 29b | 29c | 0 |
| **Tax, Refundable Credits, and Payments** | 30 | **Taxable income.** Subtract line 29c from line 28. See instructions | 30 | -1,527,853 |
| | 31 | Total tax (Schedule J, Part I, line 11) | 31 | 0 |
| | 32 | Reserved for future use | 32 | |
| | 33 | Total payments and credits (Schedule J, Part II, line 23) | 33 | 0 |
| | 34 | Estimated tax penalty. See instructions. Check if Form 2220 is attached [ ] | 34 | 0 |
| | 35 | Amount owed. If line 33 is smaller than the total of lines 31 and 34, enter amount owed | 35 | 0 |
| | 36 | Overpayment. If line 33 is larger than the total of lines 31 and 34, enter amount overpaid | 36 | 0 |
| | 37 | Enter amount from line 36 you want: Credited to 2024 estimated tax          0 Refunded | 37 | 0 |

**Sign Here**
Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer        Date 10/8/2024        Title CFO
DOUG MILLER

May the IRS discuss this return with the preparer shown below See instructions   [X] Yes [ ] No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check [ ] if self-employed | PTIN |
|---|---|---|---|---|
| COREY LITTEKEN | Cory | 10/04/2024 | | P00980576 |

Firm's name   DELOITTE TAX LLP
Firm's address   12830 EL CAMINO REAL, SUITE 600
SAN DIEGO          CA   92130

Firm's EIN   86-1065772
Phone no   619-232-6500

For Paperwork Reduction Act Notice, see separate instructions.
ERF

F3.00.01          US1120P1   Form **1120** (2023)

Form 1120 (2023)    VIRIDOS, INC. & SUBSIDIARIES                                                                14-1923940    Page **2**

| Schedule C | Dividends, Inclusions, and Special Deductions (see instructions) | (a) Dividends and inclusions | (b) % | (c) Special deductions (a) x (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations (other than debt-financed stock) | 0 | 50 | 0 |
| 2 | Dividends from 20%-or-more-owned domestic corporations (other than debt-financed stock) | 0 | 65 | 0 |
| 3 | Dividends on certain debt-financed stock of domestic and foreign corporations | 0 | See instructions | 0 |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | 0 | 23.3 | 0 |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | 0 | 26.7 | 0 |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs | 0 | 50 | 0 |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs | 0 | 65 | 0 |
| 8 | Dividends from wholly owned foreign subsidiaries | 0 | 100 | 0 |
| 9 | **Subtotal.** Add lines 1 through 8. See instructions for limitations | 0 | See instructions | 0 |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | 0 | 100 | 0 |
| 11 | Dividends from affiliated group members | 0 | 100 | 0 |
| 12 | Dividends from certain FSCs | 0 | 100 | 0 |
| 13 | Foreign-source portion of dividends received from a specified 10%-owned foreign corporation (excluding hybrid dividends) (see instructions) | 0 | 100 | 0 |
| 14 | Dividends from foreign corporations not included on line 3, 6, 7, 8, 11, 12, or 13 (including any hybrid dividends) | 0 | | |
| 15 | Reserved for future use | | | |
| 16a | Subpart F inclusions derived from the sale by a controlled foreign corporation (CFC) of the stock of a lower-tier foreign corporation treated as a dividend (attach Form(s) 5471) (see instructions) | 0 | 100 | 0 |
| b | Subpart F inclusions derived from hybrid dividends of tiered corporations (attach Form(s) 5471) (see instructions) | 0 | | |
| c | Other inclusions from CFCs under subpart F not included on line 16a, 16b, or 17 (attach Form(s) 5471) (see instructions) | 0 | | |
| 17 | Global Intangible Low-Taxed Income (GILTI) (attach Form(s) 5471 and Form 8992) | 0 | | |
| 18 | Gross-up for foreign taxes deemed paid | 0 | | |
| 19 | IC-DISC and former DISC dividends not included on line 1, 2, or 3 | 0 | | |
| 20 | Other dividends | 0 | | |
| 21 | Deduction for dividends paid on certain preferred stock of public utilities | | | 0 |
| 22 | Section 250 deduction (attach Form 8993) | | | 0 |
| 23 | **Total dividends and inclusions.** Add column (a), lines 9 through 20. Enter here and on page 1, line 4 | 0 | | |
| 24 | **Total special deductions.** Add column (c), lines 9 through 22, column (c). Enter here and on page 1, line 29b | | | 0 |

Form **1120** (2023)

Form 1120 (2023)                                                                                                                Page **3**

| **Schedule J** | **Tax Computation and Payment** (see instructions) | | |
|---|---|---|---|

**Part I - Tax Computation**

| | | | |
|---|---|---|---:|
| 1 | Income tax. See instructions | **1** | 0 |
| 2 | Base erosion minimum tax amount (attach Form 8991) | **2** | 0 |
| 3 | Corporate alternative minimum tax from Form 4626, Part II, line 13 (attach Form 4626) | **3** | 0 |
| 4 | Add lines 1, 2, and 3 | **4** | 0 |

| | | | | |
|---|---|---|---:|---:|
| 5a | Foreign tax credit (attach Form 1118) | **5a** | 0 | |
| b | Credit from Form 8834 (see instructions) | **5b** | 0 | |
| c | General business credit (see instructions - attach Form 3800) | **5c** | 0 | |
| d | Credit for prior year minimum tax (attach Form 8827) | **5d** | 0 | |
| e | Bond credits from Form 8912 | **5e** | 0 | |
| 6 | **Total credits.** Add lines 5a through 5e | **6** | | 0 |
| 7 | Subtract line 6 from line 4 | **7** | | 0 |
| 8 | Personal holding company tax (attach Schedule PH (Form 1120)) | **8** | | 0 |

| | | | | |
|---|---|---|---:|---:|
| 9a | Recapture of investment credit (attach Form 4255) | **9a** | 0 | |
| b | Recapture of low-income housing credit (attach Form 8611) | **9b** | 0 | |
| c | Interest due under the look-back method--completed long-term contracts (attach Form 8697) | **9c** | 0 | |
| d | Interest due under the look-back method--income forecast method (attach Form 8866) | **9d** | 0 | |
| e | Alternative tax on qualifying shipping activities (attach Form 8902) | **9e** | 0 | |
| f | Interest/tax due under section 453A(c) | **9f** | 0 | |
| g | Interest/tax due under section 453(l) | **9g** | 0 | |
| z | Other (see instructions - attach statement) | **9z** | 0 | |
| 10 | **Total.** Add lines 9a through 9z | **10** | | 0 |
| 11 | **Total tax.** Add lines 7, 8, and 10. Enter here and on page 1, line 31 | **11** | | 0 |

**Part II- Payments and Refundable Credits**

| | | | | |
|---|---|---|---:|---:|
| 12 | Reserved for future use | **12** | | |
| 13 | Preceding year's overpayment credited to the current year | **13** | | 0 |
| 14 | Current year's estimated tax payments | **14** | 0 | 0 |
| 15 | Current year's refund applied for on Form 4466 | **15** | ( | 0 ) |
| 16 | Combine lines 13, 14, and 15 | **16** | | 0 |
| 17 | Tax deposited with Form 7004 | **17** | | 0 |
| 18 | Withholding (see instructions) | **18** | | 0 |
| 19 | **Total payments.** Add lines 16, 17, and 18 | **19** | | 0 |
| 20 | Refundable credits from: | | | |
| a | Form 2439 | **20a** | 0 | |
| b | Form 4136 | **20b** | 0 | |
| c | Reserved for future use | **20c** | | |
| z | Other (attach statement - see instructions) | **20z** | 0 | |
| 21 | **Total credits.** Add lines 20a through 20z | **21** | | 0 |
| 22 | Elective payment election amount from Form 3800 | **22** | | 0 |
| 23 | **Total payments and credits.** Add lines 19, 21, and 22. Enter here and on page 1, line 33 | **23** | | 0 |

Form **1120** (2023)

F3.00.02    US1120P3

Form 1120 (2023)          VIRIDOS, INC. & SUBSIDIARIES                                    14-1923940          Page **4**

| **Schedule K** | **Other Information** (see instructions) | | | | | | Yes | No |
|---|---|---|---|---|---|---|---|---|

**1** Check accounting method: **a** ☐ Cash  **b** ☒ Accrual  **c** ☐ Other (specify) _____

**2** See the instructions and enter the:

**a** Business activity code no. _541700_____

**b** Business activity _____ RESEARCH _____

**c** Product or service _____ RESEARCH _____

**3** Is the corporation a subsidiary in an affiliated group or a parent- subsidiary controlled group? . . . . . . . . | | X

If "Yes," enter name and EIN of the parent corporation _____

**4** At the end of the tax year:

**a** Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax- exempt organization own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part I of Schedule G (Form 1120) (attach Schedule G) . . . . . . . . . | | X

**b** Did any individual or estate own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part II of Schedule G (Form 1120) (attach Schedule G) . . . | | X

**5** At the end of the tax year, did the corporation:

**a** Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation not included on **Form 851,** Affiliations Schedule? For rules of constructive ownership, see instructions If "Yes," complete (i) through (iv) below. | X |

| **(i)** Name of Corporation | **(ii)** Employer Identification Number (if any) | **(iii)** Country of Incorporation | **(iv)** Percentage Owned in Voting Stock |
|---|---|---|---|
| AGRACAST, INC. | 27-4819061 | US | 44.740 |
| SYNTHETIC GENOMIC MEXICO, S DE R.L. DE C.V. | FOREIGNUS | MX | 99.000 |
| | | | 0.000 |

**b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions If "Yes," complete (i) through (iv) below. | | X

| **(i)** Name of Entity | **(ii)** Employer Identification Number (if any) | **(iii)** Country of Organization | **(iv)** Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| | | | 0.000 |
| | | | 0.000 |
| | | | 0.000 |

**6** During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? See sections 301 and 316 . . . . . . . . . . . | | X

If "Yes," file **Form 5452,** Corporate Report of Nondividend Distributions.  See the instructions for Form 5452.

If this is a consolidated return, answer here for the parent corporation and on Form 851 for each subsidiary.

**7** At any time during that tax year, did one foreign person own, directly or indirectly, at least 25% of the total voting power of all classes of the corporation's stock entitled to vote or at least 25% of the total value of all classes of the corporation's stock? . . . . | | X

For rules of attribution, see section 318.  If "Yes," enter:

**(a)** Percentage owned _____.000_____ and **(b)** Owner's country _____

**(c)** The corporation may have to file **Form 5472,** Information Return of a 25% Foreign- Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business.  Enter the number of Forms 5472 attached _____

**8** Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . . . . . . ☐

If checked, the corporation may have to file **Form 8281,** Information Return for Publicly Offered Original Issue Discount Instruments.

**9** Enter the amount of tax- exempt interest received or accrued during the tax year . . . . $ _____0

**10** Enter the number of shareholders at the end of the tax year (if 100 or fewer) _____ 92 _____

**11** If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here (see instructions) ☐

If the corporation is filing a consolidated return, the statement required by Regulations section 1.1502- 21(b)(3) must be attached or the election will not be valid.

**12** Enter the available NOL carryover from prior tax years (do not reduce it by any deduction reported on page 1, line 29a.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 196,318,659

Form **1120** (2023)

Form 1120 (2023)   VIRIDOS, INC. & SUBSIDIARIES   14-1923940   Page **5**

## Schedule K    Other Information (continued from page 4)

| | | Yes | No |
|---|---|---|---|
| 13 | Are the corporation's total receipts (page 1, line 1a, plus lines 4 through 10) for the tax year **and** its total assets at the end of the tax year less than $250,000? | | X |
| | If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during this tax year $ _____ 0 | | |
| 14 | Is the corporation required to file Schedule UTP (Form 1120), Uncertain Tax Position Statement? See instructions | | X |
| | If "Yes," complete and attach Schedule UTP. | | |
| 15a | Did the corporation make any payments that would require it to file Form(s) 1099? | X | |
| b | If "Yes," did or will the corporation file all required Form(s) 1099? | X | |
| 16 | During this tax year, did the corporation have an 80%- or- more change in ownership, including a change due to redemption of its own stock? | | X |
| 17 | During or subsequent to this tax year, but before the filing of this return, did the corporation dispose of more than 65% (by value) of its assets in a taxable, non- taxable, or tax deferred transaction? | | X |
| 18 | Did this corporation receive assets in a section 351 transfer in which any of the transferred assets had a fair market basis or fair market value of more than $1 million? | | X |
| 19 | During this corporation's tax year, did the corporation make any payments that would require it to file Forms 1042 and 1042- S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474) of the Code? | | X |
| 20 | Is the corporation operating on a cooperative basis? | | X |
| 21 | During this tax year, did the corporation pay or accrue any interest or royalty for which the deduction is not allowed under section 267A? See instructions | | X |
| | If "Yes," enter the total amount of the disallowed deductions $ _____ 0 | | |
| 22 | Does this corporation have gross receipts of at least $500 million in any of the 3 preceding tax years? (See sections 59A(e)(2) and (3).) | | X |
| | If "Yes," complete and attach Form 8991. | | |
| 23 | Did the corporation have an election under section 163(j) for any real property trade or business or any farming business in effect during this tax year? See instructions | | X |
| 24 | Does the corporation satisfy one or more of the following? If "Yes," complete and attach Form 8990. See instructions | X | |
| a | The corporation owns a pass- through entity with current, or prior year carryover, excess business interest expense. | | |
| b | The corporation's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $29 million and the corporation has business interest expense. | | |
| c | The corporation is a tax shelter and the corporation has business interest expense. | | |
| 25 | Is the corporation attaching Form 8996 to certify as a Qualified Opportunity Fund? | | X |
| | If "Yes," enter amount from Form 8996, line 15 . . . . . . $ _____ 0 | | |
| 26 | Since December 22, 2017, did a foreign corporation directly or indirectly acquire substantially all of the properties held directly or indirectly by the corporation, and was the ownership percentage (by vote or value) for purposes of section 7874 greater than 50% (for example, the shareholders held more than 50% of the stock of the foreign corporation)?  If "Yes," list the ownership percentage by vote and by value.  See instructions . . . . . . . . . . . . . . . . . . . . | | X |
| | Percentage:   By Value _____ 0.0000   By Vote _____ 0.0000 | | |
| 27 | At any time during this tax year, did the corporation (a) receive a digital asset (as a reward, award, or payment for property or services); or (b) sell, exchange, or otherwise dispose of a digital asset (or a financial interest in a digital asset)? See instructions | | X |
| 28 | Is the corporation a member of a controlled group? | | X |
| | If "Yes," attach Schedule O (Form 1120). See instructions. | | |
| 29 | Corporate Alternative Minimum Tax: | | |
| a | Was the corporation an applicable corporation under section 59(k)(1) in any prior tax year? . . . . . . . . . . . . | | X |
| | If "Yes," go to question 29b. If "No," skip to question 29c. | | |
| b | Is the corporation an applicable corporation under section 59(k)(1) in the current tax year because the corporation was an applicable corporation in the prior tax year? | | |
| | If "Yes," complete and attach Form 4626. If "No," continue to question 29c. | | |
| c | Does the corporation meet the requirements of the safe harbor method as provided under section 59(k)(3)(A), for the current tax year? See instructions | X | |
| | If "No," complete and attach Form 4626. If "Yes," the corporation is not required to file Form 4626. | | |
| 30 | Is the corporation required to file Form 7208 relating to the excise tax on repurchase of corporate stock (see instructions): | | |
| a | Under the rules for stock repurchased by a covered corporation (or stock acquired by its specified affiliate)? . . . . . . . . . | | X |
| b | Under the applicable foreign corporation rules? . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| c | Under the covered surrogate foreign corporation rules? . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | If "Yes" to either (a), (b), or (c), complete Form 7208, Excise Tax on Repurchase of Corporate Stock. See the Instructions for Form 7208. | | |
| 31 | Is this a consolidated return with gross receipts or sales of $1 billion or more and a subchapter K basis adjustment, as described in the instructions, of $10 million or more? | | X |
| | If "Yes," attach a statement. See instructions. | | |

F3.00.01   US1120P5   Form **1120** (2023)

Form 1120 (2023)                                                                                                Page **6**

## Schedule L   Balance Sheets per Books

| | | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| **Assets** | | **(a)** | **(b)** | **(c)** | **(d)** |
| 1 | Cash | | 4,389,042 | | 14,387,152 |
| 2a | Trade notes and accounts receivable | 758,633 | | 30 | |
| b | Less allowance for bad debts | ( 0) | 758,633 | ( 0) | 30 |
| 3 | Inventories | | 0 | | 0 |
| 4 | U.S. government obligations | | 0 | | 0 |
| 5 | Tax-exempt securities (see instructions) | | 0 | | 0 |
| 6 | Other current assets (attach statement) | STATEMENT 4 | 889,261 | STATEMENT 9 | 572,862 |
| 7 | Loans to shareholders | | 0 | | 0 |
| 8 | Mortgage and real estate loans | | 0 | | 0 |
| 9 | Other investments (attach statement) | STATEMENT 5 | 4,563,186 | STATEMENT 10 | 2,630,180 |
| 10a | Buildings and other depreciable assets | 24,907,382 | | 24,811,457 | |
| b | Less accumulated depreciation | 20,777,037) | 4,130,345 | ( 21,913,360) | 2,898,097 |
| 11a | Depletable assets | 0 | | 0 | |
| b | Less accumulated depletion | ( 0) | 0 | ( 0) | 0 |
| 12 | Land (net of any amortization) | | 0 | | 0 |
| 13a | Intangible assets (amortizable only) | 0 | | 0 | |
| b | Less accumulated amortization | ( 0) | 0 | ( 0) | 0 |
| 14 | Other assets (attach statement) | STATEMENT 6 | 3,025,477 | STATEMENT 11 | 3,025,333 |
| 15 | Total assets | | 17,755,944 | | 23,513,654 |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable | | 545,751 | | -155,551 |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | 12,550,000 | | 0 |
| 18 | Other current liabilities (attach statement) | STATEMENT 7 | 12,839,355 | STATEMENT 12 | 1,600,951 |
| 19 | Loans from shareholders | | 0 | | 0 |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | 0 | | 0 |
| 21 | Other liabilities (attach statement) | STATEMENT 8 | 7,361,336 | STATEMENT 13 | 7,457,433 |
| 22 | Capital stock:   **a** Preferred stock | 68,561 | | 519 | |
| | **b** Common stock | 45,409 | 113,970 | 256 | 775 |
| 23 | Additional paid-in capital | | 366,322,397 | | 407,185,832 |
| 24 | Retained earnings - Appropriated (attach statement) | | 0 | | 0 |
| 25 | Retained earnings - Unappropriated | | -381,871,865 | | -392,575,786 |
| 26 | Adjustments to shareholders' equity (attach statement) | | 0 | | 0 |
| 27 | Less cost of treasury stock | | ( 105,000) | | ( 0 ) |
| 28 | Total liabilities and shareholders' equity | | 17,755,944 | | 23,513,654 |

## Schedule M-1   Reconciliation of Income (Loss) per Books With Income per Return

**Note:** The corporation may be required to file Schedule M-3. See instructions.

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Net income (loss) per books | 0 | 7 | Income recorded on books this year not | | |
| 2 | Federal income tax per books | 0 | | included on this return (itemize): | | |
| 3 | Excess of capital losses over capital gains | 0 | | Tax-exempt interest   $ _____ | 0 | |
| 4 | Income subject to tax not recorded on books | | | _____ | | |
| | this year (itemize): _____ | | | _____ | 0 | |
| | _____ | 0 | 8 | Deductions on this return not charged | | |
| 5 | Expenses recorded on books this year not | | | against book income this year (itemize): | | |
| | deducted on this return (itemize): | | | **a** Depreciation  $ _____ | 0 | |
| a | Depreciation  $ _____ | 0 | | **b** Charitable contributions  $ _____ | 0 | |
| b | Charitable contributions  $ _____ | 0 | | _____ | | |
| c | Travel & entertainment  $ _____ | 0 | | _____ | 0 | |
| | _____ | 0 | 9 | Add lines 7 and 8 | | 0 |
| 6 | Add lines 1 through 5 | 0 | 10 | Income (page 1, line 28) - line 6 less line 9 | | 0 |

## Schedule M-2   Analysis of Unappropriated Retained Earnings per Books (Schedule L, Line 25)

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Balance at beginning of year | -381,871,865 | 5 | Distributions:   **a** Cash | | 0 |
| 2 | Net income (loss) per books | -10,704,182 | | **b** Stock | | 0 |
| 3 | Other increases (itemize): _____ | | | **c** Property | | 0 |
| | _____ | | 6 | Other decreases (itemize): _____ | | 0 |
| | STATEMENT 14 | 261 | 7 | Add lines 5 and 6 | | 0 |
| 4 | Add lines 1, 2, and 3 | -392,575,786 | 8 | Balance at end of year (line 4 less line 7) | | -392,575,786 |

Form **1120** (2023)

F3.00.01   US1120P6

Form **851**
(Rev. October 2016)
Department of the Treasury
Internal Revenue Service

# Affiliations Schedule

For tax year ending  12  31 , 2023

▶ **File with each consolidated income tax return.**

▶ **Information about Form 851 and its instructions is at www.irs.gov/form851.**

OMB No. 1545-0123

| Name of common parent corporation | Employer identification number |
|---|---|
| VIRIDOS, INC. | 14-1923940 |

Number, street, and room or suite no. If a P.O. box, see instructions.

11149 NORTH TORREY PINES RD STE 100

City or town, state, and ZIP code

LA JOLLA      CA   92037

## Part I  Overpayment Credits, Estimated Tax Payments, and Tax Deposits (see instructions)

| Corp. No. | Name and address of corporation | Employer identification number | Portion of overpayment credits and estimated tax payments | Portion of tax deposited with Form 7004 |
|---|---|---|---|---|
| 1 | Common parent corporation | | 0 | 0 |
| | Subsidiary corporations: | | | |
| 2 | SYNTHETIC GENOMICS VACCINES, INC.     SYNT<br>11149 NORTH TORREY PINES ROAD<br>LA JOLLA        CA   92037 | 27-3001571 | 0 | 0 |
| 0 | | | 0 | 0 |
| 0 | | | 0 | 0 |
| 0 | | | 0 | 0 |
| 0 | | | 0 | 0 |
| | **Totals** (Must equal amounts shown on the consolidated tax return.) ....................... ▶ | | 0 | 0 |

## Part II  Principal Business Activity, Voting Stock Information, Etc. (see instructions)

| Corp. No. | Principal business activity (PBA) | PBA Code No. | Did the subsidiary make any nondividend distributions? Yes | No | Stock holdings at beginning of year Number of shares | Percentage of voting power | Percentage of value | Owned by corporation no. |
|---|---|---|---|---|---|---|---|---|
| 1 | Common parent corporation<br>RESEARCH | 541700 | | | | | | |
| | Subsidiary corporations: | | | | | | | |
| 2 | RESEARCH | 541700 | | X | 0 | 100.000% | 100.000% | 1 |
| 0 | | | | | 0 | 0.000% | 0.000% | 0 |
| 0 | | | | | 0 | 0.000% | 0.000% | 0 |
| 0 | | | | | 0 | 0.000% | 0.000% | 0 |
| 0 | | | | | 0 | 0.000% | 0.000% | 0 |

**For Paperwork Reduction Act Notice, see instructions.**

Form **851** (Rev. 10-2016)

Form 851 (Rev. 10- 2016)                                                                                                                                    Page **2**

| **Part III** | **Changes in Stock Holdings During the Tax Year** | | | | | | |

| Corp. No. | Name of corporation | Share-holder of Corpo-ration No. | Date of transaction | **(a)** Changes | | **(b)** Shares held after changes described in column (a) | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Number of shares acquired | Number of shares disposed of | Percentage of voting power | Percentage of value |
| 1 | VIRIDOS, INC. | 1 | | 0 | 0 | 0.00 % | 0.00 % |
| 2 | SYNTHETIC GENOMICS VACCINES, INC. | 1 | | 0 | 0 | 0.00 % | 0.00 % |
| 0 | | 0 | | 0 | 0 | 0.00 % | 0.00 % |
| 0 | | 0 | | 0 | 0 | 0.00 % | 0.00 % |
| 0 | | 0 | | 0 | 0 | 0.00 % | 0.00 % |
| 0 | | 0 | | 0 | 0 | 0.00 % | 0.00 % |

**(c)**   If any transaction listed above caused a transfer of a share of subsidiary stock (defined to include dispositions and deconsolidations), did the share's basis exceed its value at the time of the transfer? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ **Yes**    ☒ **No**

**(d)**   Did any share of subsidiary stock become worthless within the meaning of section 165 (taking into account the provisions of Regulations section 1.1502- 80(c)) during the taxable year? See instructions . . . . . . . . . . . ☐ **Yes**    ☒ **No**

**(e)**   If the equitable owners of any capital stock shown above were other than the holders of record, provide details of the changes.

_____

_____

_____

_____

_____

**(f)**   If additional stock was issued, or if any stock was retired during the year, list the dates and amounts of these transactions.

_____

_____

_____

_____

_____

Form **851** (Rev. 10- 2016)

14-1923940

Form 851 (Rev. 10- 2016)                                                                                                       Page **3**

## Part IV  Additional Stock Information (see instructions)

**1** During the tax year, did the corporation have more than one class of stock outstanding? . . . . . . . . . . . . . . . . . .  ☐ **Yes**  ☐ **No**

If "Yes," enter the name of the corporation and list and describe each class of stock.

| Corp. No. | Name of corporation | YES | NO | Class of stock |
|---|---|---|---|---|
| 1 | VIRIDOS, INC. | | X | CMN A and CMN C, SERIES A, B, C, D, E PREFERRED |
| 2 | SYNTHETIC GENOMICS VACCINES, INC. | | X | |
| 0 | | | | |
| 0 | | | | |
| 0 | | | | |
| 0 | | | | |
| | | | | |
| | | | | |

**2** During the tax year, was there any member of the consolidated group that reaffiliated within 60 months of

disaffiliation? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ☐ **Yes**  ☐ **No**

If "Yes," enter the name of the corporation(s) and explain the circumstances.

| Corp. No. | Name of corporation | YES | NO | Explanation |
|---|---|---|---|---|
| 1 | VIRIDOS, INC. | | X | |
| 2 | SYNTHETIC GENOMICS VACCINES, INC. | | X | |
| 0 | | | | |
| 0 | | | | |
| 0 | | | | |
| 0 | | | | |
| | | | | |
| | | | | |

**3** During the tax year, was there any arrangement in existence by which one or more persons that were not

members of the affiliated group could acquire any stock, or acquire any voting power without acquiring

stock, in the corporation, other than a de minimis amount, from the corporation or another member of the

affiliated group? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ☐ **Yes**  ☐ **No**

If "Yes," enter the name of the corporation and see the instructions for the percentages to enter in columns
(a), (b), and (c).

| Corp. No. | Name of corporation | YES | NO | (a) Percent of value | (b) Percentage of outstanding voting stock | (c) Percentage of voting power |
|---|---|---|---|---|---|---|
| 1 | VIRIDOS, INC. | | X | 0.00 % | 0.00 % | 0.00 % |
| 2 | SYNTHETIC GENOMICS VACCINES, INC. | | X | 0.00 % | 0.00 % | 0.00 % |
| 0 | | | | 0.00 % | 0.00 % | 0.00 % |
| 0 | | | | 0.00 % | 0.00 % | 0.00 % |
| 0 | | | | 0.00 % | 0.00 % | 0.00 % |
| 0 | | | | 0.00 % | 0.00 % | 0.00 % |
| | | | | % | % | % |
| | | | | % | % | % |

| Corp. No. | (d) Provide a description of any arrangement. |
|---|---|
| 1 | |
| 2 | |
| 0 | |
| 0 | |
| 0 | |
| 0 | |

Form **851** (Rev. 10- 2016)

# Foreign Operations of U.S. Corporations

**SCHEDULE N**
**(Form 1120)**

Department of the Treasury
Internal Revenue Service

Attach to Form 1120, 1120-C, 1120-IC-DISC, 1120-L,
1120-PC, 1120-REIT, 1120-RIC, or 1120-S.
Go to www.irs.gov/Form1120 for the latest information.

OMB No. 1545-0123

**2023**

| Name | Employer identification number (EIN) |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

## Foreign Operations Information

| | | Yes | No |
|---|---|---|---|
| **1a** | During the tax year, did the corporation own (directly or indirectly) any foreign entity that was disregarded as an entity separate from its owner under Regulations sections 301.7701-2 and 301.7701-3 **or** did the corporation own (directly or indirectly) any foreign branch (see instructions)? If "Yes," you are generally required to attach **Form 8858,** Information Return of U.S. Persons With Respect to Foreign Disregarded Entities (FDEs) and Foreign Branches (FBs), for each FDE and for each FB (see instructions). | | X |
| **b** | Enter the number of Forms 8858 attached to the corporation's tax return . . . . . . . . . . . . . . . . . . _____ | | |
| **2** | Enter the number of **Forms 8865**, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to the corporation's tax return . . . . . . . . . . . . . . . . . . _____ | | |
| **3** | Excluding any partnership for which a Form 8865 is attached to the tax return, did the corporation own at least a 10% interest, directly or indirectly, in any other foreign partnership (including an entity treated as a foreign partnership under Regulations section 301.7701-2 or 301.7701-3)? . . . . . . . . . . . . . . . . . . If "Yes," see instructions for required statement. | | X |
| **4a** | Reserved for future use . . . . . . . . . . . . . . . . . . | | |
| **b** | Enter the number of **Forms 5471**, Information Return of U.S. Persons With Respect to Certain Foreign Corporations, attached to the corporation's tax return . . . . . . . . . . . 1_____ | | |
| **5** | During the tax year, did the corporation receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? . . . . . . . . . . . . . . . . . . If "Yes," the corporation may have to file **Form 3520**, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. | | X |
| **6a** | At any time during the 2023 calendar year, did the corporation have an interest in or a signature or other authority over a financial account (such as a bank account, securities account, or other financial account) in a foreign country? . . . . . . . . . . . . . . . . . . | | X |
| **b** | See the instructions for exceptions and filing requirements for **FinCEN Form 114,** Report of Foreign Bank and Financial Accounts (FBAR). If "Yes," enter the name of the foreign country . . . . . . . . . . . _____ | | |
| **7a** | Is the corporation claiming the extraterritorial income exclusion? . . . . . . . . . . . . . . . . . . If "Yes," attach a separate **Form 8873**, Extraterritorial Income Exclusion, for **each** transaction or group of transactions. | | X |
| **b** | Enter the number of Forms 8873 attached to the tax return . . . . . . . . . . . . _____ | | |
| **c** | Enter the total of the amounts from line 52 (extraterritorial income exclusion (net of disallowed deductions)) of **all** Forms 8873 attached to the tax return . . . . . . . . . . . $_____ 0 | | |
| **8** | Was the corporation a specified domestic entity required to file Form 8938 for the tax year (see the Instructions for Form 8938)? . . . . . . . . . . . . . . . . . . | | X |

For Paperwork Reduction Act Notice, see the Instructions for Form 1120.

Schedule N (Form 1120) 2023

ERF

F3.00.01   US120SN1

# Sales of Business Property

Form **4797**

Department of the Treasury
Internal Revenue Service

**(Also Involuntary Conversions and Recapture Amounts Under Sections 179 and 280F(b)(2))**
Attach to your tax return.
Go to www.irs.gov/Form4797 for instructions and the latest information.

OMB No. 1545-0184

**2023**

Attachment
Sequence No. **27**

| Name(s) shown on return | Identifying number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

| | | 1a | 0 |
|---|---|---|---|
| **1a** | Enter the gross proceeds from sales or exchanges reported to you for 2023 on Form(s) 1099-B or 1099-S (or substitute statement) that you are including on line 2, 10, or 20. See instructions | | |
| **b** | Enter the total amount of gain that you are including on lines 2, 10, and 24 due to the partial dispositions of MACRS assets | 1b | 0 |
| **c** | Enter the total amount of loss that you are including on lines 2 and 10 due to the partial dispositions of MACRS assets | 1c | 0 |

## Part I  Sales or Exchanges of Property Used in a Trade or Business and Involuntary Conversions From Other Than Casualty or Theft-Most Property Held More Than 1 Year (see instructions)

| 2 | (a) Description of property | (b) Date acquired (mo., day, yr.) | (c) Date sold (mo., day, yr.) | (d) Gross sales price | (e) Depreciation allowed or allowable since acquisition | (f) Cost or other basis, plus improvements and expense of sale | (g) Gain or (loss) Subtract (f) from the sum of (d) and (e) |
|---|---|---|---|---|---|---|---|
| | | | | 0 | 0 | 0 | 0 |
| | | | | 0 | 0 | 0 | 0 |
| | | | | 0 | 0 | 0 | 0 |
| | | | | 0 | 0 | 0 | 0 |

| | | | |
|---|---|---|---|
| **3** | Gain, if any, from Form 4684, line 39 | **3** | 0 |
| **4** | Section 1231 gain from installment sales from Form 6252, line 26 or 37 | **4** | 0 |
| **5** | Section 1231 gain or (loss) from like-kind exchanges from Form 8824 | **5** | 0 |
| **6** | Gain, if any, from line 32, from other than casualty or theft | **6** | 0 |
| **7** | Combine lines 2 through 6. Enter the gain or (loss) here and on the appropriate line as follows | **7** | 0 |

**Partnerships and S corporations.** Report the gain or (loss) following the instructions for Form 1065, Schedule K, line 10, or Form 1120-S, Schedule K, line 9. Skip lines 8, 9, 11, and 12 below.

**Individuals, partners, S corporation shareholders, and all others.** If line 7 is zero or a loss, enter the amount from line 7 on line 11 below and skip lines 8 and 9. If line 7 is a gain and you didn't have any prior year section 1231 losses, or they were recaptured in an earlier year, enter the gain from line 7 as a long-term capital gain on the Schedule D filed with your return and skip lines 8, 9, 11, and 12 below.

| | | | |
|---|---|---|---|
| **8** | Nonrecaptured net section 1231 losses from prior years. See instructions | **8** | 0 |
| **9** | Subtract line 8 from line 7. If zero or less, enter -0-. If line 9 is zero, enter the gain from line 7 on line 12 below. If line 9 is more than zero, enter the amount from line 8 on line 12 below and enter the gain from line 9 as a long-term capital gain on the Schedule D filed with your return. See instructions | **9** | 0 |

## Part II  Ordinary Gains and Losses (see instructions)

| 10 | Ordinary gains and losses not included on lines 11 through 16 (include property held 1 year or less): | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | 0 | 0 | 0 | 0 |
| | | | | 0 | 0 | 0 | 0 |
| | | | | 0 | 0 | 0 | 0 |
| | | | | 0 | 0 | 0 | 0 |

| | | | |
|---|---|---|---|
| **11** | Loss, if any, from line 7 | **11** ( | 0 ) |
| **12** | Gain, if any, from line 7 or amount from line 8, if applicable | **12** | 0 |
| **13** | Gain, if any, from line 31 | **13** | 671 |
| **14** | Net gain or (loss) from Form 4684, lines 31 and 38a | **14** | 0 |
| **15** | Ordinary gain from installment sales from Form 6252, line 25 or 36 | **15** | 0 |
| **16** | Ordinary gain or (loss) from like-kind exchanges from Form 8824 | **16** | 0 |
| **17** | Combine lines 10 through 16 | **17** | 671 |
| **18** | For all except individual returns, enter the amount from line 17 on the appropriate line of your return and skip lines a and b below. For individual returns, complete lines a and b below. | | |
| **a** | If the loss on line 11 includes a loss from Form 4684, line 35, column (b)(ii), enter that part of the loss here. Enter the loss from income-producing property on Schedule A (Form 1040), line 16. (Do not include any loss on property used as an employee.) Identify as from "Form 4797, line 18a." See instructions | **18a** | |
| **b** | Redetermine the gain or (loss) on line 17 excluding the loss, if any, on line 18a. Enter here and on Schedule 1 (Form 1040), Part I, line 4 | **18b** | |

**For Paperwork Reduction Act Notice, see separate instructions.**

ERF

Form **4797** (2023)

F3.00.02   US4797P1

Form 4797 (2023)                                                                                                          Page **2**

### Part III  Gain From Disposition of Property Under Sections 1245, 1250, 1252, 1254, and 1255
(see instructions)

| 19 | **(a)** Description of section 1245, 1250, 1252, 1254, or 1255 property: | **(b)** Date acquired (mo., day, yr.) | **(c)** Date sold (mo., day, yr.) |
|---|---|---|---|
| A | VARIOUS | VARIOUS | VARIOUS |
| B | | | |
| C | | | |
| D | | | |

These columns relate to the properties on lines 19A through 19D.

| | | | Property A | Property B | Property C | Property D |
|---|---|---|---|---|---|---|
| 20 | Gross sales price (**Note:** See line 1a before completing.) | 20 | 671 | 0 | 0 | 0 |
| 21 | Cost or other basis plus expense of sale | 21 | 671 | 0 | 0 | 0 |
| 22 | Depreciation (or depletion) allowed or allowable | 22 | 671 | 0 | 0 | 0 |
| 23 | Adjusted basis. Subtract line 22 from line 21 | 23 | 0 | 0 | 0 | 0 |
| 24 | Total gain. Subtract line 23 from line 20 | 24 | 671 | 0 | 0 | 0 |
| 25 | **If section 1245 property:** | | | | | |
| a | Depreciation allowed or allowable from line 22 | 25a | 0 | 0 | 0 | 0 |
| b | Enter the **smaller** of line 24 or 25a | 25b | 0 | 0 | 0 | 0 |
| 26 | **If section 1250 property:** If straight line depreciation was used, enter -0- on line 26g, except for a corporation subject to section 291. | | | | | |
| a | Additional depreciation after 1975. See instructions | 26a | 0 | 0 | 0 | 0 |
| b | Applicable percentage multiplied by the **smaller** of line 24 or line 26a. See instructions | 26b | 0 | 0 | 0 | 0 |
| c | Subtract line 26a from line 24. If residential rental property **or** line 24 is not more than line 26a, skip lines 26d and 26e | 26c | 671 | 0 | 0 | 0 |
| d | Additional depreciation after 1969 and before 1976 | 26d | 0 | 0 | 0 | 0 |
| e | Enter the **smaller** of line 26c or 26d | 26e | 0 | 0 | 0 | 0 |
| f | Section 291 amount (corporations only) | 26f | 0 | 0 | 0 | 0 |
| g | Add lines 26b, 26e, and 26f | 26g | 0 | 0 | 0 | 0 |
| 27 | **If section 1252 property:** Skip this section if you didn't dispose of farmland or if this form is being completed for a partnership. | | | | | |
| a | Soil, water, and land clearing expenses | 27a | 0 | 0 | 0 | 0 |
| b | Line 27a multiplied by applicable percentage. See instructions | 27b | 0 | 0 | 0 | 0 |
| c | Enter the **smaller** of line 24 or 27b | 27c | 0 | 0 | 0 | 0 |
| 28 | **If section 1254 property:** | | | | | |
| a | Intangible drilling and development costs, expenditures for development of mines and other natural deposits, mining exploration costs, and depletion. See instructions | 28a | 0 | 0 | 0 | 0 |
| b | Enter the **smaller** of line 24 or 28a | 28b | 0 | 0 | 0 | 0 |
| 29 | **If section 1255 property:** | | | | | |
| a | Applicable percentage of payments excluded from income under section 126. See instructions | 29a | 0 | 0 | 0 | 0 |
| b | Enter the **smaller** of line 24 or 29a. See instructions. | 29b | 0 | 0 | 0 | 0 |

**Summary of Part III Gains.**   Complete property columns A through D through line 29b before going to line 30.

| 30 | Total gains for all properties. Add property columns A through D, line 24 | 30 | 0 |
|---|---|---|---|
| 31 | Add property columns A through D, lines 25b, 26g, 27c, 28b, and 29b. Enter here and on line 13 | 31 | 671 |
| 32 | Subtract line 31 from line 30. Enter the portion from casualty or theft on Form 4684, line 33. Enter the portion from other than casualty or theft on Form 4797, line 6. | 32 | 0 |

### Part IV  Recapture Amounts Under Sections 179 and 280F(b)(2) When Business Use Drops to 50% or Less
(see instructions)

| | | | **(a)** Section 179 | **(b)** Section 280F(b)(2) |
|---|---|---|---|---|
| 33 | Section 179 expense deduction or depreciation allowable in prior years | 33 | 0 | 0 |
| 34 | Recomputed depreciation. See instructions | 34 | 0 | 0 |
| 35 | Recapture amount. Subtract line 34 from line 33. See the instructions for where to report | 35 | 0 | 0 |

F3.00.01    US4797P2    Form **4797** (2023)

**Form 3800**

Department of the Treasury
Internal Revenue Service

# General Business Credit

Go to www.irs.gov/Form3800 for instructions and the latest information.
**You must include all pages of Form 3800 with your return.**

OMB No. 1545-0895

**2023**

Attachment
Sequence No. **22**

Name(s) shown on return

VIRIDOS, INC. & SUBSIDIARIES

Identifying number

14-1923940

**A** Corporate Alternative Minimum Tax (CAMT) and Base Erosion Anti-Abuse Tax (BEAT). Are you both (a) an "applicable corporation" within the meaning of section 59(k)(1) for the CAMT, and (b) an "applicable taxpayer" within the meaning of section 59A(e) for the BEAT? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No

## Part I   Current Year Credit for Credits Not Allowed Against Tentative Minimum Tax (TMT)
Go to Part III before Parts I and II. See instructions.

| | | | |
|---|---|---:|---:|
| 1 | Non-passive credits from Part III, line 2: combine column (e) with non-passive amounts from column (g). See instructions | **1** | 0 |
| 2 | Passive credits from Part III, line 2: combine column (f) with passive amounts in column (g). See instructions . . . . . . . . . **2** 0 | | |
| 3 | Enter the applicable passive activity credits allowed for 2023. See instructions | **3** | 0 |
| 4 | Carryforward of general business credit to 2023. See instructions for statement to attach | **4** | 9,996,667 |
| | Check this box if the carryforward was changed or revised from the original reported amount . . ☐ | | |
| 5 | Carryback of general business credit from 2024. See instructions . . . . . . . . . . . . . . . | **5** | 0 |
| 6 | Add lines 1, 3, and 5 | **6** | 9,996,667 |

## Part II   Allowable Credit

| | | | |
|---|---|---:|---:|
| 7 | Regular tax before credits: <br>• Individuals. Enter the sum of the amounts from Form 1040, 1040-SR, or 1040-NR, line 16; and Schedule 2 (Form 1040), line 2. <br>• Corporations. Enter the amount from Form 1120, Schedule J, Part I, line 1; or the applicable line of your return. <br>• Estates and trusts. Enter the sum of the amounts from Form 1041, Schedule G, lines 1a and 1b, plus any Form 8978 amount included on line 1d; or the amount from the applicable line of your return. | **7** | 0 |
| 8 | Alternative minimum tax: <br>• Individuals. Enter the amount from Form 6251, line 11 <br>• Corporations. Enter the amount from Form 4626, Part II, line 13. <br>• Estates and trusts. Enter the amount from Schedule I (Form 1041), line 54. | **8** | 0 |
| 9 | Add lines 7 and 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **9** | 0 |
| 10a | Foreign tax credit . . . . . . . . . . . . . **10a** 0 | | |
| b | Certain allowable credits (see instructions) . . . . . . **10b** 0 | | |
| c | Add lines 10a and 10b . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10c** | 0 |
| 11 | **Net income tax.** Subtract line 10c from line 9. If zero, skip lines 12 through 15 and enter -0- on line 16 | **11** | 0 |
| 12 | **Net regular tax.** Subtract line 10c from line 7. If zero or less, enter -0- **12** 0 | | |
| 13 | Enter 25% (0.25) of the excess, if any, of line 12 (line 11 for corporations) over $25,000. See instructions . . . . . . . . . . . . **13** 0 | | |
| 14 | Tentative minimum tax: <br>• Individuals. Enter the amount from Form 6251, line 9. <br>• Corporations. Enter -0-. . . . . . . . **14** 0 <br>• Estates and trusts. Enter the amount from Schedule I (Form 1041), line 52. | | |
| 15 | Enter the greater of line 13 or line 14 | **15** | 0 |
| 16 | Subtract line 15 from line 11. If zero or less, enter -0- . . . . . . . . . . . . | **16** | 0 |
| 17 | Enter the **smaller** of line 6 or line 16 | **17** | 0 |
| | **C corporations:** See the line 17 instructions if there has been an ownership change, acquisition, or reorganization. | | |

**For Paperwork Reduction Act Notice, see separate instructions.**

ERF

Form **3800** (2023)

F3.00.01   US3800P1

VIRIDOS, INC. & SUBSIDIARIES                                                        14-1923940

Form 3800 (2023)                                                                    Page **2**

| Part II | Allowable Credit (continued) |
|---|---|

**Note:** If you are not required to report any amounts on line 22 or line 24 below, skip lines 18 through 25 and enter - 0- on line 26.

| | | | |
|---|---|---|---|
| 18 | Multiply line 14 by 75% (0.75). See instructions . . . . . . . . . . . . | **18** | 0 |
| 19 | Enter the greater of line 13 or line 18 . . . . . . . . . . . | **19** | 0 |
| 20 | Subtract line 19 from line 11. If zero or less, enter - 0- . . . . . . . . | **20** | 0 |
| 21 | Subtract line 17 from line 20. If zero or less, enter - 0- . . . . . . . . | **21** | 0 |
| 22 | Combine the amounts from line 3 of Part III, column (e), with the sum of the non- passive activity credit amounts in Part IV, line 3, column (e) plus column (f) | **22** | 0 |
| 23 | Passive activity credit from line 3 of Part III, column (f) plus the sum of the passive activity credit amounts in Part IV, line 3, column (e) plus column (f)  **23**  0 | | |
| 24 | Enter the applicable passive activity credit allowed for 2023. See instructions . . . . . | **24** | 0 |
| 25 | Add lines 22 and 24 . . . . . . . . . . . . . . . . . | **25** | 0 |
| 26 | Empowerment zone and renewal community employment credit allowed. Enter the smaller of line 21 or line 25 | **26** | 0 |
| 27 | Subtract line 13 from line 11. If zero or less, enter - 0- . . . . . . . . | **27** | 0 |
| 28 | Add lines 17 and 26 . . . . . . . . . . . . . . . . . | **28** | 0 |
| 29 | Subtract line 28 from line 27. If zero or less, enter - 0- . . . . . . . | **29** | 0 |
| 30 | Enter the general business credit from line 5 of Part III: combine column (e) with non- passive amounts in column (g). See instructions | **30** | 0 |
| 31 | Reserved . . . . . . . . . . . . . . . . . . . . | **31** | |
| 32 | Passive activity credits from line 5 of Part III: combine column (f) with passive amounts in column (g). See instructions . . . . . . . . .  **32**  0 | | |
| 33 | Enter the applicable passive activity credits allowed for 2023. See instructions . . . . . | **33** | 0 |
| 34 | Carryforward of business credit to 2023. Enter the amount from line 5 of Part IV, column (f), and line 6 of Part IV, column (g). See instructions for statement to attach . . . . . . . . . . Check this box if the carryforward was changed or revised from the original reported amount  ☐ | **34** | 0 |
| 35 | Carryback of business credit from 2024. Enter the amount from line 5 of Part IV, column (e). See instructions | **35** | 0 |
| 36 | Add lines 30, 33, 34, and 35 . . . . . . . . . . . . . . . | **36** | 0 |
| 37 | Enter the **smaller** of line 29 or line 36 . . . . . . . . . . . | **37** | 0 |
| 38 | **Credit allowed for the current year.** Add lines 28 and 37. Report the amount from line 38 (if smaller than the sum of Part I, line 6, and Part II, lines 25 and 36; see instructions) as indicated below or on the applicable line of your return. <br> ● Individuals. Schedule 3 (Form 1040), line 6a. <br> ● Corporations. Form 1120, Schedule J, Part I, line 5c. <br> ● Estates and trusts. Form 1041, Schedule G, line 2b. | **38** | 0 |

Form **3800** (2023)

F3.00.01    US3800P2

Form 3800 (2023)                                                                                                    Page **3**

## Part III  Current Year General Business Credits (GBCs)  (see instructions). If there is more than one credit amount to report on lines 1a through 1zz, line 3, or lines 4a through 4z, enter the number of items you have for that line in column (c) and complete Part V.

| (a) Current year credits from: | (b) Elective payment or transfer registration number | (c) # items | (d) Pass-through or transfer credit entity EIN | (e) Credits from non-passive activities | (f) Credits from passive activities | (g) Credit transfer election amount (enter amounts transferred out as a negative amount) | (h) Gross elective payment election amount | (i) Net elective payment election amount | (j) Combine columns (e), (f), and (g), less column (i) |
|---|---|---|---|---|---|---|---|---|---|
| 1a Form 3468, Part II | | | | 0 | 0 | | | | 0 |
| b Form 7207 | | | | 0 | 0 | 0 | | 0 | 0 |
| c Form 6765 | | | | 0 | 0 | | | | 0 |
| d Form 3468, Part III | | | | 0 | 0 | 0 | | | 0 |
| e Form 8826 | | | | 0 | 0 | | | | 0 |
| f Form 8835, Part II | | | | 0 | 0 | 0 | | | 0 |
| g Form 7210 | | | | 0 | 0 | 0 | 0 | 0 | 0 |
| h Form 8820 | | | | 0 | 0 | | | | 0 |
| i Form 8874 | | | | 0 | 0 | | | | 0 |
| j Form 8881, Part I | | | | 0 | 0 | | | | 0 |
| k Form 8882 | | | | 0 | 0 | | | | 0 |
| l Form 8864 (diesel) | | | | 0 | 0 | | | | 0 |
| m Form 8896 | | | | 0 | 0 | | | | 0 |
| n Form 8906 | | | | 0 | 0 | | | | 0 |
| o Form 3468, Part IV | | | | 0 | 0 | | 0 | 0 | 0 |
| p Form 8908 | | | | 0 | 0 | | | | 0 |
| q Reserved (45Z) | | | | | | | | | |
| r Form 8910 | | | | 0 | 0 | | | | 0 |
| s Form 8911, Part II | | | | 0 | 0 | 0 | | | 0 |
| t Form 8830 | | | | 0 | 0 | | | | 0 |
| u Form 7213, Part II | | | | 0 | 0 | 0 | | | 0 |
| v Form 3468, Part V | | | | | | | | | |
| w Form 8932 | | | | 0 | 0 | | | | 0 |
| x Form 8933 | | | | 0 | 0 | 0 | 0 | 0 | 0 |
| y Form 8936, Part II | | | | 0 | 0 | | | | 0 |
| z Reserved | | | | | | | | | |
| aa Form 8936, Part V | | | | 0 | 0 | | | | 0 |
| bb Form 8904 | | | | 0 | 0 | | | | 0 |
| cc Form 7213, Part I | | | | 0 | 0 | | | | 0 |
| dd Form 8881, Part II | | | | 0 | 0 | | | | 0 |
| ee Form 8881, Part III | | | | 0 | 0 | | | | 0 |
| ff Form 8864, line 8 | | | | 0 | 0 | | | | 0 |
| gg Reserved (1gg) | | | | | | | | | |
| hh Reserved (1hh) | | | | | | | | | |
| ii Reserved (1ii) | | | | | | | | | |
| jj Reserved (1jj) | | | | | | | | | |
| zz Other credits | | | | 0 | 0 | | | | 0 |
| 2 Add lines 1a through 1zz | | | | 0 | 0 | 0 | 0 | 0 | 0 |

Form **3800** (2023)

F3.00.01     US3800P3

**Part III**  **Current Year General Business Credits (GBCs)** (see instructions). If there is more than one credit amount to report on lines 1a through 1zz, line 3, or lines 4a through 4z, enter the number of items you have for that line in column (c) and complete Part V. (continued)

| | (a)<br>Current year credits from: | (b)<br>Elective payment or transfer registration number | (c)<br># items | (d)<br>Pass-through or transfer credit entity EIN | (e)<br>Credits from non-passive activities | (f)<br>Credits from passive activities | (g)<br>Credit transfer election amount (enter amounts transferred out as a negative amount) | (h)<br>Gross elective payment election amount | (i)<br>Net elective payment election amount | (j)<br>Combine columns (e), (f), and (g), less column (i) |
|---|---|---|---|---|---|---|---|---|---|---|
| **3** | Form 8844 . . . . . . . | | | | 0 | 0 | | | | 0 |
| **4** | **Specified credits:** | | | | | | | | | |
| **a** | Form 3468, Part VI . . . | | | | 0 | 0 | 0 | | | 0 |
| **b** | Form 5884 . . . . . . . | | | | 0 | 0 | | | | 0 |
| **c** | Form 6478 . . . . . . . | | | | 0 | 0 | | | | 0 |
| **d** | Form 8586 . . . . . . . | | | | 0 | 0 | | | | 0 |
| **e** | Form 8835, Part II . . . | | | | 0 | 0 | 0 | | | 0 |
| **f** | Form 8846 . . . . . . . | | | | 0 | 0 | | | | 0 |
| **g** | Form 8900 . . . . . . | | | | 0 | 0 | | | | 0 |
| **h** | Form 8941 . . . . . . | | | | 0 | 0 | | | | 0 |
| **i** | Form 6765 ESB credit | | | | 0 | 0 | | | | 0 |
| **j** | Form 8994 . . . . . . . | | | | 0 | 0 | | | | 0 |
| **k** | Form 3468, Part VII . . | | | | 0 | 0 | | | | 0 |
| **l** | Reserved (4l) . . . . . . | | | | | | | | | |
| **m** | Reserved (4m) . . . . . | | | | | | | | | |
| **z** | Other specified credits | | | | 0 | 0 | | | | 0 |
| **5** | Add lines 4a through 4z | | | | 0 | 0 | 0 | 0 | 0 | 0 |
| **6** | Add lines 2, 3, and 5 . . | | | | 0 | 0 | 0 | 0 | 0 | 0 |

Form **3800** (2023)

| **Part IV** | **Carryovers of General Business Credits (GBCs) or Eligible Small Business Credits (ESBCs)** (see instructions) | | | | | |

| (a) Credits carried over to tax year 2023 | (b) Check if non-passive | (c) Year | (d) Pass- through entity EIN | (e) Credit carrybacks to current year | (f) Carryforwards (excluding ESBCs) | (g) Eligible small business credit (ESBC) carryforwards |
|---|---|---|---|---|---|---|
| **1a** Form 3468, Part II (coal, gasification) . . . . . . . . | | | | 0 | 0 | 0 |
| **b** Form 7207 manufacturing production) . . . . . . | | | | 0 | 0 | |
| **c** Form 6765 (research) . . . . . . . . . . . . | X | 2005 | | 0 | 9,996,667 | 0 |
| **d** Form 3468, Part III (advanced energy) . . . . . . | | | | 0 | 0 | |
| **e** Form 8826 (disabled access) . . . . . . . . . | | | | 0 | 0 | 0 |
| **f** Form 8835, Part II (renewable electricity) . . . . | | | | 0 | 0 | |
| **g** Form 7210 (clean hydrogen) . . . . . . . . . | | | | 0 | 0 | |
| **h** Form 8820 (orphan drug) . . . . . . . . . . | | | | 0 | 0 | 0 |
| **i** Form 8874 (new markets) . . . . . . . . . . | | | | 0 | 0 | 0 |
| **j** Form 8881, Part I (pension plan startup) . . . . . | | | | 0 | 0 | 0 |
| **k** Form 8882 (employer- provided child care) . . . . | | | | 0 | 0 | 0 |
| **l** Form 8864 (biodiesel and renewable diesel) . . . . | | | | 0 | 0 | 0 |
| **m** Form 8896 (low sulfur diesel fuel) . . . . . . . | | | | 0 | 0 | 0 |
| **n** Form 8906 (distilled spirits) . . . . . . . . . | | | | 0 | 0 | 0 |
| **o** Form 3468, Part IV (advanced manufacturing) . . . | | | | 0 | 0 | |
| **p** Form 8908 (energy- efficient home) . . . . . . . | | | | 0 | 0 | 0 |
| **q** Reserved . . . . . . . . . . . . . . . . | | | | | | |
| **r** Form 8910 (alternative motor vehicle) . . . . . . | | | | 0 | 0 | 0 |
| **s** Form 8911, Part II (alternative fuel refueling) . . . . | | | | 0 | 0 | 0 |
| **t** Form 8830 (enhanced oil recovery) . . . . . . . | | | | 0 | 0 | 0 |
| **u** Form 7213, Part II (zero- emission nuclear production) | | | | 0 | 0 | |
| **v** Form 3468, Part V (Reserved) . . . . . . . . . | | | | | | |
| **w** Form 8932 (differential wage) . . . . . . . . . | | | | 0 | 0 | 0 |
| **x** Form 8933 (carbon oxide sequestration) . . . . . . | | | | 0 | 0 | 0 |
| **y** Form 8936, Part II (clean vehicle) . . . . . . . | | | | 0 | 0 | |
| **z** Reserved . . . . . . . . . . . . . . . . | | | | | | |
| **aa** Form 8936, Part V (commercial clean vehicle) . . . | | | | 0 | 0 | |
| **bb** Form 8904 (oil and gas production) . . . . . . . | | | | 0 | 0 | 0 |
| **cc** Form 7213, Part I (advanced nuclear production) . . | | | | 0 | 0 | |
| **dd** Form 8881, Part II (pension auto enrollment) . . . | | | | 0 | 0 | |
| **ee** Form 8881, Part III (military spouse) . . . . . . | | | | 0 | 0 | |
| **ff** Form 8864 (sustainable aviation fuel mixture) . . . | | | | 0 | 0 | |
| **gg** Reserved . . . . . . . . . . . . . . . . | | | | | | |
| **hh** Reserved . . . . . . . . . . . . . . . . | | | | | | |
| **ii** Reserved . . . . . . . . . . . . . . . . | | | | | | |
| **jj** Reserved . . . . . . . . . . . . . . . . | | | | | | |
| **zz** Other . . . . . . . . . . . . . . . . . | | | | 0 | 0 | 0 |
| **2** **Credits for which only carryforwards are allowed:** | | | | | | |
| **a** Form 5884- A (employee retention) . . . . . . | | | | | 0 | 0 |
| **b** Form 8586 (low- income housing) (pre- 2008) . . . | | | | | 0 | 0 |
| **c** Form 8845 (Indian employment) . . . . . . . . | | | | | 0 | 0 |
| **d** Form 8907 (nonconventional source fuel) . . . . . | | | | | 0 | 0 |
| **e** Form 8909 (energy efficient appliance) . . . . . . | | | | | 0 | 0 |
| **f** Form 8923 (mine rescue team training) . . . . . | | | | | 0 | 0 |
| **g** Form 8834 (qualified plug- in electric vehicle) . . . . | | | | | 0 | 0 |
| **h** Form 8931 (agricultural chemicals security) . . . . | | | | | 0 | 0 |
| **e** Form 1065- B (GBCs from electing partnership) . . . | | | | | 0 | 0 |
| **j** Form 5884 (work opportunity) (pre- 2007) . . . . . | | | | | 0 | 0 |
| **k** Form 6478 (alcohol fuel) (pre- 2005) . . . . . . . | | | | | 0 | 0 |
| **l** Form 8846 (employer taxes) (pre- 2007) . . . . . . | | | | | 0 | 0 |

**Part IV**   **Carryovers of General Business Credits (GBCs) or Eligible Small Business Credits (ESBCs)**
(see instructions) (continued)

| (a)<br>Credits carried over to tax year 2023 | (b)<br>Check if non-passive | (c)<br>Year | (d)<br>Pass-through entity EIN | (e)<br>Credit carrybacks to current year | (f)<br>Carryforwards (excluding ESBCs) | (g)<br>Eligible small business credit (ESBC) carryforwards |
|---|---|---|---|---|---|---|
| **m** Form 8900 (railroad track maintenance) (pre-2008) | | | | | 0 | 0 |
| **n** Trans-Alaska pipeline liability fund credit . . . . . | | | | | 0 | 0 |
| **o** Form 5884-A, Section A (employers affected by Hurricane Katrina, Rita, or Wilma) . . . . . . . . | | | | | 0 | 0 |
| **p** Form 5884-A, Section B (Hurricane Katrina housing) | | | | | 0 | 0 |
| **q** Form 5884-A, Section A (affected Midwestern disaster area employers) . . . . . . . . . . . . | | | | | 0 | 0 |
| **r** Form 5884-A, Section B (employer housing) . . . . | | | | | 0 | 0 |
| **s** Form 5884-B (new hire retention) . . . . . . . . . | | | | | 0 | 0 |
| **t** Form 8847 (contributions to community development corporations) . . . . . . . . . . . . | | | | | 0 | 0 |
| **u** Form 8861 (welfare to work) . . . . . . . . . . . | | | | | 0 | 0 |
| **v** Form 8884 (New York Liberty Zone business employee) | | | | | 0 | 0 |
| **w** Form 8942 (therapeutic drug) . . . . . . . . . . | | | | | 0 | 0 |
| **yy** Other credits (see instructions) . . . . . . . . . | | | | | 0 | 0 |
| **zz** Add lines 1a through 1zz and 2a through 2yy . . . | | | | 0 | 9,996,667 | 0 |
| **3** Form 8844 (empowerment zone) . . . . . . . . . | | | | 0 | 0 | 0 |
| **4**   **Specified credits:** | | | | | | |
| **a** Form 3468, Part VI (energy) . . . . . . . . . . . | | | | 0 | 0 | 0 |
| **b** Form 5884 (work opportunity) . . . . . . . . . . | | | | 0 | 0 | 0 |
| **c** Form 6478 (biofuel producer) . . . . . . . . . . | | | | 0 | 0 | 0 |
| **d** Form 8586 (low-income housing) (post-2007) . . . | | | | 0 | 0 | 0 |
| **e** Form 8835 (renewable electricity) . . . . . . . . | | | | 0 | 0 | 0 |
| **f** Form 8846 (employer taxes) . . . . . . . . . . . | | | | 0 | 0 | 0 |
| **g** Form 8900 (railroad track maintenance) . . . . . . | | | | 0 | 0 | 0 |
| **h** Form 8941 (employer health insurance) . . . . . . | | | | 0 | 0 | 0 |
| **i** Form 6765 ESB credit (research) . . . . . . . . . | | | | 0 | 0 | 0 |
| **j** Form 8994 (paid family and medical leave) . . . . . | | | | 0 | 0 | 0 |
| **k** Form 3468, Part VII (rehabilitation) (post-2007) . . . | | | | 0 | 0 | 0 |
| **l** Reserved (4l) . . . . . . . . . . . . . . . . . | | | | | | |
| **m** Reserved (4m) . . . . . . . . . . . . . . . . | | | | | | |
| **z** Other specified credits . . . . . . . . . . . . . | | | | 0 | 0 | 0 |
| **5** Add lines 4a through 4z . . . . . . . . . . . . . | | | | 0 | 0 | 0 |
| **6** Add lines 2zz, 3, and 5 . . . . . . . . . . . . . | | | | 0 | 9,996,667 | 0 |

Form **3800** (2023)

**SCHEDULE B**
**(Form 1120)**
(Rev. December 2018)
Department of the Treasury
Internal Revenue Service

## Additional Information for Schedule M-3 Filers

▶ **Attach to Form 1120.**
▶ **Go to www.irs.gov/Form1120 for the latest information.**

OMB No. 1545-0123

| Name | Employer identification number (EIN) |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

|  |  | Yes | No |
|---|---|---|---|
| **1** | Do the amounts reported on Schedule M-3 (Form 1120), Part II, line 9 or 10, column (d), reflect allocations to this corporation from a partnership of income, gain, loss, deduction, or credit that are disproportionate to this corporation's capital contribution to the partnership or its ratio for sharing other items of the partnership? . . . . . . . . . . |  | X |
| **2** | At any time during the tax year, did the corporation sell, exchange, or transfer any interest in an intangible asset to a related person as defined in section 267(b)? . . . . . . . . . . . . . . . . . . . . . . . . |  | X |
| **3** | At any time during the tax year, did the corporation acquire any interest in an intangible asset from a related person as defined in section 267(b)? . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | X |
| **4a** | During the tax year, did the corporation enter into a cost-sharing arrangement with any related foreign party on whose behalf the corporation did not file Form 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations? . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | X |
| **b** | At any time during the tax year, was the corporation a participant in a cost-sharing arrangement with any related foreign party on whose behalf the corporation did not file Form 5471? . . . . . . . . . . . . . . . |  | X |
| **5** | At any time during the tax year, did the corporation make any change in accounting principle for financial accounting purposes? See instructions for the definition of "change in accounting principle" . . . . . . . . . |  | X |
| **6** | At any time during the tax year, did the corporation make any change in a method of accounting for U.S. income tax purposes? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | X |
| **7** | At any time during the tax year, did the corporation own any voluntary employees' beneficiary association (VEBA) trusts that were used to hold funds designated for employee benefits? . . . . . . . . . . . . . |  | X |
| **8** | At any time during the tax year, did the corporation use an allocation method for indirect costs capitalized to self-constructed assets that varied from its financial method of accounting? . . . . . . . . . . . . . |  | X |
| **9** | At any time during the tax year, did the corporation treat for tax purposes indirect costs, as defined in Regulations sections 1.263A-1(e)(3)(ii)(F), (G), and (H), as mixed-service costs, as defined in Regulations section 1.263A-1(e)(4)(ii)(C)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | X |
| **10** | Did the corporation, under section 118 or 362(c) and the related regulations, take a return filing position characterizing any amount as a contribution to the capital of the corporation during the tax year by any nonshareholders? Amounts so characterized may include, without limitation, incentives, inducements, money, and property· . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | X |

**For Paperwork Reduction Act Notice, see Instructions for Form 1120.**                    **Schedule B (Form 1120) (Rev. 12-2018)**

ERF

F3.00.01    US120SB1

| SCHEDULE M-3<br>(Form 1120)<br>(Rev. December 2019)<br>Department of the Treasury<br>Internal Revenue Service | **Net Income (Loss) Reconciliation for Corporations<br>With Total Assets of $10 Million or More**<br>▶Attach to Form 1120 or 1120-C.<br>▶Go to www.irs.gov/Form1120 for instructions and the latest information. | OMB No. 1545-0123 |
|---|---|---|

| Name of corporation (common parent, if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

Check applicable box(es): (1) ☐ Non-consolidated return (2) ☒ Consolidated return (Form 1120 only)

(3) ☐ Mixed 1120/L/PC group (4) ☐ Dormant subsidiaries schedule attached

## Part I   Financial Information and Net Income (Loss) Reconciliation (see instructions)

**1a** Did the corporation file SEC Form 10-K for its income statement period ending with or within this tax year?

☐ **Yes.** Skip lines 1b and 1c and complete lines 2a through 11 with respect to that SEC Form 10-K.

☒ **No.** Go to line 1b. See instructions if multiple non-tax-basis income statements are prepared.

**b** Did the corporation prepare a certified audited non-tax-basis income statement for that period?

☐ **Yes.** Skip line 1c and complete lines 2a through 11 with respect to that income statement.

☒ **No.** Go to line 1c.

**c** Did the corporation prepare a non-tax-basis income statement for that period?

☒ **Yes.** Complete lines 2a through 11 with respect to that income statement.

☐ **No.** Skip lines 2a through 3c and enter the corporation's net income (loss) per its books and records on line 4a.

**2a** Enter the income statement period:  Beginning  01 01 2023  Ending  12 31 2023

**b** Has the corporation's income statement been restated for the income statement period on line 2a?

☐ **Yes.** (If "Yes," attach an explanation and the amount of each item restated.)

☒ **No.**

**c** Has the corporation's income statement been restated for any of the five income statement periods immediately preceding the period on line 2a?

☒ **Yes.** (If "Yes," attach an explanation and the amount of each item restated.)

☐ **No.**

**3a** Is any of the corporation's voting common stock publicly traded?

☐ **Yes.**

☒ **No.** If "No," go to line 4a.

**b** Enter the symbol of the corporation's primary U.S. publicly traded voting common stock

**c** Enter the nine-digit CUSIP number of the corporation's primary publicly traded voting common stock

| | | | |
|---|---|---|---|
| **4a** | Worldwide consolidated net income (loss) from income statement source identified in Part I, line 1 . . . . . . . | **4a** | -10,704,182 |
| **b** | Indicate accounting standard used for line 4a (see instructions): | | |
| | (1) ☒ GAAP  (2) ☐ IFRS  (3) ☐ Statutory  (4) ☐ Tax-basis  (5) ☐ Other (specify) | | |
| **5a** | Net income from nonincludible foreign entities (attach statement) . . . . . . . . . . . . . . | **5a** | ( 0 ) |
| **b** | Net loss from nonincludible foreign entities (attach statement and enter as a positive amount) . . . . | **5b** | 0 |
| **6a** | Net income from nonincludible U.S. entities (attach statement) . . . . . . . . . . . . . . . | **6a** | ( 0 ) |
| **b** | Net loss from nonincludible U.S. entities (attach statement and enter as a positive amount) . . . . . | **6b** | 0 |
| **7a** | Net income (loss) of other includible foreign disregarded entities (attach statement) . . . . . . . | **7a** | 0 |
| **b** | Net income (loss) of other includible U.S. disregarded entities (attach statement) . . . . . . . . | **7b** | 0 |
| **c** | Net income (loss) of other includible entities (attach statement) . . . . . . . . . . . . . . | **7c** | 0 |
| **8** | Adjustment to eliminations of transactions between includible entities and nonincludible entities (attach statement) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **8** | 0 |
| **9** | Adjustment to reconcile income statement period to tax year (attach statement) . . . . . . . . . | **9** | 0 |
| **10a** | Intercompany dividend adjustments to reconcile to line 11 (attach statement) . . . . . . . . . . | **10a** | 0 |
| **b** | Other statutory accounting adjustments to reconcile to line 11 (attach statement) . . . . . . . . | **10b** | 0 |
| **c** | Other adjustments to reconcile to amount on line 11 (attach statement) . . . . . . . . . . . . | **10c** | 0 |
| **11** | **Net income (loss) per income statement of includible corporations.** Combine lines 4 through 10 | **11** | -10,704,182 |
| | **Note.** Part I, line 11, must equal Part II, line 30, column (a), and Schedule M-1, line 1 (see instructions). | | |

**12** Enter the total amount (not just the corporation's share) of the assets and liabilities of all entities included or removed on the following lines.

| | | Total Assets | Total Liabilities |
|---|---|---|---|
| **a** | Included on Part I, line 4 ▶ | 18,072,393 | 8,908,363 |
| **b** | Removed on Part I, line 5 ▶ | 0 | 5,531 |
| **c** | Removed on Part I, line 6 ▶ | 0 | 0 |
| **d** | Included on Part I, line 7 ▶ | 0 | 0 |

Schedule M-3 (Form 1120) (Rev. 12-2019)                                                                    Page **2**

| Name of corporation (common parent, if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

Check applicable box(es): (1) [X] Consolidated group  (2) [ ] Parent corp  (3) [ ] Consolidated eliminations  (4) [ ] Subsidiary corp (5) [ ] Mixed 1120/L/PC group

Check if a sub-consolidated:  (6) [ ] 1120 group   (7) [ ] 1120 eliminations

| Name of subsidiary (if consolidated return) | Employer identification number |
|---|---|
| | |

**Part II**  **Reconciliation of Net Income (Loss) per Income Statement of Includible Corporations With Taxable Income per Return** (see instructions)

| Income (Loss) Items<br>(Attach statements for lines 1 through 12) | (a)<br>Income (Loss) per<br>Income Statement | (b)<br>Temporary<br>Difference | (c)<br>Permanent<br>Difference | (d)<br>Income (Loss) per<br>Tax Return |
|---|---|---|---|---|
| 1 Income (loss) from equity method foreign corporations | 0 | 0 | 0 | |
| 2 Gross foreign dividends not previously taxed | 0 | | 0 | 0 |
| 3 Subpart F, QEF, and similar income inclusions | | 0 | 0 | 0 |
| 4 Gross-up for foreign taxes deemed paid | | 0 | 0 | 0 |
| 5 Gross foreign distributions previously taxed | 0 | 0 | 0 | |
| 6 Income (loss) from equity method U.S. corporations | -239,012 | 239,012 | 0 | |
| 7 U.S. dividends not eliminated in tax consolidation | 0 | 0 | 0 | 0 |
| 8 Minority interest for includible corporations | 0 | 0 | 0 | |
| 9 Income (loss) from U.S. partnerships | 0 | 0 | 0 | 0 |
| 10 Income (loss) from foreign partnerships | 0 | 0 | 0 | 0 |
| 11 Income (loss) from other pass-through entities | 0 | 0 | 0 | 0 |
| 12 Items relating to reportable transactions | 0 | 0 | 0 | 0 |
| 13 Interest income (see instructions) | 808,800 | 0 | 0 | 808,800 |
| 14 Total accrual to cash adjustment | 0 | 0 | 0 | 0 |
| 15 Hedging transactions | 0 | 0 | 0 | 0 |
| 16 Mark-to-market income (loss) | 0 | 0 | 0 | 0 |
| 17 Cost of goods sold (see instructions) | ( 0 ) | 0 | 0 | ( 0 ) |
| 18 Sale versus lease (for sellers and/or lessors) | 0 | 0 | 0 | 0 |
| 19 Section 481(a) adjustments | | 0 | 0 | 0 |
| 20 Unearned/deferred revenue | 0 | 0 | 0 | 0 |
| 21 Income recognition from long-term contracts | 0 | 0 | 0 | 0 |
| 22 Original issue discount and other imputed interest | 0 | 0 | 0 | 0 |
| 23a Income statement gain/loss on sale, exchange, abandonment, worthlessness, or other disposition of assets other than inventory and pass-through entities | 671 | -671 | 0 | |
| b Gross capital gains from Schedule D, excluding amounts from pass-through entities | | 0 | 0 | 0 |
| c Gross capital losses from Schedule D, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses | | 0 | 0 | 0 |
| d Net gain/loss reported on Form 4797, line 17, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses | | 671 | 0 | 671 |
| e Abandonment losses | | 0 | 0 | 0 |
| f Worthless stock losses (attach statement) | | 0 | 0 | 0 |
| g Other gain/loss on disposition of assets other than inventory | | 0 | 0 | 0 |
| 24 Capital loss limitation and carryforward used | | 0 | 0 | 0 |
| 25 Other income (loss) items with differences (attach statement) | 7,710,381 | -1,170,277 | 0 | 6,540,104 STMT 15 |
| 26 **Total income (loss) items.** Combine lines 1 through 25 | 8,280,840 | -931,265 | 0 | 7,349,575 |
| 27 **Total expense/deduction items** (from Part III, line 39) | -15,314,668 | 9,945,123 | 162,471 | -5,207,074 |
| 28 Other items with no differences  STATEMENT 16 | -3,670,354 | | | -3,670,354 |
| 29a Mixed groups, see instructions. All others, combine lines 26 through 28 | -10,704,182 | 9,013,858 | 162,471 | -1,527,853 |
| b PC insurance subgroup reconciliation totals | 0 | 0 | 0 | 0 |
| c Life insurance subgroup reconciliation totals | 0 | 0 | 0 | 0 |
| 30 **Reconciliation totals.** Combine lines 29a through 29c | -10,704,182 | 9,013,858 | 162,471 | -1,527,853 |

Note. Line 30, column (a), must equal Part I, line 11, and column (d) must equal Form 1120, page 1, line 28.

F3.00.01                    US20M3P2         **Schedule M-3 (Form 1120)** (Rev. 12-2019)

Schedule M-3 (Form 1120) (Rev. 12-2019)                                                         Page **3**

| Name of corporation (common parent, if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

Check applicable box(es): **(1)** [X] Consolidated group   **(2)** [ ] Parent corp   **(3)** [ ] Consolidated eliminations   **(4)** [ ] Subsidiary corp   **(5)** [ ] Mixed 1120/L/PC group

Check if a sub-consolidated: **(6)** [ ] 1120 group   **(7)** [ ] 1120 eliminations

| Name of subsidiary (if consolidated return) | Employer identification number |
|---|---|
| | |

---

### Part III   Reconciliation of Net Income (Loss) per Income Statement of Includible Corporations With Taxable Income per Return- Expense/Deduction Items (see instructions)

| Expense/Deduction Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|
| 1 U.S. current income tax expense | 0 | 0 | 0 | |
| 2 U.S. deferred income tax expense | 0 | 0 | 0 | |
| 3 State and local current income tax expense | 0 | 1,600 | -1,600 | 0 |
| 4 State and local deferred income tax expense | 0 | 0 | 0 | |
| 5 Foreign current income tax expense (other than foreign withholding taxes) | 0 | 0 | 0 | 0 |
| 6 Foreign deferred income tax expense | 0 | 0 | 0 | |
| 7 Foreign withholding taxes | 0 | 0 | 0 | 0 |
| 8 Interest expense (see instructions) | 141,638 | 667,162 | 0 | 808,800 |
| 9 Stock option expense | 326,989 | -185,599 | -141,390 | 0 |
| 10 Other equity-based compensation | 0 | 0 | 0 | 0 |
| 11 Meals and entertainment | 24,383 | 0 | -12,192 | 12,191 |
| 12 Fines and penalties | 0 | 0 | 0 | 0 |
| 13 Judgments, damages, awards, and similar costs | 0 | 0 | 0 | 0 |
| 14 Parachute payments | 0 | 0 | 0 | 0 |
| 15 Compensation with section 162(m) limitation | 0 | 0 | 0 | 0 |
| 16 Pension and profit-sharing | 22,667 | 0 | 0 | 22,667 |
| 17 Other post-retirement benefits | 0 | 0 | 0 | 0 |
| 18 Deferred compensation | 0 | 0 | 0 | 0 |
| 19 Charitable contribution of cash and tangible property | 0 | 0 | 0 | 0 |
| 20 Charitable contribution of intangible property | 0 | 0 | 0 | 0 |
| 21 Charitable contribution limitation/carryforward | | 0 | 0 | 0 |
| 22 Domestic production activities deduction (See instr.) | | 0 | 0 | 0 |
| 23 Current year acquisition or reorganization investment banking fees | 0 | 0 | 0 | 0 |
| 24 Current year acquisition or reorganization legal and accounting fees | 0 | 0 | 0 | 0 |
| 25 Current year acquisition/reorganization other costs | 0 | 0 | 0 | 0 |
| 26 Amortization/impairment of goodwill | 0 | 0 | 0 | 0 |
| 27 Amortization of acquisition, reorganization, and start-up costs | 0 | 0 | 0 | 0 |
| 28 Other amortization or impairment write-offs | 0 | 0 | 0 | 0 |
| 29 Reserved | | | | |
| 30 Depletion | 0 | 0 | 0 | 0 |
| 31 Depreciation | 1,537,891 | -1,093,506 | 0 | 444,385 |
| 32 Bad debt expense | 0 | 0 | 0 | 0 |
| 33 Corporate owned life insurance premiums | 0 | 0 | 0 | 0 |
| 34 Purchase versus lease (for purchasers and/or lessees) | 0 | 0 | 0 | 0 |
| 35 Research and development costs | 14,999,542 | -9,113,750 | 0 | 5,885,792 |
| 36 Section 118 exclusion (attach statement) | 0 | 0 | 0 | 0 |
| 37 Section 162(r)-FDIC premiums paid by certain large financial institutions (see instructions) | 0 | 0 | 0 | 0 |
| 38 Other expense/deduction items with differences (attach statement)      STATEMENT 17 | -1,738,442 | -221,030 | -7,289 | -1,966,761 |
| 39 **Total expense/deduction items.** Combine lines 1 through 38. Enter here and on Part II, line 27, reporting positive amounts as negative and negative amounts as positive | 15,314,668 | -9,945,123 | -162,471 | 5,207,074 |

Schedule M-3 (Form 1120) (Rev. 12-2019)

Page **2**

| Name of corporation (common parent, if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

Check applicable box(es): (1) ☐ Consolidated group  (2) ☐ Parent corp  (3) ☒ Consolidated eliminations  (4) ☐ Subsidiary corp  (5) ☐ Mixed 1120/L/PC group

Check if a sub-consolidated:  (6) ☐ 1120 group  (7) ☐ 1120 eliminations

| Name of subsidiary (if consolidated return) | Employer identification number |
|---|---|

### Part II  Reconciliation of Net Income (Loss) per Income Statement of Includible Corporations With Taxable Income per Return (see instructions)

| Income (Loss) Items<br>(Attach statements for lines 1 through 12) | (a)<br>Income (Loss) per<br>Income Statement | (b)<br>Temporary<br>Difference | (c)<br>Permanent<br>Difference | (d)<br>Income (Loss) per<br>Tax Return |
|---|---|---|---|---|
| 1 Income (loss) from equity method foreign corporations | 0 | 0 | 0 | |
| 2 Gross foreign dividends not previously taxed | 0 | 0 | 0 | 0 |
| 3 Subpart F, QEF, and similar income inclusions | | 0 | 0 | 0 |
| 4 Gross-up for foreign taxes deemed paid | | 0 | 0 | 0 |
| 5 Gross foreign distributions previously taxed | 0 | 0 | 0 | |
| 6 Income (loss) from equity method U.S. corporations | 0 | 0 | 0 | |
| 7 U.S. dividends not eliminated in tax consolidation | 0 | 0 | 0 | |
| 8 Minority interest for includible corporations | 0 | 0 | 0 | |
| 9 Income (loss) from U.S. partnerships | 0 | 0 | 0 | 0 |
| 10 Income (loss) from foreign partnerships | 0 | 0 | 0 | 0 |
| 11 Income (loss) from other pass-through entities | 0 | 0 | 0 | 0 |
| 12 Items relating to reportable transactions | 0 | 0 | 0 | 0 |
| 13 Interest income (see instructions) | 0 | 0 | 0 | 0 |
| 14 Total accrual to cash adjustment | 0 | 0 | 0 | 0 |
| 15 Hedging transactions | 0 | 0 | 0 | 0 |
| 16 Mark-to-market income (loss) | 0 | 0 | 0 | 0 |
| 17 Cost of goods sold (see instructions) | ( 0 ) | 0 | 0 | ( 0 ) |
| 18 Sale versus lease (for sellers and/or lessors) | 0 | 0 | 0 | 0 |
| 19 Section 481(a) adjustments | | 0 | 0 | 0 |
| 20 Unearned/deferred revenue | 0 | 0 | 0 | 0 |
| 21 Income recognition from long-term contracts | 0 | 0 | 0 | 0 |
| 22 Original issue discount and other imputed interest | 0 | 0 | 0 | 0 |
| 23a Income statement gain/loss on sale, exchange, abandonment, worthlessness, or other disposition of assets other than inventory and pass-through entities | | | | |
| b Gross capital gains from Schedule D, excluding amounts from pass-through entities | | 0 | 0 | 0 |
| c Gross capital losses from Schedule D, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses | | 0 | 0 | 0 |
| d Net gain/loss reported on Form 4797, line 17, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses | | 0 | 0 | 0 |
| e Abandonment losses | | 0 | 0 | 0 |
| f Worthless stock losses (attach statement) | | 0 | 0 | 0 |
| g Other gain/loss on disposition of assets other than inventory | | 0 | 0 | 0 |
| 24 Capital loss limitation and carryforward used | | 0 | 0 | 0 |
| 25 Other income (loss) items with differences (attach statement) | 0 | 0 | 0 | 0 STMT 15 |
| 26 Total income (loss) items. Combine lines 1 through 25 | 0 | 0 | 0 | 0 |
| 27 Total expense/deduction items (from Part III, line 39) | 0 | 0 | 0 | 0 |
| 28 Other items with no differences STATEMENT 16 | 0 | | | 0 |
| 29a Mixed groups, see instructions. All others, combine lines 26 through 28 | 0 | 0 | 0 | 0 |
| b PC insurance subgroup reconciliation totals | 0 | 0 | 0 | 0 |
| c Life insurance subgroup reconciliation totals | 0 | 0 | 0 | 0 |
| 30 Reconciliation totals. Combine lines 29a through 29c | 0 | 0 | 0 | 0 |

Note. Line 30, column (a), must equal Part I, line 11, and column (d) must equal Form 1120, page 1, line 28.

Schedule M-3 (Form 1120) (Rev. 12-2019)

Page **3**

| Name of corporation (common parent, if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

Check applicable box(es): (1) ☐ Consolidated group  (2) ☐ Parent corp  (3) ☒ Consolidated eliminations  (4) ☐ Subsidiary corp  (5) ☐ Mixed 1120/L/PC group

Check if a sub-consolidated:  (6) ☐ 1120 group  (7) ☐ 1120 eliminations

| Name of subsidiary (if consolidated return) | Employer identification number |
|---|---|
| | |

### Part III — Reconciliation of Net Income (Loss) per Income Statement of Includible Corporations With Taxable Income per Return- Expense/Deduction Items (see instructions)

| Expense/Deduction Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|
| 1 U.S. current income tax expense | 0 | 0 | 0 | |
| 2 U.S. deferred income tax expense | 0 | 0 | 0 | |
| 3 State and local current income tax expense | 0 | 0 | 0 | 0 |
| 4 State and local deferred income tax expense | 0 | 0 | 0 | |
| 5 Foreign current income tax expense (other than foreign withholding taxes) | 0 | 0 | | 0 |
| 6 Foreign deferred income tax expense | 0 | 0 | 0 | |
| 7 Foreign withholding taxes | 0 | 0 | 0 | 0 |
| 8 Interest expense (see instructions) | 0 | 0 | 0 | 0 |
| 9 Stock option expense | 0 | 0 | 0 | 0 |
| 10 Other equity-based compensation | 0 | 0 | 0 | 0 |
| 11 Meals and entertainment | 0 | 0 | 0 | 0 |
| 12 Fines and penalties | 0 | 0 | 0 | 0 |
| 13 Judgments, damages, awards, and similar costs | 0 | 0 | 0 | 0 |
| 14 Parachute payments | 0 | 0 | 0 | 0 |
| 15 Compensation with section 162(m) limitation | 0 | 0 | 0 | 0 |
| 16 Pension and profit-sharing | 0 | 0 | 0 | 0 |
| 17 Other post-retirement benefits | 0 | 0 | 0 | 0 |
| 18 Deferred compensation | 0 | 0 | 0 | 0 |
| 19 Charitable contribution of cash and tangible property | 0 | 0 | 0 | 0 |
| 20 Charitable contribution of intangible property | 0 | 0 | 0 | 0 |
| 21 Charitable contribution limitation/carryforward | | 0 | 0 | 0 |
| 22 Domestic production activities deduction (See instr.) | | 0 | 0 | 0 |
| 23 Current year acquisition or reorganization investment banking fees | 0 | 0 | 0 | 0 |
| 24 Current year acquisition or reorganization legal and accounting fees | 0 | 0 | 0 | 0 |
| 25 Current year acquisition/reorganization other costs | 0 | 0 | 0 | 0 |
| 26 Amortization/impairment of goodwill | 0 | 0 | 0 | 0 |
| 27 Amortization of acquisition, reorganization, and start-up costs | 0 | 0 | 0 | 0 |
| 28 Other amortization or impairment write-offs | 0 | 0 | 0 | 0 |
| 29 Reserved | | | | |
| 30 Depletion | 0 | 0 | 0 | 0 |
| 31 Depreciation | 0 | 0 | 0 | 0 |
| 32 Bad debt expense | 0 | 0 | 0 | 0 |
| 33 Corporate owned life insurance premiums | 0 | 0 | 0 | 0 |
| 34 Purchase versus lease (for purchasers and/or lessees) | 0 | 0 | 0 | 0 |
| 35 Research and development costs | 0 | 0 | 0 | 0 |
| 36 Section 118 exclusion (attach statement) | 0 | 0 | 0 | 0 |
| 37 Section 162(r)-FDIC premiums paid by certain large financial institutions (see instructions) | 0 | 0 | 0 | 0 |
| 38 Other expense/deduction items with differences (attach statement)       STATEMENT 17 | 0 | 0 | 0 | 0 |
| 39 **Total expense/deduction items.** Combine lines 1 through 38. Enter here and on Part II, line 27, reporting positive amounts as negative and negative amounts as positive | 0 | 0 | 0 | 0 |

Schedule M-3 (Form 1120) (Rev. 12-2019)          Page **2**

| Name of corporation (common parent, if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

Check applicable box(es): **(1)** ☐ Consolidated group **(2)** ☒ Parent corp **(3)** ☐ Consolidated eliminations **(4)** ☐ Subsidiary corp **(5)** ☐ Mixed 1120/L/PC group

Check if a sub-consolidated: **(6)** ☐ 1120 group **(7)** ☐ 1120 eliminations

| Name of subsidiary (if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. | 14-1923940 |

**Part II**    **Reconciliation of Net Income (Loss) per Income Statement of Includible Corporations With Taxable Income per Return** (see instructions)

| Income (Loss) Items<br>(Attach statements for lines 1 through 12) | (a)<br>Income (Loss) per<br>Income Statement | (b)<br>Temporary<br>Difference | (c)<br>Permanent<br>Difference | (d)<br>Income (Loss) per<br>Tax Return |
|---|---|---|---|---|
| 1 Income (loss) from equity method foreign corporations | 0 | 0 | 0 | |
| 2 Gross foreign dividends not previously taxed | 0 | | 0 | 0 |
| 3 Subpart F, QEF, and similar income inclusions | | 0 | 0 | 0 |
| 4 Gross-up for foreign taxes deemed paid | | 0 | 0 | 0 |
| 5 Gross foreign distributions previously taxed | 0 | 0 | 0 | |
| 6 Income (loss) from equity method U.S. corporations | -239,012 | 239,012 | 0 | |
| 7 U.S. dividends not eliminated in tax consolidation | 0 | 0 | 0 | 0 |
| 8 Minority interest for includible corporations | 0 | 0 | 0 | |
| 9 Income (loss) from U.S. partnerships | 0 | 0 | 0 | 0 |
| 10 Income (loss) from foreign partnerships | 0 | 0 | 0 | 0 |
| 11 Income (loss) from other pass-through entities | 0 | 0 | 0 | 0 |
| 12 Items relating to reportable transactions | 0 | 0 | 0 | 0 |
| 13 Interest income (see instructions) | 808,800 | 0 | 0 | 808,800 |
| 14 Total accrual to cash adjustment | 0 | 0 | 0 | 0 |
| 15 Hedging transactions | 0 | 0 | 0 | 0 |
| 16 Mark-to-market income (loss) | 0 | 0 | 0 | 0 |
| 17 Cost of goods sold (see instructions) | ( 0 ) | 0 | 0 | ( 0 ) |
| 18 Sale versus lease (for sellers and/or lessors) | 0 | 0 | 0 | 0 |
| 19 Section 481(a) adjustments | | 0 | 0 | 0 |
| 20 Unearned/deferred revenue | 0 | 0 | 0 | 0 |
| 21 Income recognition from long-term contracts | 0 | 0 | 0 | 0 |
| 22 Original issue discount and other imputed interest | 0 | 0 | 0 | 0 |
| 23a Income statement gain/loss on sale, exchange, abandonment, worthlessness, or other disposition of assets other than inventory and pass-through entities | 671 | -671 | 0 | |
| b Gross capital gains from Schedule D, excluding amounts from pass-through entities | | 0 | 0 | 0 |
| c Gross capital losses from Schedule D, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses | | 0 | 0 | 0 |
| d Net gain/loss reported on Form 4797, line 17, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses | | 671 | 0 | 671 |
| e Abandonment losses | | 0 | 0 | 0 |
| f Worthless stock losses (attach statement) | | 0 | 0 | 0 |
| g Other gain/loss on disposition of assets other than inventory | | 0 | 0 | 0 |
| 24 Capital loss limitation and carryforward used | | 0 | 0 | 0 |
| 25 Other income (loss) items with differences (attach statement) | 7,710,381 | -1,170,277 | 0 | 6,540,104 STMT 15 |
| 26 **Total income (loss) items.** Combine lines 1 through 25 | 8,280,840 | -931,265 | 0 | 7,349,575 |
| 27 **Total expense/deduction items** (from Part III, line 39) | -15,314,668 | 9,945,923 | 161,671 | -5,207,074 |
| 28 Other items with no differences   STATEMENT 16 | -3,670,354 | | | -3,670,354 |
| 29a Mixed groups, see instructions. All others, combine lines 26 through 28 | -10,704,182 | 9,014,658 | 161,671 | -1,527,853 |
| b PC insurance subgroup reconciliation totals | 0 | 0 | 0 | 0 |
| c Life insurance subgroup reconciliation totals | 0 | 0 | 0 | 0 |
| 30 **Reconciliation totals.** Combine lines 29a through 29c | -10,704,182 | 9,014,658 | 161,671 | -1,527,853 |

**Note.** Line 30, column (a), must equal Part I, line 11, and column (d) must equal Form 1120, page 1, line 28.

F3.00.01      US20M3P2      **Schedule M-3 (Form 1120)** (Rev. 12-2019)

Schedule M-3 (Form 1120) (Rev. 12-2019)               Page **3**

| Name of corporation (common parent, if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

Check applicable box(es): (1) ☐ Consolidated group   (2) ☒ Parent corp (3) ☐ Consolidated eliminations (4) ☐ Subsidiary corp (5) ☐ Mixed 1120/L/PC group

Check if a sub-consolidated: (6) ☐ 1120 group (7) ☐ 1120 eliminations

| Name of subsidiary (if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. | 14-1923940 |

## Part III   Reconciliation of Net Income (Loss) per Income Statement of Includible Corporations With Taxable Income per Return- Expense/Deduction Items (see instructions)

| Expense/Deduction Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|
| 1 U.S. current income tax expense | 0 | 0 | 0 | |
| 2 U.S. deferred income tax expense | 0 | 0 | 0 | |
| 3 State and local current income tax expense | 0 | 800 | -800 | 0 |
| 4 State and local deferred income tax expense | 0 | 0 | 0 | |
| 5 Foreign current income tax expense (other than foreign withholding taxes) | 0 | 0 | 0 | 0 |
| 6 Foreign deferred income tax expense | 0 | 0 | 0 | |
| 7 Foreign withholding taxes | 0 | 0 | 0 | 0 |
| 8 Interest expense (see instructions) | 141,638 | 667,162 | 0 | 808,800 |
| 9 Stock option expense | 326,989 | -185,599 | -141,390 | 0 |
| 10 Other equity-based compensation | 0 | 0 | 0 | 0 |
| 11 Meals and entertainment | 24,383 | 0 | -12,192 | 12,191 |
| 12 Fines and penalties | 0 | 0 | 0 | 0 |
| 13 Judgments, damages, awards, and similar costs | 0 | 0 | 0 | 0 |
| 14 Parachute payments | 0 | 0 | 0 | 0 |
| 15 Compensation with section 162(m) limitation | 0 | 0 | 0 | 0 |
| 16 Pension and profit-sharing | 22,667 | 0 | 0 | 22,667 |
| 17 Other post-retirement benefits | 0 | 0 | 0 | 0 |
| 18 Deferred compensation | 0 | 0 | 0 | 0 |
| 19 Charitable contribution of cash and tangible property | 0 | 0 | 0 | 0 |
| 20 Charitable contribution of intangible property | 0 | 0 | 0 | 0 |
| 21 Charitable contribution limitation/carryforward | | 0 | 0 | 0 |
| 22 Domestic production activities deduction (See instr.) | | 0 | 0 | 0 |
| 23 Current year acquisition or reorganization investment banking fees | 0 | 0 | 0 | 0 |
| 24 Current year acquisition or reorganization legal and accounting fees | 0 | 0 | 0 | 0 |
| 25 Current year acquisition/reorganization other costs | 0 | 0 | 0 | 0 |
| 26 Amortization/impairment of goodwill | 0 | 0 | 0 | 0 |
| 27 Amortization of acquisition, reorganization, and start-up costs | 0 | 0 | 0 | 0 |
| 28 Other amortization or impairment write-offs | 0 | 0 | 0 | 0 |
| 29 Reserved | | | | |
| 30 Depletion | 0 | 0 | 0 | 0 |
| 31 Depreciation | 1,537,891 | -1,093,506 | 0 | 444,385 |
| 32 Bad debt expense | 0 | 0 | 0 | 0 |
| 33 Corporate owned life insurance premiums | 0 | 0 | 0 | 0 |
| 34 Purchase versus lease (for purchasers and/or lessees) | 0 | 0 | 0 | 0 |
| 35 Research and development costs | 14,999,542 | -9,113,750 | 0 | 5,885,792 |
| 36 Section 118 exclusion (attach statement) | 0 | 0 | 0 | 0 |
| 37 Section 162(r)-FDIC premiums paid by certain large financial institutions (see instructions) | 0 | 0 | 0 | 0 |
| 38 Other expense/deduction items with differences (attach statement)     STATEMENT 17 | -1,738,442 | -221,030 | -7,289 | -1,966,761 |
| 39 **Total expense/deduction items.** Combine lines 1 through 38. Enter here and on Part II, line 27, reporting positive amounts as negative and negative amounts as positive | 15,314,668 | -9,945,923 | -161,671 | 5,207,074 |

Schedule M-3 (Form 1120) (Rev. 12-2019)

Page **2**

| Name of corporation (common parent, if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

Check applicable box(es): **(1)** ☐ Consolidated group **(2)** ☐ Parent corp **(3)** ☐ Consolidated eliminations **(4)** ☒ Subsidiary corp **(5)** ☐ Mixed 1120/L/PC group

Check if a sub-consolidated: **(6)** ☐ 1120 group **(7)** ☐ 1120 eliminations

| Name of subsidiary (if consolidated return) | Employer identification number |
|---|---|
| SYNTHETIC GENOMICS VACCINES, INC. | 27-3001571 |

### Part II   Reconciliation of Net Income (Loss) per Income Statement of Includible Corporations With Taxable Income per Return (see instructions)

| Income (Loss) Items<br>(Attach statements for lines 1 through 12) | (a)<br>Income (Loss) per<br>Income Statement | (b)<br>Temporary<br>Difference | (c)<br>Permanent<br>Difference | (d)<br>Income (Loss) per<br>Tax Return |
|---|---|---|---|---|
| 1 Income (loss) from equity method foreign corporations | 0 | 0 | 0 | |
| 2 Gross foreign dividends not previously taxed | 0 | 0 | 0 | 0 |
| 3 Subpart F, QEF, and similar income inclusions | | 0 | 0 | 0 |
| 4 Gross-up for foreign taxes deemed paid | | 0 | 0 | 0 |
| 5 Gross foreign distributions previously taxed | 0 | 0 | 0 | |
| 6 Income (loss) from equity method U.S. corporations | 0 | 0 | 0 | |
| 7 U.S. dividends not eliminated in tax consolidation | 0 | 0 | 0 | 0 |
| 8 Minority interest for includible corporations | 0 | 0 | 0 | |
| 9 Income (loss) from U.S. partnerships | 0 | 0 | 0 | 0 |
| 10 Income (loss) from foreign partnerships | 0 | 0 | 0 | 0 |
| 11 Income (loss) from other pass-through entities | 0 | 0 | 0 | 0 |
| 12 Items relating to reportable transactions | 0 | 0 | 0 | 0 |
| 13 Interest income (see instructions) | 0 | 0 | 0 | 0 |
| 14 Total accrual to cash adjustment | 0 | 0 | 0 | 0 |
| 15 Hedging transactions | 0 | 0 | 0 | 0 |
| 16 Mark-to-market income (loss) | 0 | 0 | 0 | 0 |
| 17 Cost of goods sold (see instructions) | ( 0 ) | 0 | 0 | ( 0 ) |
| 18 Sale versus lease (for sellers and/or lessors) | 0 | 0 | 0 | 0 |
| 19 Section 481(a) adjustments | | 0 | 0 | 0 |
| 20 Unearned/deferred revenue | 0 | 0 | 0 | 0 |
| 21 Income recognition from long-term contracts | 0 | 0 | 0 | 0 |
| 22 Original issue discount and other imputed interest | 0 | 0 | 0 | 0 |
| 23a Income statement gain/loss on sale, exchange, abandonment, worthlessness, or other disposition of assets other than inventory and pass-through entities | | | | |
| b Gross capital gains from Schedule D, excluding amounts from pass-through entities | | 0 | 0 | 0 |
| c Gross capital losses from Schedule D, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses | | 0 | 0 | 0 |
| d Net gain/loss reported on Form 4797, line 17, excluding amounts from pass-through entities, abandonment losses, and worthless stock losses | | 0 | 0 | 0 |
| e Abandonment losses | | 0 | 0 | 0 |
| f Worthless stock losses (attach statement) | | 0 | 0 | 0 |
| g Other gain/loss on disposition of assets other than inventory | | 0 | 0 | 0 |
| 24 Capital loss limitation and carryforward used | | 0 | 0 | 0 |
| 25 Other income (loss) items with differences (attach statement) | 0 | 0 | 0 | 0 STMT 15 |
| 26 Total income (loss) items. Combine lines 1 through 25 | 0 | 0 | 0 | 0 |
| 27 Total expense/deduction items (from Part III, line 39) | 0 | -800 | 800 | 0 |
| 28 Other items with no differences  STATEMENT 16 | 0 | | | 0 |
| 29a Mixed groups, see instructions. All others, combine lines 26 through 28 | 0 | -800 | 800 | 0 |
| b PC insurance subgroup reconciliation totals | 0 | 0 | 0 | 0 |
| c Life insurance subgroup reconciliation totals | 0 | 0 | 0 | 0 |
| 30 Reconciliation totals. Combine lines 29a through 29c | 0 | -800 | 800 | 0 |

Note. Line 30, column (a), must equal Part I, line 11, and column (d) must equal Form 1120, page 1, line 28.

Schedule M-3 (Form 1120) (Rev. 12-2019)        Page **3**

| Name of corporation (common parent, if consolidated return) | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

Check applicable box(es): **(1)** ☐ Consolidated group **(2)** ☐ Parent corp **(3)** ☐ Consolidated eliminations **(4)** ☒ Subsidiary corp **(5)** ☐ Mixed 1120/L/PC group

Check if a sub-consolidated: **(6)** ☐ 1120 group **(7)** ☐ 1120 eliminations

| Name of subsidiary (if consolidated return) | Employer identification number |
|---|---|
| SYNTHETIC GENOMICS VACCINES, INC. | 27-3001571 |

**Part III**    **Reconciliation of Net Income (Loss) per Income Statement of Includible Corporations With Taxable Income per Return- Expense/Deduction Items** (see instructions)

| Expense/Deduction Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|
| 1 U.S. current income tax expense | 0 | 0 | 0 | |
| 2 U.S. deferred income tax expense | 0 | 0 | 0 | |
| 3 State and local current income tax expense | 0 | 800 | -800 | 0 |
| 4 State and local deferred income tax expense | 0 | 0 | 0 | |
| 5 Foreign current income tax expense (other than foreign withholding taxes) | 0 | 0 | 0 | 0 |
| 6 Foreign deferred income tax expense | 0 | 0 | 0 | |
| 7 Foreign withholding taxes | 0 | 0 | 0 | 0 |
| 8 Interest expense (see instructions) | 0 | 0 | 0 | 0 |
| 9 Stock option expense | 0 | 0 | 0 | 0 |
| 10 Other equity-based compensation | 0 | 0 | 0 | 0 |
| 11 Meals and entertainment | 0 | 0 | 0 | 0 |
| 12 Fines and penalties | 0 | 0 | 0 | 0 |
| 13 Judgments, damages, awards, and similar costs | 0 | 0 | 0 | 0 |
| 14 Parachute payments | 0 | 0 | 0 | 0 |
| 15 Compensation with section 162(m) limitation | 0 | 0 | 0 | 0 |
| 16 Pension and profit-sharing | 0 | 0 | 0 | 0 |
| 17 Other post-retirement benefits | 0 | 0 | 0 | 0 |
| 18 Deferred compensation | 0 | 0 | 0 | 0 |
| 19 Charitable contribution of cash and tangible property | 0 | 0 | 0 | 0 |
| 20 Charitable contribution of intangible property | 0 | 0 | 0 | 0 |
| 21 Charitable contribution limitation/carryforward | | 0 | 0 | 0 |
| 22 Domestic production activities deduction (See instr.) | | 0 | 0 | 0 |
| 23 Current year acquisition or reorganization investment banking fees | 0 | 0 | 0 | 0 |
| 24 Current year acquisition or reorganization legal and accounting fees | 0 | 0 | 0 | 0 |
| 25 Current year acquisition/reorganization other costs | 0 | 0 | 0 | 0 |
| 26 Amortization/impairment of goodwill | 0 | 0 | 0 | 0 |
| 27 Amortization of acquisition, reorganization, and start-up costs | 0 | 0 | 0 | 0 |
| 28 Other amortization or impairment write-offs | 0 | 0 | 0 | 0 |
| 29 Reserved | | | | |
| 30 Depletion | 0 | 0 | 0 | 0 |
| 31 Depreciation | 0 | 0 | 0 | 0 |
| 32 Bad debt expense | 0 | 0 | 0 | 0 |
| 33 Corporate owned life insurance premiums | 0 | 0 | 0 | 0 |
| 34 Purchase versus lease (for purchasers and/or lessees) | 0 | 0 | 0 | 0 |
| 35 Research and development costs | 0 | 0 | 0 | 0 |
| 36 Section 118 exclusion (attach statement) | 0 | 0 | 0 | 0 |
| 37 Section 162(r)-FDIC premiums paid by certain large financial institutions (see instructions) | 0 | 0 | 0 | 0 |
| 38 Other expense/deduction items with differences (attach statement)     STATEMENT 17 | 0 | 0 | 0 | 0 |
| 39 **Total expense/deduction items. Combine lines 1 through 38. Enter here and on Part II, line 27, reporting positive amounts as negative and negative amounts as positive** | 0 | 800 | -800 | 0 |

Form **1125-E**

(Rev. October 2016)

Department of the Treasury
Internal Revenue Service

# Compensation of Officers

OMB No. 1545-0123

▶ **Attach to Form 1120, 1120-C, 1120-F, 1120-REIT, 1120-RIC, or 1120S.**
▶ **Information about Form 1125-E and its separate instructions is at www.irs.gov/form1125e.**

Name

VIRIDOS, INC. & SUBSIDIARIES

**Employer identification number**

14-1923940

**Note.** Complete Form 1125-E only if total receipts are $500,000 or more.  See instructions for definition of total receipts.

| (a) Name of officer | (b) Social security number (see instructions) | (c) Percent of time devoted to business | Percent of stock owned | | (f) Amount of compensation |
|---|---|---|---|---|---|
| | | | (d) Common | (e) Preferred | |
| 1   AVAILABLE UPON REQUEST | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |
| | | % | % | % | 0 |

| | | | | |
|---|---|---|---|---|
| 2 | Total compensation of officers . . . . . . . . . . . . . . . . . . . . . . | **2** | 0 |
| 3 | Compensation of officers claimed on Form 1125-A or elsewhere on return . . . . . . . . . . . . . . | **3** | 0 |
| 4 | Subtract line 3 from line 2.  Enter the result here and on Form 1120, page 1, line 12 or the appropriate line of your tax return . . . . . . . . . . . . . . . . . . . . . . . . . | **4** | 0 |

For Paperwork Reduction Act Notice, see separate instructions.

Form **1125-E** (Rev. 10-2016)

ERF

F3.00.01   US1125E1

Form **4562**

Department of the Treasury
Internal Revenue Service

# Depreciation and Amortization
## (Including Information on Listed Property)
**Attach to your tax return.**
Go to www.irs.gov/Form4562 for instructions and the latest information.

OMB No. 1545-0172

**2023**

Attachment
Sequence No. **179**

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | RESEARCH | 14-1923940 |

## Part I  Election To Expense Certain Property Under Section 179
**Note:** If you have any listed property, complete Part V before you complete Part I.

| | | | |
|---|---|---|---:|
| 1 | Maximum amount (see instructions) | **1** | 1,160,000 |
| 2 | Total cost of section 179 property placed in service (see instructions) | **2** | 0 |
| 3 | Threshold cost of section 179 property before reduction in limitation (see instructions) | **3** | 2,890,000 |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | **4** | 0 |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter - 0- . If married filing separately, see instructions | **5** | 1,160,000 |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost | | |
|---|---|---|---|---|---|
| | | 0 | 0 | | |
| | | 0 | 0 | | |

| | | | |
|---|---|---|---:|
| 7 | Listed property. Enter the amount from line 29 . . . . . . . . . . **7** | 0 | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | **8** | 0 |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | **9** | 0 |
| 10 | Carryover of disallowed deduction from line 13 of your 2022 Form 4562 | **10** | 0 |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5. See instructions | **11** | 0 |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | **12** | 0 |
| 13 | Carryover of disallowed deduction to 2024. Add lines 9 and 10, less line 12 . . **13** | 0 | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

## Part II  Special Depreciation Allowance and Other Depreciation (Don't include listed property. See instructions.)

| | | | |
|---|---|---|---:|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year. See instructions | **14** | 0 |
| 15 | Property subject to section 168(f)(1) election | **15** | 0 |
| 16 | Other depreciation (including ACRS) | **16** | 0 |

## Part III  MACRS Depreciation (Don't include listed property. See instructions.)

### Section A

| | | | |
|---|---|---|---:|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2023 . . . . . . . . . . | **17** | 444,385 |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here . . . ☐ | | |

### Section B - Assets Placed in Service During 2023 Tax Year Using the General Depreciation System

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only — see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---:|
| 19a 3- year property | | 0 | 0.0 | | | 0 |
| b 5- year property | | 0 | 0.0 | | | 0 |
| c 7- year property | | 0 | 0.0 | | | 0 |
| d 10- year property | | 0 | 0.0 | | | 0 |
| e 15- year property | | 0 | 0.0 | | | 0 |
| f 20- year property | | 0 | 0.0 | | | 0 |
| g 25- year property | | 0 | 25 yrs. | | S/L | 0 |
| h Residential rental property | | 0 | 27.5 yrs. | MM | S/L | 0 |
| | | 0 | 27.5 yrs. | MM | S/L | 0 |
| i Nonresidential real property | | 0 | 39 yrs. | MM | S/L | 0 |
| | | 0 | | MM | S/L | 0 |

### Section C - Assets Placed in Service During 2023 Tax Year Using the Alternative Depreciation System

| | | | | | | |
|---|---|---|---|---|---|---:|
| 20a Class life | | 0 | 0.0 | | S/L | 0 |
| b 12- year | | 0 | 12 yrs. | | S/L | 0 |
| c 30- year | | 0 | 30 yrs. | MM | S/L | 0 |
| d 40- year | | 0 | 40 yrs. | MM | S/L | 0 |

## Part IV  Summary (See instructions.)

| | | | |
|---|---|---|---:|
| 21 | Listed property. Enter amount from line 28 | **21** | 0 |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instructions . . . . . . | **22** | 444,385 |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs . . . . **23** | 0 | |

ERF     For Paperwork Reduction Act Notice, see separate instructions.     F3.00.01     US4562P1     Form **4562** (2023)

## Part V — Listed Property (Include automobiles, certain other vehicles, certain aircraft, and property used for entertainment, recreation, or amusement.)

**Note:** For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.

### Section A - Depreciation and Other Information (Caution: See the instructions for limits for passenger automobiles.)

| 24a | Do you have evidence to support the business/investment use claimed? | Yes ☐ | No ☐ | 24b | If "Yes," is the evidence written? | Yes ☐ | No ☐ |

| (a) Type of property (list vehicles first) | (b) Date placed in service | (c) Business/investment use percentage | (d) Cost or other basis | (e) Basis for depreciation (business/investment use only) | (f) Recovery period | (g) Method/ Convention | (h) Depreciation deduction | (i) Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| **25** Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use. See instructions. | | | | | | **25** | 0 | |
| **26** Property used more than 50% in a qualified business use: | | | | | | | | |
| | | 0.00% | 0 | 0 | 0.0 | | 0 | 0 |
| | | 0.00% | 0 | 0 | 0.0 | | 0 | 0 |
| | | 0.00% | 0 | 0 | 0.0 | | 0 | 0 |
| **27** Property used 50% or less in a qualified business use: | | | | | | | | |
| | | 0.00% | 0 | 0 | 0.0 | S/L— | 0 | |
| | | 0.00% | 0 | 0 | 0.0 | S/L— | 0 | |
| | | 0.00% | 0 | 0 | 0.0 | S/L— | 0 | |
| **28** Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1. | | | | | | **28** | 0 | |
| **29** Add amounts in column (i), line 26. Enter here and on line 7, page 1. | | | | | | | **29** | 0 |

### Section B - Information on Use of Vehicles

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | | (a) Vehicle 1 | (b) Vehicle 2 | (c) Vehicle 3 | (d) Vehicle 4 | (e) Vehicle 5 | (f) Vehicle 6 |
|---|---|---|---|---|---|---|---|
| **30** | Total business/investment miles driven during the year (**don't** include commuting miles) | 0 | 0 | 0 | 0 | 0 | 0 |
| **31** | Total commuting miles driven during the year | 0 | 0 | 0 | 0 | 0 | 0 |
| **32** | Total other personal (noncommuting) miles driven | 0 | 0 | 0 | 0 | 0 | 0 |
| **33** | Total miles driven during the year. Add lines 30 through 32 | 0 | 0 | 0 | 0 | 0 | 0 |
| **34** | Was the vehicle available for personal use during off-duty hours? | Yes ☐ No ☐ | Yes ☐ No ☐ | Yes ☐ No ☐ | Yes ☐ No ☐ | Yes ☐ No ☐ | Yes ☐ No ☐ |
| **35** | Was the vehicle used by a more than 5% owner or related person? | | | | | | |
| **36** | Is another vehicle available for personal use? | | | | | | |

### Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **aren't** more than 5% owners or related persons. See instructions.

| | | Yes | No |
|---|---|---|---|
| **37** | Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | |
| **38** | Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners | | |
| **39** | Do you treat all use of vehicles by employees as personal use? | | |
| **40** | Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? | | |
| **41** | Do you meet the requirements concerning qualified automobile demonstration use? See instructions. | | |

**Note:** If your answer to 37, 38, 39, 40, or 41 is "Yes," don't complete Section B for the covered vehicles.

## Part VI — Amortization

| (a) Description of costs | (b) Date amortization begins | (c) Amortizable amount | (d) Code section | (e) Amortization period or percentage | (f) Amortization for this year |
|---|---|---|---|---|---|
| **42** Amortization of costs that begins during your 2023 tax year (see instructions): | | | | | |
| CAPITALIZED R&D - FR | 06 30 2023 | 1,499,954 | 174 | 15 YRS | 49,998 |
| CAPITALIZED R&D - DM | 06 30 2023 | 13,499,588 | 174 | 5 YRS | 1,349,959 |
| **43** Amortization of costs that began before your 2023 tax year | | | | **43** | 4,485,835 |
| **44 Total.** Add amounts in column (f). See the instructions for where to report | | | | **44** | 5,885,792 |

| Form **8916-A** | **Supplemental Attachment to Schedule M-3** | OMB No. 1545-0123 |
|---|---|---|

(Rev. November 2019)

▶ **Attach to Schedule M-3 for Form 1065, 1120, 1120-L, 1120-PC, or 1120S.**
▶ **Go to www.irs.gov/Form1120 for the latest information.**

Department of the Treasury
Internal Revenue Service

| Name of common parent | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |
| Name of subsidiary | Employer identification number |

| Part I | Cost of Goods Sold |
|---|---|

| | Cost of Goods Sold Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|---|
| 1 | Amounts attributable to cost flow assumptions . . . . | 0 | 0 | 0 | 0 |
| 2 | Amounts attributable to: | | | | |
| a | Stock option expense . . . . . . . . . | 0 | 0 | 0 | 0 |
| b | Other equity-based compensation . . . | 0 | 0 | 0 | 0 |
| c | Meals and entertainment . . . . . . | 0 | 0 | 0 | 0 |
| d | Parachute payments . . . . . . . . | 0 | 0 | 0 | 0 |
| e | Compensation with section 162(m) limitation | 0 | 0 | 0 | 0 |
| f | Pension and profit sharing . . . . . . | 0 | 0 | 0 | 0 |
| g | Other post-retirement benefits . . . . | 0 | 0 | 0 | 0 |
| h | Deferred compensation . . . . . . . | 0 | 0 | 0 | 0 |
| i | Reserved | | | | |
| j | Amortization . . . . . . . . . . | 0 | 0 | 0 | 0 |
| k | Depletion . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| l | Depreciation . . . . . . . . . . | 0 | 0 | 0 | 0 |
| m | Corporate-owned life insurance premiums | 0 | 0 | 0 | 0 |
| n | Other section 263A costs . . . . . . | 0 | 0 | 0 | 0 |
| 3 | Inventory shrinkage accruals . . . . . | 0 | 0 | 0 | 0 |
| 4 | Excess inventory and obsolescence reserves | 0 | 0 | 0 | 0 |
| 5 | Lower of cost or market write-downs . . . | 0 | 0 | 0 | 0 |
| 6 | Other items with differences (attach statement) | 0 | 0 | 0 | 0 |
| 7 | Other items with no differences . . . . | 0 | | | 0 |
| 8 | **Total cost of goods sold.** Add lines 1 through 7 in columns a, b, c, and d. Enter totals on the applicable Schedule M-3. See instructions . . . . . | 0 | 0 | 0 | 0 |

**For Paperwork Reduction Act Notice, see instructions.**

ERF

Form **8916-A** (Rev. 11-2019)

F3.00.01    US8916A1

Form 8916- A (Rev. 11- 2019)                                                                                             Page **2**

**Part II    Interest Income**

| | Interest Income Item | (a) Income (Loss) per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Income (Loss) per Tax Return |
|---|---|---|---|---|---|
| 1 | Tax- exempt interest income | 0 | 0 | 0 | |
| 2 | Interest income from hybrid securities | 0 | 0 | 0 | 0 |
| 3 | Sale/lease interest income | 0 | 0 | 0 | 0 |
| 4a | Intercompany interest income -  From outside tax affiliated group | 0 | 0 | 0 | 0 |
| 4b | Intercompany interest income -  From tax affiliated group | 0 | 0 | 0 | 0 |
| 5 | Other interest income | 808,800 | 0 | 0 | 808,800 |
| 6 | Total interest income.  Add lines 1 through 5 in columns a, b, c, and d. Enter total on the applicable Schedule M- 3. See instructions. | 808,800 | 0 | 0 | 808,800 |

**Part III    Interest Expense**

| | Interest Expense Item | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|---|
| 1 | Interest expense from hybrid securities | 0 | 0 | 0 | 0 |
| 2 | Lease/purchase interest expense | 0 | 0 | 0 | 0 |
| 3a | Intercompany interest expense -  Paid to outside tax affiliated group | 0 | 0 | 0 | 0 |
| 3b | Intercompany interest expense -  Paid to tax affiliated group | 0 | 0 | 0 | 0 |
| 4 | Other interest expense | 141,638 | 667,162 | 0 | 808,800 |
| 5 | Total interest expense. Add lines 1 through 4 in columns a, b, c, and d. Enter total on the applicable Schedule M- 3. See instructions. | 141,638 | 667,162 | 0 | 808,800 |

Form **8916- A** (Rev. 11- 2019)

Form **8916-A**

(Rev. November 2019)

Department of the Treasury
Internal Revenue Service

## Supplemental Attachment to Schedule M-3

▶ **Attach to Schedule M-3 for Form 1065, 1120, 1120-L, 1120-PC, or 1120S.**
▶ **Go to www.irs.gov/Form1120 for the latest information.**

OMB No. 1545-0123

| Name of common parent | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |
| Name of subsidiary | Employer identification number |

**Part I**  Cost of Goods Sold

| | Cost of Goods Sold Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|---|
| **1** | Amounts attributable to cost flow assumptions . . . . | 0 | 0 | 0 | 0 |
| **2** | Amounts attributable to: | | | | |
| **a** | Stock option expense . . . . . . . . . | 0 | 0 | 0 | 0 |
| **b** | Other equity-based compensation . . . . | 0 | 0 | 0 | 0 |
| **c** | Meals and entertainment . . . . . . . | 0 | 0 | 0 | 0 |
| **d** | Parachute payments . . . . . . . . . | 0 | 0 | 0 | 0 |
| **e** | Compensation with section 162(m) limitation | 0 | 0 | 0 | 0 |
| **f** | Pension and profit sharing . . . . . . . | 0 | 0 | 0 | 0 |
| **g** | Other post-retirement benefits . . . . . | 0 | 0 | 0 | 0 |
| **h** | Deferred compensation . . . . . . . . | 0 | 0 | 0 | 0 |
| **i** | Reserved | | | | |
| **j** | Amortization . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| **k** | Depletion . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| **l** | Depreciation . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| **m** | Corporate-owned life insurance premiums . | 0 | 0 | 0 | 0 |
| **n** | Other section 263A costs . . . . . . . | 0 | 0 | 0 | 0 |
| **3** | Inventory shrinkage accruals . . . . . . | 0 | 0 | 0 | 0 |
| **4** | Excess inventory and obsolescence reserves | 0 | 0 | 0 | 0 |
| **5** | Lower of cost or market write-downs . . . . | 0 | 0 | 0 | 0 |
| **6** | Other items with differences (attach statement) . . | 0 | 0 | 0 | 0 |
| **7** | Other items with no differences . . . . . | 0 | | | 0 |
| **8** | **Total cost of goods sold.**  Add lines 1 through 7 in columns a, b, c, and d. Enter totals on the applicable Schedule M-3. See instructions . . . . | 0 | 0 | 0 | 0 |

For Paperwork Reduction Act Notice, see instructions.

ERF

Form **8916-A**  (Rev. 11-2019)

F3.00.01   US8916A1

Form 8916- A (Rev. 11- 2019)                                                                                                   Page **2**

## Part II   Interest Income

| | Interest Income Item | (a) Income (Loss) per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Income (Loss) per Tax Return |
|---|---|---|---|---|---|
| **1** | Tax- exempt interest income | 0 | 0 | 0 | |
| **2** | Interest income from hybrid securities | 0 | 0 | 0 | 0 |
| **3** | Sale/lease interest income | 0 | 0 | 0 | 0 |
| **4a** | Intercompany interest income - From outside tax affiliated group | 0 | 0 | 0 | 0 |
| **4b** | Intercompany interest income - From tax affiliated group | 0 | 0 | 0 | 0 |
| **5** | Other interest income | 0 | 0 | 0 | 0 |
| **6** | Total interest income. Add lines 1 through 5 in columns a, b, c, and d. Enter total on the applicable Schedule M- 3. See instructions. | 0 | 0 | 0 | 0 |

## Part III   Interest Expense

| | Interest Expense Item | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|---|
| **1** | Interest expense from hybrid securities | 0 | 0 | 0 | 0 |
| **2** | Lease/purchase interest expense | 0 | 0 | 0 | 0 |
| **3a** | Intercompany interest expense - Paid to outside tax affiliated group | 0 | 0 | 0 | 0 |
| **3b** | Intercompany interest expense - Paid to tax affiliated group | 0 | 0 | 0 | 0 |
| **4** | Other interest expense | 0 | 0 | 0 | 0 |
| **5** | Total interest expense. Add lines 1 through 4 in columns a, b, c, and d. Enter total on the applicable Schedule M- 3. See instructions. | 0 | 0 | 0 | 0 |

Form **8916- A** (Rev. 11- 2019)

F3.00.01      US8916A2

Form **8916-A**

(Rev. November 2019)

Department of the Treasury
Internal Revenue Service

## Supplemental Attachment to Schedule M-3

▶ **Attach to Schedule M-3 for Form 1065, 1120, 1120-L, 1120-PC, or 1120S.**

▶ **Go to www.irs.gov/Form1120 for the latest information.**

OMB No. 1545-0123

| Name of common parent | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |
| Name of subsidiary | Employer identification number |
| VIRIDOS, INC. | 14-1923940 |

**Part I**    Cost of Goods Sold

| Cost of Goods Sold Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|
| **1** Amounts attributable to cost flow assumptions . . . . | 0 | 0 | 0 | 0 |
| **2** Amounts attributable to: | | | | |
| **a** Stock option expense . . . . . . . . . . | 0 | 0 | 0 | 0 |
| **b** Other equity-based compensation . . . . . . | 0 | 0 | 0 | 0 |
| **c** Meals and entertainment . . . . . . . . . | 0 | 0 | 0 | 0 |
| **d** Parachute payments . . . . . . . . . . | 0 | 0 | 0 | 0 |
| **e** Compensation with section 162(m) limitation . . | 0 | 0 | 0 | 0 |
| **f** Pension and profit sharing . . . . . . . . | 0 | 0 | 0 | 0 |
| **g** Other post-retirement benefits . . . . . . . | 0 | 0 | 0 | 0 |
| **h** Deferred compensation . . . . . . . . . | 0 | 0 | 0 | 0 |
| **i** Reserved | | | | |
| **j** Amortization . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| **k** Depletion . . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| **l** Depreciation . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| **m** Corporate-owned life insurance premiums . . . | 0 | 0 | 0 | 0 |
| **n** Other section 263A costs . . . . . . . . | 0 | 0 | 0 | 0 |
| **3** Inventory shrinkage accruals . . . . . . . . | 0 | 0 | 0 | 0 |
| **4** Excess inventory and obsolescence reserves . . | 0 | 0 | 0 | 0 |
| **5** Lower of cost or market write-downs . . . . . | 0 | 0 | 0 | 0 |
| **6** Other items with differences (attach statement) . . | 0 | 0 | 0 | 0 |
| **7** Other items with no differences . . . . . . . | 0 | | | 0 |
| **8** **Total cost of goods sold.** Add lines 1 through 7 in columns a, b, c, and d. Enter totals on the applicable Schedule M-3. See instructions . . . . . | 0 | 0 | 0 | 0 |

**For Paperwork Reduction Act Notice, see instructions.**

**ERF**

Form **8916-A** (Rev. 11-2019)

F3.00.01    US8916A1

Form 8916- A (Rev. 11- 2019)      Page **2**

**Part II   Interest Income**

| | Interest Income Item | (a) Income (Loss) per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Income (Loss) per Tax Return |
|---|---|---|---|---|---|
| 1 | Tax- exempt interest income | 0 | 0 | 0 | |
| 2 | Interest income from hybrid securities | 0 | 0 | 0 | 0 |
| 3 | Sale/lease interest income | 0 | 0 | 0 | 0 |
| 4a | Intercompany interest income -  From outside tax affiliated group | 0 | 0 | 0 | 0 |
| 4b | Intercompany interest income -  From tax affiliated group | 0 | 0 | 0 | 0 |
| 5 | Other interest income | 808,800 | 0 | 0 | 808,800 |
| 6 | Total interest income.  Add lines 1 through 5 in columns a, b, c, and d. Enter total on the applicable Schedule M- 3. See instructions. | 808,800 | 0 | 0 | 808,800 |

**Part III   Interest Expense**

| | Interest Expense Item | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|---|
| 1 | Interest expense from hybrid securities | 0 | 0 | 0 | 0 |
| 2 | Lease/purchase interest expense | 0 | 0 | 0 | 0 |
| 3a | Intercompany interest expense -  Paid to outside tax affiliated group | 0 | 0 | 0 | 0 |
| 3b | Intercompany interest expense -  Paid to tax affiliated group | 0 | 0 | 0 | 0 |
| 4 | Other interest expense | 141,638 | 667,162 | 0 | 808,800 |
| 5 | Total interest expense. Add lines 1 through 4 in columns a, b, c, and d. Enter total on the applicable Schedule M- 3. See instructions. | 141,638 | 667,162 | 0 | 808,800 |

Form **8916- A** (Rev. 11- 2019)

Form **8916-A**

(Rev. November 2019)

Department of the Treasury
Internal Revenue Service

## Supplemental Attachment to Schedule M-3

▶ **Attach to Schedule M-3 for Form 1065, 1120, 1120-L, 1120-PC, or 1120S.**

▶ **Go to www.irs.gov/Form1120 for the latest information.**

OMB No. 1545-0123

| Name of common parent | Employer identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |
| Name of subsidiary | Employer identification number |
| SYNTHETIC GENOMICS VACCINES, INC. | 27-3001571 |

**Part I** Cost of Goods Sold

| | Cost of Goods Sold Items | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|---|
| 1 | Amounts attributable to cost flow assumptions . . . . | 0 | 0 | 0 | 0 |
| 2 | Amounts attributable to: | | | | |
| a | Stock option expense . . . . . . . . . . | 0 | 0 | 0 | 0 |
| b | Other equity-based compensation . . . . . | 0 | 0 | 0 | 0 |
| c | Meals and entertainment . . . . . . . . | 0 | 0 | 0 | 0 |
| d | Parachute payments . . . . . . . . . . | 0 | 0 | 0 | 0 |
| e | Compensation with section 162(m) limitation . | 0 | 0 | 0 | 0 |
| f | Pension and profit sharing . . . . . . . | 0 | 0 | 0 | 0 |
| g | Other post-retirement benefits . . . . . . | 0 | 0 | 0 | 0 |
| h | Deferred compensation . . . . . . . . . | 0 | 0 | 0 | 0 |
| i | Reserved | | | | |
| j | Amortization . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| k | Depletion . . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| l | Depreciation . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| m | Corporate-owned life insurance premiums . . | 0 | 0 | 0 | 0 |
| n | Other section 263A costs . . . . . . . . | 0 | 0 | 0 | 0 |
| 3 | Inventory shrinkage accruals . . . . . . . | 0 | 0 | 0 | 0 |
| 4 | Excess inventory and obsolescence reserves . | 0 | 0 | 0 | 0 |
| 5 | Lower of cost or market write-downs . . . . | 0 | 0 | 0 | 0 |
| 6 | Other items with differences (attach statement) . | 0 | 0 | 0 | 0 |
| 7 | Other items with no differences . . . . . . | 0 | | | 0 |
| 8 | **Total cost of goods sold.** Add lines 1 through 7 in columns a, b, c, and d. Enter totals on the applicable Schedule M-3. See instructions . . . . . | 0 | 0 | 0 | 0 |

**For Paperwork Reduction Act Notice, see instructions.**

Form **8916-A** (Rev. 11-2019)

ERF

F3.00.01    US8916A1

Form 8916- A (Rev. 11- 2019)                                                                 Page **2**

**Part II    Interest Income**

| | Interest Income Item | (a) Income (Loss) per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Income (Loss) per Tax Return |
|---|---|---|---|---|---|
| **1** | Tax- exempt interest income | 0 | 0 | 0 | |
| **2** | Interest income from hybrid securities | 0 | 0 | 0 | 0 |
| **3** | Sale/lease interest income | 0 | 0 | 0 | 0 |
| **4a** | Intercompany interest income -  From outside tax affiliated group | 0 | 0 | 0 | 0 |
| **4b** | Intercompany interest income -  From tax affiliated group | 0 | 0 | 0 | 0 |
| **5** | Other interest income | 0 | 0 | 0 | 0 |
| **6** | Total interest income.  Add lines 1 through 5 in columns a, b, c, and d. Enter total on the applicable Schedule M- 3. See instructions. | 0 | 0 | 0 | 0 |

**Part III    Interest Expense**

| | Interest Expense Item | (a) Expense per Income Statement | (b) Temporary Difference | (c) Permanent Difference | (d) Deduction per Tax Return |
|---|---|---|---|---|---|
| **1** | Interest expense from hybrid securities | 0 | 0 | 0 | 0 |
| **2** | Lease/purchase interest expense | 0 | 0 | 0 | 0 |
| **3a** | Intercompany interest expense -  Paid to outside tax affiliated group | 0 | 0 | 0 | 0 |
| **3b** | Intercompany interest expense -  Paid to tax affiliated group | 0 | 0 | 0 | 0 |
| **4** | Other interest expense | 0 | 0 | 0 | 0 |
| **5** | Total interest expense. Add lines 1 through 4 in columns a, b, c, and d. Enter total on the applicable Schedule M- 3. See instructions. | 0 | 0 | 0 | 0 |

Form **8916- A** (Rev. 11- 2019)

F3.00.01      US8916A2

Form **8990**

(Rev. December 2022)

Department of the Treasury
Internal Revenue Service

## Limitation on Business Interest Expense Under Section 163(j)

**Attach to your tax return.**

**Go to www.irs.gov/Form8990 for instructions and the latest information.**

OMB No. 1545-0123

| Taxpayer name(s) shown on tax return | Identification number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

**A** If Form 8990 relates to an information return for a foreign entity (for example, Form 5471), enter:

Name of foreign entity _____

Employer identification number, if any _____

Reference ID number _____

**B** Is the foreign entity a CFC group member? See instructions . . . . . . . . . . . . . . . . ☐ **Yes** ☐ **No**

**C** Is this Form 8990 filed by the specified group parent for an entire CFC group? See instructions . . . . . . . . . . . ☐ **Yes** ☐ **No**

**D** Has a CFC or a CFC group made a safe harbor election? If yes, see instructions for which lines of Form 8990

to complete . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ **Yes** ☒ **No**

### Part I    Computation of Allowable Business Interest Expense

Part I is completed by all taxpayers subject to section 163(j). Schedule A and Schedule B need to be completed before Part I when the taxpayer is a partner or shareholder of a pass-through entity subject to 163(j).

**Section I - Business Interest Expense**

| | | | | | |
|---|---|---|---|---|---|
| **1** | Current year business interest expense (not including floor plan financing interest expense), before the section 163(j) limitation . . . | **1** | 141,638 | | |
| **2** | Disallowed business interest expense carryforwards from prior years. (Does not apply to partnership) . . . . . . . . | **2** | 1,059,497 | | |
| **3** | Partner's excess business interest expense treated as paid or accrued in current year (Schedule A, line 44, column (h)) . . . . . | **3** | 0 | | |
| **4** | Floor plan financing interest expense. See instructions . . . . | **4** | 0 | | |
| **5** | **Total business interest expense.** Add lines 1 through 4 . . . . . . . . . . | | | **5** | 1,201,135 |

**Section II - Adjusted Taxable Income**

**Tentative Taxable Income**

| | | | | |
|---|---|---|---|---|
| **6** | **Tentative taxable income.** See instructions . . . . . . . . . . . . . . . | **6** | -902,264 |

**Additions** (adjustments to be made if amounts are taken into account on line 6)

| | | | | | |
|---|---|---|---|---|---|
| **7** | Any item of loss or deduction that is not properly allocable to a trade or business of the taxpayer. See instructions . . . . . . . | **7** | 141,638 | | |
| **8** | Any business interest expense not from a pass-through entity. See instructions . . . . . . . . . . . . . . . . . . . . . | **8** | 0 | | |
| **9** | Amount of any net operating loss deduction under section 172 . . | **9** | 0 | | |
| **10** | Amount of any qualified business income deduction allowed under section 199A . . . . . . . . . . . . . . . . . | **10** | 0 | | |
| **11** | Reserved for future use . . . . . . . . . . . . . . . . | **11** | | | |
| **12** | Amount of any loss or deduction items from a pass-through entity. See instructions . . . . . . . . . . . . . . . . . | **12** | 0 | | |
| **13** | Other additions. See instructions . . . . . . . . . . . . | **13** | 0 | | |
| **14** | Total current year partner's excess taxable income (Schedule A, line 44, column (f)) . . . . . . . . . . . . . . . . | **14** | 0 | | |
| **15** | Total current year S corporation shareholder's excess taxable income (Schedule B, line 46, column (c)) . . . . . . . . | **15** | 0 | | |
| **16** | **Total.** Add lines 7 through 15 . . . . . . . . . . . . . . . . . . | | | **16** | 141,638 |

**Reductions** (adjustments to be made if amounts are taken into account on line 6)

| | | | | | |
|---|---|---|---|---|---|
| **17** | Any item of income or gain that is not properly allocable to a trade or business of the taxpayer. See instructions . . . . . | **17** | ( 0 ) | | |
| **18** | Any business interest income not from a pass-through entity. See instructions | **18** | ( 808,800 ) | | |
| **19** | Amount of any income or gain items from a pass-through entity. See instructions . . . . . . . . . . . . . . . . . | **19** | ( 0 ) | | |
| **20** | Other reductions. See instructions . . . . . . . . . . . . | **20** | ( 0 ) | | |
| **21** | **Total.** Combine lines 17 through 20 . . . . . . . . . . . . . . | | | **21** | ( 808,800 ) |
| **22** | **Adjusted taxable income.** Combine lines 6, 16, and 21. See instructions . . . . . . . . . . | | | **22** | 0 |

**For Paperwork Reduction Act Notice, see the instructions.**

Form **8990** (Rev. 12-2022)

VIRIDOS, INC. & SUBSIDIARIES

14-1923940

Form 8990 (Rev. 12- 2022)

Page **2**

**Section III - Business Interest Income**

| | | | | | |
|---|---|---|---|---|---|
| 23 | Current year business interest income. See instructions . . . . . | **23** | 808,800 | | |
| 24 | Excess business interest income from pass- through entities (total of | | | | |
| | Schedule A, line 44, column (g); and Schedule B, line 46, column (d)) | **24** | 0 | | |
| 25 | **Total.** Add lines 23 and 24 . . . . . . . . . . . . . . . . . . . . . . | | | **25** | 808,800 |

**Section IV - 163(j) Limitation Calculations**

**Limitation on Business Interest Expense**

| | | | | | |
|---|---|---|---|---|---|
| 26 | Multiply the adjusted taxable income from  line 22 by the applicable percentage. | | | | |
| | See instructions . . . . . . . . . . . . . . . . . . . . | **26** | 0 | | |
| 27 | Business interest income (line 25) . . . . . . . . . . . . . . . . | **27** | 808,800 | | |
| 28 | Floor plan financing interest expense (line 4) . . . . . . . . . . . | **28** | 0 | | |
| 29 | **Total.** Add lines 26, 27, and 28 · · · · · · · · · · · · · · · · · · | | | **29** | 808,800 |

**Allowable Business Interest Expense**

| | | | | |
|---|---|---|---|---|
| 30 | **Total current year business interest expense deduction.**  See instructions · · · · · · · · · · · · · · · · · | **30** | 808,800 |

**Carryforward**

| | | | | |
|---|---|---|---|---|
| 31 | **Disallowed business interest expense.** Subtract line 29 from line 5. (If zero or less, enter - 0- .) · · · · · · · · | **31** | 392,335 |

**Part II    Partnership Pass- Through Items**

Part II is only completed by a partnership that is subject to section 163(j). The partnership items below are allocated to the partners

and are not carried forward by the partnership. See the instructions for more information.

**Excess Business Interest Expense**

| | | | | |
|---|---|---|---|---|
| 32 | **Excess business interest expense.** Enter amount from line 31 · · · · · · · · · · · · · · · · · · · · · | **32** | 0 |

**Excess Taxable Income** (If you entered an amount on line 32, skip lines 33 through 37.)

| | | | | |
|---|---|---|---|---|
| 33 | Subtract the sum of lines 4 and 25 from line 5. (If zero or less, enter - 0- .) . . . . . . . . . . . . . . . . | **33** | 0 |
| 34 | Subtract line 33 from line 26. (If zero or less, enter - 0- .) . . . . . . . . . . . . . . . . . . . . . . | **34** | 0 |
| 35 | Divide line 34 by line 26. Enter the result as a decimal. (If line 26 is zero, enter - 0- .) . . . . . . . . . . . | **35** | 0.000000 |
| 36 | **Excess taxable income.**  Multiply line 35 by line 22 . . . . . . . . . . . . . . . . . . . . . . . . | **36** | 0 |

**Excess Business Interest Income**

| | | | | |
|---|---|---|---|---|
| 37 | **Excess business interest income.** Subtract the sum of lines 1, 2, and 3 from line 25. (If zero or | | |
| | less, enter - 0- .) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **37** | 0 |

**Part III    S Corporation Pass- Through Items**

Part III is only completed by S corporations that are subject to section 163(j). The S corporation items below are allocated to the shareholders.

See the instructions for more information.

**Excess Taxable Income**

| | | | | |
|---|---|---|---|---|
| 38 | Subtract the sum of lines 4 and 25 from line 5. (If zero or less, enter - 0- .) . . . . . . . . . . . . . . . . | **38** | 0 |
| 39 | Subtract line 38 from line 26. (If zero or less, enter - 0- .) . . . . . . . . . . . . . . . . . . . . . . | **39** | 0 |
| 40 | Divide line 39 by line 26. Enter the result as a decimal. (If line 26 is zero, enter - 0- .) . . . . . . . . . . . | **40** | 0.000000 |
| 41 | **Excess taxable income.** Multiply line 40 by line 22 . . . . . . . . . . . . . . . . . . . . . . . . | **41** | 0 |

**Excess Business Interest Income**

| | | | | |
|---|---|---|---|---|
| 42 | **Excess business interest income.** Subtract the sum of lines 1, 2, and 3 from line 25. (If zero or | | |
| | less, enter - 0- .) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **42** | 0 |

Form **8990** (Rev. 12- 2022)

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |

```
*******************************************************
*    1120 - U.S. CORPORATION INCOME TAX RETURN    *
*******************************************************
```

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| TOTAL ASSETS | 23,513,654 | (2,424,546) | 25,938,200 | 18,072,394 | 7,865,806 |
| 1A GROSS RECEIPTS OR SALES. . . . . . . . . . .1A | 0 | 0 | 0 | 0 | 0 |
| B RETURNS & ALLOWANCES . . . . . . . . . . .1B | 0 | 0 | 0 | 0 | 0 |
| C SUBTRACT LINE 1B FROM LINE 1A. . . . . . . .1C | 0 | 0 | 0 | 0 | 0 |
| 2 COST OF GOODS SOLD (FORM 1125-A). . . . . . . .2 | 0 | 0 | 0 | 0 | 0 |
| 3 GROSS PROFIT (LINE 1(C) LESS LINE 2). . . . . .3 | 0 | 0 | 0 | 0 | 0 |
| 4 DIVIDENDS (SCHEDULE C). . . . . . . . . . . .4 | 0 | 0 | 0 | 0 | 0 |
| 5 INTEREST . . . . . . . . . . . . . . . . . .5 | 808,800 | 0 | 808,800 | 808,800 | 0 |
| 6 GROSS RENTS . . . . . . . . . . . . . . . . .6 | 0 | 0 | 0 | 0 | 0 |
| 7 GROSS ROYALTIES . . . . . . . . . . . . . .7 | 7,380 | 0 | 7,380 | 7,380 | 0 |
| 8 CAPITAL GAIN NET INCOME (SCHEDULE D). . . . . .8 | 0 | 0 | 0 | 0 | 0 |
| 9 NET GAIN (LOSS) FROM FORM 4797. . . . . . . .9 | 671 | 0 | 671 | 671 | 0 |
| 10 OTHER INCOME (ATTACH SCHEDULE). . . . . . . 10 | 6,540,105 | 0 | 6,540,105 | 6,540,105 | 0 |
| 11     TOTAL INCOME (LINES 3 THROUGH 10). . . .>11 | 7,356,956 | 0 | 7,356,956 | 7,356,956 | 0 |
| 12 COMPENSATION OF OFFICERS (FORM 1125-E). . . . 12 | 0 | 0 | 0 | 0 | 0 |
| 13 SALARIES AND WAGES. . . . . . . . . . . . . 13 | 658,864 | 0 | 658,864 | 658,864 | 0 |
| 14 REPAIRS . . . . . . . . . . . . . . . . . . 14 | 0 | 0 | 0 | 0 | 0 |
| 15 BAD DEBTS . . . . . . . . . . . . . . . . . 15 | 0 | 0 | 0 | 0 | 0 |
| 16 RENTS . . . . . . . . . . . . . . . . . . . 16 | 2,218,939 | 0 | 2,218,939 | 2,218,939 | 0 |
| 17 TAXES . . . . . . . . . . . . . . . . . . . 17 | 264,841 | 0 | 264,841 | 264,841 | 0 |
| 18 INTEREST. . . . . . . . . . . . . . . . . . 18 | 808,800 | 0 | 808,800 | 808,800 | 0 |
| 19 CONTRIBUTIONS (SEE INSTRUCTIONS). . . . . . . 19 | 0 | 0 | 0 | 0 | 0 |
| 20 DEPRECIATION FROM FORM 4562 NOT CLAIMED ON | | | | | |
|    FORM 1125-A OR ELSEWHERE. . . . . . . . . . 20 | 444,385 | 0 | 444,385 | 444,385 | 0 |
| 21 DEPLETION . . . . . . . . . . . . . . . . . 21 | 0 | 0 | 0 | 0 | 0 |
| 22 ADVERTISING . . . . . . . . . . . . . . . . 22 | 0 | 0 | 0 | 0 | 0 |
| 23 PENSION, PROFIT SHARING, ETC. PLANS . . . . . 23 | 22,667 | 0 | 22,667 | 22,667 | 0 |
| 24 EMPLOYEE BENEFIT PROGRAMS . . . . . . . . . . 24 | 32,984 | 0 | 32,984 | 32,984 | 0 |
| 25 ENERGY EFFICIENT COMMERCIAL BUILDINGS DED . . 25 | 0 | 0 | 0 | 0 | 0 |
| 26 OTHER DEDUCTIONS. . . . . . . . . . . . . . 26 | 4,433,329 | 0 | 4,433,329 | 4,433,329 | 0 |
| 27 TOTAL DEDUCTIONS (LINES 12 THROUGH 26). . . . 27 | 8,884,809 | 0 | 8,884,809 | 8,884,809 | 0 |
| 28 TAXABLE INCOME BEFORE NOL & SPECIAL DEDUCT. . 28 | (1,527,853) | 0 | (1,527,853) | (1,527,853) | 0 |
| 29 LESS: A. NET OPERATING LOSS DEDUCTION . . . .29A | 0 | 0 | 0 | 0 | 0 |
|        B. SPECIAL DEDUCTIONS (SCHEDULE C). . .29B | 0 | 0 | 0 | 0 | 0 |
|        C. TOTAL. . . . . . . . . . . . . . .29C | 0 | 0 | 0 | 0 | 0 |
| 30 TAXABLE INCOME (LINE 28 LESS 29C) . . . . . . 30 | (1,527,853) | 0 | (1,527,853) | (1,527,853) | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |

```
**********************************************************
*   SCHEDULE C - DIVIDENDS AND SPECIAL DEDUCTIONS   *
**********************************************************
```

COLUMN A:

| | | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|---|
| 1 | LESS-THAN-20% OWNED DOMESTIC CORPS AT 50% | 0 | 0 | 0 | 0 | 0 |
| 2 | 20%-OR-MORE-OWNED DOMESTIC CORPS AT 65% | 0 | 0 | 0 | 0 | 0 |
| 3 | DEBT-FINANCED STOCK OF DOMESTIC CORPORATIONS | 0 | 0 | 0 | 0 | 0 |
| 4 | CERTAIN PREFD. STOCK OF PUBLIC UTIL. AT 23.3% | 0 | 0 | 0 | 0 | 0 |
| 5 | CERTAIN PREFD. STOCK OF PUBLIC UTIL. AT 26.7% | 0 | 0 | 0 | 0 | 0 |
| 6 | LESS-THAN-20%-OWNED FOREIGN CORPORATIONS AT 50% | 0 | 0 | 0 | 0 | 0 |
| 7 | 20%-OR-MORE-OWNED FOREIGN CORPORATIONS AT 65% | 0 | 0 | 0 | 0 | 0 |
| 8 | WHOLLY-OWNED FOREIGN SUBSIDIARIES - 100%  245(B) | 0 | 0 | 0 | 0 | 0 |
| 9 | SUBTOTAL - ADD LINES 1 THROUGH 8 | 0 | 0 | 0 | 0 | 0 |
| 10 | DOMES. CORPS RECEIVED BY SMALL BUS. INVESTMENT | 0 | 0 | 0 | 0 | 0 |
| 11 | DIVIDENDS FROM AFFIL GROUP MEMBERS | 0 | 0 | 0 | 0 | 0 |
| 12 | DIV FROM CERTAIN FSCS | 0 | 0 | 0 | 0 | 0 |
| 13 | FRGN PORTION OF DIV FROM SPECIFIED 10% FRGN CORP | 0 | 0 | 0 | 0 | 0 |
| 14 | OTHER DIVIDENDS FROM FOREIGN CORPORATIONS | 0 | 0 | 0 | 0 | 0 |
| 16A | INCOME FROM CONTROLLED FRGN CORPS SUB-PART F | 0 | 0 | 0 | 0 | 0 |
| B | SUBPART F INCL FROM HYBRID DIV OF TIERED CORP | 0 | 0 | 0 | 0 | 0 |
| C | OTHER INCLUSIONS FROM CFCS UNDER SUBPART F | 0 | 0 | 0 | 0 | 0 |
| 17 | GLOBAL INTANGIBLE LOW-TAXED INCOME | 0 | 0 | 0 | 0 | 0 |
| 18 | GROSS-UP FOR FRGN TAXES DEEMED PAID | 0 | 0 | 0 | 0 | 0 |
| 19 | IC-DISC OR FORMER DISC DIVIDENDS (SEC 246(D)) | 0 | 0 | 0 | 0 | 0 |
| 20 | OTHER DIVIDENDS | 0 | 0 | 0 | 0 | 0 |
| 23 | TOTAL DIVIDENDS & INCLUSIONS. ADD LNS 9 THRU 20 | 0 | 0 | 0 | 0 | 0 |

COLUMN C:

| | | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|---|
| 1 | LESS-THAN-20%-OWNED DOMESTIC CORPORATIONS X 50% | 0 | 0 | 0 | 0 | 0 |
| 2 | 20%-OR-MORE-OWNED DOMESTIC CORPORATIONS X 65% | 0 | 0 | 0 | 0 | 0 |
| 3 | DEBT-FINANCED STOCK OF DOMESTIC CORPORATIONS | 0 | 0 | 0 | 0 | 0 |
| 4 | PREFERRED STOCK OF PUBLIC UTILITIES X 23.3% | 0 | 0 | 0 | 0 | 0 |
| 5 | PREFERRED STOCK OF PUBLIC UTILITIES X 26.7% | 0 | 0 | 0 | 0 | 0 |
| 6 | LESS-THAN-20%-OWNED FOREIGN CORPORATIONS X 50% | 0 | 0 | 0 | 0 | 0 |
| 7 | 20%-OR-MORE-OWNED FOREIGN CORPORATIONS X 65% | 0 | 0 | 0 | 0 | 0 |
| 8 | WHOLLY-OWNED FOREIGN SUBSIDIARIES - 100%  245(B) | 0 | 0 | 0 | 0 | 0 |
| 9 | SUBTOTAL - ADD LINES 1 THROUGH 8 | 0 | 0 | 0 | 0 | 0 |
| 10 | DOMES. CORPS RECEIVED BY SMALL BUS. INVESTMENT | 0 | 0 | 0 | 0 | 0 |
| 11 | DIVIDENDS FROM AFFIL GROUP MEMBERS | 0 | 0 | 0 | 0 | 0 |
| 12 | DIV FROM CERTAIN FSCS | 0 | 0 | 0 | 0 | 0 |
| 13 | FRGN PORTION OF DIV FROM SPECIFIED 10% FRGN CORP | 0 | 0 | 0 | 0 | 0 |
| 16A | INCOME FROM CONTROLLED FRGN CORPS SUB-PART F | 0 | 0 | 0 | 0 | 0 |
| 21 | DEDUCTION FOR CERTAIN PFD STOCK OF PUB UTILITY | 0 | 0 | 0 | 0 | 0 |
| 22 | SECTION 250 DEDUCTION | 0 | 0 | 0 | 0 | 0 |
| 24 | TOTAL SPECIAL DEDUCTIONS - ENTER ON LINE 29 (B) | 0 | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT<br>14-1923940 | ELIMS | Subtotal | SGI<br>14-1923940 |
|---|---|---|---|---|

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**\* SCHEDULE L – BALANCE SHEET, BEGINNING OF YEAR \***
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | SYNT | ELIMS | Subtotal | SGI |
|---|---|---|---|---|
| ASSETS | | | | |
| 1 CASH. . . . . . . . . . . . . . . | 4,389,042 | 0 | 4,389,042 | 4,316,244 |
| 2 (A) TRADE NOTES AND ACCOUNTS RECEIVABLE . . . . . | 758,633 | 0 | 758,633 | 758,633 |
| (B) LESS ALLOWANCE FOR BAD DEBTS . . . . . . . . | 0 | 0 | 0 | 0 |
| NET TRADE RECEIVABLES. . . . . . . . . . . | 758,633 | 0 | 758,633 | 758,633 |
| 3 INVENTORIES . . . . . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| 4 U.S. GOVERNMENT OBLIGATIONS . . . . . . . . . . | 0 | 0 | 0 | 0 |
| 5 TAX-EXEMPT SECURITIES (SEE INSTRUCTIONS) . . . . | 0 | 0 | 0 | 0 |
| 6 OTHER CURRENT ASSETS (ATTACH SCHEDULE) . . . . . | 889,261 | 0 | 889,261 | 889,261 |
| 7 LOANS TO STOCKHOLDERS . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| 8 MORTGAGE & REAL ESTATE LOANS. . . . . . . . . . | 0 | 0 | 0 | 0 |
| 9 OTHER INVESTMENTS (ATTACH SCHEDULE) . . . . . . | 4,563,186 | (2,373,770) | 6,936,956 | 6,936,956 |
| 10 (A) BUILDINGS AND OTHER DEPRECIABLE ASSETS. . . . | 24,907,382 | 0 | 24,907,382 | 24,907,382 |
| (B) LESS ACCUMULATED DEPRECIATION. . . . . . . . | 20,777,037 | 0 | 20,777,037 | 20,909,780 |
| NET DEPRECIABLE ASSETS . . . . . . . . . . | 4,130,345 | 0 | 4,130,345 | 3,997,602 |
| 11 (A) DEPLETABLE ASSETS. . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| (B) LESS ACCUMULATED DEPLETION . . . . . . . . | 0 | 0 | 0 | 0 |
| NET DEPLETABLE ASSETS. . . . . . . . . . | 0 | 0 | 0 | 0 |
| 12 LAND (NET OF ANY AMORTIZATION). . . . . . . . . | 0 | 0 | 0 | 0 |
| 13 (A) INTANGIBLE ASSETS (AMORTIZABLE ONLY) . . . . . | 0 | (35,000) | 35,000 | 0 |
| (B) LESS ACCUMULATED AMORTIZATION. . . . . . . . | 0 | 0 | 0 | 0 |
| NET INTANGIBLE ASSETS. . . . . . . . . . . | 0 | (35,000) | 35,000 | 0 |
| 14 OTHER ASSETS (ATTACH SCHEDULE) . . . . . . . . | 3,025,477 | (15,775) | 3,041,252 | (4,583,829) |
| 15 TOTAL ASSETS. . . . . . . . . . . . . . . . | 17,755,944 | (2,424,545) | 20,180,489 | 12,314,867 |
| LIABILITIES AND STOCKHOLDERS' EQUITY | | | | |
| 16 ACCOUNTS PAYABLE. . . . . . . . . . . . . . | 545,751 | 0 | 545,751 | 545,751 |
| 17 MORTGAGES, NOTES, BONDS PAYABLE UNDER 1 YEAR. . . | 12,550,000 | 0 | 12,550,000 | 12,550,000 |
| 18 OTHER CURRENT LIABILITIES (ATTACH SCHEDULE) . . . | 12,839,355 | 0 | 12,839,355 | 12,839,354 |
| 19 LOANS FROM STOCKHOLDERS . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| 20 MORTGAGES, NOTES, BONDS PAYABLE OVER 1 YEAR . . . | 0 | 0 | 0 | 0 |
| 21 OTHER LIABILITIES (ATTACH SCHEDULE) . . . . . . . | 7,361,336 | 0 | 7,361,336 | 7,361,336 |
| 22 CAPITAL STOCK: A PREFERRED. . . . . . . . . . . | 68,561 | (108) | 68,669 | 68,561 |
| B COMMON . . . . . . . . . . . . . | 45,409 | (1,000) | 46,409 | 45,409 |
| TOTAL CAPITAL STOCK. . . . . . . . . . | 113,970 | (1,108) | 115,078 | 113,970 |
| 23 PAID-IN OR CAPITAL SURPLUS. . . . . . . . . . . | 366,322,397 | (8,094,498) | 374,416,895 | 366,332,657 |
| 24 RETAINED EARNINGS-APPROPRIATED (ATTACH SCHEDULE) . | 0 | 0 | 0 | 0 |
| 25 RETAINED EARNINGS-UNAPPROPRIATED. . . . . . . . | (381,871,865) | 5,671,061 | (387,542,926) | (387,323,201) |
| 26 ADJUSTMENTS TO SHAREHOLDERS' EQUITY (ATTACH SCH). | 0 | 0 | 0 | 0 |
| 27 LESS COST OF TREASURY STOCK . . . . . . . . . . | 105,000 | 0 | 105,000 | 105,000 |
| 28 TOTAL LIABILITIES AND STOCKHOLDERS' EQUITY. . . . | 17,755,944 | (2,424,545) | 20,180,489 | 12,314,867 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

SGVI
27-3001571

```
*****************************************************
*   SCHEDULE L - BALANCE SHEET, BEGINNING OF YEAR   *
*****************************************************
```

ASSETS

| | | |
|---|---|---:|
| 1 | CASH. . . . . . . . . . . . . . . . . . . . . | 72,798 |
| 2 (A) | TRADE NOTES AND ACCOUNTS RECEIVABLE . . . . . . | 0 |
| (B) | LESS ALLOWANCE FOR BAD DEBTS . . . . . . . . . | 0 |
| | NET TRADE RECEIVABLES. . . . . . . . . . . . . | 0 |
| 3 | INVENTORIES . . . . . . . . . . . . . . . . . | 0 |
| 4 | U.S. GOVERNMENT OBLIGATIONS . . . . . . . . . . | 0 |
| 5 | TAX-EXEMPT SECURITIES (SEE INSTRUCTIONS). . . . . | 0 |
| 6 | OTHER CURRENT ASSETS (ATTACH SCHEDULE). . . . . . | 0 |
| 7 | LOANS TO STOCKHOLDERS . . . . . . . . . . . . . | 0 |
| 8 | MORTGAGE & REAL ESTATE LOANS. . . . . . . . . . | 0 |
| 9 | OTHER INVESTMENTS (ATTACH SCHEDULE) . . . . . . . | 0 |
| 10 (A) | BUILDINGS AND OTHER DEPRECIABLE ASSETS. . . . . | 0 |
| (B) | LESS ACCUMULATED DEPRECIATION. . . . . . . . . | (132,743) |
| | NET DEPRECIABLE ASSETS . . . . . . . . . . . . | 132,743 |
| 11 (A) | DEPLETABLE ASSETS. . . . . . . . . . . . . . . | 0 |
| (B) | LESS ACCUMULATED DEPLETION . . . . . . . . . . | 0 |
| | NET DEPLETABLE ASSETS. . . . . . . . . . . . . | 0 |
| 12 | LAND (NET OF ANY AMORTIZATION). . . . . . . . . | 0 |
| 13 (A) | INTANGIBLE ASSETS (AMORTIZABLE ONLY). . . . . . | 35,000 |
| (B) | LESS ACCUMULATED AMORTIZATION. . . . . . . . . | 0 |
| | NET INTANGIBLE ASSETS. . . . . . . . . . . . . | 35,000 |
| 14 | OTHER ASSETS (ATTACH SCHEDULE). . . . . . . . . | 7,625,081 |
| 15 | TOTAL ASSETS. . . . . . . . . . . . . . . . . | 7,865,622 |

LIABILITIES AND STOCKHOLDERS' EQUITY

| | | |
|---|---|---:|
| 16 | ACCOUNTS PAYABLE. . . . . . . . . . . . . . . . | 0 |
| 17 | MORTGAGES, NOTES, BONDS PAYABLE UNDER 1 YEAR. . . | 0 |
| 18 | OTHER CURRENT LIABILITIES (ATTACH SCHEDULE) . . . | 1 |
| 19 | LOANS FROM STOCKHOLDERS . . . . . . . . . . . . | 0 |
| 20 | MORTGAGES, NOTES, BONDS PAYABLE OVER 1 YEAR . . . | 0 |
| 21 | OTHER LIABILITIES (ATTACH SCHEDULE) . . . . . . . | 0 |
| 22 | CAPITAL STOCK: A PREFERRED. . . . . . . . . . . | 108 |
| | B COMMON . . . . . . . . . . . | 1,000 |
| | TOTAL CAPITAL STOCK. . . . . . . . . . . . . . | 1,108 |
| 23 | PAID-IN OR CAPITAL SURPLUS. . . . . . . . . . . | 8,084,238 |
| 24 | RETAINED EARNINGS-APPROPRIATED (ATTACH SCHEDULE). | 0 |
| 25 | RETAINED EARNINGS-UNAPPROPRIATED. . . . . . . . | (219,725) |
| 26 | ADJUSTMENTS TO SHAREHOLDERS' EQUITY (ATTACH SCH). | 0 |
| 27 | LESS COST OF TREASURY STOCK . . . . . . . . . . | 0 |
| 28 | TOTAL LIABILITIES AND STOCKHOLDERS' EQUITY. . . . | 7,865,622 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT<br>14-1923940 | ELIMS | Subtotal | SGI<br>14-1923940 |
|---|---|---|---|---|

```
*****************************************************
*      SCHEDULE L - BALANCE SHEET, END OF YEAR      *
*****************************************************
```

| | SYNT | ELIMS | Subtotal | SGI |
|---|---|---|---|---|
| ASSETS | | | | |
| 1 CASH. . . . . . . . . . . . . . . . . . | 14,387,152 | 0 | 14,387,152 | 14,387,152 |
| 2(A) TRADE NOTES AND ACCOUNTS RECEIVABLE . . . . | 30 | 0 | 30 | 30 |
| (B) LESS ALLOWANCE FOR BAD DEBTS . . . . . . . . | 0 | 0 | 0 | 0 |
| NET TRADE RECEIVABLES. . . . . . . . . . . | 30 | 0 | 30 | 30 |
| 3 INVENTORIES . . . . . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| 4 U.S. GOVERNMENT OBLIGATIONS . . . . . . . . . | 0 | 0 | 0 | 0 |
| 5 TAX-EXEMPT SECURITIES (SEE INSTRUCTIONS). . . . | 0 | 0 | 0 | 0 |
| 6 OTHER CURRENT ASSETS (ATTACH SCHEDULE). . . . . | 572,862 | 0 | 572,862 | 572,862 |
| 7 LOANS TO STOCKHOLDERS . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| 8 MORTGAGE & REAL ESTATE LOANS. . . . . . . . . | 0 | 0 | 0 | 0 |
| 9 OTHER INVESTMENTS (ATTACH SCHEDULE) . . . . . . | 2,630,180 | (2,373,511) | 5,003,691 | 5,003,691 |
| 10(A) BUILDINGS AND OTHER DEPRECIABLE ASSETS . . . . | 24,811,457 | 0 | 24,811,457 | 24,842,240 |
| (B) LESS ACCUMULATED DEPRECIATION. . . . . . . | 21,913,360 | 0 | 21,913,360 | 22,076,887 |
| NET DEPRECIABLE ASSETS . . . . . . . . . . | 2,898,097 | 0 | 2,898,097 | 2,765,353 |
| 11(A) DEPLETABLE ASSETS . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| (B) LESS ACCUMULATED DEPLETION . . . . . . . . | 0 | 0 | 0 | 0 |
| NET DEPLETABLE ASSETS. . . . . . . . . . . | 0 | 0 | 0 | 0 |
| 12 LAND (NET OF ANY AMORTIZATION). . . . . . . . . | 0 | 0 | 0 | 0 |
| 13(A) INTANGIBLE ASSETS (AMORTIZABLE ONLY) . . . . . | 0 | (35,000) | 35,000 | 0 |
| (B) LESS ACCUMULATED AMORTIZATION. . . . . . . . | 0 | 0 | 0 | 0 |
| NET INTANGIBLE ASSETS. . . . . . . . . . . | 0 | (35,000) | 35,000 | 0 |
| 14 OTHER ASSETS (ATTACH SCHEDULE) . . . . . . . . | 3,025,333 | (16,035) | 3,041,368 | (4,656,694) |
| 15 TOTAL ASSETS. . . . . . . . . . . . . . . | 23,513,654 | (2,424,546) | 25,938,200 | 18,072,394 |
| LIABILITIES AND STOCKHOLDERS' EQUITY | | | | |
| 16 ACCOUNTS PAYABLE. . . . . . . . . . . . . . | (155,551) | 0 | (155,551) | (155,551) |
| 17 MORTGAGES, NOTES, BONDS PAYABLE UNDER 1 YEAR. . . | 0 | 0 | 0 | 0 |
| 18 OTHER CURRENT LIABILITIES (ATTACH SCHEDULE) . . . | 1,600,951 | 0 | 1,600,951 | 1,600,950 |
| 19 LOANS FROM STOCKHOLDERS . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| 20 MORTGAGES, NOTES, BONDS PAYABLE OVER 1 YEAR . . . | 0 | 0 | 0 | 0 |
| 21 OTHER LIABILITIES (ATTACH SCHEDULE) . . . . . . | 7,457,433 | 0 | 7,457,433 | 7,457,433 |
| 22 CAPITAL STOCK: A PREFERRED. . . . . . . . . . | 519 | (108) | 627 | 519 |
| B COMMON . . . . . . . . . . . . . | 256 | (1,000) | 1,256 | 256 |
| TOTAL CAPITAL STOCK. . . . . . . . . . | 775 | (1,108) | 1,883 | 775 |
| 23 PAID-IN OR CAPITAL SURPLUS. . . . . . . . . . | 407,185,832 | (8,094,499) | 415,280,331 | 407,196,093 |
| 24 RETAINED EARNINGS-APPROPRIATED (ATTACH SCHEDULE). | 0 | 0 | 0 | 0 |
| 25 RETAINED EARNINGS-UNAPPROPRIATED. . . . . . . . | (392,575,786) | 5,671,061 | (398,246,847) | (398,027,306) |
| 26 ADJUSTMENTS TO SHAREHOLDERS' EQUITY (ATTACH SCH). | 0 | 0 | 0 | 0 |
| 27 LESS COST OF TREASURY STOCK . . . . . . . . . | 0 | 0 | 0 | 0 |
| 28 TOTAL LIABILITIES AND STOCKHOLDERS' EQUITY. . . . | 23,513,654 | (2,424,546) | 25,938,200 | 18,072,394 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

SGVI
27-3001571

```
******************************************************
 *    SCHEDULE L - BALANCE SHEET, END OF YEAR    *
******************************************************
```

ASSETS

```
 1 CASH. . . . . . . . . . . . . . . . . . . .                      0
 2(A) TRADE NOTES AND ACCOUNTS RECEIVABLE . . . . .                 0
   (B) LESS ALLOWANCE FOR BAD DEBTS . . . . . . . .                 0
       NET TRADE RECEIVABLES. . . . . . . . . . . .                 0
 3 INVENTORIES . . . . . . . . . . . . . . . . .                    0
 4 U.S. GOVERNMENT OBLIGATIONS . . . . . . . . . .                  0
 5 TAX-EXEMPT SECURITIES (SEE INSTRUCTIONS). . . . .                0
 6 OTHER CURRENT ASSETS (ATTACH SCHEDULE). . . . . .                0
 7 LOANS TO STOCKHOLDERS . . . . . . . . . . . . .                  0
 8 MORTGAGE & REAL ESTATE LOANS. . . . . . . . . .                  0
 9 OTHER INVESTMENTS (ATTACH SCHEDULE) . . . . . . .                0
10(A) BUILDINGS AND OTHER DEPRECIABLE ASSETS . . . .          (30,783)
   (B) LESS ACCUMULATED DEPRECIATION. . . . . . . .          (163,527)
       NET DEPRECIABLE ASSETS . . . . . . . . . . .           132,744
11(A) DEPLETABLE ASSETS  . . . . . . . . . . . . .                  0
   (B) LESS ACCUMULATED DEPLETION . . . . . . . . .                 0
       NET DEPLETABLE ASSETS. . . . . . . . . . . .                 0
12 LAND (NET OF ANY AMORTIZATION). . . . . . . . .                  0
13(A) INTANGIBLE ASSETS (AMORTIZABLE ONLY) . . . . .           35,000
   (B) LESS ACCUMULATED AMORTIZATION. . . . . . . .                 0
       NET INTANGIBLE ASSETS. . . . . . . . . . . .           35,000
14 OTHER ASSETS (ATTACH SCHEDULE). . . . . . . . .         7,698,062
15 TOTAL ASSETS. . . . . . . . . . . . . . . . . .         7,865,806
```

LIABILITIES AND STOCKHOLDERS' EQUITY

```
16 ACCOUNTS PAYABLE. . . . . . . . . . . . . . . .                  0
17 MORTGAGES, NOTES, BONDS PAYABLE UNDER 1 YEAR. . .                0
18 OTHER CURRENT LIABILITIES (ATTACH SCHEDULE) . . .                1
19 LOANS FROM STOCKHOLDERS . . . . . . . . . . . .                  0
20 MORTGAGES, NOTES, BONDS PAYABLE OVER 1 YEAR . . .                0
21 OTHER LIABILITIES (ATTACH SCHEDULE) . . . . . . .                0
22 CAPITAL STOCK: A PREFERRED. . . . . . . . . . .                108
                 B COMMON . . . . . . . . . . . .              1,000
       TOTAL CAPITAL STOCK. . . . . . . . . . . . .            1,108
23 PAID-IN OR CAPITAL SURPLUS. . . . . . . . . . .          8,084,238
24 RETAINED EARNINGS-APPROPRIATED (ATTACH SCHEDULE).                0
25 RETAINED EARNINGS-UNAPPROPRIATED. . . . . . . . .         (219,541)
26 ADJUSTMENTS TO SHAREHOLDERS' EQUITY (ATTACH SCH).                0
27 LESS COST OF TREASURY STOCK . . . . . . . . . .                  0
28 TOTAL LIABILITIES AND STOCKHOLDERS' EQUITY. . . .        7,865,806
```

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

|  | SYNT<br>14-1923940 | ELIMS | Subtotal | SGI<br>14-1923940 |
|---|---|---|---|---|
| | ****************************************************** | | | |
| | * | SCHEDULE M-2 | * | |
| | ****************************************************** | | | |
| 1 BALANCE AT BEGINNING OF YEAR. . . . . . . . . . . | (381,871,865) | 5,671,061 | (387,542,926) | (387,323,201) |
| 2 NET INCOME PER BOOKS. . . . . . . . . . . . . . | (10,704,182) | 0 | (10,704,182) | (10,704,182) |
| 3 OTHER INCREASES . . . . . . . . . . . . . . . . | 261 | 0 | 261 | 77 |
| 4 TOTAL OF LINES 1, 2, AND 3. . . . . . . . . . . | (392,575,786) | 5,671,061 | (398,246,847) | (398,027,306) |
| | | | | |
| 5 DISTRIBUTIONS: A CASH . . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| B STOCK. . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| C PROPERTY . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| | | | | |
| 6 OTHER DECREASES . . . . . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| 7 TOTAL OF LINES 5 AND 6. . . . . . . . . . . . . | 0 | 0 | 0 | 0 |
| 8 BALANCE AT END OF YEAR (LINE 4 LESS LINE 7) . . . | (392,575,786) | 5,671,061 | (398,246,847) | (398,027,306) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

SGVI
27-3001571

```
*****************************************************
*                  SCHEDULE M-2                     *
*****************************************************
```

| | | |
|---|---|---|
| 1 | BALANCE AT BEGINNING OF YEAR. . . . . . . . . . . | (219,725) |
| 2 | NET INCOME PER BOOKS. . . . . . . . . . . . . . . | 0 |
| 3 | OTHER INCREASES . . . . . . . . . . . . . . . . . | 184 |
| 4 | TOTAL OF LINES 1, 2, AND 3. . . . . . . . . . . . | (219,541) |
| 5 | DISTRIBUTIONS: A CASH . . . . . . . . . . . . . . | 0 |
| | B STOCK. . . . . . . . . . . . . | 0 |
| | C PROPERTY . . . . . . . . . . . | 0 |
| 6 | OTHER DECREASES . . . . . . . . . . . . . . . . . | 0 |
| 7 | TOTAL OF LINES 5 AND 6. . . . . . . . . . . . . . | 0 |
| 8 | BALANCE AT END OF YEAR (LINE 4 LESS LINE 7) . . . | (219,541) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT<br>14-1923940 | ELIMS | Subtotal | SGI<br>14-1923940 |
|---|---|---|---|---|

```
*******************************************************
*                  SCHEDULE M-3                       *
*******************************************************
```

PART I  FINANCIAL INFO AND NET INCOME (LOSS) RECON

| | | | | |
|---|---|---|---|---|
| 4A WORLDWIDE CONSOL NET INC IDENTIFIED IN PT 1 LN 1 | (10,704,182) | | | |
| 5A NET INCOME FROM NONINCLUDIBLE FOREIGN ENTITIES | 0 | | | |
| B NET LOSS FROM NONINCLUDIBLE FOREIGN ENTITIES | 0 | | | |
| 6A NET INCOME FROM NONINCLUDIBLE U.S. ENTITIES | 0 | | | |
| B NET LOSS FROM NONINCLUDIBLE U.S. ENTITIES | 0 | | | |
| 7A NET INC(LOSS) OF OTHER INCL FRGN DISREGARDED ENT | 0 | | | |
| B NET INC(LOSS) OF OTHER INCL U.S. DISREGARDED ENT | 0 | | | |
| C NET INC(LOSS) OF OTHER INCLUDIBLE ENTITIES | 0 | | | |
| 8 ADJ TO ELIM TRANS BTWN INCLDBL & NONINCLDBL ENT | 0 | | | |
| 9 ADJ TO RECON INCOME STMT YR TO TAX YR OF TAX RTN | 0 | | | |
| 10A INTERCOMPANY DIV ADJ TO RECONCILE TO LINE 11 | 0 | | | |
| B OTHER STATUTORY ACCOUNTING ADJ TO RECON TO LN 11 | 0 | | | |
| C OTHER ADJ TO RECONCILE TO AMOUNT ON LINE 11 | 0 | | | |
| 11 NET INCOME PER INCOME STMT OF INCLUDIBLE CORPS | (10,704,182) | | | |

| 12 TOTAL ASSETS & LIAB INCLUDED OR REMOVED ON<br>    FOLLOWING LINES: | | | | |
|---|---|---|---|---|
| A INCLUDED ON PART I LINE 4 - TOTAL ASSETS | 18,072,393 | 0 | 0 | 0 |
| A INCLUDED ON PART I LINE 4 - TOTAL LIABILITIES | 8,908,363 | 0 | 0 | 0 |
| B REMOVED ON PART I LINE 5 - TOTAL ASSETS | 0 | 0 | 0 | 0 |
| B REMOVED ON PART I LINE 5 - TOTAL LIABILITIES | 5,531 | 0 | 0 | 0 |
| C REMOVED ON PART I LINE 6 - TOTAL ASSETS | 0 | 0 | 0 | 0 |
| C REMOVED ON PART I LINE 6 - TOTAL LIABILITIES | 0 | 0 | 0 | 0 |
| D INCLUDED ON PART I LINE 7 - TOTAL ASSETS | 0 | 0 | 0 | 0 |
| D INCLUDED ON PART I LINE 7 - TOTAL LIABILITIES | 0 | 0 | 0 | 0 |

PART II RECON OF NET INCOME (LOSS) PER INCOME STMT
        OF INCLUDIBLE CORPS WITH TAXABLE INC PER RTN

COL A - INCOME (LOSS) PER INCOME STATEMENT

| | | | | |
|---|---|---|---|---|
| 1 INCOME (LOSS) FROM EQUITY METHOD FGN CORPS | 0 | 0 | 0 | 0 |
| 2 GROSS FGN DIVIDENDS NOT PREVIOUS TAXED | 0 | 0 | 0 | 0 |
| 5 GROSS FGN DISTRIBUTIONS PREVIOUSLY TAXED | 0 | 0 | 0 | 0 |
| 6 INCOME (LOSS) FROM EQUITY METHOD U.S. CORPS | (239,012) | 0 | (239,012) | (239,012) |
| 7 U.S. DIVIDENDS NOT ELIMINATED IN TAX CONSOL | 0 | 0 | 0 | 0 |
| 8 MINORITY INTEREST FOR INCLUDIBLE CORPS | 0 | 0 | 0 | 0 |
| 9 INCOME (LOSS) FROM U.S. PARTNERSHIPS | 0 | 0 | 0 | 0 |
| 10 INCOME (LOSS) FROM FGN PARTNERSHIPS | 0 | 0 | 0 | 0 |
| 11 INCOME (LOSS) FROM OTHER PASS-THRU ENTITIES | 0 | 0 | 0 | 0 |
| 12 ITEMS RELATING TO REPORTABLE TRANSACTIONS | 0 | 0 | 0 | 0 |
| 13 INTEREST INCOME | 808,800 | 0 | 808,800 | 808,800 |
| 14 TOTAL ACCRUAL TO CASH ADJUSTMENT | 0 | 0 | 0 | 0 |
| 15 HEDGING TRANSACTIONS | 0 | 0 | 0 | 0 |
| 16 MARK-TO-MARKET INCOME (LOSS) | 0 | 0 | 0 | 0 |
| 17 COST OF GOODS SOLD | 0 | 0 | 0 | 0 |
| 18 SALES VERSUS LEASE | 0 | 0 | 0 | 0 |
| 20 UNEARNED/DEFERRED REVENUE | 0 | 0 | 0 | 0 |
| 21 INCOME RECOGNITION FROM LONG-TERM CONTRACTS | 0 | 0 | 0 | 0 |
| 22 ORIGINAL ISSUE DISCOUNT AND OTHER IMPUTED INT | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

SGVI
27-3001571

```
*****************************************************
*                  SCHEDULE M-3                     *
*****************************************************
```

PART I  FINANCIAL INFO AND NET INCOME (LOSS) RECON
 4A WORLDWIDE CONSOL NET INC IDENTIFIED IN PT 1 LN 1
 5A NET INCOME FROM NONINCLUDIBLE FOREIGN ENTITIES
  B NET LOSS FROM NONINCLUDIBLE FOREIGN ENTITIES
 6A NET INCOME FROM NONINCLUDIBLE U.S. ENTITIES
  B NET LOSS FROM NONINCLUDIBLE U.S. ENTITIES
 7A NET INC(LOSS) OF OTHER INCL FRGN DISREGARDED ENT
  B NET INC(LOSS) OF OTHER INCL U.S. DISREGARDED ENT
  C NET INC(LOSS) OF OTHER INCLUDIBLE ENTITIES
 8  ADJ TO ELIM TRANS BTWN INCLDBL & NONINCLDBL ENT
 9  ADJ TO RECON INCOME STMT YR TO TAX YR OF TAX RTN
10A INTERCOMPANY DIV ADJ TO RECONCILE TO LINE 11
  B OTHER STATUTORY ACCOUNTING ADJ TO RECON TO LN 11
  C OTHER ADJ TO RECONCILE TO AMOUNT ON LINE 11
11  NET INCOME PER INCOME STMT OF INCLUDIBLE CORPS

12  TOTAL ASSETS & LIAB INCLUDED OR REMOVED ON
        FOLLOWING LINES:
  A INCLUDED ON PART I LINE 4 - TOTAL ASSETS            0
  A INCLUDED ON PART I LINE 4 - TOTAL LIABILITIES       0
  B REMOVED ON PART I LINE 5 - TOTAL ASSETS             0
  B REMOVED ON PART I LINE 5 - TOTAL LIABILITIES        0
  C REMOVED ON PART I LINE 6 - TOTAL ASSETS             0
  C REMOVED ON PART I LINE 6 - TOTAL LIABILITIES        0
  D INCLUDED ON PART I LINE 7 - TOTAL ASSETS            0
  D INCLUDED ON PART I LINE 7 - TOTAL LIABILITIES       0


PART II RECON OF NET INCOME (LOSS) PER INCOME STMT
       OF INCLUDIBLE CORPS WITH TAXABLE INC PER RTN

COL A - INCOME (LOSS) PER INCOME STATEMENT
 1  INCOME (LOSS) FROM EQUITY METHOD FGN CORPS          0
 2  GROSS FGN DIVIDENDS NOT PREVIOUS TAXED             0
 5  GROSS FGN DISTRIBUTIONS PREVIOUSLY TAXED           0
 6  INCOME (LOSS) FROM EQUITY METHOD U.S. CORPS        0
 7  U.S. DIVIDENDS NOT ELIMINATED IN TAX CONSOL        0
 8  MINORITY INTEREST FOR INCLUDIBLE CORPS             0
 9  INCOME (LOSS) FROM U.S. PARTNERSHIPS               0
10  INCOME (LOSS) FROM FGN PARTNERSHIPS                0
11  INCOME (LOSS) FROM OTHER PASS-THRU ENTITIES        0
12  ITEMS RELATING TO REPORTABLE TRANSACTIONS          0
13  INTEREST INCOME                                    0
14  TOTAL ACCRUAL TO CASH ADJUSTMENT                   0
15  HEDGING TRANSACTIONS                               0
16  MARK-TO-MARKET INCOME (LOSS)                       0
17  COST OF GOODS SOLD                                 0
18  SALES VERSUS LEASE                                 0
20  UNEARNED/DEFERRED REVENUE                          0
21  INCOME RECOGNITION FROM LONG-TERM CONTRACTS        0
22  ORIGINAL ISSUE DISCOUNT AND OTHER IMPUTED INT      0
```

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 |
|---|---|---|---|---|
| 23A INCOME STMT GAIN/LOSS ON SALES OTHER THAN INVENTORY AND FLOW THRU ENTITIES | 671 | 0 | 671 | 671 |
| 25  OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 7,710,381 | 0 | 7,710,381 | 7,710,381 |
| 26  TOTAL INCOME (LOSS) ITEMS.  COMBINE LNS 1 TO 25 | 8,280,840 | 0 | 8,280,840 | 8,280,840 |
| 27  TOTAL EXPENSE/DEDUCTION ITEM FROM PT III, LN 38 | (15,314,668) | 0 | (15,314,668) | (15,314,668) |
| 28  OTHER INC (LOSS) EXP (DED) ITEMS WITH NO DIFF | (3,670,354) | 0 | (3,670,354) | (3,670,354) |
| 29A 1120 SUBGROUP RECON TOTALS. ADD LINES 26 THRU 28 | (10,704,182) | 0 | (10,704,182) | (10,704,182) |
| 30  RECONCILIATION TOTALS.  ADD LINES 29A THRU 29C | (10,704,182) | 0 | (10,704,182) | (10,704,182) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

|  |  | SGVI 27-3001571 |
|---|---|---|
| 23A | INCOME STMT GAIN/LOSS ON SALES OTHER THAN INVENTORY AND FLOW THRU ENTITIES | 0 |
| 25 | OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 0 |
| 26 | TOTAL INCOME (LOSS) ITEMS.  COMBINE LNS 1 TO 25 | 0 |
| 27 | TOTAL EXPENSE/DEDUCTION ITEM FROM PT III, LN 38 | 0 |
| 28 | OTHER INC (LOSS) EXP (DED) ITEMS WITH NO DIFF | 0 |
| 29A | 1120 SUBGROUP RECON TOTALS. ADD LINES 26 THRU 28 | 0 |
| 30 | RECONCILIATION TOTALS.  ADD LINES 29A THRU 29C | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | | SYNT | ELIMS | Subtotal | SGI |
|---|---|---|---|---|---|
| | | 14-1923940 | | | 14-1923940 |
| **COL B - TEMPORARY DIFFERENCE** | | | | | |
| 1 | INCOME (LOSS) FROM EQUITY METHOD FGN CORPS | 0 | 0 | 0 | 0 |
| 2 | GROSS FGN DIVIDENDS NOT PREVIOUS TAXED | 0 | 0 | 0 | 0 |
| 3 | SUBPART F, QEF AND SIMILAR INCOME INCLUSIONS | 0 | 0 | 0 | 0 |
| 4 | GROSS-UP FOR FOREIGN TAXES DEEMED PAID | 0 | 0 | 0 | 0 |
| 5 | GROSS FGN DISTRIBUTIONS PREVIOUSLY TAXED | 0 | 0 | 0 | 0 |
| 6 | INCOME (LOSS) FROM EQUITY METHOD U.S. CORPS | 239,012 | 0 | 239,012 | 239,012 |
| 7 | U.S. DIVIDENDS NOT ELIMINATED IN TAX CONSOL | 0 | 0 | 0 | 0 |
| 8 | MINORITY INTEREST FOR INCLUDIBLE CORPS | 0 | 0 | 0 | 0 |
| 9 | INCOME (LOSS) FROM U.S. PARTNERSHIPS | 0 | 0 | 0 | 0 |
| 10 | INCOME (LOSS) FROM FGN PARTNERSHIPS | 0 | 0 | 0 | 0 |
| 11 | INCOME (LOSS) FROM OTHER PASS-THRU ENTITIES | 0 | 0 | 0 | 0 |
| 12 | ITEMS RELATING TO REPORTABLE TRANSACTIONS | 0 | 0 | 0 | 0 |
| 13 | INTEREST INCOME | 0 | 0 | 0 | 0 |
| 14 | TOTAL ACCRUAL TO CASH ADJUSTMENT | 0 | 0 | 0 | 0 |
| 15 | HEDGING TRANSACTIONS | 0 | 0 | 0 | 0 |
| 16 | MARK-TO-MARKET INCOME (LOSS) | 0 | 0 | 0 | 0 |
| 17 | COST OF GOODS SOLD | 0 | 0 | 0 | 0 |
| 18 | SALES VERSUS LEASE | 0 | 0 | 0 | 0 |
| 19 | SECTION 481(A) ADJUSTMENTS | 0 | 0 | 0 | 0 |
| 20 | UNEARNED/DEFERRED REVENUE | 0 | 0 | 0 | 0 |
| 21 | INCOME RECOGNITION FROM LONG-TERM CONTRACTS | 0 | 0 | 0 | 0 |
| 22 | ORIGINAL ISSUE DISCOUNT AND OTHER IMPUTED INT | 0 | 0 | 0 | 0 |
| 23A | INCOME STMT GAIN/LOSS ON SALES OTHER THAN | | | | |
| | INVENTORY AND FLOW THRU ENTITIES | (671) | 0 | (671) | (671) |
| B | GROSS CAP GAIN FROM SCH D EXCLUDING FLOW THRU | 0 | 0 | 0 | 0 |
| C | GROSS CAP LOSS FROM SCH D EXCLUDING FLOW THRU | 0 | 0 | 0 | 0 |
| D | GAIN/LOSS REPORTED ON FORM 4797 LINE 17, | | | | |
| | EXCL FLOW THRU, ABNDNMT LOSSES & WORTHLESS STK | 671 | 0 | 671 | 671 |
| E | ABANDONMENT LOSSES | 0 | 0 | 0 | 0 |
| F | WORTHLESS STOCK LOSSES | 0 | 0 | 0 | 0 |
| G | OTHER GAIN/LOSS ON DISPOSITION OF ASSETS OTHER | | | | |
| | THAN INVENTORY | 0 | 0 | 0 | 0 |
| 24 | CAPITAL LOSS LIMITATION AND CARRYFORWARD USED | 0 | 0 | 0 | 0 |
| 25 | OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | (1,170,277) | 0 | (1,170,277) | (1,170,277) |
| 26 | TOTAL INCOME (LOSS) ITEMS.  COMBINE LNS 1 TO 25 | (931,265) | 0 | (931,265) | (931,265) |
| 27 | TOTAL EXPENSE/DEDUCTION ITEM FROM PT III, LN 38 | 9,945,123 | 0 | 9,945,123 | 9,945,923 |
| 29A | 1120 SUBGROUP RECON TOTALS. ADD LINES 26 THRU 28 | 9,013,858 | 0 | 9,013,858 | 9,014,658 |
| 30 | RECONCILIATION TOTALS.  ADD LINES 29A THRU 29C | 9,013,858 | 0 | 9,013,858 | 9,014,658 |
| | | | | | |
| **COL C - PERMANENT DIFFERENCE** | | | | | |
| 1 | INCOME (LOSS) FROM EQUITY METHOD FGN CORPS | 0 | 0 | 0 | 0 |
| 2 | GROSS FGN DIVIDENDS NOT PREVIOUS TAXED | 0 | 0 | 0 | 0 |
| 3 | SUBPART F, QEF AND SIMILAR INCOME INCLUSIONS | 0 | 0 | 0 | 0 |
| 4 | GROSS-UP FOR FOREIGN TAXES DEEMED PAID | 0 | 0 | 0 | 0 |
| 5 | GROSS FGN DISTRIBUTIONS PREVIOUSLY TAXED | 0 | 0 | 0 | 0 |
| 6 | INCOME (LOSS) FROM EQUITY METHOD U.S. CORPS | 0 | 0 | 0 | 0 |
| 7 | U.S. DIVIDENDS NOT ELIMINATED IN TAX CONSOL | 0 | 0 | 0 | 0 |
| 8 | MINORITY INTEREST FOR INCLUDIBLE CORPS | 0 | 0 | 0 | 0 |
| 9 | INCOME (LOSS) FROM U.S. PARTNERSHIPS | 0 | 0 | 0 | 0 |
| 10 | INCOME (LOSS) FROM FGN PARTNERSHIPS | 0 | 0 | 0 | 0 |
| 11 | INCOME (LOSS) FROM OTHER PASS-THRU ENTITIES | 0 | 0 | 0 | 0 |
| 12 | ITEMS RELATING TO REPORTABLE TRANSACTIONS | 0 | 0 | 0 | 0 |
| 13 | INTEREST INCOME | 0 | 0 | 0 | 0 |
| 14 | TOTAL ACCRUAL TO CASH ADJUSTMENT | 0 | 0 | 0 | 0 |
| 15 | HEDGING TRANSACTIONS | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

|  |  | SGVI<br>27-3001571 |
|---|---|---|
| **COL B - TEMPORARY DIFFERENCE** | | |
| 1 | INCOME (LOSS) FROM EQUITY METHOD FGN CORPS | 0 |
| 2 | GROSS FGN DIVIDENDS NOT PREVIOUS TAXED | 0 |
| 3 | SUBPART F, QEF AND SIMILAR INCOME INCLUSIONS | 0 |
| 4 | GROSS-UP FOR FOREIGN TAXES DEEMED PAID | 0 |
| 5 | GROSS FGN DISTRIBUTIONS PREVIOUSLY TAXED | 0 |
| 6 | INCOME (LOSS) FROM EQUITY METHOD U.S. CORPS | 0 |
| 7 | U.S. DIVIDENDS NOT ELIMINATED IN TAX CONSOL | 0 |
| 8 | MINORITY INTEREST FOR INCLUDIBLE CORPS | 0 |
| 9 | INCOME (LOSS) FROM U.S. PARTNERSHIPS | 0 |
| 10 | INCOME (LOSS) FROM FGN PARTNERSHIPS | 0 |
| 11 | INCOME (LOSS) FROM OTHER PASS-THRU ENTITIES | 0 |
| 12 | ITEMS RELATING TO REPORTABLE TRANSACTIONS | 0 |
| 13 | INTEREST INCOME | 0 |
| 14 | TOTAL ACCRUAL TO CASH ADJUSTMENT | 0 |
| 15 | HEDGING TRANSACTIONS | 0 |
| 16 | MARK-TO-MARKET INCOME (LOSS) | 0 |
| 17 | COST OF GOODS SOLD | 0 |
| 18 | SALES VERSUS LEASE | 0 |
| 19 | SECTION 481(A) ADJUSTMENTS | 0 |
| 20 | UNEARNED/DEFERRED REVENUE | 0 |
| 21 | INCOME RECOGNITION FROM LONG-TERM CONTRACTS | 0 |
| 22 | ORIGINAL ISSUE DISCOUNT AND OTHER IMPUTED INT | 0 |
| 23A | INCOME STMT GAIN/LOSS ON SALES OTHER THAN<br>      INVENTORY AND FLOW THRU ENTITIES | 0 |
| B | GROSS CAP GAIN FROM SCH D EXCLUDING FLOW THRU | 0 |
| C | GROSS CAP LOSS FROM SCH D EXCLUDING FLOW THRU | 0 |
| D | GAIN/LOSS REPORTED ON FORM 4797 LINE 17,<br>    EXCL FLOW THRU, ABNDNMT LOSSES & WORTHLESS STK | 0 |
| E | ABANDONMENT LOSSES | 0 |
| F | WORTHLESS STOCK LOSSES | 0 |
| G | OTHER GAIN/LOSS ON DISPOSITION OF ASSETS OTHER<br>    THAN INVENTORY | 0 |
| 24 | CAPITAL LOSS LIMITATION AND CARRYFORWARD USED | 0 |
| 25 | OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 0 |
| 26 | TOTAL INCOME (LOSS) ITEMS.  COMBINE LNS 1 TO 25 | 0 |
| 27 | TOTAL EXPENSE/DEDUCTION ITEM FROM PT III, LN 38 | (800) |
| 29A | 1120 SUBGROUP RECON TOTALS. ADD LINES 26 THRU 28 | (800) |
| 30 | RECONCILIATION TOTALS.  ADD LINES 29A THRU 29C | (800) |
| | | |
| **COL C - PERMANENT DIFFERENCE** | | |
| 1 | INCOME (LOSS) FROM EQUITY METHOD FGN CORPS | 0 |
| 2 | GROSS FGN DIVIDENDS NOT PREVIOUS TAXED | 0 |
| 3 | SUBPART F, QEF AND SIMILAR INCOME INCLUSIONS | 0 |
| 4 | GROSS-UP FOR FOREIGN TAXES DEEMED PAID | 0 |
| 5 | GROSS FGN DISTRIBUTIONS PREVIOUSLY TAXED | 0 |
| 6 | INCOME (LOSS) FROM EQUITY METHOD U.S. CORPS | 0 |
| 7 | U.S. DIVIDENDS NOT ELIMINATED IN TAX CONSOL | 0 |
| 8 | MINORITY INTEREST FOR INCLUDIBLE CORPS | 0 |
| 9 | INCOME (LOSS) FROM U.S. PARTNERSHIPS | 0 |
| 10 | INCOME (LOSS) FROM FGN PARTNERSHIPS | 0 |
| 11 | INCOME (LOSS) FROM OTHER PASS-THRU ENTITIES | 0 |
| 12 | ITEMS RELATING TO REPORTABLE TRANSACTIONS | 0 |
| 13 | INTEREST INCOME | 0 |
| 14 | TOTAL ACCRUAL TO CASH ADJUSTMENT | 0 |
| 15 | HEDGING TRANSACTIONS | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 |
|---|---|---|---|---|---|
| 16 | MARK-TO-MARKET INCOME (LOSS) | 0 | 0 | 0 | 0 |
| 17 | COST OF GOODS SOLD | 0 | 0 | 0 | 0 |
| 18 | SALES VERSUS LEASE | 0 | 0 | 0 | 0 |
| 19 | SECTION 481(A) ADJUSTMENTS | 0 | 0 | 0 | 0 |
| 20 | UNEARNED/DEFERRED REVENUE | 0 | 0 | 0 | 0 |
| 21 | INCOME RECOGNITION FROM LONG-TERM CONTRACTS | 0 | 0 | 0 | 0 |
| 22 | ORIGINAL ISSUE DISCOUNT AND OTHER IMPUTED INT | 0 | 0 | 0 | 0 |
| 23A | INCOME STMT GAIN/LOSS ON SALES OTHER THAN | | | | |
| | INVENTORY AND FLOW THRU ENTITIES | 0 | 0 | 0 | 0 |
| B | GROSS CAP GAIN FROM SCH D EXCLUDING FLOW THRU | 0 | 0 | 0 | 0 |
| C | GROSS CAP LOSS FROM SCH D EXCLUDING FLOW THRU | 0 | 0 | 0 | 0 |
| D | GAIN/LOSS REPORTED ON FORM 4797, LINE 17 | | | | |
| | EXCL FLOW THRU, ABNDNMT LOSSES & WORTHLESS STK | 0 | 0 | 0 | 0 |
| E | ABANDONMENT LOSSES | 0 | 0 | 0 | 0 |
| F | WORTHLESS STOCK LOSSES | 0 | 0 | 0 | 0 |
| G | OTHER GAIN/LOSS ON DISPOSITION OF ASSETS OTHER | | | | |
| | THAN INVENTORY | 0 | 0 | 0 | 0 |
| 24 | CAPITAL LOSS LIMITATION AND CARRYFORWARD USED | 0 | 0 | 0 | 0 |
| 25 | OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 0 | 0 | 0 | 0 |
| 26 | TOTAL INCOME (LOSS) ITEMS.  COMBINE LNS 1 TO 25 | 0 | 0 | 0 | 0 |
| 27 | TOTAL EXPENSE/DEDUCTION ITEM FROM PT III, LN 38 | 162,471 | 0 | 162,471 | 161,671 |
| 29A | 1120 SUBGROUP RECON TOTAL. ADD LINES 26 THRU 28 | 162,471 | 0 | 162,471 | 161,671 |
| 30 | RECONCILIATION TOTALS.  ADD LINES 29A THRU 29C | 162,471 | 0 | 162,471 | 161,671 |
| | COL D - INCOME (LOSS) PER TAX RETURN | 0 | 0 | 0 | 0 |
| 2 | GROSS FGN DIVIDENDS NOT PREVIOUS TAXED | 0 | 0 | 0 | 0 |
| 3 | SUBPART F, QEF AND SIMILAR INCOME INCLUSIONS | 0 | 0 | 0 | 0 |
| 4 | GROSS-UP FOR FOREIGN TAXES DEEMED PAID | 0 | 0 | 0 | 0 |
| 7 | U.S. DIVIDENDS NOT ELIMINATED IN TAX CONSOL | 0 | 0 | 0 | 0 |
| 9 | INCOME (LOSS) FROM U.S. PARTNERSHIPS | 0 | 0 | 0 | 0 |
| 10 | INCOME (LOSS) FROM FGN PARTNERSHIPS | 0 | 0 | 0 | 0 |
| 11 | INCOME (LOSS) FROM OTHER PASS-THRU ENTITIES | 0 | 0 | 0 | 0 |
| 12 | ITEMS RELATING TO REPORTABLE TRANSACTIONS | 0 | 0 | 0 | 0 |
| 13 | INTEREST INCOME | 808,800 | 0 | 808,800 | 808,800 |
| 14 | TOTAL ACCRUAL TO CASH ADJUSTMENT | 0 | 0 | 0 | 0 |
| 15 | HEDGING TRANSACTIONS | 0 | 0 | 0 | 0 |
| 16 | MARK-TO-MARKET INCOME (LOSS) | 0 | 0 | 0 | 0 |
| 17 | COST OF GOODS SOLD | 0 | 0 | 0 | 0 |
| 18 | SALES VERSUS LEASE | 0 | 0 | 0 | 0 |
| 19 | SECTION 481(A) ADJUSTMENTS | 0 | 0 | 0 | 0 |
| 20 | UNEARNED/DEFERRED REVENUE | 0 | 0 | 0 | 0 |
| 21 | INCOME RECOGNITION FROM LONG-TERM CONTRACTS | 0 | 0 | 0 | 0 |
| 22 | ORIGINAL ISSUE DISCOUNT AND OTHER IMPUTED INT | 0 | 0 | 0 | 0 |
| 23B | GROSS CAP GAIN FROM SCH D EXCLUDING FLOW THRU | 0 | 0 | 0 | 0 |
| C | GROSS CAP LOSS FROM SCH D EXCLUDING FLOW THRU | 0 | 0 | 0 | 0 |
| D | GAIN/LOSS REPORTED ON FORM 4797, LINE 17 | | | | |
| | EXCL FLOW THRU, ABNDNMT LOSSES & WORTHLESS STK | 671 | 0 | 671 | 671 |
| E | ABANDONMENT LOSSES | 0 | 0 | 0 | 0 |
| F | WORTHLESS STOCK LOSSES | 0 | 0 | 0 | 0 |
| G | OTHER GAIN/LOSS ON DISPOSITION OF ASSETS OTHER | | | | |
| | THAN INVENTORY | 0 | 0 | 0 | 0 |
| 24 | CAPITAL LOSS LIMITATION AND CARRYFORWARD USED | 0 | 0 | 0 | 0 |
| 25 | OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 6,540,104 | 0 | 6,540,104 | 6,540,104 |
| 26 | TOTAL INCOME (LOSS) ITEMS.  COMBINE LNS 1 TO 25 | 7,349,575 | 0 | 7,349,575 | 7,349,575 |
| 27 | TOTAL EXPENSE/DEDUCTION ITEM FROM PT III, LN 38 | (5,207,074) | 0 | (5,207,074) | (5,207,074) |
| 28 | OTHER INC (LOSS) EXP (DED) ITEMS WITH NO DIFF | (3,670,354) | 0 | (3,670,354) | (3,670,354) |
| 29A | 1120 SUBGROUP RECON TOTALS. ADD LINES 26 THRU 28 | (1,527,853) | 0 | (1,527,853) | (1,527,853) |
| 30 | RECONCILIATION TOTALS.  ADD LINES 29A THRU 29C | (1,527,853) | 0 | (1,527,853) | (1,527,853) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

|  | SYNT | ELIMS | Subtotal | SGI |
|---|---|---|---|---|
|  | 14-1923940 |  |  | 14-1923940 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

|  | SGVI 27-3001571 |
|---|---|
| 16  MARK-TO-MARKET INCOME (LOSS) | 0 |
| 17  COST OF GOODS SOLD | 0 |
| 18  SALES VERSUS LEASE | 0 |
| 19  SECTION 481(A) ADJUSTMENTS | 0 |
| 20  UNEARNED/DEFERRED REVENUE | 0 |
| 21  INCOME RECOGNITION FROM LONG-TERM CONTRACTS | 0 |
| 22  ORIGINAL ISSUE DISCOUNT AND OTHER IMPUTED INT | 0 |
| 23A INCOME STMT GAIN/LOSS ON SALES OTHER THAN | |
|     INVENTORY AND FLOW THRU ENTITIES | 0 |
| B GROSS CAP GAIN FROM SCH D EXCLUDING FLOW THRU | 0 |
| C GROSS CAP LOSS FROM SCH D EXCLUDING FLOW THRU | 0 |
| D GAIN/LOSS REPORTED ON FORM 4797, LINE 17 | |
|     EXCL FLOW THRU, ABNDNMT LOSSES & WORTHLESS STK | 0 |
| E ABANDONMENT LOSSES | 0 |
| F WORTHLESS STOCK LOSSES | 0 |
| G OTHER GAIN/LOSS ON DISPOSITION OF ASSETS OTHER | |
|     THAN INVENTORY | 0 |
| 24  CAPITAL LOSS LIMITATION AND CARRYFORWARD USED | 0 |
| 25  OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 0 |
| 26  TOTAL INCOME (LOSS) ITEMS.  COMBINE LNS 1 TO 25 | 0 |
| 27  TOTAL EXPENSE/DEDUCTION ITEM FROM PT III, LN 38 | 800 |
| 29A 1120 SUBGROUP RECON TOTAL. ADD LINES 26 THRU 28 | 800 |
| 30  RECONCILIATION TOTALS.  ADD LINES 29A THRU 29C | 800 |

|  |  |
|---|---|
| COL D - INCOME (LOSS) PER TAX RETURN | 0 |
| 2  GROSS FGN DIVIDENDS NOT PREVIOUS TAXED | 0 |
| 3  SUBPART F, QEF AND SIMILAR INCOME INCLUSIONS | 0 |
| 4  GROSS-UP FOR FOREIGN TAXES DEEMED PAID | 0 |
| 7  U.S. DIVIDENDS NOT ELIMINATED IN TAX CONSOL | 0 |
| 9  INCOME (LOSS) FROM U.S. PARTNERSHIPS | 0 |
| 10  INCOME (LOSS) FROM FGN PARTNERSHIPS | 0 |
| 11  INCOME (LOSS) FROM OTHER PASS-THRU ENTITIES | 0 |
| 12  ITEMS RELATING TO REPORTABLE TRANSACTIONS | 0 |
| 13  INTEREST INCOME | 0 |
| 14  TOTAL ACCRUAL TO CASH ADJUSTMENT | 0 |
| 15  HEDGING TRANSACTIONS | 0 |
| 16  MARK-TO-MARKET INCOME (LOSS) | 0 |
| 17  COST OF GOODS SOLD | 0 |
| 18  SALES VERSUS LEASE | 0 |
| 19  SECTION 481(A) ADJUSTMENTS | 0 |
| 20  UNEARNED/DEFERRED REVENUE | 0 |
| 21  INCOME RECOGNITION FROM LONG-TERM CONTRACTS | 0 |
| 22  ORIGINAL ISSUE DISCOUNT AND OTHER IMPUTED INT | 0 |
| 23B GROSS CAP GAIN FROM SCH D EXCLUDING FLOW THRU | 0 |
| C GROSS CAP LOSS FROM SCH D EXCLUDING FLOW THRU | 0 |
| D GAIN/LOSS REPORTED ON FORM 4797, LINE 17 | |
|     EXCL FLOW THRU, ABNDNMT LOSSES & WORTHLESS STK | 0 |
| E ABANDONMENT LOSSES | 0 |
| F WORTHLESS STOCK LOSSES | 0 |
| G OTHER GAIN/LOSS ON DISPOSITION OF ASSETS OTHER | |
|     THAN INVENTORY | 0 |
| 24  CAPITAL LOSS LIMITATION AND CARRYFORWARD USED | 0 |
| 25  OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 0 |
| 26  TOTAL INCOME (LOSS) ITEMS.  COMBINE LNS 1 TO 25 | 0 |
| 27  TOTAL EXPENSE/DEDUCTION ITEM FROM PT III, LN 38 | 0 |
| 28  OTHER INC (LOSS) EXP (DED) ITEMS WITH NO DIFF | 0 |
| 29A 1120 SUBGROUP RECON TOTALS. ADD LINES 26 THRU 28 | 0 |
| 30  RECONCILIATION TOTALS.  ADD LINES 29A THRU 29C | 0 |

2023 CONS. FEDERAL 1120 TAX RETURN

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

SGVI
27-3001571

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 |
|---|---|---|---|---|
| PART III RECON OF NET INCOME (LOSS) PER INCOME STMT | | | | |
| OF INCLUDIBLE CORPS WITH TAXABLE INC PER RTN | | | | |
| - EXPENSE/DEDUCTION ITEMS | 0 | 0 | 0 | 0 |
| | | | | |
| COL A - EXPENSE PER INCOME STATEMENT | | | | |
| 1  U.S. CURRENT INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 2  U.S. DEFERRED INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 3  STATE AND LOCAL CURRENT INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 4  STATE AND LOCAL DEFERRED INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 5  FOREIGN CURRENT INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 6  FOREIGN DEFERRED INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 7  FOREIGN WITHHOLDING TAXES | 0 | 0 | 0 | 0 |
| 8  INTEREST EXPENSE | 141,638 | 0 | 141,638 | 141,638 |
| 9  STOCK OPTION EXPENSE | 326,989 | 0 | 326,989 | 326,989 |
| 10 OTHER EQUITY-BASED COMPENSATION | 0 | 0 | 0 | 0 |
| 11 MEALS AND ENTERTAINMENT | 24,383 | 0 | 24,383 | 24,383 |
| 12 FINES AND PENALTIES | 0 | 0 | 0 | 0 |
| 13 JUDGMENTS, DAMAGES, AWARDS AND SIMILAR COSTS | 0 | 0 | 0 | 0 |
| 14 EXCESS PARACHUTE PAYMENTS | 0 | 0 | 0 | 0 |
| 15 EXCESS SECTION 162(M) COMPENSATION | 0 | 0 | 0 | 0 |
| 16 PENSION AND PROFIT SHARING | 22,667 | 0 | 22,667 | 22,667 |
| 17 OTHER POST-RETIREMENT BENEFITS | 0 | 0 | 0 | 0 |
| 18 DEFERRED COMPENSATION | 0 | 0 | 0 | 0 |
| 19 CHARITABLE CONTRIBUTION OF CASH AND TANG PROP | 0 | 0 | 0 | 0 |
| 20 CHARITABLE CONTRIBUTION OF INTANGIBLE PROPERTY | 0 | 0 | 0 | 0 |
| 23 CURR YR ACQUISITION OR REORG INVEST BANKING FEES | 0 | 0 | 0 | 0 |
| 24 CURR YR ACQUISITION OR REORG LEGAL & ACCTNG FEES | 0 | 0 | 0 | 0 |
| 25 CURR YR ACQUISITION/REORG OTHER COSTS | 0 | 0 | 0 | 0 |
| 26 AMORTIZATION/IMPAIRMENT OF GOODWILL | 0 | 0 | 0 | 0 |
| 27 AMORT OF ACQUISITION, REORG AND START-UP COSTS | 0 | 0 | 0 | 0 |
| 28 OTHER AMORTIZATION OR IMPAIRMENT WRITE-OFFS | 0 | 0 | 0 | 0 |
| 29 RESERVE | 0 | 0 | 0 | 0 |
| 30 DEPLETION | 0 | 0 | 0 | 0 |
| 31 DEPRECIATION | 1,537,891 | 0 | 1,537,891 | 1,537,891 |
| 32 BAD DEBT EXPENSE | 0 | 0 | 0 | 0 |
| 33 CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 | 0 | 0 | 0 |
| 34 PURCHASE VERSUS LEASE | 0 | 0 | 0 | 0 |
| 35 RESEARCH AND DEVELOPMENT COSTS | 14,999,542 | 0 | 14,999,542 | 14,999,542 |
| 36 SECTION 118 EXCLUSION | 0 | 0 | 0 | 0 |
| 37 FDIC PREMIUMS PAID BY LARGE FIN INSTITUTIONS | 0 | 0 | 0 | 0 |
| 38 OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES | (1,738,442) | 0 | (1,738,442) | (1,738,442) |
| 39 TOTAL EXPENSE/DEDUCTION ITEMS (ADD LNS 1 TO 38) | 15,314,668 | 0 | 15,314,668 | 15,314,668 |
| | | | | |
| COL B - TEMPORARY DIFFERENCE | | | | |
| 1  U.S. CURRENT INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 2  U.S. DEFERRED INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 3  STATE AND LOCAL CURRENT INCOME TAX EXPENSE | 1,600 | 0 | 1,600 | 800 |
| 4  STATE AND LOCAL DEFERRED INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 5  FOREIGN CURRENT INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 6  FOREIGN DEFERRED INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 7  FOREIGN WITHHOLDING TAXES | 0 | 0 | 0 | 0 |
| 8  INTEREST EXPENSE | 667,162 | 0 | 667,162 | 667,162 |
| 9  STOCK OPTION EXPENSE | (185,599) | 0 | (185,599) | (185,599) |
| 10 OTHER EQUITY-BASED COMPENSATION | 0 | 0 | 0 | 0 |
| 11 MEALS AND ENTERTAINMENT | 0 | 0 | 0 | 0 |
| 12 FINES AND PENALTIES | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

SGVI
27-3001571

PART III RECON OF NET INCOME (LOSS) PER INCOME STMT
OF INCLUDIBLE CORPS WITH TAXABLE INC PER RTN
- EXPENSE/DEDUCTION ITEMS                                   0

COL A - EXPENSE PER INCOME STATEMENT

| | | |
|---|---|---:|
| 1 | U.S. CURRENT INCOME TAX EXPENSE | 0 |
| 2 | U.S. DEFERRED INCOME TAX EXPENSE | 0 |
| 3 | STATE AND LOCAL CURRENT INCOME TAX EXPENSE | 0 |
| 4 | STATE AND LOCAL DEFERRED INCOME TAX EXPENSE | 0 |
| 5 | FOREIGN CURRENT INCOME TAX EXPENSE | 0 |
| 6 | FOREIGN DEFERRED INCOME TAX EXPENSE | 0 |
| 7 | FOREIGN WITHHOLDING TAXES | 0 |
| 8 | INTEREST EXPENSE | 0 |
| 9 | STOCK OPTION EXPENSE | 0 |
| 10 | OTHER EQUITY-BASED COMPENSATION | 0 |
| 11 | MEALS AND ENTERTAINMENT | 0 |
| 12 | FINES AND PENALTIES | 0 |
| 13 | JUDGMENTS, DAMAGES, AWARDS AND SIMILAR COSTS | 0 |
| 14 | EXCESS PARACHUTE PAYMENTS | 0 |
| 15 | EXCESS SECTION 162(M) COMPENSATION | 0 |
| 16 | PENSION AND PROFIT SHARING | 0 |
| 17 | OTHER POST-RETIREMENT BENEFITS | 0 |
| 18 | DEFERRED COMPENSATION | 0 |
| 19 | CHARITABLE CONTRIBUTION OF CASH AND TANG PROP | 0 |
| 20 | CHARITABLE CONTRIBUTION OF INTANGIBLE PROPERTY | 0 |
| 23 | CURR YR ACQUISITION OR REORG INVEST BANKING FEES | 0 |
| 24 | CURR YR ACQUISITION OR REORG LEGAL & ACCTNG FEES | 0 |
| 25 | CURR YR ACQUISITION/REORG OTHER COSTS | 0 |
| 26 | AMORTIZATION/IMPAIRMENT OF GOODWILL | 0 |
| 27 | AMORT OF ACQUISITION, REORG AND START-UP COSTS | 0 |
| 28 | OTHER AMORTIZATION OR IMPAIRMENT WRITE-OFFS | 0 |
| 29 | RESERVE | 0 |
| 30 | DEPLETION | 0 |
| 31 | DEPRECIATION | 0 |
| 32 | BAD DEBT EXPENSE | 0 |
| 33 | CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 |
| 34 | PURCHASE VERSUS LEASE | 0 |
| 35 | RESEARCH AND DEVELOPMENT COSTS | 0 |
| 36 | SECTION 118 EXCLUSION | 0 |
| 37 | FDIC PREMIUMS PAID BY LARGE FIN INSTITUTIONS | 0 |
| 38 | OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES | 0 |
| 39 | TOTAL EXPENSE/DEDUCTION ITEMS (ADD LNS 1 TO 38) | 0 |

COL B - TEMPORARY DIFFERENCE

| | | |
|---|---|---:|
| 1 | U.S. CURRENT INCOME TAX EXPENSE | 0 |
| 2 | U.S. DEFERRED INCOME TAX EXPENSE | 0 |
| 3 | STATE AND LOCAL CURRENT INCOME TAX EXPENSE | 800 |
| 4 | STATE AND LOCAL DEFERRED INCOME TAX EXPENSE | 0 |
| 5 | FOREIGN CURRENT INCOME TAX EXPENSE | 0 |
| 6 | FOREIGN DEFERRED INCOME TAX EXPENSE | 0 |
| 7 | FOREIGN WITHHOLDING TAXES | 0 |
| 8 | INTEREST EXPENSE | 0 |
| 9 | STOCK OPTION EXPENSE | 0 |
| 10 | OTHER EQUITY-BASED COMPENSATION | 0 |
| 11 | MEALS AND ENTERTAINMENT | 0 |
| 12 | FINES AND PENALTIES | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 |
|---|---|---|---|---|
| 13 JUDGMENTS, DAMAGES, AWARDS AND SIMILAR COSTS | 0 | 0 | 0 | 0 |
| 14 EXCESS PARACHUTE PAYMENTS | 0 | 0 | 0 | 0 |
| 15 EXCESS SECTION 162(M) COMPENSATION | 0 | 0 | 0 | 0 |
| 16 PENSION AND PROFIT SHARING | 0 | 0 | 0 | 0 |
| 17 OTHER POST-RETIREMENT BENEFITS | 0 | 0 | 0 | 0 |
| 18 DEFERRED COMPENSATION | 0 | 0 | 0 | 0 |
| 19 CHARITABLE CONTRIBUTION OF CASH AND TANG PROP | 0 | 0 | 0 | 0 |
| 20 CHARITABLE CONTRIBUTION OF INTANGIBLE PROPERTY | 0 | 0 | 0 | 0 |
| 21 CHARITABLE CONTRIBUTION LIMITATION/CARRYFORWARD | 0 | 0 | 0 | 0 |
| 22 DOMESTIC PRODUCTION ACTIVITIES DEDUCTION | 0 | 0 | 0 | 0 |
| 23 CURR YR ACQUISITION OR REORG INVEST BANKING FEES | 0 | 0 | 0 | 0 |
| 24 CURR YR ACQUISITION OR REORG LEGAL & ACCTNG FEES | 0 | 0 | 0 | 0 |
| 25 CURR YR ACQUISITION/REORG OTHER COSTS | 0 | 0 | 0 | 0 |
| 26 AMORTIZATION/IMPAIRMENT OF GOODWILL | 0 | 0 | 0 | 0 |
| 27 AMORT OF ACQUISITION, REORG AND START-UP COSTS | 0 | 0 | 0 | 0 |
| 28 OTHER AMORTIZATION OR IMPAIRMENT WRITE-OFFS | 0 | 0 | 0 | 0 |
| 29 RESERVE | 0 | 0 | 0 | 0 |
| 30 DEPLETION | 0 | 0 | 0 | 0 |
| 31 DEPRECIATION | (1,093,506) | 0 | (1,093,506) | (1,093,506) |
| 32 BAD DEBT EXPENSE | 0 | 0 | 0 | 0 |
| 33 CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 | 0 | 0 | 0 |
| 34 PURCHASE VERSUS LEASE | 0 | 0 | 0 | 0 |
| 35 RESEARCH AND DEVELOPMENT COSTS | (9,113,750) | 0 | (9,113,750) | (9,113,750) |
| 36 SECTION 118 EXCLUSION | 0 | 0 | 0 | 0 |
| 37 FDIC PREMIUMS PAID BY LARGE FIN INSTITUTIONS | 0 | 0 | 0 | 0 |
| 38 OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES | (221,030) | 0 | (221,030) | (221,030) |
| 39 TOTAL EXPENSE/DEDUCTION ITEMS (ADD LNS 1 TO 38) | (9,945,123) | 0 | (9,945,123) | (9,945,923) |
| | | | | |
| COL C - PERMANENT DIFFERENCE | | | | |
| 1 U.S. CURRENT INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 2 U.S. DEFERRED INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 3 STATE AND LOCAL CURRENT INCOME TAX EXPENSE | (1,600) | 0 | (1,600) | (800) |
| 4 STATE AND LOCAL DEFERRED INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 5 FOREIGN CURRENT INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 6 FOREIGN DEFERRED INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 7 FOREIGN WITHHOLDING TAXES | 0 | 0 | 0 | 0 |
| 8 INTEREST EXPENSE | 0 | 0 | 0 | 0 |
| 9 STOCK OPTION EXPENSE | (141,390) | 0 | (141,390) | (141,390) |
| 10 OTHER EQUITY-BASED COMPENSATION | 0 | 0 | 0 | 0 |
| 11 MEALS AND ENTERTAINMENT | (12,192) | 0 | (12,192) | (12,192) |
| 12 FINES AND PENALTIES | 0 | 0 | 0 | 0 |
| 13 JUDGMENTS, DAMAGES, AWARDS AND SIMILAR COSTS | 0 | 0 | 0 | 0 |
| 14 EXCESS PARACHUTE PAYMENTS | 0 | 0 | 0 | 0 |
| 15 EXCESS SECTION 162(M) COMPENSATION | 0 | 0 | 0 | 0 |
| 16 PENSION AND PROFIT SHARING | 0 | 0 | 0 | 0 |
| 17 OTHER POST-RETIREMENT BENEFITS | 0 | 0 | 0 | 0 |
| 18 DEFERRED COMPENSATION | 0 | 0 | 0 | 0 |
| 19 CHARITABLE CONTRIBUTION OF CASH AND TANG PROP | 0 | 0 | 0 | 0 |
| 20 CHARITABLE CONTRIBUTION OF INTANGIBLE PROPERTY | 0 | 0 | 0 | 0 |
| 21 CHARITABLE CONTRIBUTION LIMITATION/CARRYFORWARD | 0 | 0 | 0 | 0 |
| 22 DOMESTIC PRODUCTION ACTIVITIES DEDUCTION | 0 | 0 | 0 | 0 |
| 23 CURR YR ACQUISITION OR REORG INVEST BANKING FEES | 0 | 0 | 0 | 0 |
| 24 CURR YR ACQUISITION OR REORG LEGAL & ACCTNG FEES | 0 | 0 | 0 | 0 |
| 25 CURR YR ACQUISITION/REORG OTHER COSTS | 0 | 0 | 0 | 0 |
| 26 AMORTIZATION/IMPAIRMENT OF GOODWILL | 0 | 0 | 0 | 0 |
| 27 AMORT OF ACQUISITION, REORG AND START-UP COSTS | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

|  |  | SGVI 27-3001571 |
|---|---|---:|
| 13 | JUDGMENTS, DAMAGES, AWARDS AND SIMILAR COSTS | 0 |
| 14 | EXCESS PARACHUTE PAYMENTS | 0 |
| 15 | EXCESS SECTION 162(M) COMPENSATION | 0 |
| 16 | PENSION AND PROFIT SHARING | 0 |
| 17 | OTHER POST-RETIREMENT BENEFITS | 0 |
| 18 | DEFERRED COMPENSATION | 0 |
| 19 | CHARITABLE CONTRIBUTION OF CASH AND TANG PROP | 0 |
| 20 | CHARITABLE CONTRIBUTION OF INTANGIBLE PROPERTY | 0 |
| 21 | CHARITABLE CONTRIBUTION LIMITATION/CARRYFORWARD | 0 |
| 22 | DOMESTIC PRODUCTION ACTIVITIES DEDUCTION | 0 |
| 23 | CURR YR ACQUISITION OR REORG INVEST BANKING FEES | 0 |
| 24 | CURR YR ACQUISITION OR REORG LEGAL & ACCTNG FEES | 0 |
| 25 | CURR YR ACQUISITION/REORG OTHER COSTS | 0 |
| 26 | AMORTIZATION/IMPAIRMENT OF GOODWILL | 0 |
| 27 | AMORT OF ACQUISITION, REORG AND START-UP COSTS | 0 |
| 28 | OTHER AMORTIZATION OR IMPAIRMENT WRITE-OFFS | 0 |
| 29 | RESERVE | 0 |
| 30 | DEPLETION | 0 |
| 31 | DEPRECIATION | 0 |
| 32 | BAD DEBT EXPENSE | 0 |
| 33 | CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 |
| 34 | PURCHASE VERSUS LEASE | 0 |
| 35 | RESEARCH AND DEVELOPMENT COSTS | 0 |
| 36 | SECTION 118 EXCLUSION | 0 |
| 37 | FDIC PREMIUMS PAID BY LARGE FIN INSTITUTIONS | 0 |
| 38 | OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES | 0 |
| 39 | TOTAL EXPENSE/DEDUCTION ITEMS (ADD LNS 1 TO 38) | 800 |

COL C - PERMANENT DIFFERENCE

|  |  |  |
|---|---|---:|
| 1 | U.S. CURRENT INCOME TAX EXPENSE | 0 |
| 2 | U.S. DEFERRED INCOME TAX EXPENSE | 0 |
| 3 | STATE AND LOCAL CURRENT INCOME TAX EXPENSE | (800) |
| 4 | STATE AND LOCAL DEFERRED INCOME TAX EXPENSE | 0 |
| 5 | FOREIGN CURRENT INCOME TAX EXPENSE | 0 |
| 6 | FOREIGN DEFERRED INCOME TAX EXPENSE | 0 |
| 7 | FOREIGN WITHHOLDING TAXES | 0 |
| 8 | INTEREST EXPENSE | 0 |
| 9 | STOCK OPTION EXPENSE | 0 |
| 10 | OTHER EQUITY-BASED COMPENSATION | 0 |
| 11 | MEALS AND ENTERTAINMENT | 0 |
| 12 | FINES AND PENALTIES | 0 |
| 13 | JUDGMENTS, DAMAGES, AWARDS AND SIMILAR COSTS | 0 |
| 14 | EXCESS PARACHUTE PAYMENTS | 0 |
| 15 | EXCESS SECTION 162(M) COMPENSATION | 0 |
| 16 | PENSION AND PROFIT SHARING | 0 |
| 17 | OTHER POST-RETIREMENT BENEFITS | 0 |
| 18 | DEFERRED COMPENSATION | 0 |
| 19 | CHARITABLE CONTRIBUTION OF CASH AND TANG PROP | 0 |
| 20 | CHARITABLE CONTRIBUTION OF INTANGIBLE PROPERTY | 0 |
| 21 | CHARITABLE CONTRIBUTION LIMITATION/CARRYFORWARD | 0 |
| 22 | DOMESTIC PRODUCTION ACTIVITIES DEDUCTION | 0 |
| 23 | CURR YR ACQUISITION OR REORG INVEST BANKING FEES | 0 |
| 24 | CURR YR ACQUISITION OR REORG LEGAL & ACCTNG FEES | 0 |
| 25 | CURR YR ACQUISITION/REORG OTHER COSTS | 0 |
| 26 | AMORTIZATION/IMPAIRMENT OF GOODWILL | 0 |
| 27 | AMORT OF ACQUISITION, REORG AND START-UP COSTS | 0 |

2023 CONS. FEDERAL 1120 TAX RETURN

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 |
|---|---|---|---|---|
| 28  OTHER AMORTIZATION OR IMPAIRMENT WRITE-OFFS | 0 | 0 | 0 | 0 |
| 29  RESERVE | 0 | 0 | 0 | 0 |
| 30  DEPLETION | 0 | 0 | 0 | 0 |
| 31  DEPRECIATION | 0 | 0 | 0 | 0 |
| 32  BAD DEBT EXPENSE | 0 | 0 | 0 | 0 |
| 33  CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 | 0 | 0 | 0 |
| 34  PURCHASE VERSUS LEASE | 0 | 0 | 0 | 0 |
| 35  RESEARCH AND DEVELOPMENT COSTS | 0 | 0 | 0 | 0 |
| 36  SECTION 118 EXCLUSION | 0 | 0 | 0 | 0 |
| 37  FDIC PREMIUMS PAID BY LARGE FIN INSTITUTIONS | 0 | 0 | 0 | 0 |
| 38  OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES | (7,289) | 0 | (7,289) | (7,289) |
| 39  TOTAL EXPENSE/DEDUCTION ITEMS (ADD LNS 1 TO 38) | (162,471) | 0 | (162,471) | (161,671) |

COL D - DEDUCTION PER TAX RETURN

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 |
|---|---|---|---|---|
| 3  STATE AND LOCAL CURRENT INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 5  FOREIGN CURRENT INCOME TAX EXPENSE | 0 | 0 | 0 | 0 |
| 7  FOREIGN WITHHOLDING TAXES | 0 | 0 | 0 | 0 |
| 8  INTEREST EXPENSE | 808,800 | 0 | 808,800 | 808,800 |
| 9  STOCK OPTION EXPENSE | 0 | 0 | 0 | 0 |
| 10  OTHER EQUITY-BASED COMPENSATION | 0 | 0 | 0 | 0 |
| 11  MEALS AND ENTERTAINMENT | 12,191 | 0 | 12,191 | 12,191 |
| 12  FINES AND PENALTIES | 0 | 0 | 0 | 0 |
| 13  JUDGMENTS, DAMAGES, AWARDS AND SIMILAR COSTS | 0 | 0 | 0 | 0 |
| 14  EXCESS PARACHUTE PAYMENTS | 0 | 0 | 0 | 0 |
| 15  EXCESS SECTION 162(M) COMPENSATION | 0 | 0 | 0 | 0 |
| 16  PENSION AND PROFIT SHARING | 22,667 | 0 | 22,667 | 22,667 |
| 17  OTHER POST-RETIREMENT BENEFITS | 0 | 0 | 0 | 0 |
| 18  DEFERRED COMPENSATION | 0 | 0 | 0 | 0 |
| 19  CHARITABLE CONTRIBUTION OF CASH AND TANG PROP | 0 | 0 | 0 | 0 |
| 20  CHARITABLE CONTRIBUTION OF INTANGIBLE PROPERTY | 0 | 0 | 0 | 0 |
| 21  CHARITABLE CONTRIBUTION LIMITATION | 0 | 0 | 0 | 0 |
| 22  DOMESTIC PRODUCTION ACTIVITIES DEDUCTION | 0 | 0 | 0 | 0 |
| 23  CURR YR ACQUISITION OR REORG INVEST BANKING FEES | 0 | 0 | 0 | 0 |
| 24  CURR YR ACQUISITION OR REORG LEGAL & ACCTNG FEES | 0 | 0 | 0 | 0 |
| 25  CURR YR ACQUISITION/REORG OTHER COSTS | 0 | 0 | 0 | 0 |
| 26  AMORTIZATION/IMPAIRMENT OF GOODWILL | 0 | 0 | 0 | 0 |
| 27  AMORT OF ACQUISITION, REORG AND START-UP COSTS | 0 | 0 | 0 | 0 |
| 28  OTHER AMORTIZATION OR IMPAIRMENT WRITE-OFFS | 0 | 0 | 0 | 0 |
| 29  RESERVE | 0 | 0 | 0 | 0 |
| 30  DEPLETION | 0 | 0 | 0 | 0 |
| 31  DEPRECIATION | 444,385 | 0 | 444,385 | 444,385 |
| 32  BAD DEBT EXPENSE | 0 | 0 | 0 | 0 |
| 33  CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 | 0 | 0 | 0 |
| 34  PURCHASE VERSUS LEASE | 0 | 0 | 0 | 0 |
| 35  RESEARCH AND DEVELOPMENT COSTS | 5,885,792 | 0 | 5,885,792 | 5,885,792 |
| 36  SECTION 118 EXCLUSION | 0 | 0 | 0 | 0 |
| 37  FDIC PREMIUMS PAID BY LARGE FIN INSTITUTIONS | 0 | 0 | 0 | 0 |
| 38  OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES | (1,966,761) | 0 | (1,966,761) | (1,966,761) |
| 39  TOTAL EXPENSE/DEDUCTION ITEMS (ADD LNS 1 TO 38) | 5,207,074 | 0 | 5,207,074 | 5,207,074 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SGVI 27-3001571 |
|---|---|
| 28 OTHER AMORTIZATION OR IMPAIRMENT WRITE-OFFS | 0 |
| 29 RESERVE | 0 |
| 30 DEPLETION | 0 |
| 31 DEPRECIATION | 0 |
| 32 BAD DEBT EXPENSE | 0 |
| 33 CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 |
| 34 PURCHASE VERSUS LEASE | 0 |
| 35 RESEARCH AND DEVELOPMENT COSTS | 0 |
| 36 SECTION 118 EXCLUSION | 0 |
| 37 FDIC PREMIUMS PAID BY LARGE FIN INSTITUTIONS | 0 |
| 38 OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES | 0 |
| 39 TOTAL EXPENSE/DEDUCTION ITEMS (ADD LNS 1 TO 38) | (800) |

COL D - DEDUCTION PER TAX RETURN

| | |
|---|---|
| 3 STATE AND LOCAL CURRENT INCOME TAX EXPENSE | 0 |
| 5 FOREIGN CURRENT INCOME TAX EXPENSE | 0 |
| 7 FOREIGN WITHHOLDING TAXES | 0 |
| 8 INTEREST EXPENSE | 0 |
| 9 STOCK OPTION EXPENSE | 0 |
| 10 OTHER EQUITY-BASED COMPENSATION | 0 |
| 11 MEALS AND ENTERTAINMENT | 0 |
| 12 FINES AND PENALTIES | 0 |
| 13 JUDGMENTS, DAMAGES, AWARDS AND SIMILAR COSTS | 0 |
| 14 EXCESS PARACHUTE PAYMENTS | 0 |
| 15 EXCESS SECTION 162(M) COMPENSATION | 0 |
| 16 PENSION AND PROFIT SHARING | 0 |
| 17 OTHER POST-RETIREMENT BENEFITS | 0 |
| 18 DEFERRED COMPENSATION | 0 |
| 19 CHARITABLE CONTRIBUTION OF CASH AND TANG PROP | 0 |
| 20 CHARITABLE CONTRIBUTION OF INTANGIBLE PROPERTY | 0 |
| 21 CHARITABLE CONTRIBUTION LIMITATION | 0 |
| 22 DOMESTIC PRODUCTION ACTIVITIES DEDUCTION | 0 |
| 23 CURR YR ACQUISITION OR REORG INVEST BANKING FEES | 0 |
| 24 CURR YR ACQUISITION OR REORG LEGAL & ACCTNG FEES | 0 |
| 25 CURR YR ACQUISITION/REORG OTHER COSTS | 0 |
| 26 AMORTIZATION/IMPAIRMENT OF GOODWILL | 0 |
| 27 AMORT OF ACQUISITION, REORG AND START-UP COSTS | 0 |
| 28 OTHER AMORTIZATION OR IMPAIRMENT WRITE-OFFS | 0 |
| 29 RESERVE | 0 |
| 30 DEPLETION | 0 |
| 31 DEPRECIATION | 0 |
| 32 BAD DEBT EXPENSE | 0 |
| 33 CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 |
| 34 PURCHASE VERSUS LEASE | 0 |
| 35 RESEARCH AND DEVELOPMENT COSTS | 0 |
| 36 SECTION 118 EXCLUSION | 0 |
| 37 FDIC PREMIUMS PAID BY LARGE FIN INSTITUTIONS | 0 |
| 38 OTHER EXPENSE/DEDUCTION ITEMS WITH DIFFERENCES | 0 |
| 39 TOTAL EXPENSE/DEDUCTION ITEMS (ADD LNS 1 TO 38) | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT<br>14-1923940 | ELIMS | Subtotal | SGI<br>14-1923940 | SGVI<br>27-3001571 |
|---|---|---|---|---|---|

```
*******************************************************
*        SCHEDULE D - CAPITAL GAINS AND LOSSES        *
*******************************************************
```

PART I: SHORT-TERM CAPITAL GAINS AND LOSSES

| | | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|---|
| **1A S-T TTLS FROM FORM 1099-B** | | | | | | |
| | (D) PROCEEDS | 0 | 0 | 0 | 0 | 0 |
| | (E) COST OR OTHER BASIS | 0 | 0 | 0 | 0 | 0 |
| | (H) GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| **1B S-T TTLS FROM ALL FORM 8949 WITH BOX A CHECKED** | | | | | | |
| | (D) PROCEEDS | 0 | 0 | 0 | 0 | 0 |
| | (E) COST OR OTHER BASIS | 0 | 0 | 0 | 0 | 0 |
| | (G) ADJUSTMENTS TO GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| | (H) GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| **2  S-T TTLS FROM ALL FORM 8949 WITH BOX B CHECKED** | | | | | | |
| | (D) PROCEEDS | 0 | 0 | 0 | 0 | 0 |
| | (E) COST OR OTHER BASIS | 0 | 0 | 0 | 0 | 0 |
| | (G) ADJUSTMENTS TO GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| | (H) GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| **3  S-T TTLS FROM ALL FORM 8949 WITH BOX C CHECKED** | | | | | | |
| | (D) PROCEEDS | 0 | 0 | 0 | 0 | 0 |
| | (E) COST OR OTHER BASIS | 0 | 0 | 0 | 0 | 0 |
| | (G) ADJUSTMENTS TO GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| | (H) GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| | TOTAL GAIN OR (LOSS) | 0 | 0 | 0 | 0 | 0 |
| **4 SHORT-TERM CAP. GAIN FROM INSTALLMENT SALES** | | 0 | 0 | 0 | 0 | 0 |
| **5 SHORT-TERM GAIN/LOSS FROM LIKE-KIND EXCHANGE** | | 0 | 0 | 0 | 0 | 0 |
| **6 UNUSED CAPITAL LOSS CARRYOVER** | | 0 | 0 | 0 | 0 | 0 |
| **7 NET SHORT-TERM CAPITAL GAIN OR (LOSS)** | | 0 | 0 | 0 | 0 | 0 |
| **PART II: LONG-TERM CAPITAL GAINS OR LOSSES** | | 0 | 0 | 0 | 0 | 0 |
| **8A L-T TTLS FROM FORM 1099-B** | | | | | | |
| | (D) PROCEEDS | 0 | 0 | 0 | 0 | 0 |
| | (E) COST OR OTHER BASIS | 0 | 0 | 0 | 0 | 0 |
| | (H) GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| **8B L-T TTLS FROM ALL FORM 8949 WITH BOX D CHECKED** | | | | | | |
| | (D) PROCEEDS | 0 | 0 | 0 | 0 | 0 |
| | (E) COST OR OTHER BASIS | 0 | 0 | 0 | 0 | 0 |
| | (G) ADJUSTMENTS TO GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| | (H) GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| **9  L-T TTLS FROM ALL FORM 8949 WITH BOX E CHECKED** | | | | | | |
| | (D) PROCEEDS | 0 | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |
| (E) COST OR OTHER BASIS | 0 | 0 | 0 | 0 | 0 |
| (G) ADJUSTMENTS TO GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| (H) GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| 10  L-T TTLS FROM ALL FORM 8949 WITH BOX F CHECKED | | | | | |
| (D) PROCEEDS | 0 | 0 | 0 | 0 | 0 |
| (E) COST OR OTHER BASIS | 0 | 0 | 0 | 0 | 0 |
| (G) ADJUSTMENTS TO GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| (H) GAIN OR LOSS | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| TOTAL GAIN OR (LOSS) | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| 11 ENTER GAIN FROM FORM 4797, LINE 7 OR 9 | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| 12 LONG-TERM CAP. GAIN FROM INSTALLMENT SALES | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| 13 LONG-TERM GAIN/LOSS FROM LIKE-KIND EXCHANGE | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| 14 CAPITAL GAIN DISTRIBUTIONS | 0 | 0 | 0 | 0 | 0 |
| 15 NET LONG-TERM CAPITAL GAIN OR (LOSS) | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| PART III: SUMMARY OF SCHEDULE D GAINS AND LOSSES | | | | | |
| | | | | | |
| 16 EXCESS OF S-T CAP GAIN OVER L-T CAP LOSS | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| 17 EXCESS OF L-T CAP GAIN OVER S-T CAP LOSS | 0 | 0 | 0 | 0 | 0 |
| 18 TOTAL OF LN 16 AND 17. 1120, PAGE 1, LINE 8 | 0 | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |

```
*****************************************************
*    FORM 4562 - DEPRECIATION AND AMORTIZATION    *
*****************************************************
```

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| PART I - ELECTION TO EXPENSE CERTAIN TANGIBLE PROP. | | | | | |
| 1 MAXIMUM DOLLAR LIMITATION | 1,160,000 | | | | |
| 2 TOTAL COST OF SEC 179 PROPERTY PLACED IN SERVICE | 0 | 0 | 0 | 0 | 0 |
| 3 THRESHOLD COST OF SECTION 179 PROPERTY | 2,890,000 | | | | |
| 4 REDUCTION IN LIMITATION (LINE 2 LESS LINE 3) | 0 | | | | |
| 5 DOLLAR LIMITATION FOR TAX YEAR (LINE 1 LESS 4) | 1,160,000 | | | | |
| 6 COLUMN (B) COST | 0 | 0 | 0 | 0 | 0 |
| 6 COLUMN (C) ELECTED COST | 0 | 0 | 0 | 0 | 0 |
| 7 LISTED PROPERTY - ENTER AMOUNT FROM LINE 29 | 0 | 0 | 0 | 0 | 0 |
| 8 TOTAL ELECTED COST OF SEC 179 PROP. COL C LN 6&7 | 0 | 0 | 0 | 0 | 0 |
| 9 TENTATIVE DEDUCTION, ENTER LESSOR OF LINE 5 OR 8 | 0 | | | | |
| 10 CARRYOVER OF DISALLOWED DEDUCTION FROM PRIOR YEAR | 0 | 0 | 0 | 0 | 0 |
| 11 TAXABLE INCOME LIMITATION-LESSOR OF T/I OR LN 5 | 0 | | | | |
| 12 SECTION 179 EXPENSE DEDUCTION - LESSOR 9+10 OR 11 | 0 | | | | |
| 13 CARRYOVER OF DISALLOWED DEDUCTION TO NEXT YEAR | 0 | | | | |
| PART II SPECIAL DEPRECIATION ALLOWANCE AND OTHER | | | | | |
| DEPRECIATION | 0 | 0 | 0 | 0 | 0 |
| 14 SPECIAL DEPRE ALLOWANCE FOR QUALIFIED PROPERTY | | | | | |
| PLACED IN SERVICE DURING THE TAX YEAR | 0 | 0 | 0 | 0 | 0 |
| 15 PROPERTY SUBJECT TO SECTION 168(F)(1) ELECTION | 0 | 0 | 0 | 0 | 0 |
| 16 ACRS AND OTHER DEPRECIATION (SEE INSTRUCTIONS) | 0 | 0 | 0 | 0 | 0 |
| PART III MACRS DEPRECIATION | | | | | |
| 17 MACRS DEDUCTIONS FOR ASSETS PLACED IN SERVICE IN | | | | | |
| TAX YEARS BEGINNING BEFORE CURRENT YEAR | 444,385 | 0 | 444,385 | 444,385 | 0 |
| 19 GENERAL DEPRECIATION SYSTEM (GDS) | | | | | |
| COLUMN C: BASIS FOR DEPRECIATION | | | | | |
| A 3-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| B 5-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| C 7-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| D 10-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| E 15-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| F 20-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| G 25-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| H RESIDENTIAL RENTAL PROPERTY | 0 | 0 | 0 | 0 | 0 |
| H RESIDENTIAL RENTAL PROPERTY | 0 | 0 | 0 | 0 | 0 |
| I NONRESIDENTIAL REAL PROPERTY - 39 YEARS | 0 | 0 | 0 | 0 | 0 |
| I NONRESIDENTIAL REAL PROPERTY | 0 | 0 | 0 | 0 | 0 |
| COLUMN D: RECOVERY PERIOD | | | | | |
| A 3-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| B 5-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| C 7-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| D 10-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| E 15-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| F 20-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| I NONRESIDENTIAL REAL PROPERTY | 0 | 0 | 0 | 0 | 0 |
| COLUMN E: CONVENTION | | | | | |
| A 3-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| B 5-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| C 7-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|---|
| | | 14-1923940 | | | 14-1923940 | 27-3001571 |
| D | 10-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| E | 15-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| F | 20-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| G | 25-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| | COLUMN F:  METHOD | | | | | |
| A | 3-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| B | 5-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| C | 7-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| D | 10-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| E | 15-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| F | 20-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| | COLUMN G:  DEPRECIATION DEDUCTION | | | | | |
| A | 3-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| B | 5-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| C | 7-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| D | 10-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| E | 15-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| F | 20-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| G | 25-YEAR PROPERTY | 0 | 0 | 0 | 0 | 0 |
| H | RESIDENTIAL RENTAL PROPERTY | 0 | 0 | 0 | 0 | 0 |
| H | RESIDENTIAL RENTAL PROPERTY | 0 | 0 | 0 | 0 | 0 |
| I | NONRESIDENTIAL REAL PROPERTY - 39 YEARS | 0 | 0 | 0 | 0 | 0 |
| I | NONRESIDENTIAL REAL PROPERTY | 0 | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 | SGVI 27-3001571 |
|---|---|---|---|---|---|
| 20 ALTERNATIVE DEPRECIATION SYSTEM (ADS) | | | | | |
|   COLUMN B:  BASIS FOR DEPRECIATION | | | | | |
| A CLASS LIFE | 0 | 0 | 0 | 0 | 0 |
| B 12-YEAR | 0 | 0 | 0 | 0 | 0 |
| C 30-YEAR | 0 | 0 | 0 | 0 | 0 |
| D 40-YEAR | 0 | 0 | 0 | 0 | 0 |
|   COLUMN D:  RECOVERY PERIOD | | | | | |
| A CLASS LIFE | 0 | 0 | 0 | 0 | 0 |
|   COLUMN E:  CONVENTION | | | | | |
| A CLASS LIFE | 0 | 0 | 0 | 0 | 0 |
| B 12-YEAR | 0 | 0 | 0 | 0 | 0 |
|   COLUMN G:  DEPRECIATION DEDUCTION | | | | | |
| A CLASS LIFE | 0 | 0 | 0 | 0 | 0 |
| B 12-YEAR | 0 | 0 | 0 | 0 | 0 |
| C 30-YEAR | 0 | 0 | 0 | 0 | 0 |
| D 40-YEAR | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| PART IV SUMMARY | | | | | |
| 21 LISTED PROPERTY - AMOUNT FROM LINE 28 | 0 | 0 | 0 | 0 | 0 |
| 22 TOTAL (ADD LN 12, 14-17, COL. G OF 19,20 & LN 21) | 444,385 | 0 | 444,385 | 444,385 | 0 |
| 23 FOR ASSETS PLACED IN SERVICE THIS YEAR, ENTER | | | | | |
|   PORTION OF BASIS ATTRIBUTABLE TO 263A COSTS. | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| PART V LISTED PROPERTY | | | | | |
| 25(H) SPECIAL DEPR ALLOWANCE FOR QUAL LISTED PROP | | | | | |
|     USED MORE THAN 50% IN A QUALIFIED BUS USE | 0 | 0 | 0 | 0 | 0 |
| 26(H) DEPR FOR LISTED PROP USED MORE THAN 50% | 0 | 0 | 0 | 0 | 0 |
| 26(I) ELECTED 179 COST FOR PROP USED MORE THAN 50% | 0 | 0 | 0 | 0 | 0 |
| 27(H) DEPR FOR LISTED PROP USED 50% OR LESS | 0 | 0 | 0 | 0 | 0 |
| 28(H) ADD LINES 25 THRU 27 | 0 | 0 | 0 | 0 | 0 |
| 29(I) ADD LINE 26 | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| PART VI - AMORTIZATION | | | | | |
| 42 AMORTIZATION OF COSTS THAT BEGAN DURING TAX YEAR | | | | | |
|   (C) AMORTIZABLE AMOUNT | 1,499,954 | 0 | 1,499,954 | 1,499,954 | 0 |
|   (C) AMORTIZABLE AMOUNT | 13,499,588 | 0 | 13,499,588 | 13,499,588 | 0 |
|   (F) AMORTIZATION FOR THIS YEAR | 49,998 | 0 | 49,998 | 49,998 | 0 |
|   (F) AMORTIZATION FOR THIS YEAR | 1,349,959 | 0 | 1,349,959 | 1,349,959 | 0 |
| 43 AMORTIZATION OF COSTS THAT BEGAN BEFORE TAX YEAR | 4,485,835 | 0 | 4,485,835 | 4,485,835 | 0 |
| 44 TOTAL. ENTER HERE AND ON OTHER DEDUCTIONS. | 5,885,792 | 0 | 5,885,792 | 5,885,792 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT<br>14-1923940 | ELIMS | Subtotal | SGI<br>14-1923940 | SGVI<br>27-3001571 |
|---|---|---|---|---|---|

```
******************************************************
*      FORM 4797 - SALES OF BUSINESS PROPERTY      *
******************************************************
```

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| PART I SALES OR EXCHANGES OF PROPERTY USED IN A | | | | | |
| TRADE OR BUSINESS AND INVOLUNTARY | | | | | |
| CONVERSIONS OTHER THAN CASUALTY OR THEFT. | | | | | |
| 1A ENTER THE GROSS PROCEEDS FROM THE SALE OR | | | | | |
| EXCHANGE OF REAL ESTATE REPORTED FOR TAX YEAR | | | | | |
| THAT WILL BE INCLUDED ON LINES 2, 10 OR 20. | 0 | 0 | 0 | 0 | 0 |
| B GAIN ON LNS 2,10,24 DUE TO DISP OF MACRS ASSETS | 0 | 0 | 0 | 0 | 0 |
| C LOSS ON LNS 2 & 10 DUE TO DISP OF MACRS ASSETS | 0 | 0 | 0 | 0 | 0 |
| 2 TOTAL COLUMN (G) GAIN/LOSS | 0 | 0 | 0 | 0 | 0 |
| 3 GAIN, IF ANY, FROM FORM 4684, LINE 39 | 0 | 0 | 0 | 0 | 0 |
| 4 SEC. 1231 GAIN FROM INSTALLMENT SALES | 0 | 0 | 0 | 0 | 0 |
| 5 SEC 1231 GAIN FROM LIKE-KIND EXCHANGES | 0 | 0 | 0 | 0 | 0 |
| 6 GAIN, IF ANY, FROM PART III, LINE 32 | 0 | 0 | 0 | 0 | 0 |
| 7 ADD LINES 2 THROUGH 6 | 0 | 0 | 0 | 0 | 0 |
| IF LINE 7 IS 0 OR LOSS, ENTER ON LINE 11 | | | | | |
| 8 NONRECAPTURED NET SEC. 1231 LOSSES - PRIOR YR | 0 | 0 | 0 | 0 | 0 |
| 9 SUBTRACT LINE 8 FROM LINE 7. | 0 | 0 | 0 | 0 | 0 |
| IF LINE 9 IS 0 ENTER AMOUNT FROM LINE 7 ON LINE | | | | | |
| 12 BELOW. IF LINE 9 IS MORE THAN 0, ENTER THE | | | | | |
| AMOUNT FROM LINE 8 ON LINE 12 AND AMOUNT FROM | | | | | |
| LINE 9 AS A LONG-TERM CAPITAL GAIN ON SCH. D. | | | | | |
| PART II - ORDINARY GAINS AND LOSSES | | | | | |
| 10 TOTAL COLUMN (G) GAIN/LOSSES | 0 | 0 | 0 | 0 | 0 |
| 11 LOSS, IF ANY, FROM LINE 7 | 0 | 0 | 0 | 0 | 0 |
| 12 GAIN, IF ANY, FROM LINE 7 OR AMOUNT ON LINE 8 | 0 | 0 | 0 | 0 | 0 |
| 13 GAIN, IF ANY, FROM LINE 31 | 671 | 0 | 671 | 671 | 0 |
| 14 NET GAIN (LOSS) FROM FORM 4684 LN 31 & 38A | 0 | 0 | 0 | 0 | 0 |
| 15 ORDINARY GAIN FROM INSTALLMENT SALES | 0 | 0 | 0 | 0 | 0 |
| 16 ORDINARY GAIN/LOSS FORM LIKE-KIND EXCHANGES | 0 | 0 | 0 | 0 | 0 |
| 17 ADD LINES 10 THROUGH 16 | 671 | 0 | 671 | 671 | 0 |

STMT  -  FORM 4797, PAGE 1, PART II, LINE 10

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**\* FORM 8916-A - SUPPLEMENTAL ATTACHMENT TO SCH M-3 \***
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PART I - COST OF GOODS SOLD**

**COLUMN A - EXPENSE PER INCOME STATEMENT**

| | | | | | |
|---|---|---|---|---|---|
| 1   AMOUNTS ATTRIB TO COST FLOW ASSUMPTIONS | 0 | 0 | 0 | 0 | 0 |
| 2A  STOCK OPTION EXPENSE | 0 | 0 | 0 | 0 | 0 |
| B  OTHER EQUITY BASED COMPENSATION | 0 | 0 | 0 | 0 | 0 |
| C  MEALS AND ENTERTAINMENT | 0 | 0 | 0 | 0 | 0 |
| D  PARACHUTE PAYMENTS | 0 | 0 | 0 | 0 | 0 |
| E  COMPENSATION WITH SECTION 162(M) LIMITATION | 0 | 0 | 0 | 0 | 0 |
| F  PENSION AND PROFIT SHARING | 0 | 0 | 0 | 0 | 0 |
| G  OTHER POST-RETIREMENT BENEFITS | 0 | 0 | 0 | 0 | 0 |
| H  DEFERRED COMPENSATION | 0 | 0 | 0 | 0 | 0 |
| I  RESERVE | 0 | 0 | 0 | 0 | 0 |
| J  AMORTIZATION | 0 | 0 | 0 | 0 | 0 |
| K  DEPLETION | 0 | 0 | 0 | 0 | 0 |
| L  DEPRECIATION | 0 | 0 | 0 | 0 | 0 |
| M  CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 | 0 | 0 | 0 | 0 |
| N  OTHER SECTION 263A COSTS | 0 | 0 | 0 | 0 | 0 |
| 3   INVENTORY SHRINKAGE ACCRUALS | 0 | 0 | 0 | 0 | 0 |
| 4   EXCESS INVENTORY AND OBSOLESCENCE RESERVES | 0 | 0 | 0 | 0 | 0 |
| 5   LOWER OF COST OR MARKET WRITE-DOWNS | 0 | 0 | 0 | 0 | 0 |
| 6   OTHER ITEMS WITH DIFFERENCES (ATTACH SCHEDULE) | 0 | 0 | 0 | 0 | 0 |
| 7   OTHER ITEMS WITH NO DIFFERENCES | 0 | 0 | 0 | 0 | 0 |
| 8   TOTAL COST OF GOODS SOLD. ADD LINES 1 THRU 7 | 0 | 0 | 0 | 0 | 0 |

**COLUMN B - TEMPORARY DIFFERENCE**

| | | | | | |
|---|---|---|---|---|---|
| 1   AMOUNTS ATTRIB TO COST FLOW ASSUMPTIONS | 0 | 0 | 0 | 0 | 0 |
| 2A  STOCK OPTION EXPENSE | 0 | 0 | 0 | 0 | 0 |
| B  OTHER EQUITY BASED COMPENSATION | 0 | 0 | 0 | 0 | 0 |
| C  MEALS AND ENTERTAINMENT | 0 | 0 | 0 | 0 | 0 |
| D  PARACHUTE PAYMENTS | 0 | 0 | 0 | 0 | 0 |
| E  COMPENSATION WITH SECTION 162(M) LIMITATION | 0 | 0 | 0 | 0 | 0 |
| F  PENSION AND PROFIT SHARING | 0 | 0 | 0 | 0 | 0 |
| G  OTHER POST-RETIREMENT BENEFITS | 0 | 0 | 0 | 0 | 0 |
| H  DEFERRED COMPENSATION | 0 | 0 | 0 | 0 | 0 |
| I  RESERVE | 0 | 0 | 0 | 0 | 0 |
| J  AMORTIZATION | 0 | 0 | 0 | 0 | 0 |
| K  DEPLETION | 0 | 0 | 0 | 0 | 0 |
| L  DEPRECIATION | 0 | 0 | 0 | 0 | 0 |
| M  CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 | 0 | 0 | 0 | 0 |
| N  OTHER SECTION 263A COSTS | 0 | 0 | 0 | 0 | 0 |
| 3   INVENTORY SHRINKAGE ACCRUALS | 0 | 0 | 0 | 0 | 0 |
| 4   EXCESS INVENTORY AND OBSOLESCENCE RESERVES | 0 | 0 | 0 | 0 | 0 |
| 5   LOWER OF COST OR MARKET WRITE-DOWNS | 0 | 0 | 0 | 0 | 0 |
| 6   OTHER ITEMS WITH DIFFERENCES (ATTACH SCHEDULE) | 0 | 0 | 0 | 0 | 0 |
| 8   TOTAL COST OF GOODS SOLD. ADD LINES 1 THRU 7 | 0 | 0 | 0 | 0 | 0 |

**COLUMN C - PERMANENT DIFFERENCE**

| | | | | | |
|---|---|---|---|---|---|
| 1   AMOUNTS ATTRIB TO COST FLOW ASSUMPTIONS | 0 | 0 | 0 | 0 | 0 |
| 2A  STOCK OPTION EXPENSE | 0 | 0 | 0 | 0 | 0 |
| B  OTHER EQUITY BASED COMPENSATION | 0 | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |
| C MEALS AND ENTERTAINMENT | 0 | 0 | 0 | 0 | 0 |
| D PARACHUTE PAYMENTS | 0 | 0 | 0 | 0 | 0 |
| E COMPENSATION WITH SECTION 162(M) LIMITATION | 0 | 0 | 0 | 0 | 0 |
| F PENSION AND PROFIT SHARING | 0 | 0 | 0 | 0 | 0 |
| G OTHER POST-RETIREMENT BENEFITS | 0 | 0 | 0 | 0 | 0 |
| H DEFERRED COMPENSATION | 0 | 0 | 0 | 0 | 0 |
| I RESERVE | 0 | 0 | 0 | 0 | 0 |
| J AMORTIZATION | 0 | 0 | 0 | 0 | 0 |
| K DEPLETION | 0 | 0 | 0 | 0 | 0 |
| L DEPRECIATION | 0 | 0 | 0 | 0 | 0 |
| M CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 | 0 | 0 | 0 | 0 |
| N OTHER SECTION 263A COSTS | 0 | 0 | 0 | 0 | 0 |
| 3 INVENTORY SHRINKAGE ACCRUALS | 0 | 0 | 0 | 0 | 0 |
| 4 EXCESS INVENTORY AND OBSOLESCENCE RESERVES | 0 | 0 | 0 | 0 | 0 |
| 5 LOWER OF COST OR MARKET WRITE-DOWNS | 0 | 0 | 0 | 0 | 0 |
| 6 OTHER ITEMS WITH DIFFERENCES (ATTACH SCHEDULE) | 0 | 0 | 0 | 0 | 0 |
| 8 TOTAL COST OF GOODS SOLD. ADD LINES 1 THRU 7 | 0 | 0 | 0 | 0 | 0 |

COLUMN D - DEDUCTION PER TAX RETURN

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| 1 AMOUNTS ATTRIB TO COST FLOW ASSUMPTIONS | 0 | 0 | 0 | 0 | 0 |
| 2A STOCK OPTION EXPENSE | 0 | 0 | 0 | 0 | 0 |
| B OTHER EQUITY BASED COMPENSATION | 0 | 0 | 0 | 0 | 0 |
| C MEALS AND ENTERTAINMENT | 0 | 0 | 0 | 0 | 0 |
| D PARACHUTE PAYMENTS | 0 | 0 | 0 | 0 | 0 |
| E COMPENSATION WITH SECTION 162(M) LIMITATION | 0 | 0 | 0 | 0 | 0 |
| F PENSION AND PROFIT SHARING | 0 | 0 | 0 | 0 | 0 |
| G OTHER POST-RETIREMENT BENEFITS | 0 | 0 | 0 | 0 | 0 |
| H DEFERRED COMPENSATION | 0 | 0 | 0 | 0 | 0 |
| I RESERVE | 0 | 0 | 0 | 0 | 0 |
| J AMORTIZATION | 0 | 0 | 0 | 0 | 0 |
| K DEPLETION | 0 | 0 | 0 | 0 | 0 |
| L DEPRECIATION | 0 | 0 | 0 | 0 | 0 |
| M CORPORATE OWNED LIFE INSURANCE PREMIUMS | 0 | 0 | 0 | 0 | 0 |
| N OTHER SECTION 263A COSTS | 0 | 0 | 0 | 0 | 0 |
| 3 INVENTORY SHRINKAGE ACCRUALS | 0 | 0 | 0 | 0 | 0 |
| 4 EXCESS INVENTORY AND OBSOLESCENCE RESERVES | 0 | 0 | 0 | 0 | 0 |
| 5 LOWER OF COST OR MARKET WRITE-DOWNS | 0 | 0 | 0 | 0 | 0 |
| 6 OTHER ITEMS WITH DIFFERENCES (ATTACH SCHEDULE) | 0 | 0 | 0 | 0 | 0 |
| 7 OTHER ITEMS WITH NO DIFFERENCES | 0 | 0 | 0 | 0 | 0 |
| 8 TOTAL COST OF GOODS SOLD. ADD LINES 1 THRU 7 | 0 | 0 | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 | SGVI 27-3001571 |
|---|---|---|---|---|---|
| **PART II - INTEREST INCOME** | | | | | |
| | | | | | |
| **COLUMN A - INCOME (LOSS) PER INCOME STATEMENT** | | | | | |
| 1  TAX EXEMPT INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| 2  INTEREST INCOME FROM HYBRID SECURITIES | 0 | 0 | 0 | 0 | 0 |
| 3  SALE/LEASE INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| 4A INTERCOMPANY INT INC - OUTSIDE TAX AFFIL GROUP | 0 | 0 | 0 | 0 | 0 |
| 4B INTERCOMPANY INT INC - TAX AFFILIATED GROUP | 0 | 0 | 0 | 0 | 0 |
| 5  OTHER INTEREST INCOME | 808,800 | 0 | 808,800 | 808,800 | 0 |
| 6  TOTAL INTEREST INCOME | 808,800 | 0 | 808,800 | 808,800 | 0 |
| | | | | | |
| **COLUMN B - TEMPORARY DIFFERENCE** | | | | | |
| 1  TAX EXEMPT INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| 2  INTEREST INCOME FROM HYBRID SECURITIES | 0 | 0 | 0 | 0 | 0 |
| 3  SALE/LEASE INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| 4A INTERCOMPANY INT INC - OUTSIDE TAX AFFIL GROUP | 0 | 0 | 0 | 0 | 0 |
| 4B INTERCOMPANY INT INC - TAX AFFILIATED GROUP | 0 | 0 | 0 | 0 | 0 |
| 5  OTHER INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| 6  TOTAL INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| **COLUMN C - PERMANENT DIFFERENCE** | | | | | |
| 1  TAX EXEMPT INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| 2  INTEREST INCOME FROM HYBRID SECURITIES | 0 | 0 | 0 | 0 | 0 |
| 3  SALE/LEASE INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| 4A INTERCOMPANY INT INC - OUTSIDE TAX AFFIL GROUP | 0 | 0 | 0 | 0 | 0 |
| 4B INTERCOMPANY INT INC - TAX AFFILIATED GROUP | 0 | 0 | 0 | 0 | 0 |
| 5  OTHER INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| 6  TOTAL INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| **COLUMN D - INCOME (LOSS) PER TAX RETURN** | | | | | |
| 2  INTEREST INCOME FROM HYBRID SECURITIES | 0 | 0 | 0 | 0 | 0 |
| 3  SALE/LEASE INTEREST INCOME | 0 | 0 | 0 | 0 | 0 |
| 4A INTERCOMPANY INT INC - OUTSIDE TAX AFFIL GROUP | 0 | 0 | 0 | 0 | 0 |
| 4B INTERCOMPANY INT INC - TAX AFFILIATED GROUP | 0 | 0 | 0 | 0 | 0 |
| 5  OTHER INTEREST INCOME | 808,800 | 0 | 808,800 | 808,800 | 0 |
| 6  TOTAL INTEREST INCOME | 808,800 | 0 | 808,800 | 808,800 | 0 |
| | | | | | |
| **PART III - INTEREST EXPENSE** | | | | | |
| | | | | | |
| **COLUMN A - EXPENSE PER INCOME STATEMENT** | | | | | |
| 1  INTEREST EXPENSE FROM HYBRID SECURITIES | 0 | 0 | 0 | 0 | 0 |
| 2  LEASE/PURCHASE INTEREST EXPENSE | 0 | 0 | 0 | 0 | 0 |
| 3A INTERCOMPANY INT EXP - OUTSIDE TAX AFFIL GROUP | 0 | 0 | 0 | 0 | 0 |
| 3B INTERCOMPANY INT EXP - TAX AFFILIATED GROUP | 0 | 0 | 0 | 0 | 0 |
| 4  OTHER INTEREST EXPENSE | 141,638 | 0 | 141,638 | 141,638 | 0 |
| 5  TOTAL INTEREST EXPENSE | 141,638 | 0 | 141,638 | 141,638 | 0 |
| | | | | | |
| **COLUMN B - TEMPORARY DIFFERENCE** | | | | | |
| 1  INTEREST EXPENSE FROM HYBRID SECURITIES | 0 | 0 | 0 | 0 | 0 |
| 2  LEASE/PURCHASE INTEREST EXPENSE | 0 | 0 | 0 | 0 | 0 |
| 3A INTERCOMPANY INT EXP - OUTSIDE TAX AFFIL GROUP | 0 | 0 | 0 | 0 | 0 |
| 3B INTERCOMPANY INT EXP - TAX AFFILIATED GROUP | 0 | 0 | 0 | 0 | 0 |
| 4  OTHER INTEREST EXPENSE | 667,162 | 0 | 667,162 | 667,162 | 0 |
| 5  TOTAL INTEREST EXPENSE | 667,162 | 0 | 667,162 | 667,162 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |
| COLUMN C - PERMANENT DIFFERENCE | | | | | |
| 1   INTEREST EXPENSE FROM HYBRID SECURITIES | 0 | 0 | 0 | 0 | 0 |
| 2   LEASE/PURCHASE INTEREST EXPENSE | 0 | 0 | 0 | 0 | 0 |
| 3A  INTERCOMPANY INT EXP - OUTSIDE TAX AFFIL GROUP | 0 | 0 | 0 | 0 | 0 |
| 3B  INTERCOMPANY INT EXP - TAX AFFILIATED GROUP | 0 | 0 | 0 | 0 | 0 |
| 4   OTHER INTEREST EXPENSE | 0 | 0 | 0 | 0 | 0 |
| 5   TOTAL INTEREST EXPENSE | 0 | 0 | 0 | 0 | 0 |
| | | | | | |
| COLUMN D - DEDUCTION PER TAX RETURN | | | | | |
| 1   INTEREST EXPENSE FROM HYBRID SECURITIES | 0 | 0 | 0 | 0 | 0 |
| 2   LEASE/PURCHASE INTEREST EXPENSE | 0 | 0 | 0 | 0 | 0 |
| 3A  INTERCOMPANY INT EXP - OUTSIDE TAX AFFIL GROUP | 0 | 0 | 0 | 0 | 0 |
| 3B  INTERCOMPANY INT EXP - TAX AFFILIATED GROUP | 0 | 0 | 0 | 0 | 0 |
| 4   OTHER INTEREST EXPENSE | 808,800 | 0 | 808,800 | 808,800 | 0 |
| 5   TOTAL INTEREST EXPENSE | 808,800 | 0 | 808,800 | 808,800 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 | SGVI 27-3001571 |
|---|---|---|---|---|---|
| **FORM 1120, PAGE 6, SCH M-2 SUPPORTING SCHEDULES** | | | | | |

**STATEMENT 14  -  FORM 1120, SCH M-2, LN 3**
**OTHER INCREASES**

| LINE 3: OTHER INCREASES | | | | | |
|---|---|---|---|---|---|
| OTHER INCREASES | 261 | 0 | 261 | 77 | 184 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

|  | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 |
|---|---|---|---|---|

**STATEMENT 1 - FORM 1120, PG 1, LN 10**
**OTHER INCOME**

LINE 10: OTHER INCOME

| | SYNT | ELIMS | Subtotal | SGI |
|---|---|---|---|---|
| MISCELLANEOUS OTHER INCOME | 6,015,655 | 0 | 6,015,655 | 6,015,655 |
| UNREALIZED BOOK GAIN/LOSS | 524,449 | 0 | 524,449 | 524,449 |
| OTHER INCOME | 1 | 0 | 1 | 1 |
| TOTAL | 6,540,105 | 0 | 6,540,105 | 6,540,105 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

SGVI
27-3001571

**STATEMENT 1  -  FORM 1120, PG 1, LN 10**
**OTHER INCOME**

LINE 10: OTHER INCOME

| | |
|---|---|
| MISCELLANEOUS OTHER INCOME | 0 |
| UNREALIZED BOOK GAIN/LOSS | 0 |
| OTHER INCOME | 0 |
| TOTAL | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT<br>14-1923940 | ELIMS | Subtotal | SGI<br>14-1923940 |
|---|---|---|---|---|

**STATEMENT 2  -  FORM 1120, PG 1, LN 17**
**TAXES**

LINE 17: TAXES

| | SYNT | ELIMS | Subtotal | SGI |
|---|---|---|---|---|
| BUSINESS LICENSES, PERMITS | 103,122 | 0 | 103,122 | 103,122 |
| PAYROLL TAXES | 161,719 | 0 | 161,719 | 161,719 |
| TOTAL | 264,841 | 0 | 264,841 | 264,841 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

SGVI
27-3001571

**STATEMENT 2  -  FORM 1120, PG 1, LN 17**
**TAXES**

LINE 17: TAXES

| | |
|---|---:|
| BUSINESS LICENSES, PERMITS | 0 |
| PAYROLL TAXES | 0 |
| TOTAL | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT | ELIMS | Subtotal | SGI |
|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 |

**STATEMENT 3  -  FORM 1120, PG 1, LN 26**
**OTHER DEDUCTIONS**

LINE 26: OTHER DEDUCTIONS

| | SYNT | ELIMS | Subtotal | SGI |
|---|---|---|---|---|
| UTILITIES | 1,086,351 | 0 | 1,086,351 | 1,086,351 |
| OFFICE/SUPPLY EXPENSES | 6,222 | 0 | 6,222 | 6,222 |
| COMPUTER EXPENSES | 1,001,192 | 0 | 1,001,192 | 1,001,192 |
| MEALS & ENTERTAINMENT | 12,191 | 0 | 12,191 | 12,191 |
| AUTO & TRAVEL | 19,617 | 0 | 19,617 | 19,617 |
| MISCELLANEOUS DEDUCTIONS | 235 | 0 | 235 | 235 |
| DUES & SUBSCRIPTIONS | 56,274 | 0 | 56,274 | 56,274 |
| INSURANCE | 438,125 | 0 | 438,125 | 438,125 |
| PROFESSIONAL FEES | 713,614 | 0 | 713,614 | 713,614 |
| TEMPORARY HELP | 51,719 | 0 | 51,719 | 51,719 |
| OUTSIDE SERVICES | 26,837 | 0 | 26,837 | 26,837 |
| RECRUITING EXPENSE | 9,669 | 0 | 9,669 | 9,669 |
| TRAINING, MEETINGS & SEMINARS | 11,406 | 0 | 11,406 | 11,406 |
| POSTAGE AND SHIPPING | 7,482 | 0 | 7,482 | 7,482 |
| DIRECTORS EXPENSE | 61,500 | 0 | 61,500 | 61,500 |
| ADMINISTRATIVE & OTHER EXPENSES | (4,954,897) | 0 | (4,954,897) | (4,954,897) |
| AMORTIZATION OF R&D EXP(SEC 174)-P/Y | 4,485,835 | 0 | 4,485,835 | 4,485,835 |
| AMORTIZATION OF R&D EXP(SEC 174)-C/Y | 1,399,957 | 0 | 1,399,957 | 1,399,957 |
| TOTAL | 4,433,329 | 0 | 4,433,329 | 4,433,329 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

SGVI
27-3001571

**STATEMENT 3  -  FORM 1120, PG 1, LN 26**
**OTHER DEDUCTIONS**

LINE 26: OTHER DEDUCTIONS

| | |
|---|---|
| UTILITIES | 0 |
| OFFICE/SUPPLY EXPENSES | 0 |
| COMPUTER EXPENSES | 0 |
| MEALS & ENTERTAINMENT | 0 |
| AUTO & TRAVEL | 0 |
| MISCELLANEOUS DEDUCTIONS | 0 |
| DUES & SUBSCRIPTIONS | 0 |
| INSURANCE | 0 |
| PROFESSIONAL FEES | 0 |
| TEMPORARY HELP | 0 |
| OUTSIDE SERVICES | 0 |
| RECRUITING EXPENSE | 0 |
| TRAINING, MEETINGS & SEMINARS | 0 |
| POSTAGE AND SHIPPING | 0 |
| DIRECTORS EXPENSE | 0 |
| ADMINISTRATIVE & OTHER EXPENSES | 0 |
| AMORTIZATION OF R&D EXP(SEC 174)-P/Y | 0 |
| AMORTIZATION OF R&D EXP(SEC 174)-C/Y | 0 |
| TOTAL | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |

**STATEMENT 4 - FORM 1120, PG 6, SCH L, LN 6, BEG**
**OTHER CURRENT ASSETS - BEGINNING**

LINE 6: OTHER CURRENT ASSETS

| | | | | | |
|---|---|---|---|---|---|
| OTHER PREPAID EXPENSES | 666,717 | 0 | 666,717 | 666,717 | 0 |
| PREPAID INSURANCE | 180,179 | 0 | 180,179 | 180,179 | 0 |
| DEPOSITS | 42,365 | 0 | 42,365 | 42,365 | 0 |
| TOTAL | 889,261 | 0 | 889,261 | 889,261 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

|  | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 | SGVI 27-3001571 |
|---|---|---|---|---|---|

**STATEMENT 5  -  FORM 1120, PG 6, SCH L, LN 9, BEG**
**OTHER INVESTMENTS - BEGINNING**

LINE 9: OTHER INVESTMENTS

| | | | | | |
|---|---|---|---|---|---|
| INVESTMENTS IN SUBSIDIARIES | 4,563,186 | (2,373,770) | 6,936,956 | 6,936,956 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |

**STATEMENT 6  -  FORM 1120, PG 6, SCH L, LN 14, BEG**
**OTHER ASSETS - BEGINNING**

LINE 14: OTHER ASSETS

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| DEPOSITS | 3,019,946 | 0 | 3,019,946 | 3,019,946 | 0 |
| INTERCOMPANY RECEIVABLE | 5,531 | (15,775) | 21,306 | (7,603,775) | 7,625,081 |
| TOTAL | 3,025,477 | (15,775) | 3,041,252 | (4,583,829) | 7,625,081 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT<br>14-1923940 | ELIMS | Subtotal | SGI<br>14-1923940 | SGVI<br>27-3001571 |
|---|---|---|---|---|---|

**STATEMENT 7 - FORM 1120, PG 6, SCH L, LN 18, BEG**
**OTHER CURRENT LIABILITIES - BEGINNING**

LINE 18: OTHER CURRENT LIABILITIES

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| ACCRUED PAYROLL | 424,837 | 0 | 424,837 | 424,836 | 1 |
| ACCRUED INTEREST | 5,229,107 | 0 | 5,229,107 | 5,229,107 | 0 |
| DEFERRED REVENUE | 6,000,001 | 0 | 6,000,001 | 6,000,001 | 0 |
| ACCRUED VACATION | 419,523 | 0 | 419,523 | 419,523 | 0 |
| TENANT IMPROVEMENT OBLIG-ST | 58,422 | 0 | 58,422 | 58,422 | 0 |
| ACCRUED EXPENSES | 193,970 | 0 | 193,970 | 193,970 | 0 |
| OTHER ACCRUALS | 14,875 | 0 | 14,875 | 14,875 | 0 |
| ACCRUED EXPENSES PAYABLE | 498,595 | 0 | 498,595 | 498,595 | 0 |
| ACCRUED USE TAX | 25 | 0 | 25 | 25 | 0 |
| TOTAL | 12,839,355 | 0 | 12,839,355 | 12,839,354 | 1 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |

**STATEMENT 8 - FORM 1120, PG 6, SCH L, LN 21, BEG**
**OTHER LIABILITIES - BEGINNING**

LINE 21: OTHER LIABILITIES

| | | | | | |
|---|---|---|---|---|---|
| DEFERRED RENT- LT | 1,727,967 | 0 | 1,727,967 | 1,727,967 | 0 |
| TENANT IMPROVEMENT OBLIG - LT | 633,369 | 0 | 633,369 | 633,369 | 0 |
| DEFERRED REVENUE | 5,000,000 | 0 | 5,000,000 | 5,000,000 | 0 |
| TOTAL | 7,361,336 | 0 | 7,361,336 | 7,361,336 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT<br>14-1923940 | ELIMS | Subtotal | SGI<br>14-1923940 | SGVI<br>27-3001571 |
|---|---|---|---|---|---|

**STATEMENT 9 - FORM 1120, PG 6, SCH L, LN 6, END**
**OTHER CURRENT ASSETS - ENDING**

LINE 6: OTHER CURRENT ASSETS - ENDING

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| OTHER PREPAID EXPENSES | 295,665 | 0 | 295,665 | 295,665 | 0 |
| PREPAID INSURANCE | 241,052 | 0 | 241,052 | 241,052 | 0 |
| DEPOSITS | 36,145 | 0 | 36,145 | 36,145 | 0 |
| TOTAL | 572,862 | 0 | 572,862 | 572,862 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |

**STATEMENT 10 - FORM 1120, PG 6, SCH L, LN 9, END**
**OTHER INVESTMENTS - ENDING**

LINE 9: OTHER INVESTMENTS

| | | | | | |
|---|---|---|---|---|---|
| INVESTMENTS IN SUBSIDIARIES | 2,630,180 | (2,373,511) | 5,003,691 | 5,003,691 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |

**STATEMENT 11 - FORM 1120, PG 6, SCH L, LN 14, END**
**OTHER ASSETS - ENDING**

| LINE 14: OTHER ASSETS | | | | | |
|---|---|---|---|---|---|
| DEPOSITS | 3,019,803 | 0 | 3,019,803 | 3,019,803 | 0 |
| INTERCOMPANY RECEIVABLE | 5,530 | (16,035) | 21,565 | (7,676,497) | 7,698,062 |
| TOTAL | 3,025,333 | (16,035) | 3,041,368 | (4,656,694) | 7,698,062 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 | SGVI 27-3001571 |
|---|---|---|---|---|---|

**STATEMENT 12  -  FORM 1120, PG 6, SCH L, LN 18, END**
**OTHER CURRENT LIABILITIES - ENDING**

LINE 18: OTHER CURRENT LIABILITIES

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| ACCRUED PAYROLL | 482,958 | 0 | 482,958 | 482,957 | 1 |
| ACCRUED VACATION | 368,430 | 0 | 368,430 | 368,430 | 0 |
| TENANT IMPROVEMENT OBLIG-ST | 63,271 | 0 | 63,271 | 63,271 | 0 |
| ACCRUED EXPENSES | 183,794 | 0 | 183,794 | 183,794 | 0 |
| OTHER ACCRUALS | 3,666 | 0 | 3,666 | 3,666 | 0 |
| ACCRUED EXPENSES PAYABLE | 498,595 | 0 | 498,595 | 498,595 | 0 |
| ACCRUED USE TAX | 237 | 0 | 237 | 237 | 0 |
| TOTAL | 1,600,951 | 0 | 1,600,951 | 1,600,950 | 1 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

VIRIDOS, INC. & SUBSIDIARIES
14-1923940
Year: 2023

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| | 14-1923940 | | | 14-1923940 | 27-3001571 |

**STATEMENT 13 - FORM 1120, PG 6, SCH L, LN 21, END**
**OTHER LIABILITIES - ENDING**

LINE 21: OTHER LIABILITIES

| | SYNT | ELIMS | Subtotal | SGI | SGVI |
|---|---|---|---|---|---|
| DEFERRED RENT- LT | 1,887,518 | 0 | 1,887,518 | 1,887,518 | 0 |
| TENANT IMPROVEMENT OBLIG - LT | 569,915 | 0 | 569,915 | 569,915 | 0 |
| DEFERRED REVENUE | 5,000,000 | 0 | 5,000,000 | 5,000,000 | 0 |
| TOTAL | 7,457,433 | 0 | 7,457,433 | 7,457,433 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 |
|---|---|---|---|---|

**STATEMENT 14  -  FORM 1120, SCH M-2, LN 3**
**OTHER INCREASES**

LINE 3: OTHER INCREASES

| | SYNT | ELIMS | Subtotal | SGI |
|---|---|---|---|---|
| OTHER INCREASES | 261 | 0 | 261 | 77 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

SGVI
27-3001571

**STATEMENT 14 - FORM 1120, SCH M-2, LN 3**
**OTHER INCREASES**

LINE 3: OTHER INCREASES

OTHER INCREASES                                184

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| Description | COLUMN A INCOME(LOSS) PER INCOME STATEMENT | COLUMN B TEMPORARY DIFFERENCE | COLUMN C PERMANENT DIFFERENCE |
|---|---|---|---|

**STMT 15  -  SCH M-3, PART II, LINE 25**

LINE 25: OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES

| | | | |
|---|---|---|---|
| MISCELLANEOUS OTHER INCOME | 7,721,959 | (1,706,304) | |
| UNREALIZED BOOK GAIN/LOSS | (11,578) | 536,027 | |
| TOTAL | 7,710,381 | (1,170,277) | |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| Description | COLUMN D<br>INCOME(LOSS)<br>PER TAX<br>RETURN |
|---|---|

**STMT 15    -    SCH M-3, PART II, LINE 25**

LINE 25: OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES

| | |
|---|---|
| MISCELLANEOUS OTHER INCOME | 6,015,655 |
| UNREALIZED BOOK GAIN/LOSS | 524,449 |
| TOTAL | 6,540,104 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**ELIMINATIONS**
**Year: 2023**

| Description | COLUMN A<br>INCOME(LOSS)<br>PER INCOME<br>STATEMENT | COLUMN B<br>TEMPORARY<br>DIFFERENCE | COLUMN C<br>PERMANENT<br>DIFFERENCE |
|---|---|---|---|
| **STMT 15   -   SCH M-3, PART II, LINE 25** | | | |
| LINE 25: OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**ELIMINATIONS**
**Year: 2023**

| Description | COLUMN D<br>INCOME(LOSS)<br>PER TAX<br>RETURN |
|---|---|

**STMT 15   -   SCH M-3, PART II, LINE 25**

| | |
|---|---|
| LINE 25: OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| Description | COLUMN A INCOME(LOSS) PER INCOME STATEMENT | COLUMN B TEMPORARY DIFFERENCE | COLUMN C PERMANENT DIFFERENCE |
|---|---|---|---|

**STMT 15   -   SCH M-3, PART II, LINE 25**

LINE 25: OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES

| | | |
|---|---|---|
| MISCELLANEOUS OTHER INCOME | 7,721,959 | (1,706,304) |
| UNREALIZED BOOK GAIN/LOSS | (11,578) | 536,027 |
| TOTAL | 7,710,381 | (1,170,277) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| Description | COLUMN D INCOME(LOSS) PER TAX RETURN |
|---|---|

**STMT 15  -  SCH M-3, PART II, LINE 25**

LINE 25: OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES

| | |
|---|---|
| MISCELLANEOUS OTHER INCOME | 6,015,655 |
| UNREALIZED BOOK GAIN/LOSS | 524,449 |
| TOTAL | 6,540,104 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC.**
**14-1923940**
**Year: 2023**

| Description | COLUMN A INCOME(LOSS) PER INCOME STATEMENT | COLUMN B TEMPORARY DIFFERENCE | COLUMN C PERMANENT DIFFERENCE |
|---|---|---|---|

**STMT 15   -   SCH M-3, PART II, LINE 25**

LINE 25: OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES

| | | | |
|---|---|---|---|
| MISCELLANEOUS OTHER INCOME | 7,721,959 | (1,706,304) | |
| UNREALIZED BOOK GAIN/LOSS | (11,578) | 536,027 | |
| TOTAL | 7,710,381 | (1,170,277) | |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC.**
**14-1923940**
**Year: 2023**

| Description | COLUMN D<br>INCOME(LOSS)<br>PER TAX<br>RETURN |
|---|---|

**STMT 15   -   SCH M-3, PART II, LINE 25**

LINE 25: OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES

| | |
|---|---|
| MISCELLANEOUS OTHER INCOME | 6,015,655 |
| UNREALIZED BOOK GAIN/LOSS | 524,449 |
| TOTAL | 6,540,104 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**SYNTHETIC GENOMICS VACCINES, INC.**
**27-3001571**
**Year: 2023**

| Description | COLUMN A INCOME(LOSS) PER INCOME STATEMENT | COLUMN B TEMPORARY DIFFERENCE | COLUMN C PERMANENT DIFFERENCE |
|---|---|---|---|
| **STMT 15   -  SCH M-3, PART II, LINE 25** | | | |
| LINE 25: OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**SYNTHETIC GENOMICS VACCINES, INC.**
**27-3001571**
**Year: 2023**

| Description | COLUMN D<br>INCOME(LOSS)<br>PER TAX<br>RETURN |
|---|---|

**STMT 15   -  SCH M-3, PART II, LINE 25**

| | |
|---|---|
| LINE 25: OTHER INCOME (LOSS) ITEMS WITH DIFFERENCES | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| | SYNT 14-1923940 | ELIMS | Subtotal | SGI 14-1923940 | SGVI 27-3001571 |
|---|---|---|---|---|---|
| **STATEMENT 16 - SCH M-3, PART II, LINE 28** | | | | | |
| LINE 28: OTHER INC (LOSS) EXP ITEMS WITH NO DIFF | | | | | |
| DOMESTIC ROYALTIES | 7,380 | 0 | 7,380 | 7,380 | 0 |
| OTHER INCOME | 1 | 0 | 1 | 1 | 0 |
| SALARIES & WAGES | 522,130 | 0 | 522,130 | 522,130 | 0 |
| ACCRUED BONUS EXPENSE | (444,781) | 0 | (444,781) | (444,781) | 0 |
| BUSINESS LICENSES, PERMITS | (103,122) | 0 | (103,122) | (103,122) | 0 |
| PAYROLL TAXES | (161,719) | 0 | (161,719) | (161,719) | 0 |
| UTILITIES | (1,086,351) | 0 | (1,086,351) | (1,086,351) | 0 |
| OFFICE/SUPPLY EXPENSES | (6,222) | 0 | (6,222) | (6,222) | 0 |
| COMPUTER EXPENSES | (1,001,192) | 0 | (1,001,192) | (1,001,192) | 0 |
| AUTO & TRAVEL | (19,617) | 0 | (19,617) | (19,617) | 0 |
| MISCELLANEOUS DEDUCTIONS | (235) | 0 | (235) | (235) | 0 |
| DUES & SUBSCRIPTIONS | (56,274) | 0 | (56,274) | (56,274) | 0 |
| INSURANCE | (438,125) | 0 | (438,125) | (438,125) | 0 |
| PROFESSIONAL FEES | (713,614) | 0 | (713,614) | (713,614) | 0 |
| TEMPORARY HELP | (51,719) | 0 | (51,719) | (51,719) | 0 |
| OUTSIDE SERVICES | (26,837) | 0 | (26,837) | (26,837) | 0 |
| RECRUITING EXPENSE | (9,669) | 0 | (9,669) | (9,669) | 0 |
| TRAINING, MEETINGS & SEMINARS | (11,406) | 0 | (11,406) | (11,406) | 0 |
| POSTAGE AND SHIPPING | (7,482) | 0 | (7,482) | (7,482) | 0 |
| DIRECTORS EXPENSE | (61,500) | 0 | (61,500) | (61,500) | 0 |
| TOTAL | (3,670,354) | 0 | (3,670,354) | (3,670,354) | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| Description | COLUMN A | COLUMN B | COLUMN C |
|---|---|---|---|
| | EXPENSE PER | | |
| | INCOME | TEMPORARY | PERMANENT |
| | STATEMENT | DIFFERENCE | DIFFERENCE |

**STATEMENT 17  -  SCH M-3, PART III, LINE 38**

LINE 38: OTHER EXPENSE/DED ITEMS WITH DIFFERENCES

| | COLUMN A | COLUMN B | COLUMN C |
|---|---|---|---|
| ACCRUED VACATION EXPENSE | 804,340 | (68,127) | |
| RENTS | 2,226,228 | | (7,289) |
| DEFERRED RENT EXPENSE | 159,551 | (159,551) | |
| EMPLOYEE BENEFIT PROGRAMS | 33,194 | (210) | |
| ADMINISTRATIVE & OTHER EXPENSES | (4,961,755) | 6,858 | |
| TOTAL | (1,738,442) | (221,030) | (7,289) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| Description | COLUMN D DEDUCTION PER TAX RETURN |
|---|---|

**STATEMENT 17 - SCH M-3, PART III, LINE 38**

LINE 38: OTHER EXPENSE/DED ITEMS WITH DIFFERENCES

| | |
|---|---:|
| ACCRUED VACATION EXPENSE | 736,213 |
| RENTS | 2,218,939 |
| DEFERRED RENT EXPENSE | |
| EMPLOYEE BENEFIT PROGRAMS | 32,984 |
| ADMINISTRATIVE & OTHER EXPENSES | (4,954,897) |
| TOTAL | (1,966,761) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**ELIMINATIONS**
**Year: 2023**

| Description | COLUMN A | COLUMN B | COLUMN C |
|---|---|---|---|
| | EXPENSE PER | | |
| | INCOME | TEMPORARY | PERMANENT |
| | STATEMENT | DIFFERENCE | DIFFERENCE |

**STATEMENT 17  -  SCH M-3, PART III, LINE 38**

| Description | COLUMN A | COLUMN B | COLUMN C |
|---|---|---|---|
| LINE 38: OTHER EXPENSE/DED ITEMS WITH DIFFERENCES | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**ELIMINATIONS**
**Year: 2023**

| Description | COLUMN D<br>DEDUCTION<br>PER TAX<br>RETURN |
|---|---|

**STATEMENT 17  -  SCH M-3, PART III, LINE 38**

| | |
|---|---|
| LINE 38: OTHER EXPENSE/DED ITEMS WITH DIFFERENCES | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| Description | COLUMN A | COLUMN B | COLUMN C |
| --- | --- | --- | --- |
| | EXPENSE PER | | |
| | INCOME | TEMPORARY | PERMANENT |
| | STATEMENT | DIFFERENCE | DIFFERENCE |

**STATEMENT 17  -  SCH M-3, PART III, LINE 38**

LINE 38: OTHER EXPENSE/DED ITEMS WITH DIFFERENCES

| | COLUMN A | COLUMN B | COLUMN C |
| --- | --- | --- | --- |
| ACCRUED VACATION EXPENSE | 804,340 | (68,127) | |
| RENTS | 2,226,228 | | (7,289) |
| DEFERRED RENT EXPENSE | 159,551 | (159,551) | |
| EMPLOYEE BENEFIT PROGRAMS | 33,194 | (210) | |
| ADMINISTRATIVE & OTHER EXPENSES | (4,961,755) | 6,858 | |
| TOTAL | (1,738,442) | (221,030) | (7,289) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC. & SUBSIDIARIES**
**14-1923940**
**Year: 2023**

| Description | COLUMN D DEDUCTION PER TAX RETURN |
|---|---|

**STATEMENT 17  -  SCH M-3, PART III, LINE 38**

LINE 38: OTHER EXPENSE/DED ITEMS WITH DIFFERENCES

| | |
|---|---:|
| ACCRUED VACATION EXPENSE | 736,213 |
| RENTS | 2,218,939 |
| DEFERRED RENT EXPENSE | |
| EMPLOYEE BENEFIT PROGRAMS | 32,984 |
| ADMINISTRATIVE & OTHER EXPENSES | (4,954,897) |
| TOTAL | (1,966,761) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC.**
**14-1923940**
**Year: 2023**

| Description | COLUMN A<br>EXPENSE PER<br>INCOME<br>STATEMENT | COLUMN B<br><br>TEMPORARY<br>DIFFERENCE | COLUMN C<br><br>PERMANENT<br>DIFFERENCE |
|---|---|---|---|

**STATEMENT 17  -  SCH M-3, PART III, LINE 38**

LINE 38: OTHER EXPENSE/DED ITEMS WITH DIFFERENCES

| | | | |
|---|---|---|---|
| ACCRUED VACATION EXPENSE | 804,340 | (68,127) | |
| RENTS | 2,226,228 | | (7,289) |
| DEFERRED RENT EXPENSE | 159,551 | (159,551) | |
| EMPLOYEE BENEFIT PROGRAMS | 33,194 | (210) | |
| ADMINISTRATIVE & OTHER EXPENSES | (4,961,755) | 6,858 | |
| TOTAL | (1,738,442) | (221,030) | (7,289) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**VIRIDOS, INC.**
**14-1923940**
**Year: 2023**

| Description | COLUMN D DEDUCTION PER TAX RETURN |
|---|---|

**STATEMENT 17 - SCH M-3, PART III, LINE 38**

LINE 38: OTHER EXPENSE/DED ITEMS WITH DIFFERENCES

| | |
|---|---:|
| ACCRUED VACATION EXPENSE | 736,213 |
| RENTS | 2,218,939 |
| DEFERRED RENT EXPENSE | |
| EMPLOYEE BENEFIT PROGRAMS | 32,984 |
| ADMINISTRATIVE & OTHER EXPENSES | (4,954,897) |
| TOTAL | (1,966,761) |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**SYNTHETIC GENOMICS VACCINES, INC.**
**27-3001571**
**Year: 2023**

| Description | COLUMN A EXPENSE PER INCOME STATEMENT | COLUMN B TEMPORARY DIFFERENCE | COLUMN C PERMANENT DIFFERENCE |
|---|---|---|---|

**STATEMENT 17  -  SCH M-3, PART III, LINE 38**

| | | | |
|---|---|---|---|
| LINE 38: OTHER EXPENSE/DED ITEMS WITH DIFFERENCES | 0 | 0 | 0 |

**2023 CONS. FEDERAL 1120 TAX RETURN**

**SYNTHETIC GENOMICS VACCINES, INC.**
**27-3001571**
**Year: 2023**

| Description | COLUMN D<br>DEDUCTION<br>PER TAX<br>RETURN |
|---|---|

**STATEMENT 17  -  SCH M-3, PART III, LINE 38**

| | |
|---|---|
| LINE 38: OTHER EXPENSE/DED ITEMS WITH DIFFERENCES | 0 |

**VIRIDOS, INC. & SUBSIDIARIES**
**FEIN: 14-1923940**
**YEAR ENDED: 12/31/2023**

FORM 1120, PAGE 1 DETAIL

LINE 29A - NON-SRLY NOL DEDUCTION

| YEAR ENDING | AMOUNT AVAILABLE | AMOUNT UTILIZED IN PRIOR YEARS | AMOUNT UTILIZED IN CURRENT YEAR | OTHER ADJUSTMENTS | CONVERTED CONTRIBUTIONS | CARRYOVER |
|---|---|---|---|---|---|---|
| 12/31/2005 | 2,213,232 | (2,213,232) | | | | - |
| 12/31/2006 | 9,909,276 | (9,939,572) | | | 30,296 | - |
| 12/31/2007 | 9,516,727 | (9,516,727) | | | | - |
| 12/31/2008 | 16,505,705 | (16,559,455) | | | 53,750 | - |
| 12/31/2009 | - | | | | | - |
| 12/31/2010 | - | (42,870) | | | 42,870 | - |
| 12/31/2011 | 9,927,385 | (9,927,385) | | | | - |
| 12/31/2012 | 18,890,675 | (18,890,675) | | | | - |
| 12/31/2013 | 10,786,103 | (4,602,600) | | | | 6,183,503 |
| 12/31/2014 | 32,488,965 | | | | 67,300 | 32,556,265 |
| 12/31/2015 | 44,293,635 | | | | 36,645 | 44,330,280 |
| 12/31/2016 | 37,752,803 | | | | 4,905 | 37,757,708 |
| 12/31/2017 | 39,232,847 | | | (680) | 659 | 39,232,826 |
| 12/31/2018 | 33,779,948 | | | (83,137) | 2,714 | 33,699,525 |
| 12/31/2019 | - | | | | | - |
| 12/31/2020 | - | | | | | - |
| 12/31/2021 | - | | | | | - |
| 12/31/2022 | 2,558,552 | | | | | 2,558,552 |
| 12/31/2023 | 1,527,853 | | | | | 1,527,853 |
| | 269,383,706 | (71,692,516) | - | (83,817) | 239,139 | 197,846,512 |

EXPIRED CARRYOVER:                -

TOTAL CARRIED FORWARD TO NEXT YEAR:        197,846,512

**VIRIDOS, INC. & SUBSIDIARIES**
**FEIN: 14-1923940**
**YEAR ENDED: 12/31/2023**

FORM 3800 DETAIL

LINE 6 - GENERAL BUSINESS CREDIT CARRYFORWARDS

| YEAR ENDING | AMOUNT GENERATED | ADJUSTMENT | AMOUNT EXPIRED | AMOUNT UTILIZED | CARRYOVER |
|---|---|---|---|---|---|
| 12/31/2005 | 131,115 | | | | 131,115 |
| 12/31/2006 | 592,426 | | | | 592,426 |
| 12/31/2007 | 596,498 | | | | 596,498 |
| 12/31/2008 | 686,634 | | | | 686,634 |
| 12/31/2009 | 717,598 | | | | 717,598 |
| 12/31/2010 | 397,064 | | | | 397,064 |
| 12/31/2011 | 571,862 | | | | 571,862 |
| 12/31/2012 | 847,103 | | | | 847,103 |
| 12/31/2013 | 812,376 | | | | 812,376 |
| 12/31/2014 | 916,495 | | | | 916,495 |
| 12/31/2015 | 1,135,668 | | | | 1,135,668 |
| 12/31/2016 | 1,039,226 | | | | 1,039,226 |
| 12/31/2017 | 1,552,602 | | | | 1,552,602 |
| 12/31/2018 | - | | | | - |
| 12/31/2019 | - | | | | - |
| 12/31/2020 | - | | | | - |
| 12/31/2021 | - | | | | - |
| 12/31/2022 | - | | | | - |
| 12/31/2023 | - | | | | - |
| TOTAL | 9,996,667 | - | - | - | 9,996,667 |

EXPIRED CARRYOVER: -

TOTAL CARRIED FORWARD TO NEXT YEAR: 9,996,667

**VIRIDOS, INC. & SUBSIDIARIES**
**FEIN: 14-1923940**
**YEAR ENDED: 12/31/2023**

FORM 1120, PAGE 1 DETAIL

LINE 18 - SECTION 163(J) BUSINESS INTEREST EXPENSE LIMITATION

| YEAR ENDING | AMOUNT GENERATED | AMOUNT UTILIZED IN PRIOR YEARS | AMOUNT UTILIZED IN CURRENT YEAR | ADJUSTMENT | CARRYOVER |
|---|---|---|---|---|---|
| 12/31/2022 | 1,059,497 | | (667,162) | | 392,335 |
| TOTAL | 1,059,497 | - | (667,162) | - | 392,335 |
| | | | | EXPIRED CARRYOVER: | - |
| | | | | TOTAL CARRIED FORWARD TO NEXT YEAR: | 392,335 |

**VIRIDOS, INC. & SUBSIDIARIES**
**FEIN: 14-1923940**
**YEAR ENDED: 12/31/2023**

CONTRIBUTION CARRYFORWARD DETAIL

| YEAR ENDING | AMOUNT GENERATED | ADJUSTMENT | AMOUNT EXPIRED | AMOUNT UTILIZED | CARRYOVER |
|---|---|---|---|---|---|
| 12/31/2014 | 67,300 | (67,300) | | | - |
| 12/31/2015 | 36,645 | (36,645) | | | - |
| 12/31/2016 | 4,905 | (4,905) | | | - |
| 12/31/2017 | 659 | (659) | | | - |
| 12/31/2018 | 2,714 | (2,714) | | | - |
| 12/31/2019 | - | | | | - |
| 12/31/2020 | - | | | | - |
| 12/31/2021 | - | | | | - |
| 12/31/2022 | - | | | | - |
| 12/31/2023 | - | | | | - |
| TOTAL | 112,223 | (112,223) | - | - | - |

EXPIRED CARRYOVER: -

TOTAL CARRIED FORWARD TO NEXT YEAR: -

**VIRIDOS, INC. & SUBSIDIARIES**
**FEIN: 14-1923940**
**YEAR ENDED: 12/31/2023**

**STATEMENT PURSUANT TO 1.382-11(a) BY VIRIDOS, INC. & SUBSIDIARIES FEIN: 14-1923940, A LOSS CORPORATION**

DATE(S) OF ANY OWNER SHIFTS, EQUITY STRUCTURE SHIFTS, OR          ADDITIONAL INFORMATION AVAILABLE UPON REQUEST
OTHER TRANSACTIONS DESCRIBED IN §1.382-2T(a)(2)(i):

DATE(S) ON WHICH ANY OWNERSHIP CHANGE(S) OCCURRED:               ADDITIONAL INFORMATION AVAILABLE UPON REQUEST

AMOUNT OF ATTRIBUTES DESCRIBED UNDER 1.382-2(a)(1)(i) THAT CAUSED THE CORPORATION TO BE A LOSS CORPORATION:

| | | |
|---|---|---|
| NET OPERATING LOSS CARRYFORWARD | $ | 197,846,512 |
| RESEARCH & DEVELOPMENT CREDIT CARRYFORWARD | $ | 9,996,667 |
| SECTION 163(J) BUSINESS INTEREST EXPENSE LIMITATION | $ | 392,335 |

ADDITIONAL INFORMATION AVAILABLE UPON REQUEST

**VIRIDOS, INC. & SUBSIDIARIES**
**FEIN: 14-1923940**
**YEAR ENDED: 12/31/2023**

**Section 1.263(a)-1(f) De Minimis Safe Harbor Election**

Viridos, Inc. & Subsidiaries is making the de minimis safe harbor election under Treas. Reg. § 1.263(a)-1(f) for all eligible amounts paid or incurred during the taxable year.

| Taxpayer Name | FEIN | Address |
|---|---|---|
| Viridos, Inc. | 14-1923940 | 11149 North Torrey Pines Road, Suite 100 La Jolla, CA 92037 |
| Synthetic Genomics Vaccines, Inc. | 27-3001571 | 11149 North Torrey Pines Road, Suite 100 La Jolla, CA 92037 |

**Viridos, Inc. & Subsidiaries**
**FEIN: 14-1923940**
**YEAR ENDED: 12/31/2023**

**Section 1.263(a)-3(n) Capitalization Election**

Viridos, Inc. & Subsidiaries hereby elects to capitalize repair and maintenance costs under Treas. Reg. § 1.263(a)-3(n). The costs were incurred during the taxable year in the electing taxpayer's trade or business and the electing taxpayer treats such costs as capital expenditures on its books and records.

| Taxpayer Name | FEIN | Address |
|---|---|---|
| Viridos, Inc. | 14-1923940 | 11149 North Torrey Pines Road, Suite 100 La Jolla, CA 92037 |
| Synthetic Genomics Vaccines, Inc. | 27-3001571 | 11149 North Torrey Pines Road, Suite 100 La Jolla, CA 92037 |

**Form 5471**

(Rev. December 2023)

Department of the Treasury
Internal Revenue Service

# Information Return of U.S. Persons With Respect to Certain Foreign Corporations

**Go to www.irs.gov/Form5471 for instructions and the latest information.**

Information furnished for the foreign corporation's annual accounting period (tax year required by section 898) (see instructions) beginning **01 01 2023**, and ending **12 31 2023**

OMB No. 1545-0123

Attachment Sequence No. **121**

Name of person filing this return

VIRIDOS, INC. & SUBSIDIARIES

**A** Identifying number

14-1923940

Number, street, and room or suite no. (or P.O. box number if mail is not delivered to street address)

11149 NORTH TORREY PINES ROAD #100

City or town, state, and ZIP code

LA JOLLA      CA 92037

**B** Category of filer (See instructions. Check applicable box(es):

1a [X]  1b [ ]  1c [ ]  2 [ ]  3 [ ]  4 [X]  5a [ ]  5b [ ]  5c [ ]

**C** Enter the total percentage of the foreign corporation's voting stock you owned at the end of its annual accounting period **99.000%**

Filer's tax year beginning **01 01 2023**, and ending **12 31 2023**

**D** Check box if this is a final Form 5471 for the foreign corporation . . . . . . . . . . . . . . . . . [ ]

**E** Check if any excepted specified foreign financial assets are reported on this form (see instructions) . . . . . [ ]

**F** Check the box if this Form 5471 has been completed using "Alternative Information" under Rev. Proc. 2019-40 . . . [ ]

**G** If the box on line F is checked, enter the corresponding code for "Alternative Information" (see instructions) . . . . _____

**H** Person(s) on whose behalf this information return is filed:

| (1) Name | (2) Address | (3) Identifying number | (4) Check applicable box(es) | | |
|---|---|---|---|---|---|
| | | | Shareholder | Officer | Director |
| | | | | | |
| | | | | | |
| | | | | | |

**Important:** Fill in all applicable lines and schedules. All information **must** be in English. All amounts **must** be stated in U.S. dollars unless otherwise indicated.

**1a** Name and address of foreign corporation

SYNTHETIC GENOMIC MEXICO, S. DE R.L. DE C.V.

JOSE VASCONCELOS NO. 310      SIERRA MADRE

SAN PEDRO GARZA GARC    MX 66250

NUEVO LEON

**b(1)** Employer identification number, if any

**b(2)** Reference ID number (see instructions)

CEFMX1100GC

**b(3)** Previous reference ID number(s), if any (see instructions)

**c** Country under whose laws incorporated

MX

| **d** Date of incorporation | **e** Principal place of business | **f** Principal business activity code number | **g** Principal business activity | **h** Functional currency code |
|---|---|---|---|---|
| 02/08/2011 | | | | |

**2** Provide the following information for the foreign corporation's accounting period stated above.

**a** Name, address, and identifying number of branch office or agent (if any) in the United States

**b** If a U.S. income tax return was filed, enter:

| (i) Taxable income or (loss) | (ii) U.S. income tax paid (after all credits) |
|---|---|
| 0 | 0 |

**c** Name and address of foreign corporation's statutory or resident agent in country of incorporation

**d** Name and address (including corporate department, if applicable) of person (or persons) with custody of the books and records of the foreign corporation, and the location of such books and records, if different

## Schedule A   Stock of the Foreign Corporation

| (a) Description of each class of stock | (b) Number of shares issued and outstanding | |
|---|---|---|
| | (i) Beginning of annual accounting period | (ii) End of annual accounting period |
| | | |
| | | |
| | | |
| | | |

For Paperwork Reduction Act Notice, see instructions.

ERF

Form **5471** (Rev. 12-2023)

F3.00.02      MCF1AA00

**STATEMENT PURSUANT TO TREAS. REG. SEC. 1.6038-2(j)(3)**

**FORM 5471 FILED ON BEHALF OF STATEMENT FOR
VIRIDOS, INC. & SUBSIDIARIES
EIN: 14-1923940**

**ATTACHED TO AND MADE PART OF FORM 1120
U.S. CORPORATION INCOME TAX RETURN
FOR TAXABLE YEAR-ENDED DECEMBER 31, 2023**

**Statement Filed Pursuant to Treas. Reg. Sec. 1.6038-2(j)(3)**

The following information is submitted with respect to Viridos, Inc.'s Form 5471 (Information Return of U.S. Persons With Respect to Certain Foreign Corporations) filing requirement for:

Name of Foreign Corporation:                  Agracast De Mexico, S.A. de C.V.

Beginning Tax Year of Foreign Corporation:    January 1, 2023
Ending Tax Year of Foreign Corporation:       December 31, 2023

The Form 5471 filing requirement for this foreign corporation for Categories 1a and 4 has been satisfied by inclusion in the following U.S. Filer's tax return:

Name of U.S. Filer:              Agracast, Inc.
Address Of U.S. Filer:           11149 North Torrey Pines Road, Suite 100
                                 La Jolla, CA 92037


EIN or SSN:                      27-4819061
Ending Tax Year of U.S. Filer:   December 31, 2023
Type of Return Filed:            1120
IRS Service Center Where Return Filed:   E-FILE

Form **8992**
(Rev. December 2022)
Department of the Treasury
Internal Revenue Service

### U.S. Shareholder Calculation of Global Intangible Low-Taxed Income (GILTI)

Go to www.irs.gov/Form8992 for instructions and the latest information.

OMB No. 1545-0123

Attachment
Sequence No. **992**

| Name of person filing this return | **A** Identifying number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |
| Name of U.S. shareholder | **B** Identifying number |
| VIRIDOS, INC. | 14-1923940 |

| Part I | Net Controlled Foreign Corporation (CFC) Tested Income | | |
|---|---|---|---|
| 1 | Sum of Pro Rata Share of Net Tested Income. If the U.S. shareholder is not a member of a U.S. consolidated group, enter the total from Schedule A (Form 8992), line 1, column (e). If the U.S. shareholder is a member of a U.S. consolidated group, enter the amount from Schedule B (Form 8992), Part II, column (c), that pertains to the U.S. shareholder. | **1** | 0 |
| 2 | Sum of Pro Rata Share of Net Tested Loss. If the U.S. shareholder is not a member of a U.S. consolidated group, enter the total from Schedule A (Form 8992), line 1, column (f). If the U.S. shareholder is a member of a U.S. consolidated group, enter the amount from Schedule B (Form 8992), Part II, column (f), that pertains to the U.S. shareholder. | **2** | ( 0 ) |
| 3 | Net CFC Tested Income. Combine lines 1 and 2. If zero or less, stop here . . . . . . . . . . . . . . . . | **3** | 0 |

| Part II | Calculation of Global Intangible Low-Taxed Income (GILTI) | | | |
|---|---|---|---|---|
| 1 | Net CFC Tested Income. Enter amount from Part I, line 3 . . . . . . . . . . . | | **1** | 0 |
| 2 | Deemed Tangible Income Return (DTIR). If the U.S. shareholder is not a member of a U.S. consolidated group, multiply the total from Schedule A (Form 8992), line 1, column (g), by 10% (0.10). If the U.S. shareholder is a member of a U.S. consolidated group, enter the amount from Schedule B (Form 8992), Part II, column (i), that pertains to the U.S. shareholder. | | **2** | 0 |
| 3a | Sum of Pro Rata Share of Tested Interest Expense. If the U.S. shareholder is not a member of a U.S. consolidated group, enter the total from Schedule A (Form 8992), line 1, column (j). If the U.S. shareholder is a member of a U.S. consolidated group, leave line 3a blank. | **3a** 0 | | |
| b | Sum of Pro Rata Share of Tested Interest Income. If the U.S. shareholder is not a member of a U.S. consolidated group, enter the total from Schedule A (Form 8992), line 1, column (i). If the U.S. shareholder is a member of a U.S. consolidated group, leave line 3b blank. | **3b** 0 | | |
| c | Specified Interest Expense. If the U.S. shareholder is not a member of a U.S. consolidated group, subtract line 3b from line 3a. If zero or less, enter -0-. If the U.S. shareholder is a member of a U.S. consolidated group, enter the amount from Schedule B (Form 8992), Part II, column (m), that pertains to the U.S. shareholder. | | **3c** | 0 |
| 4 | Net DTIR. Subtract line 3c from line 2. If zero or less, enter -0- . . . . . . . . . . . | | **4** | 0 |
| 5 | GILTI. Subtract line 4 from line 1. If zero or less, enter -0- . . . . . . . . . . . . | | **5** | 0 |

**For Paperwork Reduction Act Notice, see separate instructions.**

Form **8992** (Rev. 12-2022)

ERF

F3.00.01   US8992P1

Schedule A
(Form 8992)
(Rev. December 2022)
Department of the Treasury
Internal Revenue Service

# Schedule of Controlled Foreign Corporation (CFC) Information to Compute Global Intangible Low-Taxed Income (GILTI)

Go to www.irs.gov/Form 8992 for instructions and the latest information.

OMB No. 1545-0123

Attachment
Sequence No. **992A**

| Name of person filing this schedule | **A** Identifying number |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

| Name of U.S. shareholder | **B** Identifying number |
|---|---|
| VIRIDOS, INC. | 14-1923940 |

| (a) Name of CFC | (b) EIN or Reference ID | Calculations for Net Tested Income (see instructions) | | | | | | | | GILTI Allocated to Tested Income CFCs (see instructions) | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | (c) Tested Income | (d) Tested Loss | (e) Pro Rata Share of Tested Income | (f) Pro Rata Share of Tested Loss | (g) Pro Rata Share of Qualified Business Asset Investment (QBAI) | (h) Pro Rata Share of Tested Loss QBAI Amount | (i) Pro Rata Share of Tested Interest Income | (j) Pro Rata Share of Tested Interest Expense | (k) GILTI Allocation Ratio (Divide Col. (e) by Col. (e), Line 1 Total) | (l) GILTI Allocated to Tested Income CFCs (Multiply Form 8992, Part II, Line 5, by Col. (k)) |
| SYNTHETIC GENOMIC MEXICO, S. DE R.L. DE C.V. | CEFMX1100GC | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |
| | | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |
| | | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |
| | | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |
| | | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |
| | | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |
| | | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |
| | | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |
| | | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |
| | | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |
| **1.** Totals (see instructions) . . . . . . . . | | 0 | ( 0 ) | 0 | ( 0) | 0 | ( 0) | 0 | 0 | 0.0000 | 0 |

Totals on line 1 should include the totals from any continuation sheets.

For Paperwork Reduction Act Notice, see Instructions for Form 8992.

Schedule A (Form 8992) (Rev. 12-2022)

ERF

Form **8621**
(Rev. December 2018)
Department of the Treasury
Internal Revenue Service

# Information Return by a Shareholder of a Passive Foreign Investment Company or Qualified Electing Fund

▶ Go to www.irs.gov/Form8621 for instructions and the latest information.

OMB No. 1545-1002

Attachment
Sequence No. **69**

| Name of shareholder | Identifying number (see instructions) |
|---|---|
| VIRIDOS, INC. & SUBSIDIARIES | 14-1923940 |

| Number, street, and room or suite no. If a P.O. box, see instructions. | Shareholder tax year: calendar year 20 **23** or other tax year |
|---|---|
| 11149 NORTH TORREY PINES ROAD #100 | beginning , and ending . |

City or town, state, and ZIP code or country
LA JOLLA     CA 92037

Check type of shareholder filing the return: ☐ Individual ☒ Corporation ☐ Partnership ☐ S Corporation ☐ Nongrantor Trust ☐ Estate

Check if any Excepted Specified Foreign Financial Assets are reported on this form. See instructions . . . . . . . . . . . . . . . ☐

Qualifying Insurance Corporation Election - I, a shareholder of stock of a foreign corporation, elect to treat such stock as the stock of a Qualifying Insurance Corporation under the alternative facts and circumstances test within the meaning of section 1297(f)(2). See instructions · · · · · ☐

| Name of foreign corporation, passive foreign investment company (PFIC), or qualified electing fund (QEF) | Employer identification number (if any) |
|---|---|
| ACGT SBN BHD | FOREIGNUS |

| Address (Enter number, street, city or town, and country.) | Reference ID number (see instructions) |
|---|---|
| C/O 11149 NORTH TORREY PINES ROAD     SUITE 100 | ACGTSBN |
| LA JOLLA     CA 92037 | Tax year of foreign corporation, PFIC, or QEF: calendar year 20**23** or other tax year beginning , 20 and ending , 20 . |

## Part I   Summary of Annual Information (see instructions)

Provide the following information with respect to all shares of the PFIC held by the shareholder:

1 Description of each class of shares held by the shareholder: ORDINARY

    ☐ Check if shares jointly owned with spouse.

2 Date shares acquired during the tax year, if applicable:

3 Number of shares held at the end of the tax year: 45,130

4 Value of shares held at the end of the tax year (check the appropriate box, if applicable):

    (a) ☒ $0-50,000   (b) ☐ $50,001-100,000   (c) ☐ $100,001-150,000   (d) ☐ $150,001-200,000

    (e) ☐ If more than $200,000, list value: 0

5 Type of PFIC and amount of any excess distribution or gain treated as an excess distribution under section 1291, inclusion under section 1293, and inclusion or deduction under section 1296 (check all boxes that apply):

    (a) ☒ Section 1291 $ 0

    (b) ☐ Section 1293 (Qualified Electing Fund) $ 0

    (c) ☐ Section 1296 (Mark to Market) $ 0

## Part II   Elections (see instructions)

**A** ☐ **Election To Treat the PFIC as a QEF.** I, a shareholder of a PFIC, elect to treat the PFIC as a QEF. Complete lines 6a through 7c of Part III.

**B** ☐ **Election To Extend Time For Payment of Tax.** I, a shareholder of a QEF, elect to extend the time for payment of tax on the undistributed earnings and profits of the QEF until this election is terminated. Complete lines 8a through 9c of Part III to calc. the tax that may be deferred.

    **Note:** If any portion of line 6a or line 7a of Part III is includible under section 951, you may **not** make this election. Also, see sections 1294(c) and 1294(f) and the related regulations for events that terminate this election.

**C** ☐ **Election To Mark-to-Market PFIC Stock.** I, a shareholder of a PFIC, elect to mark-to-market the PFIC stock that is marketable within the meaning of section 1296(e). Complete Part IV.

**D** ☐ **Deemed Sale Election.** I, a shareholder on the first day of a PFIC's first tax year as a QEF, elect to recognize gain on the deemed sale of my interest in the PFIC. Enter gain or loss on line 15f of Part V.

**E** ☐ **Deemed Dividend Election.** I, a shareholder on the first day of a PFIC's first tax year as a QEF that is a controlled foreign corporation (CFC), elect to treat an amount equal to my share of the post-1986 earnings and profits of the CFC as an excess distribution. Enter this amount on line 15e of Part V. If the excess distribution is greater than zero, also complete line 16 of Part V.

**F** ☐ **Election To Recognize Gain on Deemed Sale of PFIC.** I, a shareholder of a former PFIC or a PFIC to which section 1297(d) applies, elect to treat as an excess distribution the gain recognized on the deemed sale of my interest in the PFIC on the last day of its last tax year as a PFIC under section 1297(a). Enter gain on line 15f of Part V.

**G** ☐ **Deemed Dividend Election With Respect to a Section 1297(e) PFIC.** I, a shareholder of a section 1297(e) PFIC, within the meaning of Regulations section 1.1297-3(a), elect to make a deemed dividend election with respect to the Section 1297(e) PFIC. My holding period in the stock of the Section 1297(e) PFIC includes the CFC qualification date, as defined in Regulations section 1.1297-3(d). Enter the excess distribution on line 15e, Part V. If the excess distribution is greater than zero, also complete line 16, Part V.

**H** ☐ **Deemed Dividend Election With Respect to a Former PFIC.** I, a shareholder of a former PFIC, within the meaning of Regulations section 1.1298-3(a), elect to make a deemed dividend election with respect to the former PFIC. My holding period in the stock of the former PFIC includes the termination date, as defined in Regulations section 1.1298-3(d). Enter the excess distribution on line 15e, Part V. If the excess distribution is greater than zero, also complete line 16, Part V.

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.

ERF

Form **8621** (Rev. 12-2018)

F3.00.01     US8621P1

VIRIDOS, INC. & SUBSIDIARIES

14-1923940

Form 8621 (Rev. 12- 2018)

Page **2**

| Part III | Income From a Qualified Electing Fund (QEF). All QEF shareholders complete lines 6a through 7c. If you are making Election B, also complete lines 8a through 9c. See instructions. | | | | |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| **6a** | Enter your pro rata share of the ordinary earnings of the QEF | **6a** | 0 | | |
| **b** | Enter the portion of line 6a that is included in income under section 951 or that may be excluded under section 1293(g) | **6b** | 0 | | |
| **c** | Subtract line 6b from line 6a. Enter this amount on your tax return as ordinary income | | | **6c** | 0 |
| **7a** | Enter your pro rata share of the total net capital gain of the QEF | **7a** | 0 | | |
| **b** | Enter the portion of line 7a that is included in income under section 951 or that may be excluded under section 1293(g) | **7b** | 0 | | |
| **c** | Subtract line 7b from line 7a. This amount is a net long- term capital gain. Enter this amount in Part II of the Schedule D used for your income tax return. See instructions | | | **7c** | 0 |
| | **Complete lines 8 and 9 only if you are making a section 1294 election (Election B) for the current tax year.** | | | | |
| **8a** | Add lines 6c and 7c | | | **8a** | 0 |
| **b** | Enter the total amount of cash and the fair market value of other property distributed or deemed distributed to you during the tax year of the QEF. See instructions | **8b** | 0 | | |
| **c** | Enter the portion of line 8a not already included in line 8b that is attributable to shares in the QEF that you disposed of, pledged, or otherwise transferred during the tax year | **8c** | 0 | | |
| **d** | Add lines 8b and 8c | | | **8d** | 0 |
| **e** | Subtract line 8d from line 8a, and enter the difference (if zero or less, enter amount in brackets) | | | **8e** | 0 |
| | **Important:** If line 8e is greater than zero, and no portion of line 6a or 7a is includible in income under section 951, you may make Election B with respect to the amount on line 8e. | | | | |
| **9a** | Enter the total tax for the tax year. See instructions | **9a** | 0 | | |
| **b** | Enter the total tax for the tax year determined without regard to the amount entered on line 8e | **9b** | 0 | | |
| **c** | Subtract line 9b from line 9a. **This is the deferred tax, the time for payment of which is extended by making Election B. See instructions** | | | **9c** | 0 |

| Part IV | Gain or (Loss) From Mark- to- Market Election (see instructions) | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **10a** | Enter the fair market value of your PFIC stock at the end of the tax year | **10a** | 0 |
| **b** | Enter your adjusted basis in the stock at the end of the tax year | **10b** | 0 |
| **c** | Subtract line 10b from line 10a. If a gain, do not complete lines 11 and 12. Include this amount as ordinary income on your tax return. If a loss, go to line 11 | **10c** | 0 |
| **11** | Enter any unreversed inclusions (as defined in section 1296(d)) | **11** | 0 |
| **12** | Enter the loss from line 10c, but only to the extent of unreversed inclusions on line 11. Include this amount as an ordinary loss on your tax return | **12** | 0 |
| **13** | **If you sold or otherwise disposed of any section 1296 stock (see instructions) during the tax year:** | | |
| **a** | Enter the fair market value of the stock on the date of sale or disposition | **13a** | 0 |
| **b** | Enter the adjusted basis of the stock on the date of sale or disposition | **13b** | 0 |
| **c** | Subtract line 13b from line 13a. If a gain, do not complete line 14. Include this amount as ordinary income on your tax return. If a loss, go to line 14 | **13c** | 0 |
| **14a** | Enter any unreversed inclusions (as defined in section 1296(d)) | **14a** | 0 |
| **b** | Enter the loss from line 13c, but only to the extent of unreversed inclusions on line 14a. Include this amount as an ordinary loss on your tax return. If the loss on line 13c exceeds unreversed inclusions on line 14a, complete line 14c | **14b** | 0 |
| **c** | Enter the amount by which the loss on line 13c exceeds unreversed inclusions on line 14a. Include this amount on your tax return according to the rules generally applicable for losses provided elsewhere in the Code and regulations | **14c** | 0 |
| | **Note:** See instructions in case of multiple sales or dispositions. | | |

Form **8621** (Rev. 12- 2018)

F3.00.01    US8621P2

VIRIDOS, INC. & SUBSIDIARIES

14-1923940

Form 8621 (Rev. 12- 2018)

Page **3**

| Part V | **Distributions From and Dispositions of Stock of a Section 1291 Fund** (see instructions) | | |
|---|---|---|---|

Complete a **separate** Part V for each excess distribution and disposition. See instructions.

| | | | |
|---|---|---|---|
| **15a** | Enter your total distributions from the section 1291 fund during the current tax year with respect to the applicable stock. If the holding period of the stock began in the current tax year, see instructions | **15a** | 0 |
| **b** | Enter the total distributions (reduced by the portions of such distributions that were excess distributions but not included in income under section 1291(a)(1)(B)) made by the fund with respect to the applicable stock for each of the 3 years preceding the current tax year (or if shorter, the portion of the shareholder's holding period before the current tax year) | **15b** | 0 |
| **c** | Divide line 15b by 3.0. (See instructions if the number of preceding tax years is less than 3.) | **15c** | 0 |
| **d** | Multiply line 15c by 125% (1.25) | **15d** | 0 |
| **e** | Subtract line 15d from line 15a. This amount, if more than zero, is the excess distribution with respect to the applicable stock. If there is an excess distribution, complete line 16. If zero or less and you did not dispose of stock during the tax year, **do not** complete the rest of Part V. See instructions if you received more than one distribution during the current tax year. Also, see instructions for rules for reporting a nonexcess distribution on your income tax return | **15e** | 0 |
| **f** | Enter gain or loss from the disposition of stock of a section 1291 fund or former section 1291 fund. If a gain, complete line 16. If a loss, show it in brackets and **do not** complete line 16 | **15f** | 0 |
| **16a** | If there is a positive amount on line 15e or 15f (or both), attach a statement for each excess distribution and disposition. Show your holding period for each share of stock or block of shares held. Allocate the excess distribution or gain to each day in your holding period. Add all amounts that are allocated to days in each tax year. | | |
| **b** | Enter the total of the amounts determined in line 16a that are allocable to the current tax year and tax years before the foreign corporation became a PFIC (pre- PFIC years). Enter these amounts on your income tax return as other income | **16b** | 0 |
| **c** | Enter the aggregate increases in tax (before credits) for each tax year in your holding period (other than the current tax year and pre- PFIC years). See instructions | **16c** | 0 |
| **d** | Foreign tax credit (see instructions) | **16d** | 0 |
| **e** | Subtract line 16d from line 16c. Enter this amount on your income tax return as "additional tax." See instructions. | **16e** | 0 |
| **f** | Determine interest on each net increase in tax determined on line 16e using the rates and methods of section 6621. Enter the aggregate amount of interest here. See instructions | **16f** | 0 |

Form **8621** (Rev. 12- 2018)

**F3.00.01   US8621P3**

VIRIDOS, INC. & SUBSIDIARIES                                    14-1923940

Form 8621 (Rev. 12- 2018)                                                              Page **4**

| Part VI | Status of Prior Year Section 1294 Elections and Termination of Section 1294 Elections |
|---------|------|

Complete a separate column for each outstanding election.

| | (i) | (ii) | (iii) | (iv) | (v) | (vi) |
|---|---|---|---|---|---|---|
| **Complete lines 17 through 20 to report the status of outstanding prior year section 1294 elections.** | | | | | | |
| 17  Tax year of outstanding election ................... | | | | | | |
| 18  Undistributed earnings to which the election relates .... | 0 | 0 | 0 | 0 | 0 | 0 |
| 19  Deferred tax ............... | 0 | 0 | 0 | 0 | 0 | 0 |
| 20  Interest accrued on deferred tax (line 19) as of the filing date | 0 | 0 | 0 | 0 | 0 | 0 |
| **Complete lines 21 through 24 only if a section 1294 election is terminated in the current year.** | | | | | | |
| 21  Event terminating election .... | | | | | | |
| 22  Earnings distributed or deemed distributed during the tax year | 0 | 0 | 0 | 0 | 0 | 0 |
| 23  Deferred tax due with this return ...................... | 0 | 0 | 0 | 0 | 0 | 0 |
| 24  Accrued interest due with this return ...................... | 0 | 0 | 0 | 0 | 0 | 0 |
| **Complete lines 25 and 26 only if there is a partial termination of a section 1294 election in the current tax year.** | | | | | | |
| 25  Deferred tax outstanding after partial termination of election. Subtract line 23 from line 19 | 0 | 0 | 0 | 0 | 0 | 0 |
| 26  Interest accrued after partial termination of election. Subtract line 24 from line 20 | 0 | 0 | 0 | 0 | 0 | 0 |

Form **8621**  (Rev. 12- 2018)

F3.00.01    US8621P4