## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11<br>Subchapter V |
| VIRIDOS, INC.,[1] | Case No. 25-10697 (CTG) |
| Debtor. | |

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS FROM THE LIST OF CREDITORS AND CERTAIN OTHER FILINGS; (II) AUTHORIZING THE DEBTOR TO SERVE CERTAIN PARTIES BY ELECTRONIC MAIL; AND (III) GRANTING RELATED RELIEF

Viridos, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor")[2] respectfully states the following in support of this motion (this "Motion"):

### Relief Requested

1.      The Debtor respectfully seeks entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and the "Final Order"): (a) authorizing the Debtor to redact certain personally identifiable information of individuals contained within the Debtor's list of creditors (the "Creditor Matrix") and any other filing within this chapter 11 case that may similarly contain personally identifiable information of individuals; (b) authorizing the Debtor to serve certain parties by electronic mail; and (c) granting

---

[1]  The Debtor in this Chapter 11 Case and the last four digits of its U.S. taxpayer identification number is: Viridos, Inc. (3940).  The Debtor's corporate headquarters is located at: 11149 N. Torrey Pines Road, La Jolla, CA 92037.

[2] A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Debtor's chapter 11 case, are set forth in greater detail in the *Declaration of Eric Moellering in Support of the Debtor's Chapter 11 Petition, First Day Motions and Related Filings* (the "First Day Declaration"), filed contemporaneously with the Debtor's voluntary petition for relief filed under chapter 11 of title 11 of the Bankruptcy Code on the Petition Date.

WBD (US) 4902-2382-4176v7

related relief.[3]  In addition, the Debtor requests that the Court (as defined herein) schedule a final hearing within approximately 21 days of the commencement of this chapter 11 case to consider approval of this Motion on a final basis.

**Jurisdiction and Venue**

2.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested herein are sections 105(a), 107(b), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, and 9013-1(m).

**Background**

5.     On April 14, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 the Bankruptcy Code as a debtor defined in Bankruptcy Code section

---

[3] Concurrently with this Motion, the Debtor has filed or will file an application seeking to retain and employ Stretto, Inc. ("Stretto") as claims and noticing agent in this chapter 11 case.

WBD (US) 4902-2382-4176v7

1182(1) and elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended (the "SBRA").

6.      Information about the Debtor's business and the events leading to the commencement of this chapter 11 case can be found in the First Day Declaration, filed contemporaneously with the Debtor's voluntary petition for relief, which is incorporated herein by reference.

## Basis For Relief

**I.      Cause Exists to Authorize the Debtor to Redact Certain Personally Identifiable Information of Individuals.**

7.      Although the public has a common law "right of access to judicial proceedings and records," *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information.  *See* 11 U.S.C. § 107(c); *see also Cendant*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir.  1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks omitted).

8.      Specifically, section 107 of the Bankruptcy Code enables a court to issue orders that protect parties from the potential harm that could result from disclosing confidential information.  Section 107(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]

11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 (same).

9.      Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> > (A)      Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
> >
> > (B)      Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

10.      In addition, privacy and data protection regulations have been enacted in jurisdictions across the United States, including in California which is the Debtor's principal place of business.[4]   California law also provides certain protections for the personal information, including home address, of public officials and "Safe at Home" participants, which is a program for victims of domestic violence, sexual assault, stalking, human trafficking, child abduction, and elder or dependent adult abuse.  *See, e.g.*, Cal. Gov. Code § 6208.1 (setting forth provisions

---

[4] *See* California Consumer Privacy Act of 2018, Cal. Civ. Code § 1798.155; Virginia Consumer Data Protection Act, Va.  Code §§ 59.1-575-59.1-585 (effective as of Jan.  1, 2023); Connecticut Act Concerning Personal Data Privacy and Online Monitoring, Public Act § 22-15 (effective as of July 1, 2023); Colorado Privacy Act, Colo.  Rec.  Stat.  § 6-1 (effective as of July 1, 2023); Utah Consumer Privacy Act, Utah Code § 13-61 (effective on Dec.  31, 2023); Florida Digital Bill of Rights, Fla.  Stat. § 501.701 (effective on July 1, 2024); Texas Data Privacy and Security Act, Tex. Bus. & Com. Code Ann. § 541 (effective on July 1, 2024); Oregon Consumer Privacy Act, Or.  Rev. Stat. § 1.13 (effective as of July 1, 2024); Montana Consumer Data Privacy Act, Mont. Code Ann. § 35 (effective on Oct.  1, 2024); Delaware Personal Data Privacy Act, Del.  Code Ann.  tit.  6 § 12D-102 (effective as of Jan.  1, 2025); Iowa Data Privacy Law, Iowa Code § 715D.1 (effective on Jan.  1, 2025); New Hampshire Privacy Law, N.H. Rev. Stat. § 507-H:1 (effective on Jan.  1, 2025); Tennessee Information Protection Act, Tenn.  Code Ann.  § 47-18 (effective on July 1, 2025); the Minnesota Consumer Data Privacy Act, Minn. Stat. Ann. § 325O (effective on July 31, 2025); New Jersey Data Privacy Act, N.J.  Rev. Stat. § 56:1 (effective on Jan.  15, 2025); Indiana Data Privacy Law, Ind. Code § 24-15 (effective on Jan.  1, 2026); and Kentucky Consumer Data Protection Act, Ky. Rev. Stat. Ann. § 367.3611 (effective on Jan.  1, 2026).

addressing confidentiality for victims of domestic violence, sexual assault, stalking, human trafficking, child abduction, and elder or dependent adult abuse.

11.     The Debtor should be permitted to redact from any paper filed or to be filed with the Court the personally identifiable information of individual parties in interest in this chapter 11 case—including individual creditors, the Debtor's board members, and current and former employees—because such information could be used by third parties to, among other things, perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking who have otherwise taken steps to conceal their whereabouts.  This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[5]

12.     The disclosure of the unredacted home addresses of individual creditors and other individual parties in interest is not necessary for the purpose of the relevant parties reviewing the amounts owed to those individuals as part of the chapter 11 process, and redaction would be a less intrusive way of achieving this purpose.  The right of individual creditors not to have their unredacted home addresses disclosed would also override the legitimate interest of disclosing them to assist with this chapter 11 case.

13.     Courts in this district have stressed the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses, in particular. In overruling an objection by the U.S. Trustee in *Art Van Furniture* to relief similar to that which

---

[5] The incident, which took place during the first Charming Charlie chapter 11 case in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [Docket No. 4].

is being requested herein, the Court noted that the proposed redaction is not a "burden of proof"

issue so "much as a common sense issue." Hr'g Tr. at 25:6–7,[6] *In re Art Van Furniture, LLC*, No.

20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82].[7]  The Court found that "at this

point and given the risks associated with having any kind of private information out on the internet,

[redaction] has really become routine [and] I think obvious relief." *Id*. at 25:13-16.  Similarly, in

*Clover Technologies*, the Court overruled the U.S. Trustee's objection, noting that:

> To me it is common sense.  I don't need evidence that there is, at best, a risk
> of identity theft and worse a risk of personal injury from listing someone's
> name and address on the internet by way of the court's electronic case filing
> system and, of course, the claims agent's website. . . . The court can
> completely avoid contributing to the risk by redacting the addresses.  And
> while there is, of course, an important right of access we routinely redact
> sensitive and confidential information for corporate entities and redact
> individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D.

Del. Jan. 22, 2020) [Docket No. 146].  Furthermore, in *Forever 21*, in overruling the U.S. Trustee's

objection, the Court found that "[w]e live in a new age in which the theft of personal identification

is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses

withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec.

19, 2019) [Docket No. 605]; *see also* Hr'g Tr. at 28:1–29:20, *In re 2U, Inc.*, No. 24-11279 (MEW)

(Bankr. S.D.N.Y. July 26, 2024) [Docket No. 58] (stating that "the United States, in particular

---

[6] Because of the voluminous nature of the transcripts cited herein, copies of transcripts have not been attached to this Motion, but are available upon request to the Debtor's proposed counsel.

[7] Similarly, the Court previously overruled the U.S. Trustee's objection to the redaction of individuals' personally identifiable information and found that "it's just plain common sense in 2019—soon to be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) [Docket No. 112].  The Court acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that the Court's perspective had evolved in that it was not previously aware of "the dangers with this kind of information becoming public." *See* Hr'g Tr. at 45:25-46:2, 47:22–24.

some of these provisions of the Bankruptcy Code, is woefully behind the rest of the universe in terms of the protection of personally identifiable information," and noting that the Court has inherent authority under Bankruptcy Rule 9037(a) and the E-Government Act of 2002 to order the redaction of personally identifiable information to protect individuals); *Bloomberg L.P. v. FTX Trading Ltd. (In re FTX Trading Ltd.)*, Civ. No. 23-682-CFC, 2024 WL4948827 (D. Del. Dec. 3, 2024) (affirming the bankruptcy court's order allowing the debtors to redact individuals' names to protect against the threat of being victimized).

14.     Courts in this district routinely grant the relief requested in this Motion.  *See*, *e.g.*, *In re Biolase, Inc.*, No.  24-12245 (KBO) (Bankr. D. Del. Oct. 3, 2024) (authorizing the debtor to redact the email and home addresses of individual creditors and interest holders on its creditor matrix and any other papers filed with the Court); *In re Supply Source Enterprises, Inc.*, No. 24-11054 (BLS) (Bankr. D. Del. May 23, 2024) (same); *In re Ambri, Inc.*, No.  24-10952 (LSS) (Bankr. D. Del May 7, 2024) (same); *In re Restoration Forest Prods.  Group, LLC*, No. 24-10120 (KBO) (Bankr. D. Del. Feb. 22, 2024) (same); *In re Humanigen, Inc.*, No.  24-10003 (BLS) (Bankr. D. Del. Jan. 29, 2024) (same); *In re DeCurtis Holdings LLC,* No. 23-10548 (JKS) (Bankr. D. Del. May 2, 2023) (same).

15.     For these reasons, the Debtor respectfully submits that cause exists to authorize the Debtor to redact, pursuant to section 107(c)(1) of the Bankruptcy Code and in compliance with applicable privacy or data protection laws and regulations, the home and email addresses of individuals listed on the Creditor Matrix, the Top 20 List, the Debtor's schedules of assets and liabilities (the "Schedules and Statements"), any related affidavits of service, or any other document filed with the Court.  Absent such relief, the Debtor (a) may be in violation of applicable privacy or data protection laws and regulations, thereby exposing it to severe monetary penalties

WBD (US) 4902-2382-4176v7

that could threaten the Debtor's operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft and phishing scams, and (c) could jeopardize the safety of current and former employees, independent consultants, and other independent parties in interest, who, unbeknownst to the Debtor, are survivors of domestic violence, harassment, or stalking, by publishing their home and email addresses without any advance notice or opportunity to opt out or take protective measures.

16.    The Debtor proposes to provide an unredacted version of the Creditor Matrix, the Top 20 List, the Schedules and Statements, and any other filings redacted pursuant to the proposed Interim Order and the proposed Final Order to (a) the Court, the U.S. Trustee, counsel to any official committee appointed in this chapter 11 case, and Stretto, and (b) any party in interest upon a request to the Debtor (email being sufficient) or to the Court that is reasonably related to this chapter 11 case; *provided* that any receiving parties shall not transfer or otherwise provide such unredacted document to any person or entity that is not a party to the request.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any privacy or data protection law or regulation.  Nothing requested herein is intended to preclude a party in interest's right to file a motion requesting that the Court unseal the information redacted by the Interim Order or the Final Order.

## II.    E-Mail Service to Shareholders is Warranted and Appropriate.

17.    Although the Bankruptcy Rules generally require notices to be served to interested parties at their physical addresses, they give significant latitude to bankruptcy courts with respect to modifying the general rule.  *See* Fed. R. Bankr. P. 2002(m); Fed. R. Bankr. P. 9007.  Bankruptcy courts have explicit authority to modify the manner in which notice is given.  Fed. R. Bankr. P. 2002(m); *see In re Cred Inc., et al.*, Case No.20-12836 (JTD) (Bankr. D. Del. Nov. 10, 2020)

WBD (US) 4902-2382-4176v7

(authorizing debtor cryptocurrency platform to serve creditors via e-mail); *see also In re Prime Core Technologies Inc., et al*., Case No. 23-11161 (JKS) (Bankr. D. Del. Sept. 20, 2023) (same).

18. The Debtor has in excess of 200 shareholders and does not maintain physical addresses for such shareholders. Instead, the Debtor historically interacted with its shareholders via e-mail.

19. Accordingly, the Debtor requests authority to serve shareholders by e-mail, where an e-mail account is available to the Debtor. Not only is this likely the most efficient manner by which service of all interested parties can be completed, it is also the most likely to facilitate shareholder responses because the shareholder base currently receives all notices electronically from the Debtor.

20. The Debtor submits that implementation of the procedures requested herein are appropriate in this chapter 11 case and well within the Court's equitable powers under section Bankruptcy Code 105(a).

## Compliance With Local Rule 9018-1(d)(ii)

21. Under the circumstances, and given the nature of the relief requested herein, the Debtor has not been able to confer with the individuals whose information is requested to be sealed and, accordingly, the Debtor submits that there is cause to excuse the Debtor from the meet and confer obligations under Local Rule 9018-1(d).

## Notice

22. The Debtor will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the subchapter V trustee (once appointed); (d) counsel to the DIP Lender; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the state attorneys general for all states in which the Debtor conducts business; (h) the Securities &

-9-

Exchange Commission; and (i) any party that requests service pursuant to Bankruptcy Rule 2002.

As the Motion is seeking "first day" relief, within two business days after the hearing on the

Motion, the Debtor will serve copies of the Motion and any order entered respecting the Motion

as required by Local Rule 9013-1(m)(iv).  The Debtor submits that, in light of the nature of the

relief requested, no other or further notice need be given.

*Remainder of Page Intentionally Left Blank*

WHEREFORE, the Debtor respectfully requests entry of the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) granting the relief requested herein, and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: April 15, 2025
      Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Matthew P. Ward (DE Bar No. 4471)
Morgan L. Patterson (DE Bar No. 5388)
Marcy J. McLaughlin Smith (DE Bar No. 6184)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
Email: morgan.patterson@wbd-us.com
Email: marcy.smith@wbd-us.com

*Proposed Counsel to the Debtor*

WBD (US) 4902-2382-4176v7

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11<br>Subchapter V |
| VIRIDOS, INC. *et al.*,[1] | |
| Debtor. | Case No. 25-10697 (CTG) |
| | **Re: D.I. ____** |

**INTERIM ORDER (I) AUTHORIZING THE REDACTION OF CERTAIN**
**PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS**
**FROM THE LIST OF CREDITORS AND CERTAIN OTHER FILINGS;**
**(II) AUTHORIZING THE DEBTOR TO SERVE CERTAIN PARTIES**
**BY ELECTRONIC MAIL; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order"): (a) authorizing the Debtor to redact certain personally identifiable information of individuals contained within the Debtor's list of creditors (the "Creditor Matrix") and any other filing within this chapter 11 case that may similarly contain personally identifiable information of individuals; (b) authorizing the Debtor to serve certain parties by electronic mail; and (c) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

---

[1] The Debtor in this Chapter 11 Case and the last four digits of its U.S. taxpayer identification number is: Viridos, Inc. (3940).  The Debtor's corporate headquarters is located at: 11149 N. Torrey Pines Road, La Jolla, CA 92037.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

found that the relief requested in the Motion is in the best interests of the Debtor's estate, its

creditors, and other parties in interest; and this Court having found that the Debtor's notice of the

Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and

no other notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

and this Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on [_____],

2025, at [__:__]., prevailing Eastern Time.  Any objections or responses to entry of a final order

on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on [_____], 2025,

and shall be served on: (i) the Debtor, Viridos, Inc., 11149 N. Torrey Pines Rd., La Jolla, CA,

Attn:  Eric Moellering; (ii) proposed counsel to the Debtor, Womble Bond Dickinson (US) LLP,

1313 North Market Street, Suite 1200, Wilmington, Delaware, 19801, Attn:  Morgan L. Patterson

(morgan.patterson@wbd-us.com); (iii) the Subchapter V Trustee; and (iv) the Office of the United

States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:

Timothy J. Fox (Timothy.Fox@usdoj.gov).  In the event no objections to entry of the Final Order

on the Motion are timely received, this Court may enter such Final Order without need for the

Final Hearing.

3.      The Debtor is authorized, pursuant to section 107(c)(1) of the Bankruptcy Code, to

redact on the Creditor Matrix, the Schedules and Statements, affidavits of service, and any other

documents filed with the Court the home and email addresses of natural persons, including individual creditors and individual equity holders.  The Debtor shall file unredacted versions of any documents redacted pursuant to this Order under seal with the Clerk's office.  The Debtor shall provide an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Interim Order to (a) the Court, (b) the U.S. Trustee, (c) the Subchapter V Trustee, (d) Stretto, as the Debtor's claims and noticing agent, and (e) any party in interest upon a request to the Debtor (email is sufficient) or to the Court that is reasonably related to this chapter 11 case; *provided that* any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request unless otherwise required to be disclosed by law or court order.  The Debtor shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

4.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Order.

5.      The Debtor shall file a redacted version of the Creditor Matrix and the Schedules and Statements and any other document redacted pursuant to this Order, and shall post the redacted versions of such documents on Stretto's website at cases.stretto.com/Viridos.

6.      Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.  Any service by the Debtor or the committee (if any) on the Debtor's employees and other individual creditors

-3-

or parties in interest (including but not limited to service of the bar date notice), shall be made to their residential addresses.

7.      To the extent a party in interest files a document on the docket in this chapter 11 case that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtor who shall work in good faith, with the assistance of Stretto as the Debtor's claims and noticing agent, to provide the relevant information or effectuate the service on such party's behalf.

8.      The Debtor shall serve the Notice of Commencement via e-mail on shareholders that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e), (ii) have not expressly requested to be served hard copies by mail, and (iii) have a valid e-mail address on file with the Debtor.  The Debtor shall serve all other interested parties via regular mail.  The Debtor shall also publish the Notice of Commencement as soon as reasonably practicable on the website maintained by the claims and noticing agent.

9.      The service requirements of Bankruptcy Rule 2002(g) hereby are modified to permit e-mail service to shareholders that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e); (ii) have not expressly requested to be served hard copies by mail, and (iii) have a valid e-mail address on file with the Debtor.

10.     Notwithstanding paragraphs 8 and 9 of this Interim Order, to the extent that an e-mail address is returned as undeliverable and the Debtor is unable to locate an alternative, working e-mail address, the Debtor shall serve such parties at the physical mailing address that the Debtor has on file, if any, by first-class mail, overnight courier, or hand delivery, as appropriate.

11.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon entry.

-4-

12.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

WBD (US) 4902-2382-4176v7

**<u>Exhibit B</u>**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>VIRIDOS, INC.,[1]<br><br>                          Debtor. | Chapter 11<br>Subchapter V<br><br>Case No. 25-10697 (CTG)<br><br>**Re: D.I. ____** |

**FINAL ORDER (I) AUTHORIZING THE REDACTION OF CERTAIN**
**PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS**
**FROM THE LIST OF CREDITORS AND CERTAIN OTHER FILINGS;**
**(II) AUTHORIZING THE DEBTOR TO SERVE CERTAIN PARTIES**
**BY ELECTRONIC MAIL; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of a final order (this "Final Order"): (a) authorizing the Debtor to redact certain personally identifiable information of individuals contained within the Debtor's list of creditors (the "Creditor Matrix") and any other filing within this chapter 11 case that may similarly contain personally identifiable information of individuals; (b) authorizing the Debtor to serve certain parties by electronic mail; and (c) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

---

[1] The Debtor in this Chapter 11 Case and the last four digits of its U.S. taxpayer identification number is: Viridos, Inc. (3940).  The Debtor's corporate headquarters is located at: 11149 N. Torrey Pines Road, La Jolla, CA 92037.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtor is authorized, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Schedules and Statements, affidavits of service, and any other documents filed with the Court the home and email addresses of natural persons, including individual creditors and individual equity holders.  The Debtor shall provide an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, (b) the U.S. Trustee, (c) the Subchapter V Trustee, (d) Stretto, as the Debtor's claims and noticing agent, and (e) any party in interest upon a request to the Debtor (email is sufficient) or to the Court that is reasonably related to this chapter 11 case; provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request unless otherwise required to be disclosed by law or court order. The Debtor shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

WBD (US) 4902-2382-4176v7

3.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

4.      The Debtor shall file a redacted version of the Creditor Matrix and the Schedules and Statements, and shall post the redacted versions of such documents on Stretto's website at cases.stretto.com/Viridos.

5.      The Debtor shall file an unredacted Creditor Matrix under seal with the Court.

6.      Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

7.      To the extent a party in interest files a document on the docket in this chapter 11 case that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the Debtor who shall work in good faith, with the assistance of Stretto, as the Debtor's claims and noticing agent, to provide the relevant information or effectuate the service on such party's behalf.

8.      The Debtor shall serve the Notice of Commencement via e-mail on shareholders that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e), (ii) have not expressly requested to be served hard copies by mail, and (iii) have a valid e-mail address on file with the Debtor.  The Debtor shall serve all other interested parties via regular mail.  The Debtor shall also publish the Notice of Commencement as soon as reasonably practicable on the website maintained by the claims and noticing agent.

-3-

9.      The service requirements of Bankruptcy Rule 2002(g) hereby are modified to permit e-mail service to shareholders that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e); (ii) have not expressly requested to be served hard copies by mail, and (iii) have a valid e-mail address on file with the Debtor.

10.     Notwithstanding paragraphs 8 and 9 of this Final Order, to the extent that an e-mail address is returned as undeliverable and the Debtor is unable to locate an alternative, working e-mail address, the Debtor shall serve such parties at the physical mailing address that the Debtor has on file, if any, by first-class mail, overnight courier, or hand delivery, as appropriate.

11.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Order are immediately effective and enforceable upon entry.

12.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

WBD (US) 4902-2382-4176v7