## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VIRIDOS, INC.,[1]<br><br>Debtor. | Chapter 11<br>Subchapter V<br><br>Case No. 25-10697 (CTG) |

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF

Viridos, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), respectfully states the following in support of this motion (the "Motion"):

### Relief Requested

1.      The Debtor seeks entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"): (i) prohibiting utility providers from altering, refusing, or discontinuing services; (ii) determining adequate assurance of payment for future utility services; (iii) establishing procedures for determining adequate assurance of payment for future utility services; and (iv) granting related relief.  In addition, the Debtor requests that the Court (as defined herein) schedule a final hearing within approximately 30 days of the commencement of this Chapter 11 Case to consider approval of this motion on a final basis.

---

[1]  The Debtor in this Chapter 11 Case and the last four digits of its U.S. taxpayer identification number is: Viridos, Inc. (3940).  The Debtor's corporate headquarters is located at: 11149 N. Torrey Pines Road, La Jolla, CA 92037.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  In addition, the Debtor confirms its consent, pursuant to rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of this Chapter 11 Case and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5.      On April 14, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section 1182(1) and elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended (the "SBRA").

6.      The Debtor continues to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee (other than the Subchapter V trustee), examiner, or statutory creditors' committee has been appointed in this Chapter 11 Case.

7.      A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Chapter 11 Case, are set forth in greater detail in the

*Declaration of Eric Moellering in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration").

## I. The Utility Services

8. In connection with the operation of its business and management of its properties, the Debtor historically obtained water, sewer service, electricity, waste disposal, natural gas, and other similar services (collectively, the "Utility Services") from a number of utility providers or their brokers (collectively, the "Utility Providers").

9. The Debtor paid approximately $40,810 per month on average for Utility Services over the prior twelve-month period. The Utility Providers hold no deposits or surety bonds.

## I. The Proposed Adequate Assurance and Adequate Assurance Procedures

10. The Debtor intends to pay post-petition obligations to the Utility Providers in a timely manner. Cash held by the Debtor, cash generated in the ordinary course of business, and cash available to the Debtor under the approved use of DIP financing will provide sufficient liquidity to pay the Debtor's Utility Service obligations in accordance with its prepetition practice.

11. To provide additional assurance of payment, the Debtor proposes to deposit into a segregated account (the "Adequate Assurance Account") $20,405 (the "Adequate Assurance Deposit"), which represents an amount equal to half of the Debtor's average monthly cost of Utility Services, calculated based on the Debtor's average utility expenses over the prior twelve-month period.

12. The Adequate Assurance Deposit will be held by the Debtor and no liens will encumber the Adequate Assurance Deposit or the Adequate Assurance Account. The Debtor submits that the Adequate Assurance Deposit, in conjunction with the Debtor's ability to pay for future utility services in accordance with its prepetition practices (collectively, the "Proposed

Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Providers in full satisfaction of Bankruptcy Code section 366.

13.     Nevertheless, if any entity believes that it is a Utility Provider and seeks to make a request for adequate assurance of future payment (each, an "Adequate Assurance Request"), the Debtor requests they do so pursuant to the following procedures (the "Adequate Assurance Procedures"):

     a.    Any Utility Provider that objects to the Debtor's Proposed Adequate Assurance must serve an Adequate Assurance Request on: (i) the Debtor, Viridos, Inc., 11149 N. Torrey Pines Rd., La Jolla, CA, Attn: Eric Moellering; (ii) proposed counsel to the Debtor, Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware, 19801, Attn: Morgan L. Patterson (morgan.patterson@wbd-us.com); (iii) the DIP Lender; (iv) the Subchapter V Trustee; and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy J. Fox (Timothy.Fox@usdoj.gov).

     b.    Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include information regarding any security deposits paid by the Debtor; (iv) provide evidence that the Debtor has a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

     c.    Upon the Debtor's receipt of an Adequate Assurance Request, the Debtor shall have 14 days from the receipt of the Adequate Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

     d.    Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving an Adequate Assurance Request if the Debtor, in its sole discretion, determines that the Adequate Assurance Request is reasonable.

     e.    If the Debtor determines, in its sole discretion, that the Adequate Assurance Request is not reasonable and the Debtor is unable to reach an alternative resolution with the Utility Provider, the Debtor, during or immediately after the Resolution Period, will request a hearing (a "Determination Hearing") before the Court to determine the

adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

f.     Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

g.     The Adequate Assurance Deposit deposited into the Adequate Assurance Account on behalf of any Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider) shall be returned to the Debtor, <u>less</u> any amounts owed on account of unpaid, post-petition Utility Services, by no later than five business days following the earlier of the date upon which (i) a chapter 11 plan becomes effective after being confirmed in this Chapter 11 Case or (ii) the Debtor providing notice to a Utility Provider that services provided to the Debtor by such Utility Provider no longer will be needed.  Any amounts returned to the Debtor pursuant to this provision shall be subject to the terms and conditions of any then applicable cash collateral order.

14.     The Adequate Assurance Procedures set forth a streamlined process for Utility Providers to address potential concerns with respect to the Proposed Adequate Assurance, while at the same time allowing the Debtor to administer its chapter 11 estate uninterrupted.  More specifically, the Adequate Assurance Procedures permit a Utility Provider to object to the Proposed Adequate Assurance by serving an Adequate Assurance Request upon certain notice parties.  The Debtor, in its discretion, may then resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court.  If the Adequate Assurance Request cannot be resolved by mutual agreement, the Debtor may seek Court resolution of the Adequate Assurance Request.

15.     Absent compliance with the Adequate Assurance Procedures, the Debtor requests that the Utility Providers, including subsequently added Utility Providers, be forbidden from altering, refusing, or discontinuing service or requiring additional assurance of payment other than

the Proposed Adequate Assurance, pending entry of a final order approving the relief requested herein.

## II.    Subsequently Identified Utility Providers

16.    To the extent the Debtor identifies new Utility Providers, the Debtor will serve such Utility Provider a copy of the Court's order regarding Utility Services, including the Adequate Assurance Procedures.   The Debtor requests that the terms of that order and the Adequate Assurance Procedures apply to any subsequently identified Utility Provider.

### Basis for Relief

17.    Bankruptcy Code section 366 protects a debtor against the immediate termination or alteration of utility services after the Petition Date.   *See* 11 U.S.C. § 366.   Section 366(c) requires the debtor to provide "adequate assurance" of payment for post-petition services in a form "satisfactory" to the utility provider within thirty days of the Petition Date, or the utility provider may alter, refuse, or discontinue service.  11 U.S.C. § 366(c)(2).   Section 366(c)(1) enumerates what constitutes "assurance of payment."  11 U.S.C. § 366(c)(1).  Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtor's ability to pay.   *See In re Santa Clara Cirs. W., Inc.*, 27 B.R. 680, 685 (Bankr. D. Utah 1982) ("[A]dequate assurance of payment does not mean guaranty of payment; but the Court must find that the utility is not subject to an unreasonable risk of future loss." (*quoting In re George C. Frye Co.*, 7 B.R. 856, 858 (Bankr. D. Me. 1980))); *Va. Elec. & Power Co. v. Caldor, Inc*., 117 F.3d 646, 650 (2d Cir. 1997) ("[A] bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'"); *In re Cir. City Stores, Inc.*, 2009 WL 484533, at *4 ("A debtor need not provide utility companies an absolute

guarantee of payment." (citing *In re Adelphia Bus. Sols, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002))).

18.    When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Provider will be subject to an unreasonable risk of nonpayment.  *See In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002).  Courts have recognized that, in determining the requisite level of adequate assurance, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 650 (2d Cir. 1997) (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)); *see also In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103–04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits likely would "jeopardize the continuing operation of the debtor merely to give further security to suppliers who already are reasonably protected").  Accordingly, demands by a Utility Provider for a guarantee of payment should be refused when the Debtor's specific circumstances already afford adequate assurance of payment.

19.    Here, the Utility Providers are adequately assured against any risk of nonpayment for future services with the Adequate Assurance Deposit.  Further, the Debtor's ongoing ability to meet obligations as they come due provides assurance of the Debtor's payment of any currently unknown future obligations.  Moreover, termination of any Utility Services could result in the Debtor's inability to conduct its remaining operations.  *Cf. In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service, the debtors "would have

to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

20.     Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed herein, to implement the protections afforded under section 366 of the Bankruptcy Code. *See, e.g.*, *In re Circuit City Stores Inc.*, No. 08-35653, 2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009).  Such procedures are important because, without them, the Debtor "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in [its] efforts to reorganize." *Id.*  Here, notwithstanding a determination that the Debtor's Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Providers believe they have under Bankruptcy Code sections 366(b) and 366(c)(2) are wholly preserved under the Adequate Assurance Procedures. *See id.* at *5–6.  The Utility Providers still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance. *See id.* at *6.  The Adequate Assurance Procedures, however, avoid a disorganized process whereby each Utility Provider could make a last-minute demand for adequate assurance that would force the Debtor to pay under the threat of losing critical Utility Services. *See id.* at *5.

21.     Because the Adequate Assurance Procedures are reasonable and in accord with the purposes of Bankruptcy Code section 366, the Court should grant the relief requested herein.  Similar procedures have been approved by courts in this and other districts. *See, e.g.*, *In re Am. Physician Partners, LLC*, No. 23-11469 (BLS) (Bankr. D. Del. Oct. 16, 2023) [D.I. 241]; *In re AmeriFirst Fin., Inc.*, No. 23-11240 (TMH) (Bankr. D. Del. Sept. 28, 2023) [D.I. 179]; *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 13, 2023) [D.I. 534]; *In re Amyris, Inc.*, No. 23-11131 (TMH) (Bankr. D. Del. Sept. 11, 2023) [D.I. 229]; *In re DCL Holdings (USA), Inc.*, No. 22-11319 (JKS) (Bankr. D. Del. Feb. 22, 2023) [D.I. 260]; *In re GigaMonster Networks, LLC*, No.

8

23-10051 (JKS) (Bankr. D. Del. Feb. 9, 2023) [D.I. 121]; *In re Performance Powersports Grp. Inv., LLC*, No. 23-10047 (LSS) (Bankr. D. Del. Feb. 9, 2023) [D.I. 124]; *In re Medly Health Inc.*, No. 22-11257 (KBO) (Bankr. D. Del. Jan. 6, 2023) [D.I. 184]; *In re ExpressJet Airlines LLC*, No. 22-10787 (MFW) (Bankr. D. Del. Sep. 13, 2022) [D.I. 94]; *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 1, 2022) [D.I. 107]; *In re Salem Harbor Power Dev. LP*, No. 22-10239 (MFW) (Bankr. D. Del. Apr. 19, 2022) [D.I. 113]; *In re BHCosmetics Holdings, LLC*, No. 22-10050 (CSS) (Bankr. D. Del. Feb. 7, 2022) [D.I. 122].[2]

22.     Further, the Court possesses the power, under Bankruptcy Code section 105(a), to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366. Accordingly, the Court should exercise its powers under Bankruptcy Code sections 366 and 105(a) and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

23.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, preventing the interruption of Utility Services and granting the other relief requested herein is integral to the Debtor's ability to transition its operations during this Chapter 11 Case. Failure to receive such authorization and other relief during the first 21 days of this Chapter 11 Case would severely disrupt the Debtor's ability to administer its estate at this

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtor's proposed counsel.

critical juncture.  For the reasons discussed herein, the relief requested is necessary in order for the Debtor to preserve and maximize the value of the Debtor's estate for the benefit of all stakeholders. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## **Reservation of Rights**

24.    Nothing contained in this motion or any actions taken by the Debtor pursuant to relief granted in the Interim Order and Final Order is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## **Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

25.    To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **Notice**

26.     The Debtor will provide notice of this motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the subchapter V trustee (once appointed); (d) counsel to the DIP Lender; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the state attorneys general for all states in which the Debtor conducts business; (h) the Securities & Exchange Commission; (i) the Utility Providers; and (j) any party that requests service pursuant to Bankruptcy Rule 2002.  As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtor will serve copies of the Motion and any order entered respecting the Motion as required by Local Rule 9013-1(m)(iv).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

27.     No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Interim and Final Orders granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: April 15, 2025
       Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Matthew P. Ward (DE Bar No. 4471)
Morgan L. Patterson (DE Bar No. 5388)
Marcy J.  McLaughlin Smith (DE Bar No. 6184)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 252-4320
Facsimile:   (302) 252-4330
Email:  matthew.ward@wbd-us.com
Email:  morgan.patterson@wbd-us.com
Email: marcy.smith@wbd-us.com

*Proposed Counsel to the Debtor*

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Subchapter V |
| VIRIDOS, INC. *et al.,*[1] | |
| | Case No. 25-10697 (CTG) |
| Debtor. | |

**INTERIM ORDER (I) PROHIBITING UTILITY PROVIDERS FROM
ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES,
(II) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
UTILITY SERVICES, (III) ESTABLISHING PROCEDURES FOR DETERMINING
ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession

(the "Debtor") for entry of an interim order (this "Interim Order"): (i) prohibiting Utility Providers

from altering, refusing, or discontinuing services; (ii) determining adequate assurance of payment

for future Utility Services; (iii) establishing procedures for determining adequate assurance of

payment for future Utility Services; (iv) granting related relief; and (v) scheduling a final hearing

to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and

upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware, dated February 29, 2012; and this Court being able to

enter an interim order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1]  The Debtor in this Chapter 11 Case and the last four digits of its U.S. taxpayer identification number is: Viridos,
    Inc. (3940).  The Debtor's corporate headquarters is located at: 11149 N. Torrey Pines Road, La Jolla, CA 92037.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.  The final hearing (the "Final Hearing") on the Motion shall be held on [_____], 2025, at [_____], prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on [_____], 2025, and shall be served on: (i) the Debtor, Viridos, Inc., 11149 N. Torrey Pines Rd., La Jolla, CA, Attn:  Eric Moellering; (ii) proposed counsel to the Debtor, Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware, 19801, Attn:  Morgan L. Patterson (morgan.patterson@wbd-us.com); (iii) counsel to the DIP Lender, Greenberg Traurig, LLP, One International Place, Suite 2000, Boston, MA, 02110 Attn: Jeffrey M. Wolf (Jeffrey.Wolf@gtlaw.com); (iv) the Subchapter V Trustee; and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy J. Fox (Timothy.Fox@usdoj.gov).

2.      Until such time as this Court enters a final order on the Motion or the Court orders otherwise, all Utility Providers are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of this Chapter 11 Case, or any perceived inadequacy of the Proposed Adequate Assurance.

3.      The following Adequate Assurance Procedures are hereby approved on an interim

basis:

    a)  The Debtor will serve a copy of the Motion and this Interim Order to each Utility Provider identified on **Exhibit C** within two business days after entry of this Interim Order by the Court.

    b)  Subject to the terms herein, the Debtor will deposit the Adequate Assurance Deposit, in the aggregate amount of $20,405, in the Adequate Assurance Account within five business days after entry of this Interim Order.

    c)  Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount equal to one half the average monthly usage from the Utility Provider

    d)  If an amount relating to Utility Services provided post-petition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtor, Viridos, Inc., 11149 N. Torrey Pines Rd., La Jolla, CA, Attn: Eric Moellering; (ii) proposed counsel to the Debtor, Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware, 19801, Attn:  Morgan L. Patterson (morgan.patterson@wbd-us.com); (iii) counsel to the DIP Lender, Greenberg Traurig, LLP, One International Place, Suite 2000, Boston, MA, 02110 Attn: Jeffrey M. Wolf (Jeffrey.Wolf@gtlaw.com); (v)the Subchapter V Trustee; and (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:  Timothy J. Fox (Timothy.Fox@usdoj.gov) (collectively, the "Notice Parties").  The Debtor shall honor such request within five business days after the date the request is received by the Debtor, subject to the ability of the Debtor and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtor shall replenish the Adequate Assurance Account in the amount disbursed.

    e)  The portion of the Adequate Assurance Deposit attributable to each Utility Provider will be returned to the Debtor on the earlier of (i) the reconciliation and payment by the Debtor of the Utility Provider's final or revised invoice in accordance with applicable non-bankruptcy law following the Debtor's termination of Utility Services from such a Utility Provider; or (ii) the effective date of any chapter 11 plan confirmed in this Chapter 11 Case.  Any amounts returned to the Debtor

pursuant to this provision shall be subject to the terms and conditions of any then applicable cash collateral order.

f) Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

g) Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include information regarding any security deposits paid by the Debtor; (iv) provide evidence that the Debtor has a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

h) Upon the Debtor's receipt of an Adequate Assurance Request, the Debtor shall have 14 days from the receipt of the Adequate Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

i) Without further order of the Court, the Debtor may, after consulting the DIP Lender, enter into agreements granting additional adequate assurance to a Utility Provider serving an Adequate Assurance Request if the Debtor, in its sole discretion, determines that the Adequate Assurance Request is reasonable.

j) If the Debtor determines, in its discretion and after consulting the DIP Lender, that the Adequate Assurance Request is not reasonable and the Debtor is unable to reach an alternative resolution with the Utility Provider, the Debtor, during or immediately after the Resolution Period, will request a hearing (a "Determination Hearing") before the Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to Bankruptcy Code section 366(c)(3).

k) Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

4.      The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

4

5.      The Debtor will cause a copy of this Interim Order, including the Adequate Assurance Procedures, to be served on any subsequently identified Utility Provider and any such Utility Provider shall be bound by the Adequate Assurance Procedures.   The Debtor shall supplement **Exhibit C** with the names of any subsequently identified Utility Providers ("<u>Additional Utility Provider</u>") and as soon as possible shall increase the aggregate amount in the Adequate Assurance Account by an amount equal to two weeks of service provided by the Additional Utility Provider.  Any such supplement to **Exhibit C** shall be filed with this Court and served on the Additional Utility Provider.

6.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the Debtor's rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

7.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

10.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

11.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## EXHIBIT B

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VIRIDOS, INC. *et al.,*[1]<br><br>           Debtor. | Chapter 11<br>Subchapter V<br><br>Case No. 25-10697 (CTG) |

## FINAL ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of a final order (this "Final Order"): (i) prohibiting Utility Providers from altering, refusing, or discontinuing services; (ii) determining adequate assurance of payment for future Utility Services; (iii) establishing procedures for determining adequate assurance of payment for future Utility Services; and (iv) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances

---

[1]  The Debtor in this Chapter 11 Case and the last four digits of its U.S. taxpayer identification number is: Viridos, Inc. (3940).  The Debtor's corporate headquarters is located at: 11149 N. Torrey Pines Road, La Jolla, CA 92037.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtor shall serve a copy of this Final Order on any Utility Provider identified prior to the entry of this Final Order no later than three business days after the date this Final Order is entered.

3.      All Utility Providers are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of this Chapter 11 Case, or any perceived inadequacy of the Proposed Adequate Assurance.

4.      The following Adequate Assurance Procedures are hereby approved on a final basis:

    a)  The Debtor will serve a copy of this Final Order to each Utility Provider identified on **Exhibit C** within two business days after entry of this Final Order by the Court.

    b)  Subject to the terms herein, the Debtor will deposit the Adequate Assurance Deposit, in the aggregate amount of $20,405, in the Adequate Assurance Account within five business days after entry of this Final Order, provided, however, that the Debtor shall have the right to reduce the Adequate Assurance Deposit in an amount equal to the amount held for the adequate of assurance of any Utility Provider providing Utility Services at a location subject to a lease that is rejected by the Debtor under § 365 of the Bankruptcy Code without further order of this Court.

    c)  Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount equal to half the average monthly usage from the Utility Provider.

d) If an amount relating to Utility Services provided post-petition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtor, Viridos, Inc., 11149 N. Torrey Pines Rd., La Jolla, CA, Attn: Eric Moellering; (ii) proposed counsel to the Debtor, Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware, 19801, Attn: Morgan L. Patterson (morgan.patterson@wbd-us.com); (iii) counsel to the DIP Lender, Greenberg Traurig, LLP, One International Place, Suite 2000, Boston, MA, 02110 Attn: Jeffrey M. Wolf (Jeffrey.Wolf@gtlaw.com); (iv)the Subchapter V Trustee; and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy J. Fox (Timothy.Fox@usdoj.gov) (collectively, the "Notice Parties").  The Debtor shall honor such request within five business days after the date the request is received by the Debtor, subject to the ability of the Debtor and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtor shall replenish the Adequate Assurance Account in the amount disbursed.

e) The portion of the Adequate Assurance Deposit attributable to each Utility Provider will be returned to the Debtor on the earlier of (i) the reconciliation and payment by the Debtor of the Utility Provider's final or revised invoice in accordance with applicable non-bankruptcy law following the Debtor's termination of Utility Services from such a Utility Provider; or (ii) the effective date of any chapter 11 plan confirmed in this Chapter 11 Case.  Any amounts returned to the Debtor pursuant to this provision shall be subject to the terms and conditions of any then applicable cash collateral order.

f) Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

g) Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include information regarding any security deposits paid by the Debtor; (iv) provide evidence that the Debtor has a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

h) Upon the Debtor's receipt of an Adequate Assurance Request, the Debtor shall have 14 days from the receipt of the Adequate Assurance

3

Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

i) Without further order of the Court, the Debtor may, after consulting the DIP Lender, enter into agreements granting additional adequate assurance to a Utility Provider serving an Adequate Assurance Request if the Debtor, in its discretion and after consulting with the DIP Lender, determines that the Adequate Assurance Request is reasonable.

j) If the Debtor determines, in its discretion and after consulting the DIP Lender, that the Adequate Assurance Request is not reasonable and the Debtor is unable to reach an alternative resolution with the Utility Provider, the Debtor, during or immediately after the Resolution Period, will request a hearing (a "Determination Hearing") before the Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to Bankruptcy Code section 366(c)(3).

k) Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

5.      The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

6.      The Debtor will cause a copy of this Final Order, including the Adequate Assurance Procedures, to be served on any subsequently identified Utility Provider and any such Utility Provider shall be bound by the Adequate Assurance Procedure.

7.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the

4

Debtor's rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**EXHIBIT C**

**Utility Providers List**

| Utility Provider | Location Address | Service Type | Account Number | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|
| San Diego Gas & Electric | 11149 N Torrey Pines Rd, San Diego, California 92037 | Electric | 0050530209338 | $50 |
| San Diego Gas & Electric | 11149 N Torrey Pines Rd, San Diego, California 92037 | Electric | 2100002703942 | $7,900 |
| San Diego Gas & Electric | 11149 N Torrey Pines Rd, San Diego, California 92037 | Electric | 2100002737122 | $4,150 |
| San Diego Gas & Electric | 11095 N Torrey Pines Rd, San Diego, California 92037 | Electric | Not Available[1] | $6,500 |
| City of San Diego Public Utilities | 11095 N Torrey Pines Rd, San Diego, California 92037 | Sewer | 610000011246 | $210 |
| Imperial Irrigation District | 250 W Schrimpf Rd., Calipatria, California 92233 | Electric | 50561641 | $,1550 |
| Imperial Irrigation District | 250 W Schrimpf Rd., Calipatria, California 92233 | Water | 3362629 | $45 |

---

[1] Services paid by landlord and invoiced to Debtor via rent statement.