**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Subchapter V |
| VIRIDOS, INC.,[1] | |
| | Case No. 25-10697(CTG) |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM**
**AND FINAL ORDERS (I) AUTHORIZING, BUT NOT**
**DIRECTING, THE DEBTOR TO (A) PAY ITS OBLIGATIONS**
**UNDER INSURANCE POLICIES ENTERED INTO PREPETITION, AND (B)**
**RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE COVERAGE**
**AND PAY PREMIUMS THEREUNDER; AND (II) GRANTING RELATED RELIEF**

Viridos, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), respectfully states the following in support of this motion (the "Motion"):

**Relief Requested**

1.     The Debtor seeks entry of interim and final orders, substantially in the form attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"): (i) authorizing, but not directing, the Debtor to (a) pay its obligations under insurance policies entered into prepetition, and (b) renew, supplement, modify, or purchase insurance coverage in the ordinary course; and (ii) granting related relief.  In addition, the Debtor requests that the Court schedule a final hearing within approximately 21 days of the commencement of this Chapter 11 Case to consider approval of this Motion on a final basis.

---

[1]   The Debtor in this Chapter 11 Case and the last four digits of its U.S. taxpayer identification number is: Viridos, Inc. (3940).  The Debtor's corporate headquarters is located at: 11149 N. Torrey Pines Road, La Jolla, CA 92037.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

## Background

5.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section 1182(1) and elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended.  The Debtor continues to operate and manage its business as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee, examiner, or statutory creditors' committee has been appointed in this Chapter 11 Case.

6.      A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Chapter 11 Case, are set forth in greater detail in the *Declaration of Eric Moellering in Support of Debtor's Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").

### The Debtor's Insurance Policies

7.      The Debtor maintains approximately ten (10) insurance policies (collectively, the "Insurance Policies") administered by multiple third-party insurance carriers (collectively, the "Insurance Carriers").  The Insurance Policies provide coverage for, among other things, general liability, auto vehicle, the Debtor's directors and officers liability, crime, casualty, and cyber crime.  A schedule of the Insurance Policies is attached hereto as **Exhibit C**.[2]

8.      For the twelve months preceding the Petition Date, the Debtor paid approximately $12,000 on average each month on account of premiums under the existing Insurance Policies. The Debtor generally pays premiums with respect to the Insurance Policies, as a combination of monthly or annual payments, to the Debtor's insurance broker.

9.      Continuation of the Insurance Policies is essential to the preservation of the value of the Debtor's properties and assets.   Moreover, in many cases, coverage provided by the Insurance Policies is required by the regulations, laws, and contracts governing the Debtor's commercial activities, including the requirements of the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").  Accordingly, the Debtor requests authority to maintain its existing Insurance Policies, to the extent appropriate with respect to the Debtor's remaining

---

[2] The attached Exhibit C does not include insurance policies relating to the Debtor's workers' compensation program. A description of the program is instead set forth in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing, But Not Directing, the Debtors to (A) Pay Prepetition Employee and Independent Contractor Wages, Salaries, Other Compensation and (B) Continue Employee Benefits Programs and (II) Granting Related Relief*, filed contemporaneously herewith.  The authorization to pay the premiums for such programs are also included in that Motion.

operations, to pay prepetition obligations related thereto, and to enter into new insurance policies and pay premiums thereunder.

10.     In connection with the Insurance Policies, the Debtor obtains insurance brokerage services from Lockton Insurance Brokers, LLC (the "Broker" or "Lockton").  The Broker assists the Debtor in obtaining comprehensive insurance coverage for the Debtor's operations by evaluating benefit plan offerings, assisting the Debtor with the procurement and negotiation of the Insurance Policies, and enabling the Debtor to obtain those policies on advantageous terms at competitive rates.  The Debtor does not pay brokerage consulting fees to the Broker for such services.

11.     The Debtor believes that continuation of the services of the Broker is necessary to secure Insurance Policies on advantageous terms at competitive rates, facilitate the proper maintenance of the Debtor's Insurance Policies postpetition, and ensure adequate protection of the Debtor's property for any party in interest.

## Basis for Relief

### I.     Paying Obligations under the Insurance Policies and Maintaining Insurance Coverage in the Ordinary Course Is Warranted

12.     Bankruptcy Code section 363 provides that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under section 363(b), courts have required only that the debtor "show that a sound business purpose justifies" the proposed use of property.  *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *see also In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (requiring a "good business reason" for use under section 363(b) of the Bankruptcy Code).  Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will

WBD (US) 4904-9887-5952v6

generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task.").

13.     Bankruptcy Code section 105(a) further provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code pursuant to the "doctrine of necessity."  11 U.S.C. § 105(a).  The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein.  *See In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if essential to the debtor's continued operation); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code "provides a statutory basis for payment of prepetition claims" under the doctrine of necessity); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (explaining that the doctrine of necessity is the standard in the Third Circuit for enabling a court to authorize the payment of prepetition claims prior to confirmation of a chapter 11 plan).

14.     Paying obligations under the Insurance Policies is warranted under section 363(b) and the doctrine of necessity.  As described above, maintaining the Insurance Policies is necessary to preserve the value of the Debtor's assets, thereby ensuring the adequate protection of the Debtor's property for any party in interest and to minimize exposure to risk.  Furthermore, insurance coverage is required by the Office of the U.S. Trustee,[3] as well as the laws of various

---

[3] *See Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, United States Trustee for Region 3, ¶3.

jurisdictions in which the Debtor operates.  Failing to maintain the Insurance Policies would have a material adverse effect on the ability of the Debtor to maximize the value of its estate.

15.     Indeed, courts in this district have granted relief similar to the relief requested herein under Bankruptcy Code sections 105(a) and 363(b).  *See*, *e.g.*, *In re Joann Inc.*, Case No. 25-10068 (CTG) (Bankr. D. Del. Jan. 17, 2025) (authorizing debtors to, among other things, continue and maintain insurance policies and pay certain prepetition obligations related thereto on a postpetition basis); *In re Big Lots, Inc.*, Case No. 24-11967 (JKS) (Bankr. D. Del. Sept. 11, 2024) (same); *In re Franchise Group, Inc.*, Case No. 24-12480 (JTD) (Bankr. D. Del. Nov. 6, 2024) (same).[4]

## II.     Processing of Checks and Electronic Fund Transfers Should Be Authorized

16.     The Debtor has sufficient funds to pay the amounts described in this Motion by virtue of cash on hand and expected DIP financing during the Chapter 11 Case and anticipated access to cash collateral and debtor-in-possession financing.  In addition, under the Debtor's existing cash management system, the Debtor can readily identify checks or wire transfer and/or ACH requests as relating to an authorized payment in respect of the Insurance Policies.  Accordingly, the Debtor believes that checks or wire transfer and/or ACH requests, other than those relating to authorized payments, will not be honored inadvertently.  Therefore, the Debtor respectfully requests that the Court authorize and direct all applicable financial institutions, when requested by the Debtor, to receive, process, honor, and pay any and all checks or wire transfer and/or ACH requests in respect of the relief requested in this Motion.  The Debtor also respectfully requests that the Debtor be authorized to issue new postpetition checks to replace any checks,

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtor's proposed counsel.

drafts and other forms of payment, or effect new postpetition electronic transfers, which may be inadvertently dishonored or rejected, and to reimburse any expenses that may be incurred as a result of any bank's failure to honor a prepetition check.

## III.   The Requirements of Rule 6003 Are Satisfied

17.   Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, authorizing the Debtor to continue insurance coverage and granting the other relief requested herein is integral to the Debtor's ability to transition its operations into this Chapter 11 Case. Failure to receive such authorization and other relief during the first 21 days of this Chapter 11 Case would severely disrupt the Debtor's ability to administer its estate at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtor to preserve and maximize the value of the Debtor's estate for the benefit of all stakeholders. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## <u>Reservation of Rights</u>

18.   Nothing contained in this Motion or any actions taken by the Debtor pursuant to relief granted in the Interim Order and Final Order is intended or should be construed as:  (a) an admission as to the validity of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens

7

(contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves its right to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

19.     To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

20.     The Debtor will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the subchapter V trustee (once appointed); (d) counsel to the DIP Lender; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the state attorneys general for all states in which the Debtor conducts business or has conducted business; (h) the Securities & Exchange Commission; (i) the Debtor's bank; (j) the Insurance Carriers and Broker; and (k) any party that requests service pursuant to Bankruptcy Rule 2002.  As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtor will serve copies of the Motion and any order entered respecting the Motion as required by Local Rule 9013-1(m)(iv).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WBD (US) 4904-9887-5952v6

WHEREFORE, the Debtor respectfully requests that the Court enter the Interim Order and

Final Order granting the relief requested herein and such further relief as the Court deems

appropriate under the circumstances.

Dated: April 15, 2025
       Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Matthew P. Ward (DE Bar No. 4471)
Morgan L. Patterson (DE Bar No. 5388)
Marcy J.  McLaughlin Smith (DE Bar No. 6184)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 252-4320
Facsimile:   (302) 252-4330
Email:  matthew.ward@wbd-us.com
Email:  morgan.patterson@wbd-us.com
Email: marcy.smith@wbd-us.com

*Proposed Counsel to the Debtor*

# EXHIBIT A

## Proposed Interim Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11<br>Subchapter V |
| VIRIDOS, INC.,[1] | Case No. 25-10697(CTG) |
| Debtor. | |
| | Re: D.I. ____ |

## INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO (A) PAY ITS OBLIGATIONS UNDER INSURANCE POLICIES ENTERED INTO PREPETITION, AND (B) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE COVERAGE AND PAY PREMIUMS THEREUNDER; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (he "Debtor") for entry of an interim order (this "Interim Order"): (i) authorizing, but not directing, the Debtor to (a) pay its obligations under the insurance policies entered into prepetition, and (b) renew, supplement, modify, or purchase insurance coverage in the ordinary course and pay premiums thereunder; and (ii) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for

---

[1]   The Debtor in this Chapter 11 Case and the last four digits of its U.S. taxpayer identification number is: Viridos, Inc. (3940).  The Debtor's corporate headquarters is located at: 11149 N. Torrey Pines Road, La Jolla, CA 92037.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on [_____], 2025, at [_____], prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on [_____], 2025, and shall be served on:  (i) the Debtor, Viridos, Inc., 11149 N. Torrey Pines Rd., La Jolla, CA, Attn: Eric Moellering; (ii) proposed counsel to the Debtor, Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware, 19801 Attn: Morgan L. Patterson (morgan.patterson@wbd-us.com), and Marcy J. McLaughlin Smith (marcy.smith@wbd-us.com); (iii) the Subchapter V Trustee; (iv) counsel to the DIP Lender, Greenberg Traurig, LLP, One International Place, Suite 2000, Boston, MA, 02110 Attn: Jeffrey M. Wolf (Jeffrey.Wolf@gtlaw.com); and (vi) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Timothy J. Fox (Timothy.Fox@usdoj.gov).  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.      The Debtor is authorized, but not directed, to continue the Insurance Policies identified on **Exhibit C** attached to the Motion and to pay any prepetition (subject to the cap identified in paragraph 4 of this Order) or postpetition obligations under the Insurance Policies,

and any other amounts related to the Insurance Policies, on an interim basis, to the extent that the Debtor determines, in its sole discretion, that such actions are is in the best interest of its estate.

4.      Notwithstanding anything to the contrary herein, the Debtor is authorized on an interim basis to honor any prepetition amounts outstanding on account of the Insurance Policies and pay premiums thereunder in an aggregate amount up to $75,000.

5.      The Debtor, with the prior written consent of the DIP Lender, is authorized to renew, supplement, modify, or enter into new insurance policies in the ordinary course, *provided*, *however*, that the Debtor shall provide notice of any such modifications to, or cancellation of, its existing insurance coverage to the U.S. Trustee and the Subchapter V Trustee within seven (7) days of the effective date of such modification or cancellation.

6.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the Debtor's rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves its right to contest the extent, validity, or perfection or seek avoidance of all such liens.

7.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized

and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

8.     The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Insurance Policies.

9.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

# EXHIBIT B

## Proposed Final Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11<br>Subchapter V |
| VIRIDOS, INC.,[1] | |
| | Case No. 25-10697(CTG) |
| Debtor. | |
| | Re: D.I. ____ |

### FINAL ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO (A) PAY ITS OBLIGATIONS UNDER INSURANCE POLICIES ENTERED INTO PREPETITION, AND (B) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE COVERAGE AND PAY PREMIUMS THEREUNDER; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of a final order (this "Final Order"): (i) authorizing, but not directing, the Debtor to (a) pay its obligations under the insurance policies entered into prepetition, and (b) renew, supplement, modify, or purchase insurance coverage in the ordinary course and pay premiums thereunder; and (ii) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for

---

[1]  The Debtor in this Chapter 11 Case and the last four digits of its U.S. taxpayer identification number is: Viridos, Inc. (3940). The Debtor's corporate headquarters is located at: 11149 N. Torrey Pines Road, La Jolla, CA 92037.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtor is authorized, but not directed, to continue the Insurance Policies identified on **<u>Exhibit C</u>** attached to the Motion and to pay any prepetition or postpetition obligations under the Insurance Policies, and any other amounts related to the Insurance Policies, to the extent that the Debtor determines, in its sole discretion, that such actions are is in the best interest of its estate.

3.      Notwithstanding anything to the contrary herein, the Debtor is authorized to honor any prepetition amounts outstanding on account of the Insurance Policies and pay premiums thereunder.

4.      The Debtor , with the prior written consent of the DIP Lender, is authorized to renew, supplement, modify, or enter into new insurance policies in the ordinary course, *provided*, *however*, that the Debtor shall provide notice of any such modifications to, or cancellation of, its existing insurance coverage to the U.S. Trustee and the Subchapter V Trustee within seven (7) days of the effective date of such modification or cancellation.

5.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute

2

any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the Debtor's rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserve its right to contest the extent, validity, or perfection or seek avoidance of all such liens.

6.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order.

7.      The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Insurance Policies.

8.      Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Final Order, any authorization contained in this Final Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtor under any order of this Court approving any use of cash collateral by the Debtor and any budget in connection therewith.

9.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

4

# **EXHIBIT C**

**Insurance Policies**

| Type of Coverage | Insurance Carrier | Policy Number(s) | Approximate Annualized Gross Premium[1] |
|---|---|---|---|
| Cyber Network Liability | Coalition | C-4LRK-046340-CYBER-2023 | $6,031.90 |
| Package Total | United States Fire Ins. Co. | 574-103043-9 | $17,335 |
| D&O | HDI Global Insurance Company | FRH-G-ML-10000181-01 | $9,500 |
| D&O Tail Policy | Pending | Pending | $1,000 |
| Side A DIC | Fair American Insurance and Reinsurance Company | MLP-1001870-01 | $9,286.20 |
| Crime | Hanover Insurance Company | BD3-J651049-00 | $3,533 |
| Special Risk | National Union Fire Insurance Company PA | 02-582-37-39 | $3,185 |
| Property | Federal Insurance Company | 3600-15-04 | $75,166 |
| General | Federal Insurance Company | 3600-15-04 | $5,593 |
| International Package | Federal Insurance Company | 3600-15-04 | $2,810 |
| Automobile Liability | Federal Insurance Company | 7358-34-06 | $3,234 |

---

[1] The Approximate Annualized Gross Premium does not include any premium, tax, or issuance fee unless otherwise specified.